No. 25-552

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

EMERGENCY MOTION FOR JUDICIAL NOTICE

On *EMERGENCY* Appeal from U.S. District Court
For the Western District of Washington
No. 2:24-cv-1110-JNW

*IN RE* WRIT OF HABEAS CORPUS

Kurt Benshoof, Plaintiff *pro se*
*22701 42nd Place West,*
*Mountlake Terrace, WA 98043*
Maleng Regional Justice Center
B/A 2024-008067, UCN# 10518097
620 West James Street, Kent, WA 98032
- held incommunicado -

Urve Maggitti
244 Blackburn Drive, Berwyn, PA 19312
urve.maggitti@gmail.com

1

Comes now Urve Maggitti[1], and respectfully submits this Emergency Motion for Judicial Notice on behalf of Appellant Kurt Benshoof, who is currently incarcerated and held incommunicado in violation of his First, Sixth, and Fourteenth Amendment rights.

This emergency motion is essential due to ongoing irreparable harm inflicted upon Mr. Benshoof and is submitted in compliance with this Court's prior order.

### EMERGENCY MOTION FOR JUDICIAL NOTICE
### Fed. R. Evid. 201

On January 28, 2025 Appellant Benshoof filed Notice of Appeal from District Court Case No. 2:24-cv-01110-JNW. Since filing the appeal following events have transpired requiring court to take judicial notice as mandated under Fed. R. Evid. 201 and due process.

Urve Maggitti, respectfully moves this Court to take judicial notice under Fed. R. Evid. 201[2], of the following facts:

I. King County Superior Court Trial Judgment is Void as per RCW 4.12.040 and RCW 4.12.050. See attached Appendix A

II. Appellant Kurt Benshoof has exhausted all state remedy in petition of writ of habeas corpus. See attached Appendix B

III. Constitutional and Statutory Provisions and Supreme Court Precedent Involved, listed in section III.

---

[1] Co-Plaintiff in Case No. 2:24-cv-00808-JHC, and as assistance of counsel as defined under Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92
[2] Fed. R. Evid. 201(c)(2) of the facts on the record that are not subject to reasonable dispute because it: Fed. R. Evid. 201(b) (1) is generally known within the trial court's territorial jurisdiction, and (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

2

## I. KING COUNTY SUPERIOR COURT TRIAL JUDGMENT IS VOID

1. October 4, 2024, Mr. Benshoof disqualified King County Superior Court Judge Parisien from Case No. 24-1-02680-7 SEA, by giving court Notice of Disqualification viva voce in open court and in writing, under RCW 4.12.050, see attached Appendix A.

2. Judge Parisien was mandated to comply with the Notice of Disqualification and had no discretion to continue presiding over the trial case as per RCW 4.12.040, which specifically mandates:

> " (1) No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050."

3. Judge Parisien continued to preside over the trial of case no. 24-1-02680-7 SEA, and therefore the verdict and judgment of the trial court is void as per RCW **4.12.040** [3] and RCW **4.12.050**.[4]

## II. EXHAUSTION OF STATE REMEDIES IN HABEAS

### State Habeas Remedy Has Been Exhausted

4. Appellant Benshoof has filed Habeas Petitions in state courts since May 2023 [Dkt. No. 23, ¶204], October, 2023 [Dkt. No. 23, ¶197], January 31, 2024 [Dkt. No. 23, ¶202], July 2024 and August 2024 [Dkt. No. 23, ¶205-¶206; ¶422 - ¶428]. Most were either not docketed, were misclassified, or never adjudicated.

5. July 2024, Habeas Petition filed Washington Supreme Court No. 103392-3, court classified it into an *appellate* review Personal Restraint Petition, No. 87100-5. [Dkt. No. 23, ¶205]

---

[3] RCW 4.12.040. Disqualification of Judge. https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.040
[4] RCW 4.12.050. Notice of Disqualification. https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.050

3

6. August 2024, Habeas Petition filed Washington Supreme Court No. 103401-6, court classified it into an appellate review Personal Restraint Petition No. 87112-9. [Dkt. No. 23, ¶206-¶207]

7. The two petitions - No. 87100-5 and No. 87112-9 - were consolidated under one Case No. 869680-I.[5]

The Washington courts repeatedly reclassified Appellant's habeas filings as Personal Restraint Petitions, thereby converting constitutional challenges into discretionary reviews. This constitutes impermissible procedural gatekeeping under *Ex parte Hull*, 312 U.S. 546 (1941), and deprives the writ of its intended function.

8. On April 30, 2025, Washington State Court of Appeals Division I issued Certificate of Finality and certified that Order denying petitions filed on March 6, 2025 became final on April 30, 2025. See attached Appendix B.

9. Appellant Benshoof was held incommunicado since February 24, 2025, and therefore unable to participate in the Washington State Court of Appeals Division I consolidated Case No. 869680-I.

Because Appellant was held incommunicado and denied the ability to participate in the consolidated appeal, and because no state remedy remains available to address these conditions, the exhaustion requirement is excused under 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

*Relevant procedural History for Context*

10. On February 24, 2025, Mr. Benshoof was sentenced by the Seattle Municipal Court. Before the conclusion of his sentencing hearing, he was taken into immediate custody and was inexplicably and without cause placed in maximum-security confinement on the 11th floor at the King County Correctional Facility in Seattle, Washington and held incommunicado, without access to legal resources.

---

[5] See attached Appendix B

4

11. Mr. Benshoof has been denied all access to legal tools necessary to pursue or defend legal action(s), including paper, writing instruments, envelopes, a computer or tablet, internet, and access to a law library.

12. Mr. Benshoof has been prevented from communicating with his assistants of counsel as defined under Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, and his defense attorney, Robert E. Barnes, further impeding his ability to access the court(s).

13. On May 3, 2025, Mr. Benshoof was transferred to Maleng Regional Justice Center, no longer in solitary confinement, but still denied all access to legal tools necessary to pursue or defend legal action(s), including paper, writing instruments, envelopes, a computer or tablet, internet, and access to a law library, still prevented from communicating with his assistance of counsel[6] and with his defense attorney, Robert E. Barnes.

14. Mr. Benshoof currently has pending legal actions against both the City of Seattle and King County—the same entities responsible for his detention and the ongoing constitutional violations he is experiencing.

15. These Defendants have acted without statutory authority in prosecuting Mr. Benshoof and have inflicted further injury by incarcerating him in conditions that deprive him of fundamental constitutional rights.

16. As a direct result of these actions, Mr. Benshoof is effectively barred from accessing the courts and from seeking redress for the harms he is suffering, in violation of the Petition Clause of the First Amendment.

17. Appellant Benshoof was denied all remedy by virtue of being held incommunicado and has thereby lost the ability to pursue any further appeal in the state appellate courts.

---

[6] as defined under Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92

Because Appellant has exhausted all state remedies and is presently denied access to counsel or courts, the Ninth Circuit has jurisdiction under § 1651(a) to grant relief in aid of its appellate function, consistent with *Hancox v. U.S. Dist. Ct.*, 343 F.2d 539 (9th Cir. 1965).

The continued incommunicado detention of Mr. Benshoof, combined with the complete denial of legal tools, constitutes an irreparable constitutional injury warranting emergency relief. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

### III. CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

U.S. Const. art. I, § 9, cl. 2: Suspension Clause

"The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

U.S. Const. amend. I: Petition Clause

"Congress shall make no law… abridging…the right of the people… to petition the Government for a redress of grievances."

U.S. Const. amend. V: Due Process Clause

"No person shall… be deprived of life, liberty, or property, without due process of law…"

U.S. Const. amend. VI: Assistance of Counsel Clause

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

U.S. Const. amend. IX: Retained Rights Clause

"The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

U.S. Const. amend. XIV: Due Process and Equal Protection Clauses

    "No State shall… deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Judiciary Act of 1789, § 35, 1 Stat. 92

    "That in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of such counsel or attorneys at law as, by the rules of the said courts respectively, shall be permitted to manage and conduct causes therein."

28 U.S.C. § 2241: Power to Grant Writ

    "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

28 U.S.C. § 2242: Application for Writ; Form and Requirements

    "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf…"

28 U.S.C. § 2243: Issuance of Writ; Return; Hearing

    "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted…"

28 U.S.C. § 1254(1): Supreme Court Jurisdiction on Certiorari

    "Cases in the courts of appeals may be reviewed by the Supreme Court by writ of certiorari granted upon the petition of any party to any civil or criminal case…"

28 U.S.C. § 1651(a): The All Writs Act

    "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

28 U.S.C. § 1654: Appearance Personally or by Counsel

    "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

*Supreme Court Precedent*

18. Under *Boumediene v. Bush*, 553 U.S. 723, 745 (2008), *Ex parte Hull*, 312 U.S. 546 (1941), and the Suspension Clause of Article I, Section 9, courts may not preserve the appearance of habeas while denying its substance. Nor may they silently extinguish the retained right to "Assistance of Counsel," a right preserved by the Judiciary Act of 1789, § 35, but omitted from 28 U.S.C. § 1654 without constitutional review. That omission is now used to block lay assistance for those unable to file on their own behalf.

The Court warned that the writ must be "effective," not symbolic.

19. In *SEC v. Jarkesy*, 603 U.S. ___ (2024), and *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), confirm that rights grounded in historical tradition cannot be erased by bureaucratic drift or administrative gatekeeping. The judiciary itself, may not reclassify or shield constitutional harms from civil remedy under the guise of discretion. The right retained by the people includes not only access to the writ, but access to its remedy.

20. In *Ex parte Hull*, Supreme Court held that the state and its officers may not condition access to the courts upon prior approval of habeas applications, striking down prison-based gatekeeping mechanisms.

21. In *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004), this Court reaffirmed that habeas corpus "*remains available to every individual detained within the United States.*"

22. In *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061–63 (9th Cir. 2014) the Ninth Circuit prohibited penalizing protected access to the courts absent clear, meritorious findings of abuse violating the Suspension Clause.

8

## III. CONCLUSION

23. Pursuant to Federal Rule of Evidence 201(c)(2) and (f), the Court must take judicial notice of public records relevant to this case, including related court proceedings. Judicial notice is appropriate and mandatory for matters of public record. See *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995) ("We may take notice of proceedings in other courts whether in the federal or state systems.").

24. Judge Jamal Whitehead [Case 2:24-cv-01110-JNW, Document 23-1, page 545-546, Exhibit #0545-0546]:

"[1] Under Rule 201(b), courts may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Taking judicial notice of publicly available information provided by a government agency meets the requirements for judicial notice under the Rules. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (holding facts contained in public records are considered appropriate subjects of judicial notice). Therefore, the Court takes judicial notice of the municipal court docket in *City of Seattle v. Benshoof*, Case No. 669329 (Municipal Court of Seattle Nov. 8, 2022) and *City of Seattle v. Benshoof*, Case No. 671384 (Municipal Court Mar. 14, 2023) (available at http://web.seattle.gov/SMC/ECFPortal/default.aspx)."

25. Accordingly, I respectfully request that the Court take Judicial Notice of the following:
    Exhibit A: Notice of Disqualification.
    Exhibit B: Certificate of Finality
    U.S. Const. art. I, § 9, cl. 2: Suspension Clause
    U.S. Const. amend. I: Petition Clause
    U.S. Const. amend. V: Due Process Clause
    U.S. Const. amend. VI: Access to Courts Clause
    U.S. Const. amend. IX: Retained Rights Clause
    U.S. Const. amend. XIV: Due Process and Equal Protection Clauses
    Judiciary Act of 1789, § 35, 1 Stat. 92

9

28 U.S.C. § 2241: Power to Grant Writ

28 U.S.C. § 2242: Application for Writ; Form and Requirements

28 U.S.C. § 2243: Issuance of Writ; Return; Hearing

28 U.S.C. § 1254(1): Supreme Court Jurisdiction on Certiorari

28 U.S.C. § 1651(a): The All Writs Act

28 U.S.C. § 1654: Appearance Personally or by Counsel

*Boumediene v. Bush*, 553 U.S. 723, 745 (2008

*Ex parte Hull*, 312 U.S. 546 (1941)

*SEC v. Jarkesy*, 603 U.S. ___ (2024)

*New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022),

*Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

*Ringgold-Lockhart v. County of Los Angeles*

26. Petitioner therefore respectfully requests this Court to take judicial notice of the attached records and facts, and to issue all necessary relief, including but not limited to granting the writ, modifying conditions of confinement, or remanding with instructions to restore access to legal counsel and court process.

The First Amendment guarantees "the right of the people... to petition the Government for a redress of grievances." U.S. CONST. amend. I. The United States Supreme Court has consistently affirmed that this right includes meaningful access to the courts. See Marbury v. Madison, 5 U.S. 137, 147 (1803).

## VERIFICATION

Pursuant to 28 U.S. Code § 1746 (1) I, Urve Maggitti, declare that the foregoing facts are true and correct to the best of my knowledge, under penalty of perjury.

Respectfully submitted,

_[signature]_, May 3, 2025

Urve Maggitti, 244 Blackburn Drive, Berwyn, PA 19312

10

## AFFIDAVIT

The foregoing were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding.[7]

In 1975 in *Faretta v. California*, United States Supreme Court acknowledges an established historical fact: "Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment *813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own causes *personally or by the assistance of such counsel* . . . .' The right is currently codified in 28 U.S.C. s 1654."[8]

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

> "SEC. 35. And be it further enacted, **That in all courts** of the United States, the **parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**"[9]

**Judiciary Act of 1789** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word *attorneys at law* from the Sixth Amendment, and substantially amended the language to read: "*right to have the Assistance of Counsel.*"

Signature: _____[signature]_____        Date: __May 3, 2025__

/URVE MAGGITTI / urve.maggitti@gmail.com

---

[7] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**
[8] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)
[9] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp

11

## ACKNOWLEDGMENT
## AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

   I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.
   I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.
        Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 13 /2025.

Signed: _____
      Urve Maggitti

Notary as JURAT CERTIFICATE

State of Washington _____
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____
Notary Public,
My commission expires: 03/11/2028

PRAWESH KHANAL
NOTARY PUBLIC
STATE OF WASHINGTON
LICENSE NUMBER 185055
MY COMMISSION EXPIRES
03/11/2028

Page 12

## CERTIFICATE OF SERVICE

Urve Maggitti hereby certifies that the foregoing motion will be electronically sent by email to the addresses listed below.

**WARDEN**
kcserviceofsummons@kingcounty.gov
Pascal Herzer, WSBA #42944
701 Fifth Avenue
Suite 600
Seattle, WA 98104
Phone: (206) 477-6223
Email: pascal.herzer@kingcounty.gov

**CITY OF SEATTLE:**
CityClerkFiling@seattle.gov
mos_legalservice@seattle.gov
Dallas LePierre, WSBA #47391
701 Fifth Avenue
Suite 2050
Seattle, WA 98104
Phone: (206) 386-1041
Email: dallas.lepierre@seattle.gov

**Washington State Attorney General:**
serviceatg@atg.wa.gov
Nicholas Brown, WSBA #33586
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504
Phone: (360) 753-6200
Email: Angie.Adams@atg.wa.gov

13

# Appendix A

FILED
2024 OCT 04
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 24-1-02680-7 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

Kurt A. Benshoof,
Defendant / Petitioner,

vs.

State of Washington,
Plaintiff / Respondent.

NO. 24-1-026807-SEA

___ Photos

___ Report _____

___ Social Media Messages (SOM)/ Text Messages

___ Statement/Declaration of _____

___ Correspondence (CRRSP)

___ Emails (EMAIL)
___ Letter (LTR)

✓ Other Two Notices of Disqualification submitted to, but not accepted by, Judge Parisien, 10/4/24, AM Calendar

Submitted by: Jason T. Colberg    ☐ Petitioner ☐ Respondent ☒ Other
Jason Colberg                      Court Observer

Rev 6.24

IN THE SUPERIOR COURT OF
KING COUNTY,
IN THE STATE OF WASHINGTON

| STATE OF WASHINGTON, Plaintiff, v. Kurt A. Benshoof, Defendant. | No. 24-1-02680-7 SEA<br><br>NOTICE OF DISQUALIFICATION |
|---|---|

TO: THE CLERK OF COURT

Kurt A. Benshoof gives notice to the Court and all named parties that, pursuant to RCW 4.12.050, Judge Suzanne Parisien is disqualified from Case No. 24-1-02680-7 SEA.

Benshoof has not previously disqualified any judge in this matter. Benshoof avers the foregoing this third day of October, 2024, in Seattle, Washington.

*Kurt Benshoof*
Kurt Benshoof, pro se

PAGE 1 OF 1

IN THE SUPERIOR COURT OF
KING COUNTY
IN THE STATE OF WASHINGTON

| STATE OF WASHINGTON, Plaintiff, v. Kurt A. Benshoof, Defendant. | No. 24-1-02680-7 SEA  NOTICE OF DISQUALIFICATION |
|---|---|

TO: THE CLERK OF COURT AND ALL NAMED PARTIES

　　Defendant Kurt A. Benshoof ("Benshoof") gives notice that, pursuant to RCW 4.12.050, Judge Suzanne Parisien is disqualified from this case.

　　Benshoof has not previously disqualified any judge or commissioner in this case.

　　Dated this third day of October, 2024.

*Kurt A. Benshoof*
Kurt A. Benshoof, pro se

PAGE 1 OF 1

# Appendix B

```
                                                    FILED
                                                  4/30/2025
                                                Court of Appeals
                                                   Division I
                                               State of Washington
```

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION I

| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | No. 869680-I |
|---|---|
| KURT BENSHOOF, | Consolidated No. 871005-I<br>871129-I |
| Petitioner. | CERTIFICATE OF FINALITY |
| | King County |
| | Superior Court No. 24-1-02680-7 |

**THE STATE OF WASHINGTON TO:** The Superior Court of the State of Washington in and for King County.

This is to certify that the order of the Court of Appeals of the State of Washington, Division I, filed on March 6, 2025, became final on April 30, 2025.

c:   Kurt Alden Benshoof
     Pascal Herzer
     Prosecuting Atty King County

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed the seal of said Court at Seattle.

*[signature]*

**Lea Ennis**
Court Administrator/Clerk of the Court of Appeals, State of Washington, Division I.

Page 1 of 1