No. 25-552

_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

**EMERGENCY MOTION FOR JUDICIAL NOTICE**

On *EMERGENCY* Appeal from U.S. District Court
For the Western District of Washington
No. 2:24-cv-1110-JNW

*IN RE* WRIT OF HABEAS CORPUS

_____

Kurt Alden Benshoof pro se
Washington Corrections Center
D.O.C# 448305, R Units
P.O. Box 900
Shelton, WA 98584
- held incommunicado -

Urve Maggitti
244 Blackburn Drive, Berwyn, PA 19312
urve.maggitti@gmail.com

Comes now Appellant Kurt Benshoof/Urve Maggitti[1], respectfully submits this Emergency Motion for Judicial Notice on behalf of Appellant Kurt Benshoof, who is currently incarcerated, held without access to legal resources and writing materials in violation of his First, Sixth, and Fourteenth Amendment rights.

This emergency motion is essential due to ongoing irreparable harm inflicted upon Mr. Benshoof and is submitted in compliance with this Court's prior order.

## EMERGENCY MOTION FOR JUDICIAL NOTICE
### Fed. R. Evid. 201

On January 28, 2025, Appellant Benshoof filed Notice of Appeal from District Court Case No. 2:24-cv-01110-JNW.

Since filing the appeal following events have transpired requiring court to take judicial notice as mandated under Fed. R. Evid. 201 and due process:

On May 06, 2025, Appellant Benshoof filed EMERGENCY MOTION FOR JUDICIAL NOTICE [DktEntry: 10.1].

Appellant Kurt Benshoof/Urve Maggitti[2], respectfully move this Court to take new additional judicial notice under Fed. R. Evid. 201[3], of the following facts:

I. On June 4, 2025, Appellant Benshoof filed PETITION FOR WRIT OF HABEAS CORPUS, No. 25-2-00357-23, MASON COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON. See attached EXHIBIT 1-A and EXHIBIT 1-B.

---

[1] Co-Plaintiff in Case No. 2:24-cv-00808-JHC, and as assistance of counsel as defined under Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92.

[2] As a Petitioner in *In Re Mr. Kurt A. Benshoof, Urve Maggitti, In her capacity as assistant of counsel under Judiciary Act of 1789, 1 Stat. 73, 92.,* PETITION FOR WRIT OF HABEAS CORPUS, No. 25-2-00357-23 and No. 25-2-00364-23, MASON COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON.

[3] Fed. R. Evid. 201(c)(2) of the facts on the record that are not subject to reasonable dispute because it: Fed. R. Evid. 201(b) (1) is generally known within the trial court's territorial jurisdiction, and (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

2

II. On June 5, 2025, Appellant Benshoof filed PETITION FOR WRIT OF HABEAS CORPUS, No. 25-2-00364-23, MASON COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON, See attached EXHIBIT 2-A and EXHIBIT 2-B.

III. Appellant Kurt Benshoof has exhausted all state remedy in petition of writ of habeas corpus. See attached EXHIBIT 1-A, EXHIBIT 1-B, and EXHIBIT 2-A, EXHIBIT 2-B.

IV. Constitutional and Statutory Provisions and Supreme Court Precedent Involved, listed in section III.

I. KING COUNTY SUPERIOR COURT TRIAL JUDGMENT IS VOID

1. On September 13, 2024, during open court proceedings in King County Superior Court Case No. 24-1-02680-7 SEA, Petitioner Kurt A. Benshoof gave oral notice of disqualification to the presiding judge, Suzanne R. Parisien.[4]

2. On October 4, 2024, during open court proceedings in King County Superior Court Case No. 24-1-02680-7 SEA, Petitioner Kurt A. Benshoof gave oral notice of disqualification under RCW 4.12.050 to the presiding judge, Suzanne R. Parisien.

3. That same day, Petitioner Benshoof delivered a handwritten disqualification notice to the courtroom bailiff. Although the bailiff declined to accept the document, Petitioner Benshoofs friend -acting as assistant of counsel-filed the written notice into the official court record as Docket Entry #105.

4. As of September 13, 2024, and October 4, 2024, Judge Parisien had not issued any discretionary rulings in the case that would bar disqualification under RCW 4.12.050. The notice was therefore timely and effective under the statute.

5. RCW 4.12.040(1) required that the matter be immediately reassigned to another department or judge. No such transfer or reassignment occurred.

---

[4] See EXHIBIT 1-B: Appendix J [same in EXHIBIT 2-B: Appendix J]

6. Judge Parisien continued to preside over the proceedings in violation of the disqualification statutes, ultimately conducting the trial, entering a judgment of conviction, and imposing sentence on April 11, 2025.

7. On that date, Petitioner Benshoof was taken into state custody and eventually transferred to the Washington Corrections Center, Shelton, WA 98584, located in Mason County, where he remains confined as of the date of this petition.

8. The conviction and commitment order under which Petitioner Benshoof is restrained were entered by a judge who, by statute, lacked authority to act after September 13, 2024, and October 4, 2024. No lawful judgment was rendered by a court of competent jurisdiction.

## II.  EXHAUSTION OF STATE REMEDIES IN HABEAS

### *State Habeas Remedy Has Been Exhausted*[5]

9. Appellant Benshoof filed Habeas Petitions in Mason County Superior Court on June 4, 2025, and June 5, 2025, both were denied ex-parte without a granting hearing for the petition of habeas corpus as required by Washington State law and constitution. See attached Mason County Superior Court Orders: EXHIBIT 1-B and EXHIBIT 2-B.

## III.  CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

U.S. Const. art. I, § 9, cl. 2: Suspension Clause

> "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

U.S. Const. amend. I: Petition Clause

> "Congress shall make no law… abridging…the right of the people… to petition the Government for a redress of grievances."

---

[5] Appellant hereby fully incorporates the May 06, 2025, EMERGENCY MOTION FOR JUDICIAL NOTICE [DktEntry: 10.1].

4

U.S. Const. amend. V: Due Process Clause

"No person shall… be deprived of life, liberty, or property, without due process of law…"

U.S. Const. amend. VI: Access to Courts Clause

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

U.S. Const. amend. IX: Retained Rights Clause

"The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

U.S. Const. amend. XIV: Due Process and Equal Protection Clauses

"No State shall… deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Judiciary Act of 1789, § 35, 1 Stat. 92

"That in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of such counsel or attorneys at law as, by the rules of the said courts respectively, shall be permitted to manage and conduct causes therein."

28 U.S.C. § 2241: Power to Grant Writ

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

28 U.S.C. § 2242: Application for Writ; Form and Requirements

"Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf…"

28 U.S.C. § 2243: Issuance of Writ; Return; Hearing

> "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted…"

28 U.S.C. § 1254(1): Supreme Court Jurisdiction on Certiorari

> "Cases in the courts of appeals may be reviewed by the Supreme Court by writ of certiorari granted upon the petition of any party to any civil or criminal case…"

28 U.S.C. § 1651(a): The All Writs Act

> "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

28 U.S.C. § 1654: Appearance Personally or by Counsel

> "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

***Supreme Court Precedent***

10. Under *Boumediene v. Bush*, 553 U.S. 723, 745 (2008), *Ex parte Hull*, 312 U.S. 546 (1941), and the Suspension Clause of Article I, Section 9, courts may not preserve the appearance of habeas while denying its substance. Nor may they silently extinguish the retained right to "Assistance of Counsel," a right preserved by the Judiciary Act of 1789, § 35, but omitted from 28 U.S.C. § 1654 without constitutional review. That omission is now used to block lay assistance for those unable to file on their own behalf.

　The Court warned that the writ must be "effective," not symbolic.

11. In *SEC v. Jarkesy, 603 U.S. ___ (2024), and New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), confirm that rights grounded in historical tradition cannot be erased by bureaucratic drift or administrative gatekeeping. The judiciary itself, may not reclassify or shield constitutional harms from civil remedy under the guise of discretion. The right retained by the people includes not only access to the writ, but access to its remedy.

12. In *Ex parte Hull*, Supreme Court held that the state and its officers may not condition access to the courts upon prior approval of habeas applications, striking down prison-based gatekeeping mechanisms.

13. In *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004), this Court reaffirmed that habeas corpus "*remains available to every individual detained within the United States.*"

14. In *Ringgold-Lockhart v. County of Los Angeles,* 761 F.3d 1057, 1061–63 (9th Cir. 2014*)* the Ninth Circuit prohibited penalizing protected access to the courts absent clear, meritorious findings of abuse violating the Suspension Clause.

### III.  CONCLUSION

15.  Pursuant to Federal Rule of Evidence 201(c)(2) and (f), the Court must take judicial notice of public records relevant to this case, including related court proceedings. Judicial notice is appropriate and mandatory for matters of public record. See <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688–89 (9th Cir. 2001); <u>Duckett v. Godinez</u>, 67 F.3d 734, 741 (9th Cir. 1995) ("We may take notice of proceedings in other courts whether in the federal or state systems.").

16.  Judge Jamal Whitehead [Case 2:24-cv-01110-JNW, Document 23-1, page 545-546, Exhibit #0545-0546]:

> "[1] Under Rule 201(b), courts may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Taking judicial notice of publicly available information provided by a government agency meets the requirements for judicial notice under the Rules. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (holding facts contained in public records are considered appropriate subjects of judicial notice). Therefore, the Court takes judicial notice of the municipal court docket in *City of Seattle v. Benshoof*, Case No. 669329 (Municipal Court of Seattle Nov. 8, 2022) and *City of Seattle v. Benshoof,* Case No. 671384 (Municipal Court Mar. 14, 2023) (available at http://web.seattle.gov/SMC/ECFPortal/default.aspx)."

**WHEREFORE,** Appellant respectfully moves the Court to take Judicial Notice of the attached records:

A- PETITION FOR WRIT OF HABEAS CORPUS, No. 25-2-00357-23, MASON COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON. See attached EXHIBIT 1-A and EXHIBIT 1-B.

B- PETITION FOR WRIT OF HABEAS CORPUS, No. 25-2-00364-23, MASON COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON. See attached EXHIBIT 2-A and EXHIBIT 2-B.

INCLUDING THE DOCUMENTS CONTAINED IN THE EXHIBIT 1-B and EXHIBIT 2-B:

1. Appendix A: Notice of Disqualification, Docket No. 105
2. Appendix B: Notice of Ineligibility to Possess a Firearm, Docket No. 183
3. Appendix C: Felony Judgment and Sentence, Docket No. 184
4. Appendix D: Judgment and Sentence, Docket No. 185
5. Appendix E: Notice of Ineligibility to Possess a Firearm and Loss of right to vote, Docket No. 186
6. Appendix F: No Contact Order, Docket No. 189
7. Appendix G: Order to surrender and Prohibit Weapons
8. Appendix H: Incarcerated Search for Plaintiff Kurt Benshoof via Washington Department of Corrections. Accessible via https://doc.wa.gov/information/inmate-search/dfault.aspx
9. Prison contact page hosted by Washington Department of Corrections. Accessible via https://doc.wa.gov/corrections/incarceration/prisons/contact.htm#wcc
10. Appendix I: Affidavit {Kurt Assistant of Counsel}
11. Appendix J: Verified Affidavit by Urve Maggitti
12. Appendix K-1 thru K-6: Judicial Notice exhibits
13. Appendix K-1: 24-1-02680-7 42 09/09/2024 Order of Preassignment [Certified Copy]

8

14. Appendix K-2: 24-1-02680-7 45 09/13/2024 Minutes. [Certified Copy]

15. Appendix K-3: 24-1-02680-7 50 09/13/2024 Order for Continuance of Omnibus Hearing and Trial Date. [Certified Copy]

16. Appendix K-4: Court Docket 24-1-02680-7

17. Appendix K-5: RCW 4.12.050

18. Appendix K-6: RCW 4.12.040

19. Appendix L: Transcript of Hearing on September 13, 2024.

20. Appendix M: Judiciary Act of 1789, First Congress, Session 1, Chapter 20, 1789

## **VERIFICATION**

Pursuant to 28 U.S. Code § 1746 (1) I, Urve Maggitti, declare that the foregoing facts are true and correct to the best of my knowledge, under penalty of perjury.

Respectfully submitted on June 12, 2025, by

*[signature]*

Urve Maggitti, 244 Blackburn Drive, Berwyn, PA 19312

9

## AFFIDAVIT

The foregoing were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding.[6]

In 1975 in <u>Faretta v. California</u>, United States Supreme Court acknowledges an established historical fact: *"Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment **\*813** was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . ..' The right is currently codified in 28 U.S.C. s 1654."*[7]

The Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92** which states as follows:

> "SEC. 35. And be it further enacted, **That in all courts** of the United States**, the parties may plead and manage their own causes <u>personally</u> <u>or by assistance of such counsel or attorneys at law</u>**"[8]

**<u>Judiciary Act of 1789</u>** was passed before ratification of the Sixth Amendment in the Bill of Rights in 1791. The drafters of the Sixth Amendment had deliberately removed the word ***attorneys at law*** from the Sixth Amendment, and substantially amended the language to read: ***"right to have the Assistance of Counsel."***

*[signature]*

Urve Maggitti, 244 Blackburn Drive, Berwyn, PA 19312
urve.maggitti@gmail.com

---

[6] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

[7] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

[8] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789."
https://avalon.law.yale.edu/18th_century/judiciary_act.asp

## CERTIFICATE OF SERVICE

Urve Maggitti hereby certifies that the foregoing motion will be electronically sent by email to the addresses listed below.

**WARDEN**
kcserviceofsummons@kingcounty.gov
Pascal Herzer, WSBA #42944
701 Fifth Avenue
Suite 600
Seattle, WA 98104
Phone: (206) 477-6223
Email: pascal.herzer@kingcounty.gov

**CITY OF SEATTLE:**
CityClerkFiling@seattle.gov
mos_legalservice@seattle.gov
Dallas LePierre, WSBA #47391
701 Fifth Avenue
Suite 2050
Seattle, WA 98104
Phone: (206) 386-1041
Email: dallas.lepierre@seattle.gov

**Washington State Attorney General:**
serviceatg@atg.wa.gov
Nicholas Brown, WSBA #33586
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504
Phone: (360) 753-6200
Email: Angie.Adams@atg.wa.gov