# EXHIBIT 1-A

NO. 25-2-00357-23

*ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS*
*STATE OF WASHINGTON. D.O.C.,*

June 4, 2025



The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office. IN WITNESS WHEREOF, I have hereunto set my hand and affix the seal of said court this 5ᵗʰ day of ‾June‾, 2025.

CHARLES G. RHODES
County Clerk and Clerk of the Superior Court of the State of Washington, in and for the County of Mason.

By _____, Deputy

**RECEIVED & FILED**
**Mason County Clerk**

**JUN 0 4 2025**

Superior Court of WA
Charles G. Rhodes #8)

```
25-2-00357-23
ORDYMT        3
Order Denying Motion Petition
18972238
```

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF MASON

In Re Mr. Kurt A. Benshoof, and )
Urve Maggitti )
                    Petitioner,  )    NO.  25-2-00357-23
                                 )
         and                     )    ORDER DENYING PETITION
                                 )    FOR WRIT OF HABEAS CORPUS
Dean Manson, Superintendent/Warden,)  STATE OF WASHINGTON D.O.C.,
                    Respondent.  )

THIS MATTER having come before the Court ex parte on the 4th day of June, 2025, the Court having reviewed the Petition for Writ of Habeas Corpus submitted by petitioner and finding that the petitioning is alleging a violation of a statutorily defined right pursuant to RCW 4.12.050 and not a Constitutional Right: now, therefore, it is hereby

ORDERED that Petition for Writ of Habeas Corpus is denied.

DATED this 4ᵗʰ day of ‾June‾, 2025.

_____ DAVID STEVENS

JUDGE DAVID STEVENS

Conformed copies provided to:

Washington Corrections Center
P.O. Box 900
Shelton, WA  98584

Attorney General Office
Corrections Division
P.O. Box 40116
Olympia, WA  98504-0116

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS              ORDYMT

# EXHIBIT 1-B

NO. 25-2-00357-23

PETITION FOR WRIT OF HABEAS CORPUS

June 4, 2025



RECEIVED & FILED
MASON CO. CLERK

2025 JUN -4 PM 2:01

SUPERIOR COURT OF WA.
CHARLES G. RHODES

BY_____DEPUTY

# CASE TYPE 2

2 5 - 2 - 0 0 3 5 7 - 2 **MASON COUNTY SUPERIOR COURT**

## CASE INFORMATION COVER SHEET

**Case Number** _____ **Case Title** In Re Mr. Kurt A. Benshoof, Urve Maggitti v, Warden

**Attorney Name** Kurt Benshoof by Urve Maggitti **Bar Membership Number** pro se

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.

*Updated 5-31-2024*                                                                                              *Form*

**APPEAL/REVIEW**
____  Administrative Law Review  (ALR 2)
____  Appeal of a Department of Licensing Revocation (DOL 2)
____  Civil, Non-Traffic (LCA 2)
____  Civil, Traffic (LCI 2)
**CONTRACT/COMMERCIAL**
____  Breach of Contract (COM 2)
____  Commercial Contract (COM 2)
____  Commercial Non-Contract (COL 2)
____  Contractor Bond Complaint (COM 2)
____  Third Party Collection (COL 2)
**PROTECTION ORDER**
____  Civil Protection Orders (CPO2)
____  Enforcement of Canadian Protection Order (ECP2)
____  Extreme Risk Protection Order (XRP 2)
____  Extreme Risk Prot. Order Under 18 (XRU 2)
____  Foreign Protection Order (FPO 2)
**JUDGMENT**
____  Abstract Only (ABJ 2)
____  Foreign Judgment (FJU 2)
____  Judgment, Another County (ABJ 2)
____  Judgment, Another State (FJU 2)
____  Tax Warrant (TAX 2)
____  Transcript of Judgment (TRJ 2)
**OTHER COMPLAINT/PETITION**
____  Abusive Litigation (ABL 2)
____  Action to Compel/Confirm Private Binding Arbitration (MSC 2)
____  Ballot Title (BAT 2)
____  Change of Name (CHN 2)
____  Petition for Certificate of Restoration of Opportunity (CRP 2)
____  Deposit of Surplus Funds (MSC 2)
____  Emancipation of Minor (EOM 2)
____  Employment (EMP2)
____  Injunction (INJ 2)
____  Interpleader (MSC 2)
____  Malicious Harassment (MHA 2)
____  Minor Settlement (No guardianship) (MST 2)
____  Petition for Civil Commitment (Sexual Predator)(PCC 2)
____  Property Damage-Gangs (PRG 2)
____  Prorate Fuel Tax Subpoena (PFT 2)

____  Restoration of Firearms Rights (RFR2)
____  Public Records Act (PRA 2)
____  Relief from Duty to Register (RDR2)
____  School District – Required Action Plan (SDR 2)
____  Seizure of Property from Commission of Crime (SPC 2)
____  Seizure of Property Resulting from a Crime (SPR 2)
____  Subdivision Election Process Review (SER 2)
____  Subpoenas (MSC 2)
____  Voter Election Law Review (VEP 2)
____  Water Rights Adjudication (WAT2)
**PROPERTY RIGHTS**
____  Condemnation (CON 2)
____  Foreclosure (FOR 2)
____  Land Use Petition (LUP 2)
____  Property Fairness (PFA 2)
____  Quiet Title (QTI 2)
____  Unlawful Detainer (UND 2)
**TORT, MEDICAL MALPRACTICE**
____  Hospital (MED 2)
____  Medical Doctor (MED 2)
____  Other Health Care Professional (MED 2)
**TORT, MOTOR VEHICLE**
____  Death (TMV 2)
____  Non-Death Injuries (TMV 2)
____  Property Damage Only (TMV 2)
**TORT, NON-MOTOR VEHICLE**
____  Asbestos (PIN 2)
____  Consumer Protection Act (CPA2)
____  Other Malpractice (MAL 2)
____  Personal Injury (PIN 2)
____  Products Liability (TTO 2)
____  Property Damage (PRP 2)
____  Wrongful Death (WDE 2)
____  Victims of Motor Vehicle Theft (VVT 2)
**WRIT**
X___  Habeas Corpus (WHC 2)
____  Mandamus (WRM 2)
____  Restitution (WRR 2)
____  Review (WRV 2)
____  Miscellaneous Writs (WMW 2)

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.**
_____

***Please Note:  Public information in court files and pleadings may be posted on a public Web site.***

## APPEAL/REVIEW

**Administrative Law Review**-Petition to the superior court for review of rulings made by state administrative agencies.
**Appeal of a Department of Licensing Revocation**-Appeal of a DOL revocation (RCW 46.20.308(9)).
**Lower Court Appeal-Civil**-An appeal for a civil case; excludes traffic infraction and criminal matters.
**Lower Court Appeal-Infractions**-An appeal for a traffic infraction matter.

## CONTRACT/COMMERCIAL

**Breach of Contract**-Complaint involving monetary dispute where a breach of contract is involved.
**Contractor Bond Complaint**-Complaint for claim against a contractor or subcontractor bond.
**Commercial Contract**-Complaint involving monetary dispute where a contract is involved.
**Commercial Non-Contract**-Complaint involving monetary dispute where no contract is involved.
**Third Party Collection**-Complaint involving a third party over a monetary dispute where no contract is involved.

## PROTECTION ORDER

**Civil Protection Orders**-Petition for protection order under Chapt. 7.105 RCW (eff. 7/1/2022)
**Enforcement of Canadian Protection Order**-Request for enforcement of Canadian PO under Chapt. 26.55 RCW (eff. 1/1/2020)
**Extreme Risk Protection Order**-Petition to restrict ownership, possession, custody or control of a firearm or concealed weapons permit.
**Extreme Risk Protection Order Under 18**-Petition to restrict access, possession, purchase, custody or control of a firearm by a minor.
**Foreign Protection Orders**-Any protection order of a court of the United States, or of any state, territory, or tribal land, which is entitled to full faith and credit in this state.

## JUDGMENT

**Abstract Only**-A certified copy of a judgment docket from another superior court, an appellate court, or a federal district court.
**Foreign Judgment**-Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.
**Judgment, Another County**-A certified copy of a judgment docket from another superior court within the state.
**Judgment, Another State**-Any judgment, decree, or order from another state, which is entitled to full faith and credit in this state.
**Tax Warrants** -A notice of assessment by a state agency creating a judgment/lien in the county in which it is filed. (Four types available.)
**Transcript of Judgment**-A certified copy of a judgment from a court of limited jurisdiction to a superior court in the same county.

## OTHER COMPLAINT/PETITION

**Abusive Litigation-** Request to restrict a current or former intimate partner party from filing abusive litigation for the purposes of harassing, intimidating, or maintaining contact with the other party.
**Ballot Title**-Action for review of the ballot title (RCW 29A.36.090).
**Petition for Certificate of Restoration of Opportunity**-Request for order that is intended to facilitate obtaining housing and employment (RCW 9.97.020).
**Change of Name**-Petition for a change of name. If change is confidential due to domestic violence/anti-harassment see case type 5 instead.
**Deposit of Surplus Funds**-Deposit of money or other item with the court.
**Emancipation of Minor**-Petition by a minor for a declaration of emancipation.
**Employment**-Complaints involving disputes between employer and employee. Includes whistleblower actions. Do not use for administrative law review of employment matters.
**Injunction**-Complaint/petition to require a person to do or refrain from doing a particular thing.
**Interpleader**-Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).
**Malicious Harassment**-Suit involving damages resulting from malicious harassment.
**Minor Settlements**-Petition for a court decision that an award to a minor is appropriate when no letters of guardianship are required (e.g., net settlement value $25,000 or less).
**Petition for Civil Commitment (Sexual Predator)-**Petition for the involuntary civil commitment of a person who 1) has been convicted of a sexually violent offense whose term of confinement is about to expire or has expired, 2) has been charged with a sexually violent offense and who has been determined to be incompetent to stand trial who is about to be released or has been released, or 3) has been found not guilty by reason of insanity of a sexually violent offense and who is about to be released or has been released, and it appears that the person may be a sexually violent predator.
**Property Damage-Gangs**-Complaint involving damage to property related to gang activity.
**Prorate Fuel Tax Subpoena**-Actions filed under Chapt. 82.42 RCW for ex parte orders for fuel tax collection violation investigation subpoenas.

**Public Records Act**-Actions filed under Chapt. 42.56. RCW.
**Relief from Duty to Register**-Civil action requesting relief from duty to register as a sex offender. Petition can address the registration obligation that arises from multiple cases. RCW 9A.44.142, 9A.44.143.
**Restoration of Firearms Rights**-Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047. *(Eff. 9-2-2014)*
**School District-Required Action Plan**-Petition filed requesting court selection of a required action plan proposal relating to school academic performance.
**Seizure of Property from the Commission of a Crime**-Seizure of personal property, which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.
**Seizure of Property Resulting from a Crime**-Seizure of tangible or intangible property, which is the direct or indirect result of a crime, from a defendant following criminal conviction (e.g., remuneration for, or contract interest in, a depiction or account of a crime).
**Subdivision Election Process Review**-Petition seeking court acknowledgement of compliance (RCW 29A.92).
**Subpoenas**-Petition for a subpoena.
**Voter Election Law Review**-Action filed by voters requesting review of Voting Rights Act (RCW 29A.92).
**Water Rights Adjudication**-Legal process to resolve conflict and competition of a water source. Court action requires involvement of the Wash. Dept. of Ecology. (Title 90 RCW). Use of this cause of action is limited by statute.  Currently, only Whatcom County Superior Court accepts court filings related to water rights adjudication.

## PROPERTY RIGHTS

**Condemnation**-Complaint involving governmental taking of private property with payment, but not necessarily with consent.
**Foreclosure**-Complaint involving termination of ownership rights when mortgage or tax foreclosure is involved; ownership is not in question.
**Land Use Petition**-Petition for an expedited judicial review of a land use decision made by a local jurisdiction (RCW 36.070C.040).
**Property Fairness**-Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64 RCW.
**Quiet Title**-Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.
**Unlawful Detainer**-Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.

## TORT, MEDICAL MALPRACTICE

**Hospital**-Complaint involving injury or death resulting from a hospital.
**Medical Doctor**-Complaint involving injury or death resulting from a medical doctor.
**Other Health Care Professional**-Complaint involving injury or death resulting from a health care professional other than a medical doctor.

## TORT, MOTOR VEHICLE

**Death**-Complaint involving death resulting from an incident involving a motor vehicle.
**Non-Death Injuries** -Complaint involving non-death injuries resulting from an incident involving a motor vehicle.
**Property Damage Only**-Complaint involving only property damages resulting from an incident involving a motor vehicle.

## TORT, NON-MOTOR VEHICLE

**Asbestos**-Complaint alleging injury resulting from asbestos exposure.
**Consumer Protection Act**-Actions brought under the Consumer Protection Act. Can be initiated by the WA Attorney General or individuals, others.
**Other Malpractice**-Complaint involving injury resulting from other than professional medical treatment.
**Personal Injury**-Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.
**Products Liability**-Complaint involving injury resulting from a commercial product.
**Property Damages**-Complaint involving damage to real or personal property excluding motor vehicles.
**Victims of Motor Vehicle Theft**-Complaint filed by a victim of car theft to recover damages. (RCW 9A.56.078).
**Wrongful Death**-Complaint involving death resulting from other than professional medical treatment.

## WRIT

**Writ of Habeas Corpus**-Petition for a writ to bring a party before the court.
**Writ of Mandamus**-Petition for writ commanding performance of a particular act or duty.
**Writ of Restitution**-Petition for a writ restoring property or proceeds; not an unlawful detainer petition.
**Writ of Review**-Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.
**Miscellaneous Writs**

1  Kurt Alden Benshoof
2  Washington Corrections Center
   D.O.C# 448305, R Units
3  P.O. Box 900
   Shelton, WA 98584
4

RECEIVED & FILED
MASON CO. CLERK

2025 JUN -4 PM 2:01

SUPERIOR COURT OF WA.
CHARLES G. RHODES

BY_____DEPUTY

5
6

**MASON COUNTY SUPERIOR COURT
FOR THE STATE OF WASHINGTON**

7  In Re Mr. Kurt A. Benshoof,
8  Urve Maggitti, *In her capacity as assis-*
   *tant of counsel under Judiciary Act of*
9  *1789, 1 Stat. 73, 92.*
                    Petitioner

Case No.

2 5 - 2 - 0 0 3 5 7 - 2 3

10
11  v.

**PETITION FOR WRIT OF HABEAS
CORPUS**

12
13  Dean Mason, Superintendent/Warden,
                    Respondent

14  ─────────────────────────────

15
16

**PETITION FOR WRIT OF HABEAS CORPUS**

17      COMES NOW KURT A. BENSHOOF, with Urve Maggitti in her capacity as his assistant of

18  counsel under Judiciary Act of 1789, 1 Stat. 73, 92[1], and states the following: I am currently re-

19  strained in the custody of the Washington Department of Corrections, located in Mason County,

20  Washington. I am acting pro se under Article IV, §6 of the Washington Constitution and RCW

    Chapter 7.36 and respectfully petitions this Honorable Court for writ of habeas corpus.

21
22

**INTRODUCTION**

23      This writ of habeas corpus arises out of single issue: the trial court had no jurisdiction to pro-

24  ceed subsequent to Notice of Disqualification made in open court viva voce on September 13,

25  2024, when Petitioner had no access to writing materials, pen and paper; and in writing on

26  ─────────────────────
27  [1] *Judiciary Act of 1789, 1 Stat. 73, 92, and Faretta v. California, 422 U.S. 806, 812–*
    *13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975).*  APPENDIX M

28
                                    1

October 4, 2024 - after having temporarily obtained pen and paper- as detailed herein.

The cause of action is brought under Violation of RCW 4.12.050 and RCW 4.12.040. The trial court action to proceed after loss of jurisdiction has and continues to violate Petitioner's inherent, sacred and inviolable rights to equal protection under the laws, and the deprivation of his liberty.

## JURISDICTION, STANDING, VENUE

This Court has original jurisdiction to issue writs of habeas corpus pursuant to RCW Chapter 7.36 and Article IV, §6 of the Washington Constitution. RCW 7.36.040 provides that application for a writ shall be made to the superior court of the county in which the person is detained. Petitioner Kurt A. Benshoof is currently held at the Washington Corrections Center in Shelton, Mason County. This Court is the proper and exclusive forum.

Urve Maggitti additional "Petitioner" to the matter, who is joining this matter in the capacity as Petitioner Kurt Benshoof's assistant of counsel as allowed by Contractual relationship established by Petitioners through AFFIDAVIT, via the enumerated powers of assistant of counsel itself listed in Appendix I, and via the enumerated powers listed in the Section 35 of the Judiciary Act of 1789, "*the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law*" 1 Stat. 73, 92 . See also *Faretta v. California*, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975). Under statutory construction there are three distinct ways parties may plead their causes: first, Personally/Pro Se, second, with assistance of counsel, or third with the assistance of an attorney at law. It is stated in the Disjunctive Cannon of statutory interpretation that the word "*or* creates alternatives." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 116 (2012). *Counsel and attorneys at law* are distinctly different from one another under the Disjunctive Cannon.

Petitioners brings this action as authorized by Washington Constitution Article 1 Section 13. HABEAS CORPUS: *"The privilege of the writ of habeas corpus shall not be suspended, unless in case of rebellion or invasion the public safety requires it."*

Washington Constitution Article IV Section 6: *"Writs of habeas corpus, on petition by or on be[2]half of any person in actual custody in their respective counties."*

---

[2] Petitioner was

2

Including RCW 7.36.010[3] which states: *"Every person restrained of his or her liberty under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."*

This petition does not allege violations of constitutional rights under the state or federal constitutions and does not present a federal question. It is grounded exclusively in Washington statutes. The legal claim is that no lawful judgment exists due to a jurisdictional defect triggered by RCW 4.12.050. Because jurisdiction never vested in the trial court after the judge was disqualified, Petitioner Benshoof is held under color of authority that has no legal foundation.

Accordingly, this Court has both subject matter jurisdiction and territorial venue to issue the writ, evaluate the legal cause of restraint, and determine whether the judgment underlying that restraint is void.

## PARTIES BY WHOM THE PETITIONER IS RESTRAINED OF HIS LIBERTY, AND THE PLACE WHERE[4]

At all times material to this petition for writ of habeas corpus, Kurt A. Benshoof, Petitioner, is in unlawful custody in Shelton, Washington at the time of the injury.

At all times material to this petition for writ of habeas corpus, Urve Maggitti, in her capacity as his assistant of counsel under Judiciary Act of 1789, 1 Stat. 73, 92 , resided in Berwyn, Pennsylvania, at the time of the injury, and is an assistant of counsel under Judiciary Act of 1789, 1 Stat. 73, 92 issued by Kurt Benshoof (See Appendix I).

At all times material to this this petition for writ of habeas corpus Superintendent/Warden of the Washington Department of Corrections, Mr. Dean Mason,  has been duly employed by Washington Department of Corrections, in Shelton, in  the County of Mason located  in the State of Washington.

At all times material to this this petition for writ of habeas corpus Superintendent/Warden of the Washington Department of Corrections, Mr. Dean Mason, is restraining the rights and liberties of Petitioner Kurt Benshoof under the order of  King County Superior Court judge,

---

[3] https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.010&pdf=true
[4] RCW 7.36.030 Petition—Contents. https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.030&pdf=true

3

Suzanne R. Parisien, who presided over the Case No. 24-1-02680-7 SEA, without having any jurisdiction.

## I. PRELIMINARY STATEMENT

This petition for writ of habeas corpus is filed under RCW 7.36.010[5] and seeks immediate judicial review on single issue only: did the trial judge have jurisdiction to proceed following the statutory disqualification of the presiding judge pursuant to RCW 4.12.050?

The fact that Petitioner BENSHOOF is innocent of all charges is not before this court. The constitutional violations at trial are not before this court. This is not a collateral attack on a criminal conviction. This is not petition for appellate review.

The only question before this court is whether or not the trial court had jurisdiction to proceed subsequent to the notice given on October 4, 2024, of the Notice of Disqualification as detailed herein.

Petitioner BENSHOOF alleges that all proceedings resulting in Petitioner's confinement occurred after the trial judge, Suzanne R. Parisien, was disqualified by statute under RCW 4.12.050. Once the disqualification was timely filed and entered on the record, the judge lacked jurisdiction to proceed further under RCW 4.12.040. No transfer to a qualified judge occurred. All subsequent actions, including the trial, verdict, and sentence, were therefore taken in excess of jurisdiction and are void.

Washington law recognizes that where a statutory disqualification is properly invoked, judicial authority immediately ceases. A judgment issued without jurisdiction is a legal nullity. RCW 7.36.010 allows any person restrained of liberty "under any pretense whatever" to apply for a writ of habeas corpus. RCW 7.36.040 [6] requires that the writ be granted without delay.

This petition raises no constitutional claims and does not seek discretionary relief. The restraint of Petitioner BENSHOOF results from a void judgment issued by a judge who, by statute, lacked authority to act. Habeas relief is mandatory under Washington law where no lawful cause supports continued detention.

---

[5] https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.010
[6] https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.040

4

There is no legal cause for the restraint of Petitioner BENSHOOF in the custody of Washington Department of Corrections nor for the continuation thereof, therefore this Honorable Court must issue the writ as per RCW 7.36.120 [7] and discharge the Petitioner BENSHOOF from the custody of Washington Department of Corrections.

Should the Honorable Court or judge thereupon proceed in a summary way to hear and determine the cause, the Petitioner BENSHOOF is entitled to a full plenary hearing.

"In *Townsend v. Sain*, Supra, the Supreme Court held that petitioner was entitled to a plenary hearing to determine whether or not the allegations advanced in his petition were true, and whether he was being illegally confined." *Little v. Rhay*, 8 Wash. App. 725, 730, 509 P.2d 92, 95 (1973). This principle was affirmed in *Scruggs v. Rhay*, where the Washington Supreme Court remanded the case to the trial court for a full factual hearing, allowing the petitioner to call witnesses and produce evidence in support of his claims. (*Scruggs v. Rhay*, 70 Wash.2d 755 (1967)).

The trial court clearly did not have the jurisdiction to proceed and that is a matter of public record. This court must issue the writ to release Petitioner BENSHOOF from the custody of the Washington Department of Corrections.

## II.  THE CAUSE OR PRETENSE OF THE RESTRAINT ACCORDING TO THE BEST OF THE KNOWLEDGE AND BELIEF OF THE APPLICANT[8]

Petitioner KURT BENSHOOF is currently unlawfully restrained in his liberty since he was sentenced on February 24, 2025, taken into custody, and is currently held in Washington Corrections Center , Shelton, WA 98584, located in Mason County Washington State. Petitioner is currently in the process of serving a 11 year service, see appendix C and D, imposed by Judge Parisien who was disqualified pursuant to RCW 4.12.050 on October 4, 2024. Judge Parisien officially began presiding over Case No. 24-1-02680-7 SEA on September 6, 2024. Between September 6th and October 4th, Parisien made no discretionary rulings outside the definitions of RCW 4.12.050(2). Petitioner has also been relieved of his right to vote, to possess a firearm, and has had his speech limited. See Appendix B, E, and F.

---

[7] https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.120
[8] RCW 7.36.030 Petition—Contents. https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.030&pdf=true

5

## III. GROUNDS FOR HABEAS CORPUS: JUDICIAL DISQUALIFICATION AS JURISDICTIONAL DEFECT

Petitioner seeks issuance of a writ of habeas corpus pursuant to RCW 7.36.010, on the ground that Petitioner Benshoof is restrained of his liberty under color of a judgment rendered without lawful jurisdiction. The presiding judge in the criminal trial, the Hon. Suzanne R. Parisien of King County Superior Court, was statutorily disqualified viva voce in open court on September 13, 2024 and again on  October 4, 2024, in open court viva voce and in writing under RCW 4.12.050. From that moment forward, she lacked authority to proceed in any manner in the case.

### A. Statutory Disqualification Is Immediate and Mandatory

Pursuant to RCW 4.12.050(1)[9] , "[a]ny party to or any attorney appearing in any action or proceeding in a superior court may disqualify a judge from hearing the matter, subject to [the limitation that the] Notice of Disqualification must be filed and called to the attention of the judge before the judge has made any discretionary ruling in the case."

RCW 4.12.050 provides that a party may disqualify a superior court judge by timely notice before the judge makes a discretionary ruling. Once that notice is filed and brought to the court's attention, disqualification is automatic and non-discretionary.

In compliance of the aforementioned RCW, Petitioner Benshoof promptly filed and dis-qualified Judge Parisien, depriving her of all authority and jurisdiction to continue with this case. As recognized in *State v. Cockrell*, "[o]nce a party timely complies with the terms of these statutes, '...the judge to whom it is directed is divested of authority to proceed further into the merits of the action.' Under the plain wording of the rule, the judge loses all jurisdiction over the case." 102 Wash. 2D 561, 565 689 P.2d 32, 35 (1984).

RCW 4.12.040(1)[10] makes clear that a disqualified judge is prohibited from further partici-pation: "No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050." (Emphasis added).

---

[9] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.050
[10] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.040

6

Judge Suzanne R. Parisien was disqualified on October 4th, 2024 meaning that Judge Parisien's court had no subject matter jurisdiction to hear any further hearings post October 4th, 2024.

The same statute imposes an affirmative duty on the court to reassign the case, RCW 4.12.040(1) further states that "the presiding judge in judicial districts where there is more than one judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court." (Emphasis added). No transfer occurred, conversely disqualified Judge Parisien violated the mandate of RCW 4.12.040(1) and continued to preside, ultimately conducting the trial, issuing judgment, and imposing sentence—all in violation of the above statutory mandates, without jurisdiction to do so.

"[A] judgment entered without subject matter jurisdiction is void. *In Re Marriage of Ortiz*, 108 Wash.2d 643, 649–50, 740 P.2d 843 (1987). Such a judgment must be vacated even if the party actively participated in the lawsuit, because lack of subject matter jurisdiction is not subject to waiver. *Skagit Surveyors & Engineers, L.L.C. v. Friends of Skagit County*, 135 Wash.2d 542, 556, 958 P.2d 962 (1998). Even a party who stipulates to venue in a 'wrong' county can obtain a dismissal if dissatisfied with the outcome of the trial, because subject matter jurisdiction cannot be stipulated. *Barnett v. Hicks*, 119 Wash.2d 151, 161, 829 P.2d 1087 (1992)." *Shoop v. Kittitas County*, 108 Wash.App. 388, 398 (2001). Because the Court of Judge Parisien lacked jurisdiction upon her disqualification, all orders issued by Judge Parisien are void ab initio post October 4th 2024.

**B. Jurisdiction Was Absent; All Post-Disqualification Acts Are Void**

The Washington Supreme Court has consistently held that disqualification under RCW 4.12.050 divests the court of jurisdiction to proceed. In *State v. Cockrell*, 102 Wn.2d 561, 565 (1984), the Court explained: "Once a party timely complies with the terms of these statutes… the judge to whom it is directed is divested of authority to proceed further into the merits of the action."

Likewise, in *Shoop v. Kittitas County*, 108 Wn. App. 388, 398 (2001), the Court of Appeals held: "A judgment entered without subject matter jurisdiction is void… Lack of subject matter jurisdiction is not subject to waiver."

Where, as here, the statutory condition of disqualification was satisfied and the required transfer never occurred, any further action by the judge is ultra vires. The trial proceedings and resulting judgment are void ab initio. That defect is jurisdictional—not procedural—and renders

7

the  confinement in Washington Department of Corrections unlawful.

### C. Habeas Is the Proper and Exclusive Remedy

The nature of the defect here is not appealable error but structural invalidity. The trial court lost authority to act when RCW 4.12.050 was properly invoked and not honored. No collateral process can retroactively cure a void judgment.

Where a man is not a free man in the commonly accepted sense, where he is in custody, he falls within the reach of habeas corpus relief. *Jones v. Cunningham,* 371 U.S. 236, 9 L.Ed.2d 285, 83 S.Ct. 373, 92 A.L.R.2d 675 (1963).

As recognized in *In re Marriage of Ortiz,* 108 Wn.2d 643, 649–50 (1987), and *Scruggs v. Rhay*, 70 Wn.2d 755 (1967), habeas corpus remains the proper mechanism for testing whether a person is restrained under legal authority. Where jurisdiction is entirely absent, no other process is adequate or required.

### IV. Statement of Facts

1. On September 13, 2024, during open court proceedings in King County Superior Court Case No. 24-1-02680-7 SEA, Petitioner Kurt A. Benshoof gave oral notice of disqualification to the presiding judge, Suzanne R. Parisien. [11]

2. On October 4, 2024, during open court proceedings in King County Superior Court Case No. 24-1-02680-7 SEA, Petitioner Kurt A. Benshoof gave oral notice of disqualification under RCW 4.12.050 to the presiding judge, Suzanne R. Parisien.

3. That same day, Petitioner Benshoof delivered a handwritten disqualification notice to the courtroom bailiff. Although the bailiff declined to accept the document, Petitioner Benshoof's friend —acting as assistant of counsel—filed the written notice into the official court record as Docket Entry #105.

4. As of September 13, 2024, and October 4, 2024, Judge Parisien had not issued any discretionary rulings in the case that would bar disqualification under RCW 4.12.050. The notice was therefore timely and effective under the statute.

---

[11] See Appendix J

8

5. RCW 4.12.040(1) required that the matter be immediately reassigned to another department or judge. No such transfer or reassignment occurred.

6. Judge Parisien continued to preside over the proceedings in violation of the disqualification statutes, ultimately conducting the trial, entering a judgment of conviction, and imposing sentence on April 11, 2025.

7. On that date, Petitioner Benshoof was taken into state custody and eventually transferred to the Washington Corrections Center, Shelton, WA 98584, located in Mason County, where he remains confined as of the date of this petition.

8. The conviction and commitment order under which Petitioner Benshoof is restrained were entered by a judge who, by statute, lacked authority to act after September 13, 2024, and October 4, 2024. No lawful judgment was rendered by a court of competent jurisdiction.

## V. THE RESTRAINT IS ALLEGED TO BE ILLEGAL, LEGAL ARGUMENT IN WHAT THE ILLEGALITY CONSISTS.[12]

### A. RCW 4.12.050 Creates a Mandatory Jurisdictional Bar

RCW 4.12.050 allows a party to disqualify a superior court judge by timely notice prior to the issuance of any discretionary ruling. When such notice is filed and brought to the attention of the court, the judge is immediately disqualified by operation of law.

In this case, notice was properly and timely noted viva voce in open court on September 13, 2024, and filed on October 4, 2024. No discretionary ruling had been made. The disqualification was therefore complete and automatic under RCW 4.12.050(1).

RCW 4.12.040(1) imposes a corresponding duty: "No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050."

Judge Parisien was required to step down and the case was required to be reassigned. That did not occur. The court proceeded in violation of the disqualification statute, and all further action taken in the case was outside of lawful judicial authority.

---

[12] RCW 7.36.030 Petition—Contents. https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.030&pdf=true

9

## B. Washington Courts Treat Such Proceedings as Void

The Washington Supreme Court has been unequivocal: disqualification under RCW 4.12.050 removes the court's power to act. In *State v. Cockrell*, 102 Wn.2d 561, 565 (1984), the Court held: "Once a party timely complies with the terms of these statutes… the judge to whom it is directed is divested of authority to proceed further into the merits of the action."

In *Shoop v. Kittitas County*, 108 Wn. App. 388, 398 (2001), the Court reiterated: "A judgment entered without subject matter jurisdiction is void… Lack of subject matter jurisdiction is not subject to waiver."

"Those coming before the court have a fundamental right to an impartial decision-maker. Marshall v. Jerrico, Inc., 446 U.S. 238, 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980) (citing *Carey v. Piphus*, 435 U.S. 247, 259-62, 266-67, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978); *Mathews v. Eldridge*, 424 U.S. 319, 348-49, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), and quoting *Joint Anti-Fascist Comm. v. McGrath,* 341 U.S. 123, 172, 71 S. Ct. 624, 95 L. Ed. 817 (1951) (Frankfurter, J., concurring)). To protect this fundamental right, Washington statutes liberally allow litigants to disqualify a judge assigned to their case without establishing actual prejudice" *Godfrey v. Ste. Michelle Wine Ests. Ltd,* 194 Wash. 2d 957, 959, 453 P.3d 992, 993 (2019)

"When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning. *Meese y, Keene*, 481 U.S. 465, 484- 485 (1987) ("It is axiomatic that the statutory definition of the term excludes unstated meanings of that term"); *Colautti v. Franklin*, 439 U.S., at 392-393, n. 10 ("As a rule, 'a definition which declares what a term "means" ... excludes any meaning that is not stated'"); *Western Union Telegraph Co. v. Lenroot* , 323 U.S, 490, 502 (1945); *Fox v. Standard Oil Co. of N.J.*, 294 U.S. 87, 95-96 (1935) (Cardozo, J.); see also 2AN. Singer, Sutherland on Statutes and Statutory Construction§ 47.07, p. 152, and n. 10 (5th ed. 1992) (collecting cases). That is to say, the statute, read "as a whole," post, at 998 ( Thomas, J., dissenting), leads the reader to a definition." *Stenberg v. Carhart* , 530 U.S. 914, 942-43 (2000).

"In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988).

"These Words cannot be meaningless, else they would not have been used," in other words, *Verba cum effectu sunt accipienda. United States v. Butler*, 297 U.S. 1, 65 (1936); Ulpian, Digest

10

2.7.5.2 ("words are to be taken as having an effect."); *See also Sturges v. Crowninshield*, 17 U.S. 122, 202 4 L. Ed. 529 (1819) ("It would be dangerous in the extreme, to infer from extrinsic circumstances, that a case for which the words of an instrument expressly provide, shall be exempted from its operation.").

As stated by the court of *Flora v. United States*, grammar is an indicator of meaning: "[t]his court does not review congressional enactments as a panel of grammarians; but neither do we regard ordinary principles of English prose as irrelevant to a construction of those enactments." 362 U.S. 145, 150 (1960).

Accordingly, the conviction and sentence imposed by Judge Parisien were rendered without jurisdiction. The judgment is a legal nullity and cannot serve as a lawful basis for confinement.

### C. Habeas Relief Must Issue When No Legal Cause Exists

RCW 7.36.010 authorizes the issuance of a writ of habeas corpus where any person is restrained "under any pretense whatever." RCW 7.36.040 requires that the writ "shall be granted without delay" when application is made to the superior court of the county where the person is detained.

Petitioner Benshoof is confined in Washington Department of Corrections under the authority of a judgment rendered by a judge who, by law, was disqualified and barred from proceeding. No reassignment occurred. No lawful judgment issued. There is no legal cause for his restraint within the meaning of RCW 7.36.120.

In *In re Marriage of Ortiz*, 108 Wn.2d 643, 649–50 (1987), and *Scruggs v. Rhay*, 70 Wn.2d 755 (1967), the courts made clear that where jurisdiction is lacking, habeas relief is both proper and required. There is no statutory basis for continued detention in Washington Department of Corrections once jurisdiction is absent.

The habeas corpus jurisprudence reinforces that where a person's confinement is premised on a void judgment, habeas is not only proper but mandatory. In a recent per curiam opinion, the U.S. Supreme Court reaffirmed that:

"statute which largely "'preclude[s] judicial review,'" *Ludecke v. Watkins*, 335 U. S. 160, 163–164, (1948), must be brought in habeas. *Cf. Heikkila v. Barber*, 345 U. S. 229, 234–235 (1953) (holding that habeas was the only cause of action available to challenge deportation under

11

immigration statutes that "preclud[ed] judicial intervention" beyond what was necessary to vin-dicate due process rights). Regardlessof whether the detainees formally request release from con-finement, because their claims for relief "'necessarily imply the invalidity' " of their confinement and removal under the AEA, their claims fall within the "core" of the writ of habeas corpus and thus must be brought in habeas. *Cf. Nance v. Ward*, 597 U. S. 159, 167 (2022) (quoting H*eck v. Humphrey,* 512 U. S. 477, 487 (1994)). And "immediate physicalrelease [is not] the only remedy under the federal writ of habeas corpus." *Peyton v. Rowe*, 391 U. S. 54, 67 (1968); see, e.g., Nance, 597 U. S., at 167 (explaining that a capital prisoner may seek "to overturn his death sen-tence" in habeasby "analog[y]" to seeking release); *In re Bonner*, 151 U. S. 242, 254, 259 (1894). For "core habeas petitions," "jurisdiction lies in only one district: the district of confine-ment." *Rumsfeld v. Padilla*, 542 U. S. 426, 443 (2004)."

This exact passage was quoted by the U.S. Supreme Court in Donald J. Trump, President of the United States, et al. v. J.G.G., et al., No. 24A931, decided April 7, 2025. See Cite as: 604 U. S. ____ (2025) (Per Curiam).[13]

In the present case, Petitioner Benshoof's confinement arises from proceedings conducted by a judge who had no lawful authority to act following her statutory disqualification. Regardless of whether Benshoof formally pleads for release or requests alternative relief, the challenge neces-sarily implies the invalidity of the underlying judgment and restraint. Such claims strike at the "core" of habeas corpus protection under both state and federal principles.

Where jurisdiction is absent and the judgment is void, habeas corpus is the only remedy suf-ficient to test the legality of confinement.

This petition does not challenge the merits of the conviction, does not raise evidentiary issues, nor seek a retrial. It challenges the absence of lawful authority to enter a judgment in the first place.

## VI. Judicial Notice

Petitioners respectfully respectfully moves this Honorable Court for Judicial Notice under RCW 5.24.010[14] and Washing-ton State Court Rules: Rules of Evidence ER 201.[15]

---

[13] https://www.supremecourt.gov/opinions/24pdf/24a931_2c83.pdf
[14] https://app.leg.wa.gov/rcw/default.aspx?cite=5.24.010
[15] https://www.courts.wa.gov/court_rules/pdf/ER/GA_ER_02_01_00.pdf

**RCW 5.24.010**
**Judicial notice of Constitution and laws.**
Every court of this state shall take judicial notice of the Constitution, common law, civil law, and statutes of every state, territory and other jurisdiction of the United States.

**Washington State Court Rules: Rules of Evidence ER 201**:
**(a) Kinds of Facts.**
Under the rule, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either[:]
  (1) generally known within the territorial jurisdiction of the trial court or
  (2) capable of accurate and ready determination by resort to sources whose accuracy can not reasonably be questioned.
**(b) When Discretionary.**
  The "court MAY take judicial notice, whether requested or not."
**(c) When Mandatory.**
  However, a court MUST "take judicial notice if requested by a party and supplied with the necessary information."
**(d) Opportunity To Be Heard.**
  In any event: "A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken."
**(e) Timing of Taking Notice**.
  "Judicial notice may be taken at any stage of the proceeding."

This court pursuant to RCW 5.24.010 shall Judicially notice:  24-1-02680-7 42 09/09/2024 Order of Preassignment [Certified Copy], Appendix K-1.

  This court pursuant to RCW 5.24.010 shall Judicially notice: 24-1-02680-7 45 09/13/2024 Minutes. [Certified Copy], Appendix K-2.

    This court pursuant to RCW 5.24.010 shall Judicially notice: 24-1-02680-7 50 09/13/2024 Order for Continuance of Omnibus Hearing and Trial Date. [Certified Copy], Appendix K-3.

    This court pursuant to RCW 5.24.010 shall Judicially notice: Court Docket  24-1-02680-7, Appendix  K-4.

    This court pursuant to RCW 5.24.010 shall Judicially notice: RCW 4.12.050,[16]  Appendix K-5.

---

[16] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.050

Additionally, the Court shall Judicially notice pursuant to RCW 5.24.010 that the language of RCW 4.12.050(1) [17] , "[a]ny party to or any attorney appearing in any action or proceeding in a superior court may disqualify a judge from hearing the matter, subject to [the limitation that the] Notice of Disqualification must be filed and called to the attention of the judge before the judge has made any discretionary ruling in the case."

This court pursuant to RCW 5.24.010 shall Judicially notice: RCW 4.12.040,[18] Appendix K-6.

Additionally, the Court shall Judicially notice pursuant to RCW 5.24.010 that the language of RCW 4.12.040[19] : " RCW 4.12.040(1) imposes a corresponding duty: "No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050."  Appendix 6: RCW 4.12.040

"In ascertaining the plain meaning of the statute, the court must look to the particular statu-tory language at issue, as well as the language and design of the statute as a whole." K Mart Corp. v. Cartier, inc., 486 U.S. 281, 291 (1988).

## VII.  EVIDENCE UPON WHICH MOVANT RELIES

### APPENDIX LIST

Petitioners rely upon the following:

1. Appendix A: Notice of Disqualification, Docket No. 105
2. Appendix B: Notice of Ineligibility to Possess a Firearm, Docket No. 183
3. Appendix C: Felony Judgment and Sentence, Docket No. 184
4. Appendix D: Judgment and Sentence, Docket No. 185
5. Appendix E: Notice of Ineligibility to Possess a Firearm and Loss of right to vote, Docket No. 186
6. Appendix F: No Contact Order, Docket No. 189
7. Appendix G: Order to surrender and Prohibit Weapons
8. Appendix H: Incarcerated Search for Plaintiff Kurt Benshoof via Washington Depart -

---

[17] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.050
[18] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.040
[19] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.040

ment of Corrections. Accessible via https://doc.wa.gov/information/inmate-search/default.aspx

9. Prison contact page hosted by Washington Department of Corrections. Accessible via https://doc.wa.gov/corrections/incarceration/prisons/contact.htm#wcc

10. Appendix I: Affidavit {Kurt Assistant of Counsel}

11. Appendix J: Verified Affidavit by Urve Maggitti

12. Appendix K-1 thru K-6: Judicial Notice exhibits

13. Appendix K-1: 24-1-02680-7 42 09/09/2024 Order of Preassignment [Certified Copy]

14. Appendix K-2: 24-1-02680-7 45 09/13/2024 Minutes. [Certified Copy]

15. Appendix K-3: 24-1-02680-7 50 09/13/2024 Order for Continuance of Omnibus Hearing and Trial Date. [Certified Copy]

16. Appendix K-4: Court Docket 24-1-02680-7

17. Appendix K-5: RCW 4.12.050

18. Appendix K-6: RCW 4.12.040

19. Appendix L: Transcript of Hearing on September 13, 2024.

20. APPENDIX M: Judiciary Act

## VI. Prayer for Relief

WHEREFORE, Petitioners respectfully request that this Court:

1. Issue a writ of habeas corpus pursuant to RCW 7.36.010 and RCW 7.36.040, commanding Respondent to produce the body of Petitioner Kurt A. Benshoof and to show legal cause for his continued detention;

2. Order the immediate release of Petitioner Benshoof from the custody in Washington Department of Corrections on the grounds that no lawful commitment has been made under the laws of the State of Washington;

3. Alternatively, if the Court determines that factual disputed issue exists regarding the statutorily mandatory compliance with RCW 4.12.050 as per RCW 4.12.040 in reference to the notice of disqualification, that the court then set the matter for a full plenary hearing pursuant to *Scruggs v. Rhay*, 70 Wn.2d 755 (1967).

15

4.  Petitioner also moves the court to allow for amendment for any potential defect therein as per RCW 7.36.240[20] which states: "And no writ or other process shall be disregarded for any defect therein, if enough is shown to notify the officer or person of the purport of the process. Amendments may be allowed and temporary commitments when necessary."

## **VERIFICATION**

I, KURT BENSHOOF and URVE MAGGITTI, do hereby declare that the foregoing facts are true and correct to the best of my knowledge, under penalty of perjury of the laws of the United States. Signed this 4th day of June, 2025, in the City of Shelton in the County of Mason in the State of Washington.


Kurt Alden Benshoof, *Pro Se*
Washington Corrections Center
D.O.C# 448305, R Units
P.O. Box 900
Shelton, WA98584


Urve Maggitti, *Assistant of Counsel, Pro Se*
urve.maggitti@gmail.com

---

[20] https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.240&pdf=true

16

## <u>CERTIFICATE OF SERVICE</u>

MASON COUNTY CLERK
419 N. 4th Street
Shelton WA 98584
(360) 427-9670 ext. 346

Dean Mason, Superintendent/Warden
Washington Department of Corrections
2321 West Dayton Airport Road
Shelton, WA 98584

7345 Linderson Way SW
Tumwater, WA 98501
(360) 725-8213
docwccllo@doc.wa.gov

Alternative Address:
Washington Corrections Center
PO Box 900, Shelton, WA 98584

ATTORNEY GENERAL, Washington State
serviceATG@atg.wa.gov.[21]
1125 Washington St SE
PO Box 40100
Olympia, WA 98504
360-753-6200

---

[21] https://www.atg.wa.gov/electronic-service-original-summons-complaint

# APPENDIX A

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 22, 2025 |
| Serial ID: | 25-098949-8990648W0E |
| Certified By: | Catherine Cornwall
King County Clerk, Washington |

**FILED**
2024 OCT 04
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 24-1-02680-7 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

Kurt A. Benshoof,
Defendant                    **Petitioner,**

**vs.**

State of Washington,
Plaintiff                    **Respondent.**

NO. 24-1-026807-SEA

_____ **Photos**

_____ **Report** _____

_____ **Social Media Messages (SOM)/ Text Messages**

_____ **Statement/Declaration of** _____

_____ **Correspondence (CRRSP)**

_____ **Emails (EMAIL)**
_____ **Letter (LTR)**

✓ **Other** Two Notices of Disqualification submitted to, but not accepted by, Judge Parisien 10/4/24 AM Calendar

**Submitted by:** Jason T. Colberg    ☐ Petitioner ☐ Respondent ☒ Other
Jason Colberg                        Court Observer

Rev 6.24

IN THE SUPERIOR COURT OF
KING COUNTY,
IN THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, Plaintiff, v. Kurt A. Benshoof, Defendant. | No. 24-1-02680-7 SEA NOTICE OF DISQUALIFICATION |

TO: THE CLERK OF COURT

    Kurt A. Benshoof gives notice to the Court and all named parties that, pursuant to RCW 4.12.050, Judge Suzanne Parisien is disqualified from Case No. 24-1-02680-7 SEA.

    Benshoof has not previously disqualified any judge in this matter. Benshoof avers the foregoing this third day of October, 2024, in Seattle, Washington.

*Kurt Benshoof*
Kurt Benshoof, Pro se

PAGE 1 OF 1

IN THE SUPERIOR COURT OF
KING COUNTY
IN THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br>Plaintiff,<br><br>v.<br><br>Kurt A. Benshoof,<br>Defendant. | No. 24-1-02680-7 SEA<br><br>NOTICE OF DISQUALIFICATION |

TO: THE CLERK OF COURT AND ALL NAMED PARTIES

Defendant Kurt A. Benshoof ("Benshoof") gives notice that, pursuant to RCW 4.12.050, Judge Suzanne Parisien is disqualified from this case.

Benshoof has not previously disqualified any judge or commissioner in this case.

Dated this third day of October, 2024.


_Kurt A. Benshoof_
Kurt A. Benshoof, pro se


PAGE 1 OF 1

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 22, 2025 |
| Serial ID: | 25-098949-8990648W0E |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **25-098949-8990648W0E**

This document contains 3 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX B

Case Number: 24-1-02680-7
Date: May 30, 2025
Serial ID: 25-103884-9056335A5Y
Certified By: Catherine Cornwall
King County Clerk, Washington

**FILED**
KING COUNTY, WASHINGTON

APR 1 1 2025

SUPERIOR COURT CLERK
BY Rebecca Gardner
DEPUTY

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,                )
                                    )
                    Plaintiff,      )    No. 24-1-02680-7 SEA
                                    )
        vs.                         )    NOTICE OF INELIGIBILITY TO
                                    )    POSSESS FIREARM
                                    )
KURT ALDEN BENSHOOF,                )
                                    )
                    Defendant.      )
_____ )


        Pursuant to RCW 9.41.047, **you are not permitted to possess a firearm** until your right to do so is restored by a court of record.  You are further notified that you must immediately surrender any concealed pistol license.


Date: ___4.11.25___

_____
DEFENDANT

_____
Judge, King County Superior Court


FIREARM AND VOTING RIGHTS NOTICE
Revised 2/9/21

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056335A5Y |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:      **25-103884-9056335A5Y**

This document contains 1 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX C

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056336E4F |
| Certified By: | Catherine Cornwall<br>King County Clerk, Washington |



FILED
KING COUNTY, WASHINGTON

APR 1 1 2025

SUPERIOR COURT CLERK
BY Rebecca Gardner
DEPUTY

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON, )
)
       Plaintiff, )
)
   vs. )
)
KURT ALDEN BENSHOOF, )
)
       Defendant. )
_____ )

No. 24-1-02680-7 SEA

**JUDGMENT AND SENTENCE
FELONY (FJS)**

### I. HEARING

I.1  The defendant, the defendant's lawyer, Jack Edward Ambrose, and the deputy prosecuting attorney were present at the sentencing hearing conducted today. Others present were: _____
_____
_____

### II. FINDINGS

There being no reason why judgment should not be pronounced, the court **finds**:
2.1  **CURRENT OFFENSE(S)**: The defendant was found guilty on 03/11/2025
 by Jury Verdict of:

Count No.: 1   Crime: Felony Stalking
RCW: 9A.46.110(1), (5)(b)       Crime Code: 02230
Date of Crime: 11/03/2021 through 07/08/2024

☐ Additional current offenses are attached in **Appendix A**

Rev. 6/20/23           1

**SPECIAL VERDICT or FINDING(S):**

(a) ☐ While armed with a **firearm** in count(s) _____ RCW 9.94A.533(3).

(b) ☐ While armed with a **deadly weapon** other than a firearm in count(s) _____ RCW 9.94A.533(4).

(c) ☐ With a **sexual motivation** in count(s) _____ RCW 9.94A.835.

(d) ☐ A V.U.C.S.A offense committed in a **protected zone** in count(s) _____ RCW 69.50.435.

(e) ☐ **Vehicular homicide** ☐ Violent traffic offense ☐ DUI ☐ Reckless ☐ Disregard.

(f) ☐ **Vehicular homicide** by DUI with _____ prior conviction(s) for offense(s) defined in RCW 46.61.5055, RCW 9.94A.533(7).

(g) ☐ **Non-parental kidnapping** or unlawful imprisonment with a minor victim. RCW 9A.44.128, .130.

(h) ☑ **Domestic violence – intimate partner** as defined in RCW 10.99.020, RCW 7.105.010, and RCW 9A.36.041(3) was pled and proved for count(s) ~~1~~ .

(i) ☐ Crime before 7/28/19: **Domestic violence (other)** as defined in former RCW 10.99.020 was pled and proved for count(s)_____.

(j) ☐ Crime on or after 7/28/19: **Domestic violence – family or household member** as defined in RCW 10.99.020 and RCW 7.105.010 was pled and proved for count(s)_____.

(k) ☐ Current offenses **encompassing the same criminal conduct** in this cause are count(s)_____ RCW 9.94A.589(1)(a).

(l) ☑ **Aggravating circumstances** as to count(s) *1* : *ongoing pattern of abuse*

**2.2 OTHER CURRENT CONVICTION(S):** Other current convictions listed under different cause numbers used in calculating the offender score are (list offense and cause number): _____

**2.3 CRIMINAL HISTORY:** Prior convictions constituting criminal history for purposes of calculating the offender score are (RCW 9.94A.525):

☒ Criminal history is attached in **Appendix B**.

☐ One point added for offense(s) committed while under community placement for count(s) _____

**2.4 SENTENCING DATA:**

| Sentencing Data | Offender Score | Seriousness Level | Standard Range | Enhancement | Total Standard Range | Maximum Term |
|---|---|---|---|---|---|---|
| 1 | 82 | 5 | 72-96 months | | 72-96 months | 10 YRS and/or $20,000 |

☐ Additional current offense sentencing data is attached in **Appendix C**.

**2.5 EXCEPTIONAL SENTENCE**

☑ Findings of Fact and Conclusions of Law as to sentence above the standard range:

Finding of Fact: The jury found or the defendant stipulated to aggravating circumstances as to Count(s) _____.

Conclusion of Law: These aggravating circumstances constitute substantial and compelling reasons that justify a sentence above the standard range for Count(s) _____. ☐ The court would impose the same sentence on the basis of any one of the aggravating circumstances.

☐ An exceptional sentence above the standard range is imposed pursuant to RCW 9.94A.535(2) (including free crimes or the stipulation of the defendant). Findings of Fact and Conclusions of Law are attached in Appendix D.

☐ An exceptional sentence below the standard range is imposed. Findings of Fact and Conclusions of Law are attached in Appendix D.

**III. JUDGMENT**

IT IS ADJUDGED that defendant is guilty of the current offenses set forth in Section 2.1 above and **Appendix A**.

☐ The Court DISMISSES Count(s) _____.

Rev. 6/20/23                                    2

## IV. ORDER

IT IS ORDERED that the defendant serve the determinate sentence and abide by the other terms set forth below.

[ ] This offense is a **felony firearm offense** (defined in RCW 9.41.010; includes any felony committed while armed with a firearm, unlawful possession of a firearm, theft of a firearm, and possession of a stolen firearm). **Registration is required** because this offense or an offense committed in conjunction with this offense: involved sexual motivation; was committed against a child under 18; or was a serious violent offense. As mandated by RCW 9.41.330(3), the Court requires that the defendant register as a firearm offender, in compliance with RCW 9.41.333. The registration requirements are explained in the attached **Appendix L**.

[ ] This offense is a **felony firearm offense** (defined in RCW 9.41.010; includes any felony committed while armed with a firearm, unlawful possession of a firearm, theft of a firearm, and possession of a stolen firearm) but does not fall within a category mandating registration. Having considered relevant factors, including criminal history, propensity for violence endangering persons, and any prior NGRI findings, the **Court orders that the defendant register** as a firearm offender, in compliance with RCW 9.41.333. The registration requirements are explained in the attached **Appendix L**.

4.1 **RESTITUTION**:
- [ ] Defendant shall pay restitution to the Clerk of this Court as set forth in attached **Appendix E**.
- [ ] Defendant shall not pay restitution because the Court finds that extraordinary circumstances exist, and the court, pursuant to RCW 9.94A.753(5), sets forth those circumstances in attached Appendix E.
- [ ] Restitution (or interest on restitution) owing to insurers or State agencies is reduced or waived, pursuant to RCW 9.94A.753(3), as set out in attached Appendix E.
- [✓] Restitution to be determined at future restitution hearing on (Date) _____ at _____ _____ m.
  - [✓] Date to be set.
  - [ ] Defendant waives right to be present at future restitution hearing(s).
- [ ] Restitution is not ordered.

4.2 **OTHER FINANCIAL OBLIGATIONS**: Having considered the defendant's present and likely future financial resources, the Court concludes that the defendant has the present or likely future ability to pay the financial obligations imposed. Defendant shall pay the following to the Clerk of this Court:

(a) [✓] $_____, Court costs (RCW 10.01.160), defendant is not indigent; [ ] Court costs are waived;

(b) [ ] $_____, Recoupment for attorney's fees to King County Public Defense Programs (RCW 9.94A.030); [ ] Recoupment is waived;

(c) [ ] $_____, Fine ; [ ] $_____, assessment for:_____.
(d) [✓] $500 Victim Penalty Assessment (RCW 7.68.035), mandatory if defendant is not indigent.

[ ] Defendant has stipulated to his or her ability to pay legal financial obligations ordered.

4.3 **PAYMENT SCHEDULE**: The **TOTAL FINANCIAL OBLIGATION** set in this order is $ _500_____
Restitution may be added in the future. As to these obligations, including restitution later set, the payments shall be made to the King County Superior Court Clerk according to the rules of the Clerk and the following terms: on a schedule established by the defendant's Community Corrections Officer or Department of Judicial Administration (DJA) Collections Officer; or [ ] Not less than $_____ per month. Restitution shall bear interest pursuant to RCW 10.82.090, unless waived by the Court in Appendix E or a later order of the Court. Defendant shall remain under the Court's jurisdiction to assure payment of restitution: for crimes committed before 7/1/2000, for up to ten years from the date of sentence or release from total confinement, whichever is later; for crimes committed on or after 7/1/2000, until the obligation is completely satisfied. Pursuant to RCW 9.94A.7602, if the defendant is more than 30 days past due in payments, a notice of payroll deduction may be issued without further notice to the offender. Pursuant to RCW 9.94A.760(7)(b), the defendant shall report as directed by DJA and provide financial information as requested.

4.4 **CONFINEMENT OVER ONE YEAR:** Defendant is sentenced to a term of total confinement in the custody of the **Department of Corrections** as follows, commencing immediately:

120 months/days on count 1 ; _____ months/days on count _____; _____ months/days on count _____;

_____ months/days on count _____; _____ months/days on count _____; _____ months/days on count _____;

The above terms for counts 1 and 2 are ☑ consecutive ☐ concurrent.

The above terms shall run ☐ consecutive ☑ concurrent to cause No.(s) Seattle Municipal Cases
676492, 676463, 676216, 676207, 676175, 671384
The above terms shall run ☐ consecutive ☐ concurrent to any previously imposed sentence not referred to in this order.

☐ The defendant was under the age of 18 when these crimes were committed and is now under the age of 25, and shall be initially transferred to and placed in a facility operated by the **Department of Children, Youth, and Families** pursuant to RCW 72.01.410.

☐ In addition to the above term(s) the court imposes the following mandatory terms of confinement for any special **WEAPON** finding(s) in section 2.1:_____
which term(s) shall run <u>consecutive</u> with each other and with all base term(s) above and terms in any other cause.  (Use this section only for crimes committed after 6-10-98.)

☐ The enhancement term(s) for any special **WEAPON** findings in section 2.1 is/are <u>included</u> within the term(s) imposed above. (Use this section when appropriate, but for <u>crimes before 6-11-98</u> only, per <u>In Re Charles</u>.)

[  ] On the conviction for <u>aggravated murder in the first degree</u>, the defendant was under 18 at the time of that offense.  Having considered the factors listed in RCW 10.95.030, a minimum term of _____ years of total confinement and a maximum term of life imprisonment is imposed.

☐ <u>Motor vehicle felonies sentence alternative</u>.  As to Count(s) _____, which are Theft (or Attempted Theft) of a Motor Vehicle (RCW 9A.56.065), Possession (or Attempted Possession) of a Stolen Vehicle (RCW 9A.56.068), or Taking a Motor Vehicle Without Permission in the First or Second Degree, occurring on or after 7-28-2019, the midpoint of the the standard sentence range is greater than one year, and the court imposes sentence on this/ these count(s) pursuant to RCW 9.94A.711.  (Confinement may not exceed the midpoint of the standard range reduced by one-third of the ordered term of community custody.)  As to these counts, the defendant is not eligible for earned release time under RCW 9.94A.729 in excess of one-third of the total sentence on that count.

The **TOTAL** of all terms imposed in this cause is _____months.

**Credit** is given for time served in King County Jail, ☑ and EHD if eligible, solely for confinement under this cause number pursuant to RCW 9.94A.505: ☐ _____ day(s)  or  ☑ days determined by the King County Jail.

4.5 ☒ **NO CONTACT**:  For the maximum term of _____years, defendant shall have no contact with_____
_____ Jessica Owen and Magalie Lerman _____

4.6 **DNA TESTING.**  The defendant shall have a biological sample collected for purposes of DNA identification analysis and the defendant shall fully cooperate in the testing, as ordered in  **APPENDIX G.**

4.7 (a) ☐ **COMMUNITY CUSTODY** for **qualifying crimes committed before 7-1-2000**, is ordered for
☐ one year (drug offense, assault 2, assault of a child 2, crime against a person with a finding that defendant
or accomplice was armed with deadly weapon); ☐ 18 months (any vehicular homicide; vehicular assault by
being under the influence or by operation in a reckless manner); ☐ two years (serious violent offense).

(b) ☐ **COMMUNITY CUSTODY** for any **SEX OFFENSE committed after 6-5-96 but before 7-1-2000**,
is ordered for a period of 36 months.

(c) ☐ **COMMUNITY CUSTODY - for qualifying crimes committed after 6-30-2000** is ordered for the
following established range or term:

Count(s) _____ , 36 months each (Serious Violent Offense, RCW 9.94A.030, committed on or after
8-1-09; or Sex Offense, RCW 9.94A.030, when not sentenced under RCW 9.94A.507)

Count(s) _____ , 18 months each (Violent Offense, RCW 9.94A.030)

Count(s) _____ , 12 months each (Crime Against Person, RCW 9.94A.411, or Felony Violation of
RCW 69.50/52, committed on or after 8-1-09).

Crimes prior to 8-01-09:  Count(s) _____ , 24-36 months each (serious violent offense); Count(s) _____ ,
9-12 months each (crime against person, RCW 9.94A.411, or felony violation of RCW 69.50/52).

Count(s) _____ , a term of _____ months on each count pursuant to RCW 9.94A.711 (Motor-vehicle
Related Felonies alternative).  (The term imposed must be between 6 and 12 months.)

On Count(s) _____ , _____ months each (applicable mandatory term reduced so that the total amount
of incarceration and community custody does not exceed the maximum term of sentence).

☐ The community custody terms on Counts _____ shall be served consecutively (serious violent
or exceptional sentence). ☐ The community custody terms in this sentence shall run consecutively with
the community custody term(s) in cause number(s): _____ .

Sanctions and punishments for non-compliance will be imposed by the Department of Corrections or the court.

☐ **APPENDIX H** for Community Custody conditions is attached and incorporated herein.
☐ **APPENDIX J** for sex offender registration is attached and incorporated herein.

**The defendant shall report to an assigned Community Corrections Officer upon release from confinement for
monitoring of the remaining terms of this sentence.**

Date: _____4.11.25_____

_____
JUDGE
Print Name:_____~~Suzanne Parisien~~

Presented by:

_____ 57503
Deputy Prosecuting Attorney, WSBA#
Print Name: Kelton Jenkins

Approved as to form:

_____
Attorney for Defendant, WSBA #
Print Name: Robert Barnes

Rev. 7/31/2023                    5

FINGER PRINTS



RIGHT HAND
FINGERPRINTS OF:
KURT ALDEN BENSHOOF

DEFENDANT'S SIGNATURE:
DEFENDANT'S ADDRESS: King County Jail

Dated: 4/12/2025

ATTESTED BY: CATHERINE CORNWALL,
SUPERIOR COURT CLERK

JUDGE

By: _____
DEPUTY CLERK

CERTIFICATE

I, _____
CLERK OF THIS COURT, CERTIFY THAT THE
ABOVE IS A TRUE COPY OF THE JUDGMENT AND
SENTENCE IN THIS ACTION ON RECORD IN MY
OFFICE.
DATED: _____

_____ CLERK
By: _____
DEPUTY CLERK

OFFENDER IDENTIFICATION

S.I.D. NO.  WA24032615

DOB: 07/18/1969

SEX:  Male

RACE:  White/Caucasian

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| | ) |
| Plaintiff, | )  No. 24-1-02680-7 SEA |
| | ) |
| vs. | )  JUDGMENT AND SENTENCE, |
| | )  (FELONY) - APPENDIX B, |
| KURT ALDEN BENSHOOF, | )  CRIMINAL HISTORY |
| | ) |
| Defendant. | ) |
| | ) |

**2.2  The defendant has the following criminal history used in calculating the offender score (RCW 9.94A.525):**

| Crime | Sentencing Date | Adult or Juv. Crime | Cause Number | Location |
|---|---|---|---|---|
| violation of a vulnerable adult protection order (14 counts) | 02-24-2025 | AM | 676492 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order (15 counts) | 02-24-2025 | AM | 676463 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order (15 counts) | 02-24-2025 | AM | 676216 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order (15 counts) | 02-24-2025 | AM | 676207 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order (15 counts) | 02-24-2025 | AM | 676175 | Seattle Municipal Court WA |
| custodial interference | 02-24-2025 | AM | 671384 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order-invalid | 02-24-2025 | AM | 671384 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order (5 counts) | 02-24-2025 | AM | 671384 | Seattle Municipal Court WA |

**[  ] The following prior convictions were counted as one offense in determining the offender score (RCW 9.94A.525(5)):**

Date: _____4·11·25_____

_____
JUDGE, KING COUNTY SUPERIOR COURT

Suzanne Parisien

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24-1-02680-7 SEA |
| | ) | |
| vs. | ) | APPENDIX G |
| | ) | ORDER FOR DNA TESTING |
| KURT ALDEN BENSHOOF, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DNA IDENTIFICATION (RCW 43.43.754)

The Court orders the defendant to cooperate with the King County Department of Adult Detention, King County Sheriff's Office, local police, and/or the State Department of Corrections in providing a biological sample for DNA identification analysis. The defendant, if out of custody, shall promptly contact the King County Sheriff's Office to make arrangements for the test to be conducted within 15 days. Refusal to provide a biological sample as required is a gross misdemeanor under RCW 43.43.754.

Date: _4.1.25_____

_____

JUDGE, King County Superior Court

**Suzanne Parisien**

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,                          )
                                              )
                            Plaintiff,        )    No. 24-1-02680-7 SEA
                                              )
            vs.                               )    JUDGMENT AND SENTENCE (FELONY)
                                              )    APPENDIX H
KURT ALDEN BENSHOOF,                          )    COMMUNITY CUSTODY
                                              )
                            Defendant.        )
                                              )

The Defendant shall comply with the following conditions of community custody, effective as of the date of sentencing unless otherwise ordered by the court.

1) Report to and be available for contact with the assigned community corrections officer as directed;
2) Work at Department of Corrections-approved education, employment, and/or community restitution;
3) Not possess or consume controlled substances except pursuant to lawfully issued prescriptions;
4) Receive prior approval for living arrangements and residence location; and
5) Not own, use, or possess a firearm or ammunition. (RCW 9.94A.706)
6) Notify community corrections officer of any change in address or employment;
7) Upon request of the Department of Corrections, notify the Department of court-ordered treatment;
8) Remain within geographic boundaries, as set forth in writing by the Department of Corrections Officer or as set forth with SODA order.

[  ] The defendant shall not consume any alcohol.
[ ✓ ] Defendant shall have no contact with: ___Jessica Owen_____
[  ] Defendant shall remain [  ] within   [  ] outside of a specified geographical boundary, to wit:
_____

[  ] The court finds that the defendant has a chemical dependency ([  ] alcohol  [  ] other substance) that has
      contributed to his or her offense.  Treatment is reasonably related to the circumstances of this crime and
      reasonably necessary or beneficial to the defendant and the community.  (RCW 9.94A.607)  Therefore, the
      defendant shall participate in the following treatment:
      _____
      _____

[ ✓ ] The defendant shall comply with the following crime-related prohibitions:
      The defendant shall enter into, make reasonable progress in, and successfully complete Domestic Violence
      Batterer's Treatment per WAC 388-60, a cognitive behavioral therapy alternative such as Domestic Violence
      Moral Reconation Therapy (DV-MRT), Strength at Home, or Thinking for a Change.  The defendant shall
      begin that treatment within 30 days of sentencing or release from custody, whichever is later.
Other conditions may be imposed by the court or Department during community custody.

Community Custody shall begin upon completion of the term(s) of confinement imposed herein, or at the time of sentencing if no term of confinement is ordered. The defendant shall remain under the supervision of the Department of Corrections and follow explicitly the instructions and conditions established by that agency. The Department may require the defendant to perform affirmative acts deemed appropriate to monitor compliance with the conditions and may issue warrants and/or detain defendants who violate a condition.

Date: ___4/11/25_____                    _____
                                                JUDGE
                                                        Suzanne Parisien

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056336E4F |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.





Catherine Cornwall, King County Clerk

**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **25-103884-9056336E4F**

This document contains 9 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX D

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056337C1I |
| Certified By: | Catherine Cornwall<br>King County Clerk, Washington |

**FILED**
KING COUNTY, WASHINGTON

APR 1 1 2025

SUPERIOR COURT CLERK
BY Rebecca Gardner
DEPUTY

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,

                         Plaintiff,

    v.

KURT ALDEN BENSHOOF,

                         Defendant.

No. 24-1-02680-7 SEA

**JUDGMENT AND SENTENCE,
NON-FELONY -- Count(s) 1**
☐ DEFERRING Imposition of Sentence/Probation
☐ SUSPENDING Sentence
☑ 364 days imposed
☐ Clerk's Action Required: DOL Notice

       The Prosecuting Attorney, the above-named defendant and counsel Jack Edward Ambrose being present in Court, the defendant having been found guilty of the crime(s) charged in the Amended information on 03/11/2025 by Jury Verdict and there being no reason why judgment should not be pronounced;

       IT IS ADJUDGED that the defendant is guilty of the crime(s) of:

Count No.: 4   Crime: Harassment
RCW: 9A.46.020(1)                        Crime Code: 00496
Date of Crime: 03/23/2024

☐ For the crimes charged in Counts _____, **domestic violence – intimate partner** (RCW 9A.36.041(3), RCW 10.99.020, RCW 7.105.010, and RCW 9.94A.030) was pled and proved.
☐ For the crimes charged in Counts _____, (committed before 7/28/19) **domestic violence (other)** (as defined in former RCW 10.99.020 and RCW 9.94A.030) was pled and proved.
☐ For the crimes charged in Counts _____, (committed on or after 7/28/19) **domestic violence -family or household member (**as defined in RCW 10.99.020, RCW 7.105.010, and RCW 9.94A.030) was pled and proved.

       IT IS ORDERED pursuant to RCW 9.95.200 and 9.95.210 that:
☐ the imposition of sentence against the defendant is hereby **DEFERRED** for a period of _____ months from this date upon the following terms and conditions:
    ☐ **OR**
☑ the defendant is sentenced to imprisonment in the King County Jail, Department of Adult Detention, for 364 days days on each count (maximum 364 days for gross misdemeanor), said term(s) to run ☐ concurrently ☐ consecutively with each other, and to run ☐ concurrently ☑ consecutively with ☑ count(s) 1 ☐ Cause No(s). _____ and the sentence (less any days of confinement imposed below) ~~shall be suspended upon the following terms and conditions:~~

(1) The defendant shall serve a term of confinement of 364 days _____ ☑ in the King County Jail, Department of Adult Detention, ☐ in King County Work/Education Release subject to conditions of conduct ordered

JUDGMENT AND SENTENCE, NON-FELONY - Rev. 6/5/24 - 1

this date, ☑ in King County Electronic Home Detention subject to conditions of conduct ordered this date, with credit for time served in King County Jail, ☐ and EHD if eligible, of ☐ _____ days ☑ days as determined by the King County Jail, solely on this cause, to commence no later than _____. This term shall run ☑ concurrently ☐ consecutively with  SMC  676492, 676463, 676216, 676207, 676175  676384  This term shall run consecutive to any other term not specifically referenced in this order.

☐ Jail term is satisfied; defendant shall be released under this cause.

(2)      ☐ The defendant shall serve _____ months of probation, the first 12 months of which will be supervised by the Washington State Department of Corrections (DOC), and comply with the standard rules and regulations of supervision.  Probation shall commence immediately but is tolled during any period of confinement.  The defendant shall report for supervision within 72 hours of this date or release date if in custody.  If DOC declines to supervise, defendant shall be on unsupervised probation.

       ☐ The defendant shall be on unsupervised probation for _____ months, subject to the conditions of this sentence.  ☐ A review hearing is set for _____ at _____ a.m./p.m. in this courtroom.

       For the following crimes, if probation is ordered, DOC supervision is mandatory:  (a) sexual misconduct with a minor in the second degree, custodial sexual misconduct in the second degree, communication with a minor for immoral purposes, or failure to register pursuant to RCW 9A.44.132(2);  (b) a repetitive domestic violence offense after 8/1/2011, if the defendant has a prior conviction for either a felony domestic violence offense or a repetitive domestic violence offense after 8/1/2011.  RCW 9.94A.501.

       DOC will not supervise any other nonfelony probation.  RCW 9.94A.501(6).

(3)  Defendant shall pay to the clerk of this Court:
    (a)  ☐ Order of Restitution is attached;   ☐ Restitution is not ordered;
         ☐ Restitution (or interest on restitution) owing to insurers or State agencies is reduced or waived, pursuant to RCW 9.94A.753(3), as set out in attached Appendix E.
         ☑ Restitution to be determined at a restitution hearing on (Date) _____ at ____ __.m.;
              ☑ Date to be set;
              ☐ The defendant waives presence at future restitution hearing(s);
    (b)  ☑ _____, Court costs, defendant is not indigent;

    (c)  $ _500_, Victim penalty assessment, $500 for gross misdemeanors and $250 for misdemeanors
              (mandatory if defendant is not indigent);
    (d)  $ _____, Fine; $ _____ of this fine is suspended upon the terms and conditions herein;
    (e)  $ _____, Other: _____;

    (f) **TOTAL financial obligation set in this order is** $ _500_ _____; restitution may be added in the future.
As to these obligations, including  restitution later set, the payments shall be made to the King County Superior Court Clerk according to the rules of the Clerk and the following terms:  on a schedule established by DOC if it has active supervision of the defendant, or by the county clerk; or ☐ not less than $_____ per month.  Pursuant to RCW 9.94A.7602, if the defendant is more than 30 days past due in payments, a notice of payroll deduction may be issued without further notice to the offender.  The defendant shall report as directed by the Department of Judicial Administration and provide financial information as requested.

(4)  ☐ Defendant shall complete _____ community service hours ☐ at a rate of not less than _____ hours per month ☐ to be completed by (Date) _____.  If DOC supervision is not ordered, this will be monitored by this court.  ☐ A review hearing is set on _____, 20 ____, at _____ a.m./ p.m. in this courtroom.

(5)  ☐ The defendant shall complete _____ days of Community Work Program (CWP) subject to conditions of conduct ordered this date.  (Communication with a minor for immoral purposes is not eligible.)

(6)  ☐ The defendant shall attend the King County Supervised Community Option (**Enhanced CCAP**) subject to conditions of conduct ordered this date for a period of _____ days.

(7)  ☐ The defendant shall not purchase, possess, or use any ☐ alcohol ☐ controlled substance (without lawful prescription).  The defendant shall submit to urinalysis and breath testing as required by DOC and submit to search of person, vehicle or home by a Community Corrections Officer upon reasonable suspicion of violation;

(8) ☐ The defendant shall obtain a substance abuse evaluation and follow all treatment recommendations; _____

(9) ☑ The defendant shall enter into, make reasonable progress in, and successfully complete Domestic Violence Batterer's Treatment per WAC 388-60, a cognitive behavioral therapy alternative such as Domestic Violence Moral Reconation Therapy (DV-MRT), Strength at Home, or Thinking for a Change. The defendant shall begin that treatment within 30 days of sentencing or release from custody, whichever is later.

(10) ☒ The defendant shall have **no contact** with_____
        Magalie Lerman_____

(11) ☐ The defendant shall have no unsupervised contact with minors.

(12) ☐ The defendant shall have a biological sample collected for DNA identification analysis and shall fully cooperate in the testing (for assault in the fourth degree with domestic violence pled and proved or with sexual motivation, harassment, stalking, communicating with a minor for immoral purposes, failure to register, custodial sexual misconduct in the second degree, patronizing a prostitute, sexual misconduct with a minor in the second degree, violation of a sexual assault protection order, or any other offense requiring registration under RCW 9A.44.130). The defendant, if out of custody, shall promptly contact the King County Sheriff's Office to make arrangements for the test to be conducted within 15 days. Refusal to provide a biological sample as required is a gross misdemeanor under RCW 43.43.754.

(13) ☐ The defendant shall register as a sex offender.

(14) The defendant shall commit no criminal offenses.

(15) ☐ Additional conditions of probation are: _____
        _____

(16) ☐ Additional conditions are attached to and incorporated as Appendix _____.

(17) ☐ The court dismisses Count(s) _____.

(18) ☐ **Department of Licensing Notice – Violation of RCW 9.41.270**. Count _____ is a violation of RCW 9.41.270 (unlawful display of weapons), a gross misdemeanor for which the penalty includes loss of the defendant's concealed pistol license, if any. **Clerk's action: The clerk shall notify DOL.**

Date: _____4·11.25_____      _____
                                                                                    Judge, King County Superior Court
                                                                                    Print Name:_____

Presented by:

_____
Deputy Prosecuting Attorney, WSBA # 57503
Print Name: Kelton Jenkins

Form Approved for Entry:

_____      Defendant's current address:
Attorney for Defendant, WSBA # PHV                                  King County Jail
Print Name: Robert Barnes                                                _____

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056337C1I |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.





Catherine Cornwall, King County Clerk

**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID: **25-103884-9056337C1I**

This document contains 3 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX E

Case Number: 24-1-02680-7
Date: May 30, 2025
Serial ID: 25-103884-9056344O2D
Certified By: Catherine Cornwell
King County Clerk, Washington

F  ED

KING    INGTON

A    1  2025

SUPERIO    RT CLERK
BY Rebe    a Gardner
DEPUTY

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,                    )
                                        )
                            Plaintiff,  )    No. 24-1-02680-7 SEA
                                        )
            vs.                         )    NOTICE OF INELIGIBILITY TO
                                        )    POSSESS FIREARM AND
                                        )    LOSS OF RIGHT TO VOTE
KURT ALDEN BENSHOOF,                    )
                                        )
                            Defendant.  )
                                        )

Pursuant to RCW 9.41.047, **you are not permitted to possess a firearm** until your right to do so is restored by a court of record.  You are further notified that you must immediately surrender any concealed pistol license.

If you have been convicted of a felony and sentenced to a term of total confinement under the jurisdiction of the Department of Corrections (DOC), the following **VOTING RIGHTS NOTICE** (RCW 10.64.140) applies:

I acknowledge that my right to vote has been lost due to my felony conviction and sentence to a term of total confinement under the jurisdiction of DOC.  If I am registered to vote, my voter registration will be cancelled.  My right to vote will be automatically restored as long as I am not serving a sentence of total confinement (as defined by RCW 10.64.140) under the jurisdiction of DOC.  I must reregister before voting.  Voting before the right is restored is a class C felony under RCW 29A.84.660.

Date: ___4|4|25___                      _____
                                        Judge, King County Superior Court

_____
DEFENDANT                               Suzanne Parisien

FIREARM AND VOTING RIGHTS NOTICE
Revised 12/7/21

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056344O2D |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **25-103884-9056344O2D**

This document contains 1 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX F

Case Number: 24-1-02680-7
Date: May 30, 2025
Serial ID: 25-103884-9056840T4O
Certified By: Catherine Cornwall
King County Clerk, Washington

ISSUED
APR 14 2025

**FILED**
KING COUNTY, WASHINGTON

APR 1 1 2025

SUPERIOR COURT CLERK
BY Rebecca Gardner
DEPUTY

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

State of Washington,
Plaintiff
vs.

Kurt Alden Benshoof
Defendant (First, Middle, Last Name)
SID:  WA24032615

**No**. 24-1-02680-7
☐ Pre-Trial  ☑ Post-Conviction
☐ Emergency DV

**Domestic Violence No-Contact Order**

(clj=NOCON, Superior cts =ORNC,
ORWPNP)
**Clerk's action required: Sec. 10, 11**

1.  **Protected Person's Identifiers:**

Jessica Rae Owen
Name (First,     Middle,     Last)

11/23/1975     Female     White/Caucasian
DOB          Gender        Race

**Defendant's Identifiers:**

| Date of Birth | |
|---|---|
| 7/18/1969 | |
| Gender | Race |
| Male | White/Caucasian |

☐ This order protects the following victim's family and household members: *(Names)*:
_____
_____

*If a minor, use initials instead of name, provide other info, and complete a Law
Enforcement and Confidential Information* (Form PO 003).

2.  **Defendant**:

   ☒  do not cause, attempt, or threaten to cause bodily injury to, assault, sexually assault,
       harass, stalk, or keep under surveillance the protected person.

   ☒  do not contact the protected person or the above listed family and household
       members directly, indirectly, in person, or through others, by phone, mail, or
       electronic means, except for mailing or service of process of court documents
       through a third party, or contact by the defendant's lawyers.

RCW 10.99.040              Domestic Violence No-Contact Order
*(01/2024)*                         p. 1 of 5
NC 02.100

☒ do not knowingly enter, remain, or come within _____ (1,000 feet if no distance entered) of the protected person's residence, school, workplace, other:

**The protected party's person.** _____

☒ immediately vacate the residence shared with the protected person.

☐ other:_____

3.  **Firearms, Weapons, and Concealed Pistol License; Defendant**:

☒ do not, own, possess, or control a firearm. (RCW 9.41.040).

☒ do not access, have in your custody or control, obtain, purchase, receive, attempt to purchase or receive, or possess a firearm, other dangerous weapon, or concealed pistol license. (RCW 9.41.800).

☒ **immediately surrender** all firearms and other dangerous weapons within the defendant's possession or control and any concealed pistol license to *(local law enforcement agency)*  SEATTLE POLICE DEPARTMENT

☒ comply with the ***Order to Surrender and Prohibit Weapons*** filed separately. (RCW 9.41.800).

☐ comply with the ***Extreme Risk Protection Order*** filed separately. (chapter 7.105 RCW).

☐ The court declines to impose restrictions because: _____

_____

_____

4.  **This No-Contact Order Expires on:**

☐ *(Date and time)*_____

☐ 1 ☐ 2 ☒ 10   years from today's date.

The court may extend a no-contact order even if the defendant does not appear at arraignment.

This order replaces all prior no-contact orders protecting the same person issued under this cause number.

**Warning**: Violation of this order with actual notice of its terms is a criminal offense under chapter 7.105 RCW and will subject a violator to arrest; any assault, drive-by shooting, or reckless endangerment that is a violation of this order is a felony. **You can be arrested even if the person protected by this order invites or allows you to violate the order's prohibitions**. You have the sole responsibility to avoid or refrain from violating the order's provisions. Only the court can change the order upon written request.

5.  **Weapons Surrender Compliance:**

The requirements of RCW 10.99.030 ☐ have ☒ have not been met including submission of the officer's sworn statement that documents the officer separated the parties at the scene and asked the victim about firearms, other dangerous weapons, ammunition the defendant has access to; and whether the defendant has a concealed pistol license.

The officer's sworn statement indicates that they ☐ have ☒ have not temporarily removed and secured all firearms, dangerous weapons, and any concealed pistol license.

6. The court finds that the defendant's relationship to the person protected by this order is as a/an:

☒ intimate partner because they are:
  ☐ current or former spouses or domestic partners
  ☒ parents of a child-in-common,
  ☒ age 13 or older and are/were in a dating relationship, and
    ☒ live or have lived together
    ☐ not lived together
☐ family or household member pursuant to RCW 7.105.010(13).

7. For crimes not defined as a serious offense, the court makes the following mandatory findings pursuant to RCW 9.41.800(1) and (2).

☐ The defendant used, displayed, or threatened to use a firearm or other dangerous weapon in a felony;
☐ The defendant is ineligible to possess a firearm pursuant to RCW 9.41.040;
☒ Possession of a firearm or other dangerous weapon by the defendant presents a serious and imminent threat to public health or safety, or to the health or safety of any individual;
☒ The defendant represents a credible threat to the physical safety of the protected person or this order explicitly prohibits the use, attempted use, or threatened use of physical force against the protected person, and the court issues this *No-Contact Order* to prevent possible recurrence of violence.

8. **Emergency Order Only:**
☐ The Court finds probable cause to believe that the victim is in imminent danger of domestic violence based on the alleged recent act involving domestic violence. An emergency no-contact order may be extended pursuant to RCW 10.99.040(3)

*If an Emergency Domestic Violence No-Contact Order, complete a Law Enforcement and Confidential Information* (Form PO 003).

9. **Civil Standby**

☒ Not needed.

☐ The appropriate law enforcement agency shall, at a reasonable time and for a reasonable duration, assist the defendant in obtaining personal belongings located at

_____

_____

---

**Additional Warnings to Defendant:** This order does not modify or terminate any order entered in any other case. You are still required to comply with other orders.

Pursuant to 18 U.S.C. § 2265, a court in any of the 50 states, the District of Columbia, Puerto Rico, any United States territory, and any tribal land within the United States, shall accord full faith and credit to the order.

---

10. **Further Service:**

☒ **Not needed.** Defendant was given a copy of this *Order* at the hearing.

☐ **Required**. Defendant must be served with a copy of this *Order*.

☐ **Clerk's Action.** The court clerk shall forward the *No Contact Order* on or before the next judicial day to the following law enforcement agency where the restrained person lives or can be served (***check only one***):

☒ Sheriff's Office (*county or city*) <u>SEATTLE POLICE DEPARTMENT</u>

☐ Police Department

This agency shall serve the No-Contact Order and shall promptly complete and return proof of service to this court. *(Law enforcement must personally serve if firearms and concealed pistol license have not yet been surrendered. Electronic service is available if the court has verified firearms have been surrendered).*

11. **Washington Crime Information Center (WACIC) and Other Data Entry**

    **Clerk's Action.** The court clerk shall forward a copy of this order immediately to the following law enforcement agency (*county or city*) <u>SEATTLE POLICE DEPARTMENT</u> <u>2024-163058</u>

    *(check only one)*: ☒ Sheriff's Office or ☐ Police Department

    This agency shall enter this order into WACIC and National Crime Info. Center (NCIC).

12. **Firearm Restoration Notification from Prosecutor:**

    Notification order here does not impact law enforcement's obligation to notify under RCW 9.41.340.

    Notice to Protected Person is:

    ☒ **Required.** The protected person has requested notification from the prosecutor if a petition for the restoration of firearms is filed and of the court's decision.

    ☐ **Not required.** The protected person has opted out of notification from the prosecutor if a petition for the restoration of firearms is filed and of the court's decision.

13. ☐ **After Hours:**

    **I am submitting this order to the court on (*date*)** _____ and the judge signed this order on (*date*) _____. The clerk's office filing date may be different.

Dated: __4·11·25_____  Time __4·30__. a.m./p.m.

_____
**Judge/ Pro Tem/ Court Commissioner**

I acknowledge receipt of a copy of this order:

_____  Suzanne Parisien
Defendant

The protected person shall be provided with a certified copy of this order.

**Protected Person**. If you have requested notice about firearms, tell the prosecutor and law enforcement if your contact information changes.

I am a certified or registered interpreter or found by the court to be qualified to interpret in the
_____ language, which the defendant understands. I
translated this order for the defendant from English into that language.

Signed on *(date)* _____ at *(city)* _____ , *(state)* _____

Interpreter:_____        Print name:_____

Case Number: 24-1-02680-7
Date:         May 30, 2025
Serial ID:    25-103884-9056340T4O
Certified By: Catherine Cornwall
              King County Clerk, Washington

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.




Catherine Cornwall, King County Clerk

**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **25-103884-9056340T4O**

This document contains 5 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office.  The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX G

Case Number: 24-1-02680-7
Date: May 30, 2025
Serial ID: 25-103584-4036341O1N
Certified By: Catherine Cornwall
King County Clerk, Washington

FILED
KING COUNTY, WASHINGTON

APR 1 1 2025

SUPERIOR COURT CLERK
BY Rebecca Gardner
DEPUTY

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| STATE OF WASHINGTON<br>Petitioner,<br><br>vs.<br><br>KURT ALDEN BENSHOOF,<br>Defendant/Respondent | **No**. 24-1-02680-7 SEA<br>**Order to Surrender**<br>**and Prohibit Weapons**<br>☐ Issued Without Notice (ORWPN)<br>☐ Temporary/Pre-Trial (ORWPNP)<br>☒ Final/Post Conviction (ORWPNP)<br>☐ Compliance Review Hearing (ORCRH)<br>**Next Hearing Date/Time:** _____<br>**At**: _____<br>_____<br><br>(Clerk's Action Required) |

## Order to Surrender and Prohibit Weapons

1.  **Restrained Person**

    This order restrains the defendant/restrained person (*name*) **Kurt Alden Benshoof**
    (Restrained Person), based on the findings in the order issued on *(date)*_____

    This order replaces all prior *Orders to Surrender and Prohibit Weapons* issued under this
    case number.

2.  **Surrender of Weapons**

    Restrained Person: You must **immediately surrender** all firearms and other dangerous
    weapons in your possession, custody, or control, to this local law enforcement agency:
    SEATTLE POLICE DEPARTMENT_____

    **You must immediately surrender all firearms and other dangerous weapons**
    **subject to this order, including but not limited to the following:**

    _____    _____
    _____    _____
    _____    _____

    See the attach sheet if there are more to list.

Other: _____
_____
_____
_____
_____
_____

**3.  Surrender of Concealed Pistol License**

Restrained Person: You must **immediately surrender** any concealed pistol licenses issued under RCW 9.41.070 to this local law enforcement agency:
SEATTLE POLICE DEPARTMENT _____

**4.  Weapons Prohibition**

Restrained Person: You are prohibited from accessing, having in your custody or control, obtaining, possessing, purchasing, receiving or attempting to purchase or receive any firearms or other dangerous weapons, or obtaining or possessing a concealed pistol license.

**5.  This Order expires:**

☑ at the same time as the protection order entered under this case number.

☐ on (*date*) _____ or until further order of the court.

**6.  Instructions to Restrained Person**

**If you have firearms, other dangerous weapons, or concealed pistol licenses:**

Step 1: **Immediately** surrender all firearms, other dangerous weapons, and concealed pistol licenses.

> **Important!** If you have notice of this order, **immediately** surrender all firearms, other dangerous weapons, and concealed pistol licenses to the local law enforcement agency listed in section **2** on the same day as the hearing. Contact the local law enforcement agency for directions on how to immediately surrender the firearms, dangerous weapons, and concealed pistol licenses.
>
> If a law enforcement officer serves you, surrender firearms and other dangerous weapons, and your concealed pistol license to the law enforcement officer.

Step 2: **Get a receipt** for the surrender of firearms, other dangerous weapons, and concealed pistol licenses from law enforcement.

Step 3: **Complete** the *Proof of Surrender* form and file it with the receipt, or file other evidence to prove full and timely compliance.

Step 4: **File** your documentation from Step **3** with the court clerk by the deadline for this type of case:

- Civil: within 24 hours.
- Criminal (defendant in custody): before you are released from custody.
- Criminal (defendant not in custody): by the end of your sentencing hearing.

**If you do NOT have firearms, other dangerous weapons, or concealed pistol licenses:**

Step 1: **Immediately** complete and sign the *Declaration: No Weapons to Surrender* form or gather other evidence that proves full and timely compliance.

Step 2: **File** your documentation from Step **1** with the court clerk by the deadline for this type of case:

- Civil: within 24 hours.
- Criminal (defendant in custody): before you are released from custody.
- Criminal (defendant not in custody): by the end of your sentencing hearing.

If you already surrendered all firearms, other dangerous weapons, and concealed pistol licenses under another order, they must remain in the possession of the law enforcement agency that received them until further order of the court. You must provide proof of previous surrender to the court in this case.

The Law Enforcement Officer serving this order shall inform you that the order is in effect upon service and that you must immediately surrender all firearms, other dangerous weapons, and any concealed pistol licenses issued under RCW 9.41.070. The serving officer shall conduct a search for firearms, other dangerous weapons, and concealed pistol licenses as permitted by law. The serving officer shall take possession of:

- **All firearms,**
- **Other dangerous weapons,**
- **Concealed pistol licenses belonging to Restrained Person,**

that are surrendered, in plain sight, or discovered during a lawful search. RCW 9.41.801.

7. ☐ **Criminal Case: Law Enforcement to Accompany Defendant for Surrender**.

The court finds that surrender of all firearms, dangerous weapons, and any concealed pistol license was not possible before release from custody or conclusion of the sentencing hearing.

The court orders (*law enforcement agency*) _____ to accompany defendant to (*location*) _____. Law enforcement must file the Receipt within 24 hours.

8. **Washington Crime Information Center (WACIC) and Other Data Entry**

**Clerk's Action.** The court clerk shall forward a copy of this order immediately to the following law enforcement agency (*county or city*) <u>SEATTLE POLICE DEPARTMENT</u> (*check only one*): ☐ Sheriff's Office  or  ☑ Police Department (*List the same agency that entered the temporary order, if any*)

This agency shall enter this order into WACIC, NCIC, and NICS.

9. **Service**

☐ **Required.** The **law enforcement agency** where the defendant/restrained person lives or can be served shall serve the defendant/restrained person with a copy of this order and shall promptly complete and return proof of service to this court.

Law enforcement agency: (*county or city*) _____
(*check only one*): ☐ Sheriff's Office or ☐ Police Department

**Clerk's Action**. The court clerk shall forward a copy of this order on or before the next judicial day to the agency and/or party checked above.

☑ **Not Required**. The restrained person appeared at the hearing, in person or remotely, and received notice of the order. No further service is required. (*May apply even if the restrained person left before a final ruling is issued or signed*).

10. **Compliance Hearing**

To decide if a compliance hearing is needed, the court considered:
- ☐ restrained person's attestation
- ☐ law enforcement verification
- ☐ police report and documentation of firearms or their recovery
- ☐ Department of Licensing firearm records
- ☐ Washington State Patrol firearm records
- ☐ protection order narrative, sections about firearms and dangerous weapons, and attachments
- ☐ affidavits by law enforcement, protected person, or petitioner in response to restrained person's declaration about firearms surrender

☐ other: _____

11. **The court orders** (*check one*):

☐ **Respondent: You must attend the hearing listed on page 1 of this order** and show the court that you surrendered your firearm/s and concealed pistol license/s.

☑ **Respondent's compliance found: No hearing required.** The court finds a sufficient showing that respondent has timely and completely surrendered all firearms and dangerous weapons in the respondent's custody, control, or possession and any concealed pistol license to a law enforcement agency and is in compliance with this order. The compliance hearing is waived per RCW 9.41.801(6).

12. **Warnings!**

- If you fail to comply with this order, you may be found in contempt of court and/or be charged with a misdemeanor and punished accordingly.

- You may also be charged with a crime up to and including a **felony** if you are found to own, possess, or control a firearm or other dangerous weapon.

- You have the right to remain silent and not make statements that may incriminate you. Anything you say can be used against you in a court of law. You have the right to consult with a lawyer before responding to this Order.

- This order may be extended pursuant to RCW 10.99.040(3).

13. **Protection against self-incrimination**

**Voluntarily surrendering weapons may not be used against a Restrained Person** in any criminal prosecution under chapter 7.105, 9.41, or 9A.56.310 RCW, or in any criminal prosecution pursuant to which this *Order to Surrender and Prohibit Weapons*

was issued, except a prosecution for perjury, giving false statement, or otherwise failing to comply with the order.

**Ordered.**

Dated ____4·11.25____ at (*time*) __4:30__ a.m./p.m _____
                                                          **Judge/Commissioner**

I received a copy of this order.

_____        __Kurt Banshooi=_____
Signature of Restrained Person/Defendant        Print Name

_____        __Robert Barnes_____
Signature of Restrained Person/Defendant's Attorney WSBA No.   Print Name

_____        _____
Signature of Protected Person or Attorney WSBA No.      Print Name

You may download the forms listed in this order from the Washington Courts' forms website: http://www.courts.wa.gov/forms/.

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056341O1N |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **25-103884-9056341O1N**

This document contains 5 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX H



Department of Corrections WASHINGTON STATE

Contact Us | Jobs Search

About Corrections Family & Visitors News & Info Victims

Home > News & Information > Incarcerated Data Search

News & Information

+ Expand All − Collapse All

- Incarcerated Data Search
  - Incarcerated Data Search Home
  - Incarcerated Search
  - Report Tips & Leads
  - Secretary's Warrants
    - About
    - Warrant Search
  - Wanted for Arrest
  - Resources
- Newsroom
- Public Alerts
- Records
- Research & Data Analytics
- Reference

Contact Us

# Incarcerated Search

To improve public safety the Department of Corrections publishes information about **currently incarcerated individuals**. All information provided through the application is subject to the agency's Disclaimer and Terms of Use. You may contact us to obtain more information about current and former inmates and supervisees.

Enter a DOC Number or name to browse for a specific incarcerated individual. Special characters, other than hyphens and apostrophes, cannot be used. (What is a DOC Number?)

Kurt | Benshoof

DOC Number | Search

Inmate Search Results

| DOC Number ↑ | Name | Age | Location | WA VINE Notification |
|---|---|---|---|---|
| 448305 | BENSHOOF, KURT | 55 | Washington Corrections Center - RC | Register to be notified |

Page 1 of 1

## Quick Links

- Request More Information
  Request information about Department of Corrections **current and former incarcerated individuals and supervisees**
- Federal Prisoners & Detainees
- Registered Sex Offenders
- Criminal History

# APPENDIX I

## AFFIDAVIT

1. I, KURT ALDEN BENSHOOF, need for the judges of Washington to respect my inherent and constitutionally-protected rights, so for this purpose I declare my intent that URVE MAGGITTI shall have the general authority to file Petitions for Writs of Habeas Corpus, Amicus Briefs, and Next Friend Petitions on my behalf into all of my legal actions[1]; therefore, I hereby designate URVE MAGGITTI as a "next friend" of mine, and as one of my "assistance of counsel".

2. The United States Supreme Court has acknowledged an established historical fact:

   "Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment **\*813** was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their **own causes personally or by the assistance of such counsel . . . .** 'The right is currently codified in 28 U.S.C. s 1654."[2]

3. That Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92:**

   "SEC. 35. And be it further enacted, **That in all courts** of the United States, **the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law**" [3]

4. **Judiciary Act of 1789** was passed before 1791 ratification of the Sixth Amendment in the Bill of Rights. The drafters of the Sixth Amendment deliberately removed the words **attorneys at law**, and substantially amended its language to read:**" right to have the Assistance of Counsel."**

5. Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that defendants be given a meaningful opportunity to present a complete defense. *State v. Wittenbarger*, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)

---

[1] Next friend standing allows a third party to petition for habeas corpus on behalf of the real party in interest: the detainee. *Whitmore v. Arkansas, 495 U.S. 149, 162 (1990)* ("Most frequently, next friends appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."). Scott Harman-Heath, Unnamed & Uncharged: Next Friend Standing and the Anonymous Detainee, 11 Harv. Nat'l Sec. J. 420, 454 (2020)

[2] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

[3] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789." https://avalon.law.yale.edu/18th_century/judiciary_act.asp

6. I have been denied not only *meaningful opportunity* to present a *complete defense* in this instant matter, if any, which I maintain is frivolous and malicious criminal prosecution and persecution without cause, depriving me of my inherent and constitutionally-protected rights to due process. I have been denied the most essential, elemental and basic resources to even attempt to formulate a defense: access to pen, paper, law/legal resources, computer, internet, email, and discovery.[4]


Signature: _____   Date: 9/5/2024
          /KURT ALDEN BENSHOOF /


## AFFIDAVIT

The foregoing statements of fact were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding, to be signed by Mr. Benshoof himself. [5]


Signature: _____   Date: August 19, 2024
          /URVE MAGGITTI/
          urve.maggitti@gmail.com


---

[4] Benshoof was provided a few photocopies of incident reports, from the Seattle Police Dept. which responded to Owen's and Lerman's calls, and police reports of three visits to Benshoof's home.
[5] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

# ACKNOWLEDGMENT
## AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _August 1 19_ /2024.

Signed: _____
Urve Maggitti

Notary as JURAT CERTIFICATE
State of Pennsylvania _____
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____

Notary Public,
My commission expires: _10-12-2026,_

Commonwealth of Pennsylvania - Notary Seal
Kerrick Sullivan, Notary Public
Delaware County
My commission expires October 12, 2026
Commission number 1283631
Member, Pennsylvania Association of Notaries

Page 3 of 3

# APPENDIX J

<u>**AFFIDAVIT**</u>

Undersigned, Urve Maggitti, hereby attest to the following facts:

    1. On June 3, 2025, I ordered and received  from King County Superior Court Clerk's Office an official recording from  September 13, 2024 Omnibus hearing, in electronic format:

> PPR25-106887
> Case number: 24-1-02680-7 SEA
> Date: 09/13/2024
> Format: MP3
>
> Deputy Clerk
> King County Superior Court Clerk's Office
> Records Access
> 516 3rd Ave #E-609
> Seattle, WA 98104
> 206-477-0832

    2. The recording is associated with docket entries in King County Superior Court docket Nos. 42, 45, 50:

> 24-1-02680-7 42 09/09/2024 Order of Preassignment  [Certified Copy]
> 24-1-02680-7 45 09/13/2024 Minutes. [Certified Copy]
> 24-1-02680-7 50 09/13/2024 Order for Continuance of Omnibus Hearing and Trial Date. [Certified Copy]

    3. Undersigned, Urve Maggitti, ordered a professional transcription to be made by Vanan Online Services, Inc. of the recording, attached  as Appendix L to the habeas petition.

    4. The hearing was mislabeled as OMNIBUS Hearing,  record proves it was strictly a hearing arranging the calendar, setting a date for trial, due to inherent conflicts of all parties: the court, the prosecution and the defendant.

    5. The Court record, Case No.  24-1-02680-7, Documents filed into official docket under Nos. 42, 45, 50 - do not represent the facts as transpired in the court room, and recorded by the court.

5. Record proves that Judge Suzanne Parisien, despite having the trial date set for September 24, 2024, on her calendar, proceeded to sign up for another trial. See Transcript page 8 line 3:

"JUDGE: Okay and I'm unavailable too I'm in trial right ..".

See Transcript page 8 line 5:

"JUDGE: On a another criminal matter. [00:06:33]"

6. Record proves that Prosecution, Ms. Brennan , despite having the trial date set for September 24, 2024, on her calendar,  proceeded to sign up for another trial. See Transcript page 8, line 1 - 2.

"MS. BRENNAN: I don't know, Your Honor, [00:06:27] but the state is does have a motion to continue based on unavailability. [00:06:30]"

See Transcript page 9, line  22-23:

"And then also [00:07:45] I have just been assigned out to trial."

7.  Prosecution states that Mr. Benshoof was unavailable for trial scheduled for September 24, 2024. See Transcript page 9, line 10- 12:

"MS. BRENNAN: I also will make the record that I do believe [00:07:27] the defendant will be in a trial of Seattle Municipal Court [00:07:30] during that interim period, which would make him unavailable."

See Transcript page 9, line 20 - 23:

"MS. BRENNAN: In this, in this interim period, [00:07:39] he does have the pending case of Seattle and Municipal Court which I believe may be [00:07:42] confirmed today to start next week. And then also [00:07:45] I have just been assigned out to trial."

See Transcript page 9, line 25-26:

"MS. BRENNAN: So there are [00:07:48] competing interests in this interim period anyway. [00:07:51] Thank you."

9.   The record proves that Mr. Benshoof  viva voce in the open court proceeded to recuse Judge Suzanne Parisien from presiding over his case, and judge  immediately denied the recusal. Mr.  Benshoof then moved to disqualify Judge Suzanne Parisien. Judge denied that as well. Here is the verbatim exchange, Transcript, Page 15, line 4 - 12

"MR. BENSHOOF: I'm in the process of recusing [00:14:00] you, Your Honor.

JUDGE: Yeah, well you can't recuse me ...

MR. BENSHOOF: Because you're bias incorrect.

JUDGE: So would you [00:14:03] do you want to sign this order or you or refuse?

MR. BENSHOOF: Okay, I'll disqualify you. [00:14:06]

JUDGE: Okay, well, you can't do that either.  Sir, would ...

MR. BENSHOOF: Okay.

JUDGE  : You like to sign this order or or [00:14:09] I'm just going to write down that you refuse [00:14:12] to.  I'm happy ..."

10.   The reason stated on Documents filed into official docket under Nos. 42, 45, 50, that the continuance of trial was caused by victim/witness unavailability was not true reason for the re-scheduling of the trial date.

The Court despite knowing the trial date was set for September 24, 2024, scheduled another trial causing inherent conflict with existing trial date at that time, now requiring arranging the calendar, setting a new date for trial.

The Prosecution despite knowing the trial date was set for September 24, 2024, scheduled another trial causing inherent conflict with existing trial date at that time, now requiring arranging the calendar, setting a new date for trial.

The Court, Prosecution and Defendant knew that defendant had another trial in Seattle Municipal Court scheduled to start on or about September 16, 2024, and causing inherent conflict with existing trial date at that time, now requiring arranging the calendar, setting a new date for trial.

11. Petitioner Benshoof never refused to sign the order of continuance  because a) he had disqualified the judge viva voce, before any order was signed; and b) there was inherent conflict with existing trial date, c) and the Court and Prosecution had made prior trial dates for themselves, making the hearing on September 13, 2024, a non-discretionary re-scheduling meeting.

## **VERIFICATION**

I, URVE MAGGITTI, do hereby declare that the foregoing facts are true and correct to the best of my knowledge, under penalty of perjury of the laws of the United States. Signed this, in the City of Shelton in the County of Milton in the State of Washington.

_____

Urve Maggitti,

244 Blackburn Drive, Berwyn, PA 19312

4

APPENDIX K -1

Case Number: 24-1-02680-7
Date:         June 01, 2025
Serial ID:    25-105172-9074672E5D
Certified By:  Catherine Cornwall
              King County Clerk, Washington

FILED
2024 SEP 09 09:41 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-1-02680-7 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>     Plaintiff,<br><br> v.<br><br>KURT BENSHOOF<br><br>    Defendant. | No. 24-1-02680-7 SEA<br><br>**ORDER OF PREASSIGNMENT**<br><br>**(ORP)**<br><br>  Clerk's Action Required |

  The above-referenced case is preassigned to Judge Parisien.  All future pretrial hearings and the trial shall occur before the preassigned judge and must be scheduled with that court's bailiff.

  IT IS SO ORDERED.

  DATED:  9/9/2024

            Electronic signature attached
            Judge Melinda J. Young

ORDER OF PREASSIGNMENT  - 1

**JUDGE MELINDA J. YOUNG**
**Chief Criminal Judge**
**King County Superior Court**

King County Superior Court
Judicial Electronic Signature Page

Case Number:    24-1-02680-7

Case Title:    STATE OF WASHINGTON VS BENSHOOF, KURT ALDEN

Document Title:    ORDER

Signed By:    Melinda Young
Date:    September 09, 2024

Judge: Melinda Young

This document is signed in accordance with the provisions in GR 30.

Certificate Hash:    6C0B66DBEC566ACB64A206CC9151D3C3410089E6
Certificate effective date:    1/3/2024 4:10:02 PM
Certificate expiry date:    1/3/2029 4:10:02 PM
Certificate Issued by:    C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA, O=KCDJA, CN="Melinda Young: MsqN44Jv7hGffV2BcjRXTQ=="

Page 2 of 2

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | June 01, 2025 |
| Serial ID: | 25-105172-9074672E5D |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **25-105172-9074672E5D**

This document contains 2 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX K -2

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | June 01, 2025 |
| Serial ID: | 25-105172-9074674K2H |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

# CLERK'S MINUTES

| | | | |
|---|---|---|---|
| Judicial Officer: | Suzanne Parisien | Dept. | 42 |
| Bailiff: | Julie Salle | Date: | September 13, 2024 |
| Court Clerk: | Sumaya Dirie | | |
| Digital Recorder / Reporter: | KCCH W355 | | |

## KING COUNTY CAUSE NO.: 24-1-02680-7  SEA

## STATE OF WASHINGTON VS BENSHOOF, KURT ALDEN

**Appearances:**

Plaintiff STATE OF WASHINGTON represented by DPA Stephanie Brenner is present.

Defendant KURT ALDEN BENSHOOF is present in custody.

Judge, Bailiff, and Clerk are present in open court.

## MINUTE ENTRY

Commit as: Omnibus Hearing

Start: 10:07:07

Stop: 10:24:37

Discussion between the Defendant and the Court. The Court orders the Defendant correct his conduct or he will be removed from the hearing.

State's motion to continue trial date is granted.
Omnibus: 10/04/2024 Trial date: 10/16/2024 Expiration date: 11/15/2024

The Defendant refuses to sign the order continuing Omnibus hearing and the trial date.

Order(s) signed.

Minutes (MINS)
Rev. 07/21/2023

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | June 01, 2025 |
| Serial ID: | 25-105172-9074674K2H |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **25-105172-9074674K2H**

This document contains 1 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX K -3

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | June 01, 2025 |
| Serial ID: | 25-105172-9074673U2A |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

**FILED**
KING COUNTY, WASHINGTON

SEP 1 3 2024

SUPERIOR COURT CLERK
BY Sumaya Dirie
DEPUTY

## SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,

Plaintiff,

vs.

Kurt Benshoof Defendant,

X In custody ☐ Out of custody

No. 24-1-02680-7 SEA

**MOTION AND ORDER TO CONTINUE NEXT HEARING(S)**
☐ **WAIVER**

**E-1201**
☐ (ORCTD) – Order for Continuance of Trial Date
☐ (ORCOMH) Order to Continue Omnibus Hearing
☐ (ORCOTD) Order for Continuance of Omnibus Hearing and Trial Date

*Clerk's Action Required*

Date of arraignment: _____

---

The following court dates are set based on a **commencement date** of: _____

Defense counsel ☐ affirms that the Defendant prefers to appear through counsel for this hearing ☐ has previously affirmed on the record or through signed pleading that the Defendant prefers to appear through counsel at all hearings where that is allowed.

The Defendant appeared X In person; ☐ Through counsel; ☐ Remotely (use only if an in-court hearing took place) — *Pro se*

The ☐ Defense Counsel ☐ State made a motion to reset hearing dates and extend time-for-trial expiration by ☐ resetting the commencement date with a waiver (CrR 3.3(c)(2)(i)) ☐ continuing the trial date (CrR 3.3(f)(1) and/or CrR 3.3(f)(2)) for the following reason(s): *Victim unavailable*

☐ The Defendant ☐ The State objects to this continuance. ☐ The Defendant and the State agree to this continuance. *defendant objects*

It is ordered that the **NEXT HEARING(S)** in this matter will be: *J. Parisien*

| | | |
|---|---|---|
| X | **Omnibus Hearing** has been continued to 10/4/24 at 8:30 a.m. ~~p.m.~~ in Courtroom ~~E-1201~~ ☐ The Court ☐ Defense Counsel requests that DAJD transport defendant to the next hearing. | |
| X | **Trial date** has been continued to 10/16/24 at 9:00 a.m. The parties will be notified of assignment and standby status by e-mail or telephone by 3:00 p.m. the court day prior to the trial date. | |
| ☐ | *Other:* | |

*The* **expiration date** *is* 11/15/24

MOTION AND ORDER CONTINUING NEXT HEARING(S)

Page **1** of 2

Revised 7/2022

**ORDER:**

☒ The Court grants the motion for the reasons stated above under CrR 3.3(f)(1) and CrR 3.3(f)(2).

☐ The Court grants the motion as required in the interest of justice under CrR 3.3(f)(2) for the reasons stated above and the following additional grounds:

_____

_____

☐ The Court grants the motion based on the defendant's execution of a valid waiver pursuant to CrR 3.3(c)(2)(i).

☐ The Court finds good cause to require the Defendant to appear in-person for the following hearings:

_____

**THE DEFENDANT MUST BE PRESENT IN PERSON FOR ARRAIGNMENT, EVERY STAGE OF TRIAL, IMPOSITION OF SENTENCE, AND FOR ANY OTHER HEARING FOR WHICH THE COURT HAS FOUND GOOD CAUSE FOR THE DEFENDANT TO BE PHYSICALLY PRESENT.  FOR ALL OTHER HEARINGS, A DEFENDANT MUST EITHER APPEAR IN-PERSON, REMOTELY, OR THROUGH COUNSEL.  To appear through counsel, counsel must provide a waiver signed by the Defendant OR counsel must affirm that the Defendant prefers to appear through counsel. Additionally, the Defendant must maintain contact with counsel. If the Defendant does not appear in any way prescribed by CrR 3.4, the court may order the clerk to issue a bench warrant for the Defendant's arrest.  If a Defendant appears through counsel, notices provided to counsel are presumed to be provided to the Defendant**

☐ **Defendant confirmed agreement to the below waiver and Defense Counsel explained the waiver to the defendant. WAIVER**: I understand that I have a right to a trial within 60 days of my arraignment if I remain in custody on this case, or within 90 days of my arraignment if I am released on this case before the expiration of 60 days, except for any excluded periods under CrR 3.3, or unless the commencement date is reset. I voluntarily and knowingly agree to reset the commencement date to the next court hearing (scheduled above). I agree that my new time for trial expiration date is 60 days from that date if I remain in custody on this case, or 90 days from that date if I am released on this case before the expiration of 60 days.

_____ *Defendant would not sign* _____
Defendant
(Signature required for waiver pursuant to CrR 3.3(c)(2)(i) or continuance pursuant to CrR 3.3(f)(1))

_____ *SRB 48979* _____                    _____
Deputy Prosecutor     WSBA No. _____      Attorney for Defendant     WSBA No. _____

DATED this *13th* day of *September*, 20 *24*.         _____
                                                       Judge

I am fluent in the _____ language, and I have translated this entire document for the Defendant from English into that language. I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Interpreter: _____      Date: _____

**MOTION AND ORDER CONTINUING NEXT HEARING(S)**

Revised 7/2022

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | June 01, 2025 |
| Serial ID: | 25-105172-9074673U2A |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.





Catherine Cornwall, King County Clerk

**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **25-105172-9074673U2A**

This document contains 2 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX K -4

# King County Superior Court Cl

### Welcome to the Records Access Portal

**24-1-02680-7 SEA**

STATE OF WASHINGTON VS BENSHOOF, KURT ALDEN

Criminal - Appeal

Request Access to Sealed

| Summary | Charges | Participants | Document List | Events | Judgments |

## Documents

### Documents List

| Sub Number | Date Filed | Document Name | Additional Information |
|---|---|---|---|
| 1 | 07/08/2024 | INFO - Information | |
| 2 | 07/08/2024 | ORW - Order for Warrant | |
| 3 | 07/09/2024 | NTARD - Notice of Appearance and Request for Discovery | |
| 4 | 07/09/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 5 | 07/09/2024 | NTA - Notice of Arraignment | |
| 6 | 07/11/2024 | REC - Recusal of Judge | KEENAN |
| 7 | 07/16/2024 | ORJCE - Order for In-Jail Competency Evaluation | |
| 9 | 07/16/2024 | MINS - Minutes Motion hearing | |
| 8 | 07/17/2024 | AT - Attachment | EMAIL AND COPY OF PETITION FOR WRIT |
| 10 | 07/18/2024 | SHRTWA - SHERIFF'S RETURN ON WARRANT OF ARREST | |
| 11 | 07/31/2024 | ORCNT - Order of Continuance | |
| 12 | 07/31/2024 | MINS - Minutes Hearing continued | |
| 13 | 08/05/2024 | ORTRP - Order to Transport | |
| 14 | 08/05/2024 | AT - Attachment | |
| 15 | 08/05/2024 | ORCNT - Order of Continuance | |
| 16 | 08/05/2024 | MDR - Medical Report | WSH/DSHS 8/1/2024 |

| 25 | 08/05/2024 | MINS - Minutes Hearing continued | |
| 17 | 08/06/2024 | ORECRP - Order Establishing Conditions of Release | EHM / BAIL $250,000 |
| 18 | 08/06/2024 | ORDCT - Order Determining Competency to Stand Trial | |
| 19 | 08/06/2024 | ORSOTD - Order Setting Omnibus and Trial Date | |
| 20 | 08/06/2024 | WVC - Waiver of Counsel | |
| 21 | 08/06/2024 | OMAPA - Omnibus Application of Prosecuting Attorney | |
| 22 | 08/06/2024 | APX - Appendix | B |
| 23 | 08/06/2024 | MDR - Medical Report | WSH/DSHS 8/1/2024 |
| 24 | 08/06/2024 | ORNC - No Contact Order | |
| 26 | 08/06/2024 | MINS - Minutes Motion hearing | |
| 27 | 08/08/2024 | NTWDA - Notice of Withdrawal of Attorney | |
| 28 | 08/08/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 29 | 08/08/2024 | AT - Attachment | JUDICIAL NOTICE WITH EXHIBITS |
| 30 | 08/13/2024 | RTS - Return of Service | |
| 31 | 08/13/2024 | RTS - Return of Service | |
| 32 | 08/15/2024 | ORAU - Order Authorizing | THAT DEFT BE ALLOWED TO VIEW DISCOVERY VIA MRJC |
| 33 | 08/15/2024 | MINS - Minutes Motion hearing | |
| 34 | 08/15/2024 | ORPFAI - Order Permitting Filing of Amended Information | |
| 35 | 08/15/2024 | AMINF - Amended Information | |
| 36 | 08/20/2024 | MINS - Minutes Hearing continued | |
| 37 | 08/20/2024 | ORCOMH - Order to Continue Omnibus Hearing | |
| 38 | 08/23/2024 | AT - Attachment | |
| 39 | 09/06/2024 | ORCOMH - Order to Continue Omnibus Hearing | |
| 40 | 09/06/2024 | NT - Notice | CONSTRUCTIVE |
| 41 | 09/06/2024 | CRRSP - Correspondence | FROM COURT AND DEFENDANT |
| 44 | 09/06/2024 | MINS - Minutes Motion hearing | |
| 42 | 09/09/2024 | ORP - Order of Preassignment | JUDGE PARISIEN |
| 43 | 09/09/2024 | CRRSP - Correspondence | FROM COURT AND DEFENDANT |
| 45 | 09/13/2024 | MINS - Minutes Omnibus Hearing | |
| 46 | 09/13/2024 | AT - Attachment | SUBPOENAS FOR PRETRIAL DEPOSITIONS |

| 47 | 09/13/2024 | RQD - Request for Discovery | |
| 48 | 09/13/2024 | RQD - Request for Discovery | |
| 49 | 09/13/2024 | NT - Notice | OF MOTION FOR FRANKS HEARING |
| 50 | 09/13/2024 | ORCOTD - Order for Continuance of Omnibus Hearing and Trial Date | |
| 51 | 09/18/2024 | LTR - Letter | FROM THE COURT |
| 52 | 09/23/2024 | MT - Motion | FOR REASONABLE ACCOMODATION |
| 53 | 09/24/2024 | MAIL - Mail Return - Unclaimed | |
| 60 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 61 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 62 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 63 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 64 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 65 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 66 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 67 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 68 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 69 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 70 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 71 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 72 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 73 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 74 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 75 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |

| 76 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 77 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 78 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 79 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 80 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 81 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 82 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 83 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 84 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 85 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 86 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 87 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 88 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 89 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 90 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 91 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 92 | 10/04/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 93 | 10/04/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 94 | 10/04/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 95 | 10/04/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 97 | 10/04/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 98 | 10/04/2024 | MINS - Minutes Omnibus Hearing |
| 105 | 10/04/2024 | NTDQ - Notice of Disqualification |

| 106 | 10/04/2024 | ORCTD - Order for Continuance of Trial Date | |
| 107 | 10/04/2024 | OOR - Omnibus Order | |
| 99 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 100 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 101 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 102 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 103 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 104 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 108 | 10/08/2024 | NTAPR - Notice of Appearance | |
| 109 | 10/09/2024 | FAULTY - Faulty Document Notice | |
| 112 | 10/18/2024 | FAULTY - Faulty Document Notice | |
| 113 | 10/18/2024 | ORAPHV - Order Appointing Pro Hac Vice | ROBERT E BARNES BAR NO 235919 |
| 115 | 10/22/2024 | ORSKTD - Order Striking Trial Date | |
| 114 | 10/23/2024 | MINS - Minutes Status hearing | |
| 116 | 10/23/2024 | ORCOTD - Order for Continuance of Omnibus Hearing and Trial Date | |
| 117 | 10/23/2024 | OAPAT - Order Appointing Attorney | |
| 118 | 10/24/2024 | FAULTY - Faulty Document Notice | |
| 119 | 11/15/2024 | CP - Copy | BOND |
| 120 | 11/18/2024 | BN - Bond | $250,000 |
| 121 | 11/26/2024 | MINS - Minutes Motion hearing | |
| 122 | 11/26/2024 | ORDTLRA - Order of Detention / Less Restrictive Alternative | EHD |
| 123 | 11/26/2024 | ORCMC - Order Accepting Into Community Court | |
| 124 | 11/26/2024 | ORCTD - Order for Continuance of Trial Date | |
| 125 | 11/26/2024 | ORNC - No Contact Order | |
| 126 | 11/26/2024 | ORNC - No Contact Order | |
| 128 | 12/23/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 127 | 12/24/2024 | NT - Notice | JUDICIAL NOTICE / URVE MAGGITTI |
| 129 | 02/18/2025 | MINS - Minutes - VOID | |

| 130 | 02/18/2025 | MTCTD - Motion to Change Trial Date | UNOPPOSED |
|---|---|---|---|
| 131 | 02/18/2025 | ORDYMT - Order Denying Motion / Petition | TO CONTINUE TRIAL DATE |
| 140 | 02/18/2025 | MINS - Minutes Motion hearing | AMENDED |
| 132 | 02/24/2025 | AMINF - Amended Information | |
| 133 | 02/26/2025 | MTCTD - Motion to Change Trial Date | UNOPPOSED |
| 134 | 02/26/2025 | MINS - Minutes Motion hearing | |
| 135 | 02/27/2025 | NTWSUB - Notice of Withdrawal and Substitution Of Counsel | |
| 136 | 02/27/2025 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 137 | 02/27/2025 | MT - Motion | TO CONFIRM ATTORNEY OF RECORD |
| 138 | 02/27/2025 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 139 | 02/28/2025 | MINS - Minutes Status hearing | |
| 156 | 03/03/2025 | MINS - Minutes Jury trial | |
| 141 | 03/04/2025 | TRMM - Trial Memorandum | |
| 142 | 03/04/2025 | PLPIN - Plaintiff 's Proposed Instructions | |
| 143 | 03/04/2025 | AMINF - Amended Information | SECOND |
| 144 | 03/04/2025 | PLPIN - Plaintiff 's Proposed Instructions | |
| 145 | 03/04/2025 | PLPIN - Plaintiff 's Proposed Instructions | |
| 146 | 03/04/2025 | TRMM - Trial Memorandum | |
| 147 | 03/04/2025 | ORPFAI - Order Permitting Filing of Amended Information | |
| 149 | 03/05/2025 | EMAIL - Email/s | |
| 148 | 03/06/2025 | RSP - Response | RESPONSE TO DEFENSE MOTION FOR FRANKS HE |
| 152 | 03/07/2025 | ORMTL - Order on Motion in Limine | |
| 150 | 03/10/2025 | DFPIN - Defendant 's Proposed Instructions | |
| 151 | 03/10/2025 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 157 | 03/10/2025 | CTINJY - Court's Instructions To Jury | |

| | | | |
|---|---|---|---|
| 153 | 03/11/2025 | EXLST – Exhibit List – VOID | TRIAL |
| 154 | 03/11/2025 | EXLST – Exhibit List | PRETRIAL |
| 155 | 03/11/2025 | EXLST – Exhibit List | AMENDED TRIAL |
| 158 | 03/11/2025 | STPORE – Stipulation and Order for Return of Exhibits and / or Unopened Depositions | |
| 159 | 03/11/2025 | CTINJY – Court's Instructions To Jury | AMENDED |
| 160 | 03/11/2025 | ORPWE – Order for Payment Of Witness Expenses | $30.00 |
| 161 | 03/11/2025 | VRD – Verdict | FORM A / GUILTY / COUNT 1 |
| 162 | 03/11/2025 | VRD – Verdict | FORM C / GUILTY / COUNT 2 |
| 163 | 03/11/2025 | SPV – Special Verdict | FORM A / COUNT 1/ INTIMATE PARTNERS PRIOR TO COMMITTED? / YES |
| 164 | 03/11/2025 | SPV – Special Verdict | FORM B / AGGRAVATING CIRCUMSTANCES AS TO C THAT THE CRIME WAS AN AGGREVATED DOMESTIC |
| 165 | 03/12/2025 | NTHG – Notice of Hearing | SENTENCING |
| 166 | 03/14/2025 | FNFCL – Findings of Fact and Conclusions of Law | ON CrR 3.6 MOTION TO SUPPRESS |
| 167 | 03/14/2025 | FNFCL – Findings of Fact and Conclusions of Law | ON CrR 3.5 MOTION |
| 168 | 03/21/2025 | MT – Motion | FOR JUDGMENT OF AQUITTAL OR NEW TRIAL |
| 169 | 03/21/2025 | AFSRES – Affidavit / Declaration / Certificate of eService | |
| 170 | 04/03/2025 | NT – Notice | NOTE FOR CRIMINAL MOTION |
| 171 | 04/03/2025 | AFSRES – Affidavit / Declaration / Certificate of eService | |
| 172 | 04/07/2025 | RSP – Response | TO JUDGMENT OF ACQUITTAL |
| 173 | 04/07/2025 | AFSRES – Affidavit / Declaration / Certificate of eService | |
| 174 | 04/07/2025 | STP – Stipulation | |
| 175 | 04/07/2025 | AFSRES – Affidavit / Declaration / Certificate of eService | |
| 176 | 04/08/2025 | SNTRC – Sentence Recommendation | STATE'S SENTENCING MEMORANDUM |
| 177 | 04/09/2025 | STPATTY – Statement of Prosecuting Attorney | |
| 178 | 04/09/2025 | RPY – Reply | TO OPPOSITION FOR JUDGMENT OF ACQUITTAL |
| 179 | 04/09/2025 | AFSRES – Affidavit / Declaration / Certificate of eService | |

| 181 | 04/10/2025 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 180 | 04/11/2025 | MM - Memorandum | SENTANCING |
| 182 | 04/11/2025 | RSP - Response | RESPONSE TO SIMILAR CONDUCT MOTION |
| 183 | 04/11/2025 | NTIPF - Notice of Ineligibility to Possess a Firearm | |
| 184 | 04/11/2025 | FJS - Felony Judgment and Sentence | |
| 185 | 04/11/2025 | JS - Judgment and Sentence | |
| 187 | 04/11/2025 | NTRA - Court's Notice of Right of Appeal | |
| 188 | 04/11/2025 | NTRA - Court's Notice of Right of Appeal | |
| 189 | 04/11/2025 | ORNC - No Contact Order | |
| 190 | 04/11/2025 | ORWPNP - Order to Surrender Weapon-CPL Restriction | |
| 191 | 04/11/2025 | MINS - Minutes Sentencing hearing | |
| 192 | 04/11/2025 | FNOR5 - Findings and Order of Relief Re 5th Amendment | |
| 186 | 04/14/2025 | NTIPF - Notice of Ineligibility to Possess a Firearm | AND LOSS OF RIGHT TO VOTE |
| 193 | 04/24/2025 | NACA - Notice of Appeal to Court Of Appeals | |
| 194 | 04/29/2025 | MT - Motion | MOTION FOR ORDER OF INDIGENCY |
| 195 | 05/02/2025 | CR - Certificate | CERTIFICATE OF FINALITY |
| 196 | 05/02/2025 | NTHG - Notice of Hearing | INDIGENCY |
| 197 | 05/02/2025 | MT - Motion | MOTION FOR ORDER OF INDIGENCY |
| 198 | 05/12/2025 | DSGCKP - Designation of Clerk's Papers | 88078-1 |
| 199 | 05/12/2025 | AFSRES - Affidavit / Declaration / Certificate of eService | |

Copyright © Journal Technologies, USA. All rights reserved.

# APPENDIX K -5

# RCW 4.12.050

## Notice of disqualification.

(1) Any party to or any attorney appearing in any action or proceeding in a superior court may disqualify a judge from hearing the matter, subject to these limitations:

(a) Notice of disqualification must be filed and called to the attention of the judge before the judge has made any discretionary ruling in the case.

(b) In counties with only one resident judge, the notice of disqualification must be filed not later than the day on which the case is called to be set for trial.

(c) A judge who has been disqualified under this section may decide such issues as the parties agree in writing or on the record in open court.

(d) No party or attorney is permitted to disqualify more than one judge in any matter under this section and RCW 4.12.040.

(2) Even though they may involve discretion, the following actions by a judge do not cause the loss of the right to file a notice of disqualification against that judge: Arranging the calendar, setting a date for a hearing or trial, ruling on an agreed continuance, issuing an arrest warrant, presiding over criminal preliminary proceedings under CrR 3.2.1, arraigning the accused, fixing bail, and presiding over juvenile detention and release hearings under JuCR 7.3 and 7.4.

(3) This section does not apply to water right adjudications filed under chapter 90.03 or 90.44 RCW. Disqualification of judges in water right adjudications is governed by RCW 90.03.620.

[ 2017 c 42 s 2; 2009 c 332 s 20; 1941 c 148 s 1; 1927 c 145 s 2; 1911 c 121 s 2; Rem. Supp. 1941 s 209-2.]

## NOTES:

**Rules of court:** *Demurrers abolished—CR 7(c).*

**Application—2009 c 332:** See note following RCW 90.03.110.



# APPENDIX K -6

(99 of 260), Page 99 of 260  Case: 25-552, 06/13/2025, DktEntry: 12.2, Page 99 of 260

RCW 4.12.040: Disqualification of judge, transfer to another department, visiting judge—Change of venue generally, criminal cases.

6/2/25, 8:20 AM

# RCW 4.12.040

## Disqualification of judge, transfer to another department, visiting judge—Change of venue generally, criminal cases.

(1) No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050. In such case the presiding judge in judicial districts where there is more than one judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court. In all judicial districts where there is only one judge, a certified copy of the notice of disqualification filed in the cause shall be transmitted by the clerk of the superior court to the clerk of the superior court designated by the chief justice of the supreme court. Upon receipt the clerk of said superior court shall transmit the forwarded notice to the presiding judge who shall direct a visiting judge to hear and try such action as soon as convenient and practical.

(2) The presiding judge in judicial districts where there is more than one judge, or the presiding judge of judicial districts where there is only one judge, may send a case for trial to another court if the convenience of witnesses or the ends of justice will not be interfered with by such a course and the action is of such a character that a change of venue may be ordered: PROVIDED, That in criminal prosecutions the case shall not be sent for trial to any court outside the county unless the accused shall waive his or her right to a trial by a jury of the county in which the offense is alleged to have been committed.

(3) This section does not apply to water right adjudications filed under chapter 90.03 or 90.44 RCW. Disqualification of judges in water right adjudications is governed by RCW 90.03.620.

[ 2017 c 42 s 1; 2009 c 332 s 19; 1989 c 15 s 1; 1961 c 303 s 1; 1927 c 145 s 1; 1911 c 121 s 1; RRS s 209-1.]

## NOTES:

Application—2009 c 332: See note following RCW 90.03.110.

Criminal proceedings, venue and jurisdiction: Chapter 10.25 RCW.



# APPENDIX L

Case No.  24-1-102680-7 SEA

1               SUPERIOR COURT OF THE STATE OF WASHINTON KING COURT

                                          )
2    STATE OF WASHINGTON                   )  Courtroom:  W-355
                                          )  Superior Court of King County
3              Plaintiff                   )  516 Third Avenue,
                                          )  Seattle, WA 98104
4         vs.                              )
                                          )
5    BENHOOF, KURT A.                      )
                                          )
6              Defendant                   )
     _____     )

7                    BEFORE:  THE NONORABLE SUZANNE PARISIEN, JUDGE

8    APPEARANCES:            STEPHANIE BRENNAN, Attorney(s)

9                            On behalf of the Plaintiff

10                           State of Washington

11

12                           KURT A.  BENSHOOF, pro se

13

14        COURT CLERK: King County Superior Court, the Honorable Suzanne Parisien

15   presiding. [00:00:03]

16        JUDGE: All right.  Good morning, everyone.

17        MS. BRENNAN: Thank you, [00:00:06] Your Honor.  This is the state of Washington

18   versus Kurt Benshoof, [00:00:09] it's Case number [00:00:12] 24-1-02680-7 [00:00:15]

19   Seattle designation Stephanie Brennan on behalf the state. [00:00:18] The defendant is

20   present in custody, representing himself. [00:00:21] We are on today for Omnibus.

21        JUDGE:  All right.  Good morning, Mr. Benshoof ... [00:00:24]

22        MR. BENSHOOF:  Are we on the record, Your Honor?

23        JUDGE:  I'm sorry I didn't hear what you said.

24        MR. BENSHOOF:  Are we on the record? [00:00:27]

25        JUDGE: Absolutely.

26        MR. BENSHOOF: Okay.  And ...

27        JUDGE: So why don't you state your name [00:00:30] for the record, Mr. Benshoof,

28   just so that we can have a record [00:00:33] that you're here?

Case No.   24-1-102680-7 SEA

1      MR. BENSHOOF:  My name for the record, Your Honor, [00:00:36] happy Friday, is

2    Kirk Benshoof. [00:00:39]

3      JUDGE:  Okay.

4      MR. BENSHOOF:  I'm the alleged defendant in this case, and there's [00:00:42] a

5    more pressing matter before the matter that Ms. Brennan [00:00:45] wishes to bring,

6    which is [00:00:48] a petition for writ of habeas corpus, [00:00:51] which was

7    previously mentioned last time [00:00:54] I was in here, which I believe was August

8    20th. [00:00:57] And [00:01:00] as hopefully the Court is aware, [00:01:03] habeas

9    corpus has [00:01:06] a higher priority than anything else. [00:01:09] It's, for

10   example, they can be heard and issued [00:01:12] on Sundays, unlike the [00:01:15]

11   prosecution that Ms. Brennan is trying [00:01:18] to bring forth.  And did [00:01:21]

12   you have something to say,  Your Honor?

13     JUDGE: No, just we're, we're, we're, we're going to proceed [00:01:24] with an

14   omnibus hearing today, which is really just to ...

15     MR. BENSHOOF:  No, [00:01:27] but the issue is that the court does not have

16   jurisdiction. [00:01:30]

17     JUDGE: Sure.

18     MR. BENSHOOF:Unless the court is claiming that [00:01:33] the court has the

19   authority to aid and abet [00:01:36] Ms. Brennan in the malicious prosecution in

20   violation [00:01:39] of RCW9.62.010 which I don't [00:01:42] think it does.  And

21   there's been an issue [00:01:45] that's recurring and my ... [00:01:48] what I've seen

22   first-hand [00:01:51] is that multiple judges and the court clerk [00:01:54] have

23   refused to docket a habeas petition. [00:01:57] And yesterday [00:02:00] day before

24   yesterday I received what [00:02:03] I would say constitutes a threatening letter from

25   [00:02:06] we'll say is somebody whose [00:02:09] name rhymes with Belinda Chung.

26   [00:02:12] And once again, [00:02:15] the falsehood was repeated that someone

27   [00:02:18] cannot file a habeas petition on my behalf. [00:02:21] As I have informed

28   Ms. Brennan [00:02:24] and the city prosecutor and several judges, [00:02:27] I'm

Case No.  24-1-102680-7 SEA

1   being denied my due process rights.  I can't even get basic [00:02:30] access to

2   materials such as envelopes [00:02:33] to mail things.  So ...

3        JUDGE: Okay, I'm gonna stop you, [00:02:36] Mr. Benshoof.

4        MR. BENSHOOF: No.

5        JUDGE: Because ...

6        MR. BENSHOOF: Don't interrupt me.

7        JUDGE: No.

8        MR. BENSHOOF: This is a habeas [00:02:39] proceeding right now ...

9        JUDGE: You know what ... it's not, we, we are having ...

10       MR. BENSHOOF: I just, I just started it, [00:02:42] Your Honor.

11       JUDGE: Hey, Mr. Benshoof.

12       MR. BENSHOOF: And I'm gonna continue.  I'm being unlawfully imprisoned ...

13   [00:02:45]

14       JUDGE: We are ...  Sir ...

15       MR. BENSHOOF: Please don't interrupt me, Your Honor.

16       JUDGE: You know what?

17       MR. BENSHOOF: No.

18       JUDGE: This is my courtroom. [00:02:48]

19       MR. BENSHOOF: No, I'm in ...

20       JUDGE: We are here ...

21       MR. BENSHOOF: No, it's the public's courtroom, Your Honor. [00:02:51]

22       JUDGE: No.

23       MR. BENSHOOF: Apparently you've forgotten that you're a public servant.

24   [00:02:54]

25       JUDGE: You know what?

26       MR. BENSHOOF: I'm being unlawfully prisoned ...

27       JUDGE: Mr. Benshoof ...

28

Page **3** of **17**

Case No.  24-1-102680-7 SEA

1        MR. BENSHOOF: Your Honor.  Excuse me, I'm talking. [00:02:57] Don't speak over

2    me.

3        JUDGE: You know what don't ...

4        MR. BENSHOOF: The issue ... [00:03:00]

5        JUDGE: I'm gonna tell you right now ...

6        MR. BENSHOOF: Is that I'm being ...

7        JUDGE: Not to tell me what to do. [00:03:03]

8        MR. BENSHOOF: You have ...

9        JUDGE: Don't do it now.

10       MR. BENSHOOF: Are you angry?

11       JUDGE: You know what?  Don't worry if I'm angry [00:03:06] or not I am telling

12   ...

13       MR. BENSHOOF: But you lied in here last time ...

14       JUDGE: Sir. [00:03:09]

15       MR. BENSHOOF: Do you want to know what the lie that you stated on the record was

16   ...

17       JUDGE: You know what?  I ...

18       MR. BENSHOOF: It's the same lie that [00:03:12] Melinda Young stated.

19       JUDGE: Okay.

20       MR. BENSHOOF: And that's this. [00:03:15] Article 4, Section 6 of the Washington

21   [00:03:18] State Constitution states unequivocally [00:03:21] that a person, an ex-

22   friend, [00:03:24] can file a petition for habeas on my behalf. [00:03:27]

23       JUDGE: Okay.

24       MR. BENSHOOF: You lied on the record on August 20th [00:03:30] and stated that

25   that wasn't true.

26       JUDGE: So I'm gonna ... [00:03:33]

27       MR. BENSHOOF: And then Melinda Young repeatedly that lie and the clerk

28   [00:03:36] Catherine Cornwall ...

Case No.  24-1-102680-7 SEA

1      JUDGE: I am going to ...

2      45:   Has refused to docket it. [00:03:39] That's a problem ...

3      JUDGE: I'm going to ...

4      MR. BENSHOOF: That's official misconduct ...

5      JUDGE: To tell you ...

6      MR. BENSHOOF: It's a gross misdemeanor. [00:03:42]

7      JUDGE: I am going to tell ...

8      MR. BENSHOOF: I am going to ask you to put her in handcuffs, [00:03:45] RCW 98.8

9  ...

10     JUDGE: Mr. Benshoof, [00:03:48] if you want to spend your time in [00:03:51]

11 this way, you can do so, [00:03:54] but I can tell you it's not really going to be

12 helpful to you. [00:03:57] You've got a trial coming up and that trial is going to

13 happen. [00:04:00] And prior to trials, there was an omnibus [00:04:03] hearing and we

14 discussed things that are really important [00:04:06] and so that's ...

15     MR. BENSHOOF: Are you saying that my unlawful incarceration [00:04:09] isn't

16 important to you?

17     JUDGE: No, I'm telling you that that [00:04:12] we are here today to discuss

18 your [00:04:15] upcoming trial.  And so you should get your head wrapped around that

19 [00:04:18] because it's an important hearing and that's why we're here today.

20 [00:04:21] I understand ...

21     MR. BENSHOOF: It's that legal advice ...

22     JUDGE: You have an ...

23     MR. BENSHOOF: You just told me ...

24     JUDGE: You have an 1145 ... [00:04:24]

25     MR. BENSHOOF: You just told me I should do something ...

26     JUDGE: You have another hearing in in Municipal Court. [00:04:27]

27     MR. BENSHOOF: Yeah, that's another malicious prosecution.

28     JUDGE: You can call it [00:04:30] whatever you would like, Sir.

Page **5** of **17**

Case No.   24-1-102680-7 SEA

1       MR. BENSHOOF: Well, that's okay ...

2       JUDGE: But I'm trying to get you ...

3       MR. BENSHOOF: Let's look at [00:04:33] jurisdiction.

4       JUDGE: I am trying to get you to get this hearing [00:04:36] done so that you

5   can be prompt ...

6       MR. BENSHOOF: Right, you're trying to railroad me, Your Honor. [00:04:39]

7       JUDGE: For your next hearing.  Yeah, okay.

8       MR. BENSHOOF: Do you understand jurisdiction.

9       JUDGE: All right, [00:04:42] so here we are ...

10      MR. BENSHOOF: Okay there's territorial jurisdiction ...

11      JUDGE: Mr. Benshoof ... [00:04:45]

12      MR. BENSHOOF: There's personal jurisdiction.

13      JUDGE: Mr. Benshoof ...

14      MR. BENSHOOF: And there's subject matter jurisdiction [00:04:48] how did the

15   Court ...

16      JUDGE: Mr. Benshoof, I'm going to [00:04:51] be speaking, we're going to have a

17   hearing [00:04:54] if you are just going to speak over me [00:04:57] with your own

18   agenda.

19      MR. BENSHOOF: My agenda is that ... [00:05:00]

20      JUDGE: You can do that ...

21      MR. BENSHOOF: You are complicit ...

22      JUDGE: But I am telling you ...

23      MR. BENSHOOF: In a criminal conspiracy ... [00:05:03]

24      JUDGE: That we are going to ...

25      MR. BENSHOOF: I've asked you ...

26      JUDGE: Schedule ...

27      MR. BENSHOOF: To answer why you lied on the record [00:05:06] on August 20th.

28      JUDGE: All right.

Case No.   24-1-102680-7 SEA

 1      MR. BENSHOOF: Why did you lie, Your Honor?

 2      JUDGE: So, [00:05:09] Ms. Brennan, tell me the current trial ...

 3      MR. BENSHOOF: Are you ignorant?

 4      JUDGE: The current trial date ... [00:05:12]

 5      MR. BENSHOOF: Or are you correct?

 6      JUDGE: So I'm going to give you, I'm sure you want to be [00:05:15] here for

 7   your own omnibus hearing.  I can't imagine [00:05:18] that you'd want to miss this.

 8      MR. BENSHOOF: I'm here for a habeas corpus...

 9      JUDGE: But you know what if you continue [00:05:21] to disrupt this court.

10      MR. BENSHOOF: No.

11      JUDGE: And disrupt [00:05:24] these proceedings ...

12      MR. BENSHOOF: I'm trying to do court matters which is a habeas ...

13      JUDGE: If you [00:05:27] continue to disrupt these proceedings, [00:05:30] I'll

14   just have you removed.  I'm not going to have [00:05:33] some kind of a competing

15   shouting match [00:05:36] with you, Mr. Benshoof, whether it's elevated voice or not.

16   [00:05:39] I'm not going to have you argue at me.  So we're here today [00:05:42] for

17   an omnibus hearing.  I'm sure you know what that is [00:05:45] because you are very

18   well versed in court rules.  This hearing [00:05:48] on the schedule is going to

19   happen.  I'd like it to happen [00:05:51] with you present.  If you cannot stick

20   [00:05:54] to what we're doing here today, [00:05:57] then I'll have to have you

21   removed because you continue to interrupt me and call me [00:06:00] a liar.  So we're

22   not going to do that.  So [00:06:03] the current trial date, Mr. Benshoof, is

23   September [00:06:06] 24th, 2024, that is a a [00:06:09] week from pardon me, [00:06:12]

24   here let me look at the calendar here.  It is two, [00:06:15] a week from this Tuesday

25   the 24th. [00:06:18] And so.

26      MR. BENSHOOF: Objection. [00:06:21]

27      JUDGE: I'm not sure why it was scheduled on Tuesday.  Is that [00:06:24] just

28   curious?

Case No.   24-1-102680-7 SEA

1      MS. BRENNAN: I don't know, Your Honor, [00:06:27] but the state is does have a

2   motion to continue based on unavailability. [00:06:30]

3      JUDGE: Okay and I'm unavailable too I'm in trial right ...

4      MR. BENSHOOF: Objection.

5      JUDGE: On a another criminal matter. [00:06:33]

6      MS. BRENNAN: Yes so just to make my record ...

7      JUDGE: Sure.

8      MS. BRENNAN: Magali Lerman [00:06:36] who is one of the victims, she's a named

9   victim. [00:06:39] She's also a witness.

10      JUDGE: Right.

11      MS. BRENNAN: She is unavailable [00:06:42] until the 6th, October 16th.

12   [00:06:45] The state would request a trial date [00:06:48] of October 16th, as I

13   believe [00:06:51] at that point we should be able to get her to trial [00:06:54] you

14   know ...

15      JUDGE: Sure.

16      MS. BRENNAN: Cause it'll take a few days.

17      MR. BENSHOOF: Objection.

18      MS. BRENNAN: To ...

19      JUDGE: Sure, [00:06:57] you are, you are [overlap] you are, you are you are

20   interrupting [00:07:00] now ...

21      MR. BENSHOOF: Do I have a right to know ...

22      JUDGE: The prosecution ...

23      MR. BENSHOOF: To note an objection for the record, Your Honor? [00:07:03]

24      JUDGE: You cannot cut people off in the middle of a sentence in my courtroom,

25   [00:07:06] so don't do it.  The 16th, October 16th, [00:07:09] for that's a Wednesday.

26   She's available on that [00:07:12] day, you are sure about that? [00:07:15]

27      MS. BRENNAN: Well, that is when she becomes available.

28      JUDGE: Right, so we'll ... [00:07:18]

Case No.   24-1-102680-7 SEA

1     MS. BRENNAN: Given that we start with pretrial motions.

2     JUDGE: Right.

3     MS. BRENNAN: In [indistinct 00:07:19]

4     JUDGE: Right.

5     MS. BRENNAN: I'm trying to be cognizant [00:07:21] that we do want this trial

6 to go as soon as possible.

7     JUDGE: Yeah.

8     MS. BRENNAN: And also with the witnesses.

9     MR. BENSHOOF: Oh yeah. [00:07:24]

10    MS. BRENNAN: I also will make the record that I do believe [00:07:27] the

11 defendant will be in a trial of Seattle Municipal Court [00:07:30] during that interim

12 period, which would make him unavailable.

13    JUDGE: Oh, that I'm sorry, [00:07:33] that October 16th period.

14    MS. BRENNAN: No, no ... [00:07:36]

15    JUDGE: No, no.

16    MS. BRENNAN: Between.

17    JUDGE: Before.

18    MS. BRENNAN: Between.

19    JUDGE: Between, I understand ...

20    MS. BRENNAN: In this, in this interim period, [00:07:39] he does have the

21 pending case of Seattle and Municipal Court which I believe may be [00:07:42]

22 confirmed today to start next week.  And then also [00:07:45] I have just been

23 assigned out to trial.

24    JUDGE: Okay.

25    MS. BRENNAN: So there are [00:07:48] competing interests in this interim period

26 anyway. [00:07:51] Thank you.

27    JUDGE: Okay, well the fact that the one of the main witnesses [00:07:54] isn't

28 available till 16th.

Case No.   24-1-102680-7 SEA

1      MS. BRENNAN: Yes.

2      JUDGE: It would. [00:07:57]

3      MS. BRENNAN: Thank you, Your Honor.

4      JUDGE: Sure.

5      MS. BRENNAN: So I do to make sure [00:08:00] that this stays on track, the

6 state would request an [00:08:03] omnibus hearing date of October 4th at 8:30

7 [00:08:06] and then we would have the trial date of October 16th [00:08:09] with an

8 expiration date of November 15th. [00:08:12]

9      MR. BENSHOOF: Objection.

10      JUDGE: Okay ...

11      MR. BENSHOOF: That would violate my rights ...

12      JUDGE: And so I'm sorry ...

13      MR. BENSHOOF: To speedy trial.

14      JUDGE: October 16th [00:08:15] trial date [00:08:18] and the expiration on that

15 is [00:08:21] 1115, okay. [00:08:24] And okay. [00:08:27] And [00:08:30] give me an

16 idea if you can, Ms. Brennan, how long [00:08:33] you think trial will take?

17 [00:08:36] [00:08:39]

18      MS. BRENNAN: 10 to 12 days, probably [00:08:42] 12 days.  It really. [00:08:45]

19      JUDGE: That's a long trial.

20      MS. BRENNAN: I'm giving [00:08:48] some it's that's a 10 to 12 [00:08:51] days.

21      JUDGE: Okay, okay.

22      MS. BRENNAN: Yeah.

23      JUDGE: All right.

24      MS. BRENNAN: Thank you.  [00:08:54]

25      JUDGE: Sure.  So, Mr. Benshoof ... [00:08:57]

26      MR. BENSHOOF: I have several objections to make. [00:09:00]

27

28

Case No.  24-1-102680-7 SEA

1   JUDGE: Okay, well, it's only going to be as to dates, that's that's all
2   [00:09:03] we're discussing now.  So tell me about your [00:09:06] objection with a
3   trial date of October 16th [00:09:09] and an omnibus of October 4th.
4   MR. BENSHOOF: I have a right [00:09:12] to speedy trial.
5   JUDGE: Okay.
6   MR. BENSHOOF: Even if [00:09:15] even if this wasn't a malicious prosecution,
7   [00:09:18] even if the court had subject matter jurisdiction [00:09:21] and personal
8   jurisdiction, there's the issue of [00:09:24] the fact that the 60 days speedy trial
9   pursuant [00:09:27]  to the fact that I'm in custody already ran out. [00:09:30] The,
10  the information was filed on [00:09:33] July 8th and [00:09:36] Melinda Young, among
11  her other [00:09:39] games that she's played, *sua sponte* declared [00:09:42] that she
12  thought I might be paranoid [00:09:45] on a hearing, which I believe was July 15th
13  [00:09:48] or 16th.  Then she attempted [00:09:51] to say that the speedy trial
14  [00:09:54] calendar was told for approximately the next three weeks [00:09:57] and
15  then at [00:10:00] a hearing, which I believe was August 6th, [00:10:03] Melinda Young,
16  you know, announced that she's like, oh, [00:10:06] now the, the, [00:10:09] the end
17  date, whatever you call it, [00:10:12] is October 5th.  Well, that's [00:10:15] not
18  actually how it works.
19  JUDGE: So I'm ...
20  MR. BENSHOOF: Just just ...
21  JUDGE: So I'm going to stop you. [00:10:18] So you're you're you're raising an
22  issue that you want [00:10:21] this trial prior to [00:10:24] prior to the 16th.  Is
23  that what you're saying?
24  MR. BENSHOOF: Oh let [00:10:27] me be more clear, we're already past [00:10:30]
25  the expiration date.
26  JUDGE: Well, I assume good 'cause has already been found [00:10:33] to for the
27  expiration of a speedy trial [00:10:36] and so ...
28  MR. BENSHOOF: No, good cause ...

Page **11** of **17**

Case No.  24-1-102680-7 SEA

1    JUDGE: We're not going to reargue that [00:10:39] so the ...

2    MR. BENSHOOF: No, I'm still continuing. [00:10:42]

3    JUDGE: No, you're not continuing.

4    MR. BENSHOOF: Oh you're cutting me off.

5    JUDGE: So tell me about ... [00:10:45]

6    MR. BENSHOOF: So I don't have a right to object and speak?

7    JUDGE: Tell me about you made your point. [00:10:48] Tell me about ...

8    MR. BENSHOOF: That was only one point, Your Honor ...

9    JUDGE: I assume the other [00:10:51] any other that the your objection to the

10   1016 [00:10:54] trial date is based upon speedy trial. [00:10:57] Is there anything

11   else that you want to discuss with regard to the [00:11:00] October 16th trial date?

12   MR. BENSHOOF: There is no [00:11:03] October 16th trial date.

13   JUDGE: I can tell you there's going to be a trial [00:11:06] on October 16th

14   because I'm going [00:11:09] to clear my calendar.  Ms. Brennan.

15   MR. BENSHOOF: Okay.

16   JUDGE: You are going ...

17   MR. BENSHOOF: And I would like to make ... [00:11:12]

18   JUDGE: To clear yours as well.  And if you need anything from me [00:11:15]

19   indicating it's been a hard set to go up to [00:11:18] Judge Young ...

20   MR. BENSHOOF: Okay, I have another objection ...

21   JUDGE: Or whatever, I know I'm speaking now, just let me know [00:11:21] and

22   we'll get that done.  We're going to be in trial on the 16th because you get you do

23   have [00:11:24] a right to have this case heard and I'm going to make sure [00:11:27]

24   that I don't have anything else scheduled.  Ms. Brennan's going to do the same.

25   [00:11:30] It sounds like some of the material witnesses that would not have been

26   available [00:11:33] before will be available and so you're going to have [00:11:36]

27   your trial.

28   MR. BENSHOOF: So.

Case No.   24-1-102680-7 SEA

1      JUDGE: Anything ...

2      MR. BENSHOOF: Am I correct in ... [00:11:39]

3      JUDGE: Else ...

4      MR. BENSHOOF: In interpreting what you're saying is you're the [00:11:42] courts

5  asserting that I have a right to be subject [00:11:45] to a malicious prosecution, but

6  I don't have a right to a habeas hearing? [00:11:48] Is that what the court's saying?

7      JUDGE: I'm telling you when your trial is going to be [00:11:51] so you can, you

8  know, plan accordingly.

9      MR. BENSHOOF: Okay. [00:11:54]

10      JUDGE: I ...

11      MR. BENSHOOF: Then let me ask that question more ...

12      JUDGE: We're not asking anymore.  We're not asking questions [00:11:57] of the

13  court.  You're here to get a schedule order ...

14      MR. BENSHOOF: Okay, I have an objection ...

15      JUDGE: I've given you the opportunity [00:12:00 to to speak to the issues that

16  we are here before today, [00:12:03] which is actually quite narrow and that is when

17  are we going to have [00:12:06] trial.

18      MR. BENSHOOF: Regarding ...

19      JUDGE: And now we know.  Okay.

20      MR. BENSHOOF: Regarding the [00:12:09] the date that you just mentioned.

21      JUDGE: Yeah.

22      MR. BENSHOOF: I have another [00:12:12] objection to that date.

23      JUDGE: Thank you. [00:12:15]

24      MR. BENSHOOF: My understanding is the court is asserting that [00:12:18] Judge

25  Suzanne Parisien is [00:12:21] going to oversee that.  I object because [00:12:24] I

26  have reason to believe and do believe and I'm willing to state [00:12:27] so under

27  oath that Judge Suzanne Parisien [00:12:30] based upon my firsthand witness [00:12:33]

28  knowledge has [00:12:36] violated RCW 98. [00:12:39] 76.175 [00:12:42]by making false

Case No.   24-1-102680-7 SEA

1   or misleading statements in court. [00:12:45]  Specifically including but not limited

2   to on [00:12:48] August 20th you stated.

3        JUDGE: Okay.

4        MR. BENSHOOF: While [00:12:51] we were all present ...

5        JUDGE: So where did this order come from?

6        MR. BENSHOOF: That I [00:12:54] that my friends didn't have a right to file a

7   habeas petition. [00:12:57] You were trying to cover ...

8        JUDGE: Council ...

9        MR. BENSHOOF: For Clerk Catherine Cornwall ...

10       JUDGE: Ms. Brennan, [00:13:00] do you have an order ...

11       MR. BENSHOOF: The fact that ...

12       MS. BRENNAN: I do you have an order ...

13       JUDGE: Okay, thank you, this is not the right one.  Thank you, [00:13:03] okay.

14       MR. BENSHOOF: And then you appeared to get upset [00:13:06] that I pointed out

15   that you had lied on the record previously. [00:13:09] So either I'm lying now

16   [00:13:12] or you're lying.  And I can state ...

17       JUDGE: Okay, here we are ...

18       MR. BENSHOOF: For a fact that [00:13:15] not only did you lie on the 20th

19   [00:13:18] to try to deny my right because Article 1, [00:13:21] Section 13 of the

20   Washington State [00:13:24] Constitution as well as US Constitution [00:13:27] Article

21   1, Section 9, [00:13:30] Clause 2, which I should remind you is [00:13:33]

22   incorporated in the Washington Constitution because I [00:13:36] believe it's Article

23   1, Section 2 or [00:13:39] Article 1, Section 1 states that the Washington

24   Constitution [00:13:42] or the US Constitution is the supreme law [00:13:45] of the

25   land.

26       JUDGE: Mr. Benshoof, do you want ...

27       MR. BENSHOOF: So I have a right to habeas ... [00:13:48]

28

Page **14** of **17**

Case No.  24-1-102680-7 SEA

1      JUDGE: Sign this?  Do you want to sign this order continuing the omnibus

2  [00:13:51] hearing for October 4th and [00:13:54] the and setting the trial for the

3  16th?  Would you like to sign it? [00:13:57]

4      MR. BENSHOOF: I'm in the process of recusing [00:14:00] you, Your Honor.

5      JUDGE: Yeah, well you can't recuse me ...

6      MR. BENSHOOF: Because you're bias incorrect.

7      JUDGE: So would you [00:14:03] do you want to sign this order or you or refuse?

8      MR. BENSHOOF: Okay, I'll disqualify you. [00:14:06]

9      JUDGE: Okay, well, you can't do that either.  Sir, would ...

10      MR. BENSHOOF: Okay.

11      JUDGE  You like to sign this order or or [00:14:09] I'm just going to write down

12  that you refuse [00:14:12] to.  I'm happy ...

13      MR. BENSHOOF: Well, I'd like to point out.

14      JUDGE: Mr. Benshoof, [00:14:15] it's a quick ...

15      MR. BENSHOOF: Excuse me ...

16      JUDGE: It's a simple question, okay.

17      MR. BENSHOOF: No, this is relevant.  I have an objection [00:14:18] to make

18  which is my [00:14:21] reading glasses were stolen last Friday. [00:14:24] Jail staff

19  refused to obtain them [00:14:27] from the inmates who stole my glasses [00:14:30] and

20  when I kited, you know those kites [00:14:33] that we're supposed to do?  I sent

21  multiple [00:14:36] kites requesting new glasses and [00:14:39] for the record, I

22  received replies [00:14:42] to both of those.  They state you were [00:14:45] given

23  glasses on 7/22/2024 [00:14:48] and the other one says you were given glasses

24  [00:14:51] on 7/22/2024.  So if [00:14:54] we do the math, since I was arrested on

25  July 3rd [00:14:57] out of 73 days of [00:15:00] incarceration, I've been without

26  reading glasses [00:15:03] for approximately 26 days now [00:15:06] and apparently

27  will be without reading glasses in [00:15:09] perpetuity.  Which the [00:15:12]

28  responsibility falls on King County for [00:15:15] denying me the basic ADA

Case No.   24-1-102680-7 SEA

1  accommodation of reading glasses. [00:15:18] So if if the court also [00:15:21]

2  intends to take me to trial in a malicious prosecution [00:15:24] while denying me

3  reading glasses, [00:15:27] there aren't many other farcical [00:15:30] circumstances

4  that I can foresee that haven't happened yet. [00:15:33]

5       JUDGE: Okay.  It sounds like you you [00:15:36] put in a kite.

6       MR. BENSHOOF: Multiple.

7       JUDGE: They know that your glasses [00:15:39] are unavailable to you. [00:15:42]

8       MR. BENSHOOF: They were stolen.

9       JUDGE: Well, [00:15:45] I have no idea what happened to your glasses,, Sir.

10      MR. BENSHOOF: I just told you ...

11      JUDGE: Okay, [00:15:48] well, we don't know.  So ...

12      MR. BENSHOOF: Are you calling me a liar?  [00:15:51]

13      JUDGE: So I signed the order.  I I [00:15:54] I hope that you'll get some

14  replacement [00:15:57] glasses, reading glasses in the ...

15      MR. BENSHOOF: Should I go to Bartells [00:16:00] on my break?

16      JUDGE: And I hope that [00:16:03] your kite will be looked at and ... [00:16:06]

17      MR. BENSHOOF: I honestly don't believe you when you say you hope that ...

18  [00:16:09]

19      JUDGE: All right, well ...

20      MR. BENSHOOF: Because everything I've seen so far is that you don't care about

21  [00:16:12] the due process clause and you don't care about my rights. [00:16:15] You

22  don't care about the facts ...

23      JUDGE: I'm gonna make ...

24      MR. BENSHOOF: And you don't care about the law because you're willing to lie on

25  the record.  [00:16:18]

26      JUDGE: I'm going to make a copy of this order for you. [00:16:21] Thank you, Ms.

27  Ellie.

28

Case No.  24-1-102680-7 SEA

1    MR. BENSHOOF: And I would also like to state [00:16:24] on the record that Greg

2    Curtis lied in court [00:16:27] on, sorry, not Greg Curtis, [00:16:30] Pascal Herzer

3    lied in court about ADA [00:16:33] accommodations and that I will be addressing that.

4    [00:16:36]  So you're not the only liar in here. [00:16:39] Apparently, there's a lot

5    of corrupt people [00:16:42] getting paid as public officials [00:16:45] to violate

6    people's rights.  And it's a sad day [00:16:48] in the city that this continues.

7        JUDGE: Thank you.

8        MS. BRENNAN:  Thanks, Your Honor, I've provided discovery [00:16:51] and an

9    updated information in case, [00:16:54] he has a pending case in case there are

10   [00:16:57] lesser included that I'm debating. [00:17:00] Including ...

11       JUDGE: Right.

12       MS. BRENNAN: I haven't provided that to him now. [00:17:03]

13       JUDGE: Okay.

14       MS. BRENNAN: So that he has noticed that along with discovery that is, we

15   printed out [00:17:06] all of many of the images that were also provided. [00:17:09]

16       JUDGE: I remember we talked about some of this ...

17       MR. BENSHOOF: And I have access to [00:17:12] zero videos still.

18       JUDGE: Okay, [00:17:15] thank you everyone.  We're in recess.  I'll see you

19   we'll we will see you [00:17:18] on October 4th, Mr. Benshoof, [00:17:21] and ...

20       MR. BENSHOOF: Maybe.

21       JUDGE: And good luck with your hearing this after this morning and ...

22       MR. BENSHOOF: Oh, thank you. [00:17:25]

23       JUDGE: [indistinct 00:17:25] Okay.

24       COURT CLERK:    All rise.

25

26

27

28



## Vanan Online Services, Inc.
### Think Service Think Vanan

### Certificate of Transcription

**Transcription of file name:**

**1. PPR25-106887-1-.mp3**

We, Vanan Online Services, Inc. a professional transcription company, hereby certify that the above-mentioned document(s) has/have been transcribed by our qualified and experienced transcriber(s) is/are accurate and true transcription of the original document(s).

This is to certify the correctness of the transcription only. Our transcriber is in no way related, by immediate family ties or marriage, to any parties related to the materials transcript. Transcription was done in the regular course of business.

A copy of the transcription is attached to this certification.

**Saravanan Nagaraj, CEO**
Date: 4th day of June 2025

Certificate of Acknowledgment:

Commonwealth of Virginia County of Spotsylvania

The foregoing instrument was acknowledged before me this 4 day of June, 2025

By Saravanan Nagaraj

Notary Public's signature Kayla Vega

My registration number: 7694825

My commission expires: 12|31|2028

Vanan Online Services, Inc.
ATA Member #266532
ISO 9001:2015



Kayla Ann Vega
NOTARY PUBLIC
REGISTRATION # 7694825
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 12/31/2028

**10711 Spotsylvania Ave., Suite A**
**Fredericksburg VA 22408**
**Office: (888) 535-5668**
**Email: support@vananservices.com**
**Website: www.vananservices.com**

# EXHIBIT 2-A

No. 25-2-00364-23

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

STATE OF WASHINGTON. D.O.C.,

June 5, 2025



The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office. IN WITNESS WHEREOF, I have hereunto set my hand and affix the seal of said court this 5 day of June , 20 25

CHARLES G. RHODES
County Clerk and Clerk of the Superior Court of the State of Washington, in and for the County of Mason.

By _Amber Landry_ , Deputy

**RECEIVED & FILED**
Mason County Clerk

JUN 0 5 2025

Superior Court of WA
Charles G. Rhodes

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF MASON

STATE OF WASHINGTON )
In re Mr. Kurt Benshoof )
        **Plaintiffs** )
         )
vs )
         )
         )
        **Defendants** )

NO. _25.2. 00364.23_

ORDER FOR WRIT DENIED

**IT IS HEREBY ORDERED:**
Writ is denied. Repeated filings previously denied

DATED THIS __5h__ DAY OF __June__ , 20 _25_.

DAVID STEVENS
JUDGE/COURT COMMISSIONER

Presented by:

_____
_____
(Signature)
_____
_____

(Signature)

# EXHIBIT 2-B

No. 25-2-00364-23

PETITION FOR WRIT OF HABEAS CORPUS

June 5, 2025

RECEIVED & FILED
MASON CO. CLERK

2025 JUN -5 PM 2:00

SUPERIOR COURT OF WA
CHARLES C. RHODES

BY_____DEPUTY

# CASE TYPE 2

## MASON COUNTY SUPERIOR COURT
### CASE INFORMATION COVER SHEET

`2 5 - 2 - 0 0 3 6 4 - 2 3`

**Case Number** _____  **Case Title** In Re Mr. Kurt A. Benshoof, Urve Maggitti v, Warden

**Attorney Name** Kurt Benshoof by Urve Maggitti  **Bar Membership Number** pro se

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.

*Updated 5-31-2024*  *Form*

**APPEAL/REVIEW**
____ Administrative Law Review  (ALR 2)
____ Appeal of a Department of Licensing Revocation (DOL 2)
____ Civil, Non-Traffic  (LCA 2)
____ Civil, Traffic  (LCI 2)

**CONTRACT/COMMERCIAL**
____ Breach of Contract  (COM 2)
____ Commercial Contract  (COM 2)
____ Commercial Non-Contract  (COL 2)
____ Contractor Bond Complaint  (COM 2)
____ Third Party Collection  (COL 2)

**PROTECTION ORDER**
____ Civil Protection Orders (CPO2)
____ Enforcement of Canadian Protection Order (ECP2)
____ Extreme Risk Protection Order (XRP 2)
____ Extreme Risk Prot. Order Under 18 (XRU 2)
____ Foreign Protection Order (FPO 2)

**JUDGMENT**
____ Abstract Only  (ABJ 2)
____ Foreign Judgment  (FJU 2)
____ Judgment, Another County  (ABJ 2)
____ Judgment, Another State  (FJU 2)
____ Tax Warrant  (TAX 2)
____ Transcript of Judgment  (TRJ 2)

**OTHER COMPLAINT/PETITION**
____ Abusive Litigation (ABL 2)
____ Action to Compel/Confirm Private Binding Arbitration (MSC 2)
____ Ballot Title  (BAT 2)
____ Change of Name  (CHN 2)
____ Petition for Certificate of Restoration of Opportunity  (CRP 2)
____ Deposit of Surplus Funds  (MSC 2)
____ Emancipation of Minor  (EOM 2)
____ Employment (EMP2)
____ Injunction  (INJ 2)
____ Interpleader  (MSC 2)
____ Malicious Harassment  (MHA 2)
____ Minor Settlement (No guardianship) (MST 2)
____ Petition for Civil Commitment (Sexual Predator)(PCC 2)
____ Property Damage-Gangs (PRG 2)
____ Prorate Fuel Tax Subpoena (PFT 2)

____ Restoration of Firearms Rights (RFR2)
____ Public Records Act (PRA 2)
____ Relief from Duty to Register (RDR2)
____ School District – Required Action Plan (SDR 2)
____ Seizure of Property from Commission of Crime (SPC 2)
____ Seizure of Property Resulting from a Crime  (SPR 2)
____ Subdivision Election Process Review (SER 2)
____ Subpoenas  (MSC 2)
____ Voter Election Law Review (VEP 2)
____ Water Rights Adjudication (WAT2)

**PROPERTY RIGHTS**
____ Condemnation  (CON 2)
____ Foreclosure  (FOR 2)
____ Land Use Petition (LUP 2)
____ Property Fairness (PFA 2)
____ Quiet Title  (QTI 2)
____ Unlawful Detainer  (UNL 2)

**TORT, MEDICAL MALPRACTICE**
____ Hospital (MED 2)
____ Medical Doctor (MED 2)
____ Other Health Care Professional  (MED 2)

**TORT, MOTOR VEHICLE**
____ Death  (TMV 2)
____ Non-Death Injuries (TMV 2)
____ Property Damage Only  (TMV 2)

**TORT, NON-MOTOR VEHICLE**
____ Asbestos  (PIN 2)
____ Consumer Protection Act (CPA2)
____ Other Malpractice  (MAL 2)
____ Personal Injury  (PIN 2)
____ Products Liability  (TTO 2)
____ Property Damage  (PRP 2)
____ Wrongful Death  (WDE 2)
____ Victims of Motor Vehicle Theft (VVT 2)

**WRIT**
X___ Habeas Corpus  (WHC 2)
____ Mandamus  (WRM 2)
____ Restitution  (WRR 2)
____ Review  (WRV 2)
____ Miscellaneous Writs (WMW 2)

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.**

_____

*Please Note:  Public information in court files and pleadings may be posted on a public Web site.*

## APPEAL/REVIEW

**Administrative Law Review**-Petition to the superior court for review of rulings made by state administrative agencies.

**Appeal of a Department of Licensing Revocation**-Appeal of a DOL revocation (RCW 46.20.308(9)).

**Lower Court Appeal-Civil**-An appeal for a civil case; excludes traffic infraction and criminal matters.

**Lower Court Appeal-Infractions**-An appeal for a traffic infraction matter.

## CONTRACT/COMMERCIAL

**Breach of Contract**-Complaint involving monetary dispute where a breach of contract is involved.

**Contractor Bond Complaint**-Complaint for claim against a contractor or subcontractor bond.

**Commercial Contract**-Complaint involving monetary dispute where a contract is involved.

**Commercial Non-Contract**-Complaint involving monetary dispute where no contract is involved.

**Third Party Collection**-Complaint involving a third party over a monetary dispute where no contract is involved.

## PROTECTION ORDER

**Civil Protection Orders**-Petition for protection order under Chapt. 7.105 RCW (eff. 7/1/2022)

**Enforcement of Canadian Protection Order**-Request for enforcement of Canadian PO under Chapt. 26.55 RCW (eff. 1/1/2020)

**Extreme Risk Protection Order**-Petition to restrict ownership, possession, custody or control of a firearm or concealed weapons permit.

**Extreme Risk Protection Order Under 18**-Petition to restrict access, possession, purchase, custody or control of a firearm by a minor.

**Foreign Protection Orders**-Any protection order of a court of the United States, or of any state, territory, or tribal land, which is entitled to full faith and credit in this state.

## JUDGMENT

**Abstract Only**-A certified copy of a judgment docket from another superior court, an appellate court, or a federal district court.

**Foreign Judgment**-Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.

**Judgment, Another County**-A certified copy of a judgment docket from another superior court within the state.

**Judgment, Another State**-Any judgment, decree, or order from another state, which is entitled to full faith and credit in this state.

**Tax Warrants** -A notice of assessment by a state agency creating a judgment/lien in the county in which it is filed. (Four types available.)

**Transcript of Judgment**-A certified copy of a judgment from a court of limited jurisdiction to a superior court in the same county.

## OTHER COMPLAINT/PETITION

**Abusive Litigation**- Request to restrict a current or former intimate partner party from filing abusive litigation for the purposes of harassing, intimidating, or maintaining contact with the other party.

**Ballot Title**-Action for review of the ballot title (RCW 29A.36.090).

**Petition for Certificate of Restoration of Opportunity**-Request for order that is intended to facilitate obtaining housing and employment (RCW 9.97.020).

**Change of Name**-Petition for a change of name. If change is confidential due to domestic violence/anti-harassment see case type 5 instead.

**Deposit of Surplus Funds**-Deposit of money or other item with the court.

**Emancipation of Minor**-Petition by a minor for a declaration of emancipation.

**Employment**-Complaints involving disputes between employer and employee. Includes whistleblower actions. Do not use for administrative law review of employment matters.

**Injunction**-Complaint/petition to require a person to do or refrain from doing a particular thing.

**Interpleader**-Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).

**Malicious Harassment**-Suit involving damages resulting from malicious harassment.

**Minor Settlements**-Petition for a court decision that an award to a minor is appropriate when no letters of guardianship are required (e.g., net settlement value $25,000 or less).

**Petition for Civil Commitment (Sexual Predator)**-Petition for the involuntary civil commitment of a person who 1) has been convicted of a sexually violent offense whose term of confinement is about to expire or has expired, 2) has been charged with a sexually violent offense and who has been determined to be incompetent to stand trial who is about to be released or has been released, or 3) has been found not guilty by reason of insanity of a sexually violent offense and who is about to be released or has been released, and it appears that the person may be a sexually violent predator.

**Property Damage-Gangs**-Complaint involving damage to property related to gang activity.

**Prorate Fuel Tax Subpoena**-Actions filed under Chapt. 82.42 RCW for ex parte orders for fuel tax collection violation investigation subpoenas.

**Public Records Act**-Actions filed under Chapt. 42.56. RCW.

**Relief from Duty to Register**-Civil action requesting relief from duty to register as a sex offender. Petition can address the registration obligation that arises from multiple cases. RCW 9A.44.142, 9A.44.143.

**Restoration of Firearms Rights**-Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047. (Eff. 9-2-2014)

**School District-Required Action Plan**-Petition filed requesting court selection of a required action plan proposal relating to school academic performance.

**Seizure of Property from the Commission of a Crime**-Seizure of personal property, which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.

**Seizure of Property Resulting from a Crime**-Seizure of tangible or intangible property, which is the direct or indirect result of a crime, from a defendant following criminal conviction (e.g., remuneration for, or contract interest in, a depiction or account of a crime).

**Subdivision Election Process Review**-Petition seeking court acknowledgement of compliance (RCW 29A.92).

**Subpoenas**-Petition for a subpoena.

**Voter Election Law Review**-Action filed by voters requesting review of Voting Rights Act (RCW 29A.92).

**Water Rights Adjudication**-Legal process to resolve conflict and competition of a water source. Court action requires involvement of the Wash. Dept. of Ecology. (Title 90 RCW). Use of this cause of action is limited by statute. Currently, only Whatcom County Superior Court accepts court filings related to water rights adjudication.

## PROPERTY RIGHTS

**Condemnation**-Complaint involving governmental taking of private property with payment, but not necessarily with consent.

**Foreclosure**-Complaint involving termination of ownership rights when mortgage or tax foreclosure is involved; ownership is not in question.

**Land Use Petition**-Petition for an expedited judicial review of a land use decision made by a local jurisdiction (RCW 36.70C.040).

**Property Fairness**-Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64 RCW.

**Quiet Title**-Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.

**Unlawful Detainer**-Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.

## TORT, MEDICAL MALPRACTICE

**Hospital**-Complaint involving injury or death resulting from a hospital.

**Medical Doctor**-Complaint involving injury or death resulting from a medical doctor.

**Other Health Care Professional**-Complaint involving injury or death resulting from a health care professional other than a medical doctor.

## TORT, MOTOR VEHICLE

**Death**-Complaint involving death resulting from an incident involving a motor vehicle.

**Non-Death Injuries** -Complaint involving non-death injuries resulting from an incident involving a motor vehicle.

**Property Damage Only**-Complaint involving only property damages resulting from an incident involving a motor vehicle.

## TORT, NON-MOTOR VEHICLE

**Asbestos**-Complaint alleging injury resulting from asbestos exposure.

**Consumer Protection Act**-Actions brought under the Consumer Protection Act. Can be initiated by the WA Attorney General or individuals, others.

**Other Malpractice**-Complaint involving injury resulting from other than professional medical treatment.

**Personal Injury**-Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.

**Products Liability**-Complaint involving injury resulting from a commercial product.

**Property Damages**-Complaint involving damage to real or personal property excluding motor vehicles.

**Victims of Motor Vehicle Theft**-Complaint filed by a victim of car theft to recover damages. (RCW 9A.56.078).

**Wrongful Death**-Complaint involving death resulting from other than professional medical treatment.

## WRIT

**Writ of Habeas Corpus**-Petition for a writ to bring a party before the court.

**Writ of Mandamus**-Petition for writ commanding performance of a particular act or duty.

**Writ of Restitution**-Petition for a writ restoring property or proceeds; not an unlawful detainer petition.

**Writ of Review**-Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.

**Miscellaneous Writs**

Kurt Alden Benshoof
Washington Corrections Center
D.O.C# 448305, R Units
P.O. Box 900
Shelton, WA 98584

RECEIVED & FILED
MASON CO. CLERK

2025 JUN -5 PM 2: 00

SUPERIOR COURT OF WA.
CHARLES G. RHODES

BY_____DEPUTY

## MASON COUNTY SUPERIOR COURT
## FOR THE STATE OF WASHINGTON

In Re Mr. Kurt A. Benshoof,
Urve Maggitti, *In her capacity as assis-*
*tant of counsel under Judiciary Act of*
*1789, 1 Stat. 73, 92.*
                            Petitioner

v.


Dean Mason, Superintendent/Warden,
                            Respondent

Case No.   **25-2-00364-23**

**PETITION FOR WRIT OF HABEAS CORPUS**

---

## PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW KURT A. BENSHOOF, with Urve Maggitti in her capacity as his assistant of counsel under Judiciary Act of 1789, 1 Stat. 73, 92[1], and states the following: I am currently re-strained in the custody of the Washington Department of Corrections, located in Mason County, Washington. I am acting pro se under Article IV, §6 of the Washington Constitution and RCW Chapter 7.36 and respectfully petitions this Honorable Court for writ of habeas corpus.

## INTRODUCTION

This writ of habeas corpus arises out of single issue: the violation of Petitioner's right to be charged by a court of competent jurisdiction under the due process clauses of the Fourteenth

---

[1] *Judiciary Act of 1789, 1 Stat. 73, 92, and Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975).*

1

amendment and Article 1 section 3 of the Washington State Constitution. The trial court had no jurisdiction to proceed subsequent to a Notice of Disqualification made in open court viva voce on September 13, 2024, when Petitioner had no access to writing materials, pen and paper; and in writing on

October 4, 2024 - after having temporarily obtained pen and paper- as detailed herein.

The cause of action is brought under Violation of RCW 4.12.050 and RCW 4.12.040. The trial court action to proceed after loss of jurisdiction has and continues to violate Petitioner's inherent, sacred and inviolable rights to equal protection under the laws, and the deprivation of his liberty.

### JURISDICTION, STANDING, VENUE

This Court has original jurisdiction to issue writs of habeas corpus pursuant to RCW Chapter 7.36 and Article IV, §6 of the Washington Constitution. RCW 7.36.040 provides that application for a writ shall be made to the superior court of the county in which the person is detained. Petitioner Kurt A. Benshoof is currently held at the Washington Corrections Center in Shelton, Mason County. This Court is the proper and exclusive forum.

Urve Maggitti additional "Petitioner" to the matter, who is joining this matter in the capacity as Petitioner Kurt Benshoof's assistant of counsel as allowed by Contractual relationship established by Petitioner through AFFIDAVIT, via the enumerated powers of assistant of counsel itself listed in Appendix I, and via the enumerated powers listed in the Section 35 of the Judiciary Act of 1789, Appendix M at 20, "*the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law*" 1 Stat. 73, 92 . See also *Faretta v. California*, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975). Under statutory construction there are three distinct ways parties may plead their causes: first, Personally/Pro Se, second, with assistance of counsel, or third with the assistance of an attorney at law. It is stated in the Disjunctive Cannon of statutory interpretation that the word "*or* creates alternatives." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 116 (2012). *Counsel and attorneys at law* are distinctly different from one another under the Disjunctive Cannon.

Petitioners brings this action as authorized by Washington Constitution Article 1 Section 13. HABEAS CORPUS: "*The privilege of the writ of habeas corpus shall not be suspended, unless in case of rebellion or invasion the public safety requires it.*"

2

Washington Constitution Article IV Section 6: *"Writs of habeas corpus, on petition by or on be[2]half of any person in actual custody in their respective counties."*

Including RCW 7.36.010[3] which states: *"Every person restrained of his or her liberty under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."*

This petition concerns the violation of Petitioner's due process under the Fourteenth amendment of the U.S. Constitution and Article I section 3 of the Washington State Constitution. It is grounded exclusively in the court of Suzanne Parisien acting in excess of jurisdiction. The legal claim is that no lawful judgment exists due to a jurisdictional defect triggered by RCW 4.12.050. Because jurisdiction never vested in the trial court after the judge was disqualified, Petitioner Benshoof's right to be ried in a court of competent jurisdiction under the due process clauses of both the U.S. Constitution and Washinton State Constitution have been irreparably and structurally violated. Consequently, Petitioner is currently being held under color of authority and excess of juridiction in violation Petitioner's due process rights that has no legal foundation.

Accordingly, this Court has both subject matter jurisdiction and territorial venue to issue the writ, evaluate the legal cause of restraint, and determine whether the judgment underlying that restraint is void.

### PARTIES BY WHOM THE PETITIONER IS RESTRAINED OF HIS LIBERTY, AND THE PLACE WHERE[4]

At all times material to this petition for writ of habeas corpus, Kurt A. Benshoof, Petitioner, is in unlawful custody in Shelton, Washington at the time of the injury.

At all times material to this petition for writ of habeas corpus, Urve Maggitti, in her capacity as his assistant of counsel under Judiciary Act of 1789, 1 Stat. 73, 92 , resided in Berwyn, Pennsylvania, at the time of the injury, and is an assistant of counsel under Judiciary Act of 1789, 1 Stat. 73, 92 issued by Kurt Benshoof (See Appendix I).

At all times material to this this petition for writ of habeas corpus Superintendent/Warden

---

[2] Petitioner was
[3] https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.010&pdf=true
[4] RCW 7.36.030 Petition—Contents. https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.030&pdf=true

1   of the Washington Department of Corrections, Mr. Dean Mason, has been duly employed by
2   Washington Department of Corrections, in Shelton, in the County of Mason located in the State of
3   Washington.

        At all times material to this this petition for writ of habeas corpus Superintendent/Warden
4   of the Washington Department of Corrections, Mr. Dean Mason, is restraining the rights and
5   liberties of Petitioner Kurt Benshoof under the order of King County Superior Court judge,
6   Suzanne R. Parisien, who presided over the Case No. 24-1-02680-7 SEA, without having any juris-
7   diction, in violation of the Fourteenth amendment and Article 1 section 3 of the Washington state
8   Constitution.

9
## I. PRELIMINARY STATEMENT
10
        This petition for writ of habeas corpus is filed under RCW 7.36.010[5] and seeks immediate
12  judicial review on single issue only: did the trial judge have jurisdiction to proceed following the
13  statutory disqualification of the presiding judge pursuant to RCW 4.12.050?
14
        The fact that Petitioner BENSHOOF is innocent of all charges is not before this court. The con-
15  stitutional violations at trial are not before this court. This is not a collateral attack on a criminal
16  conviction. This is not petition for appellate review.
17
        The only question before this court is whether or not the trial court had jurisdiction to proceed
18  subsequent to the notice given on October 4, 2024, of the Notice of Disqualification as detailed
19  herein.
20      Petitioner BENSHOOF alleges that all proceedings resulting in Petitioner's confinement oc-
21  curred after the trial judge, Suzanne R. Parisien, was disqualified by statute under RCW 4.12.050.
22  Once the disqualification was timely filed and entered on the record, the judge lacked jurisdiction
23  to proceed further under RCW 4.12.040. No transfer to a qualified judge occurred. All subsequent
    actions, including the trial, verdict, and sentence, were therefore taken in excess of jurisdiction and
24  are void as they are in violation of Petitioner's due process rights.
25      Washington law recognizes that where a statutory disqualification is properly invoked, judicial
26  authority immediately ceases. A judgment issued without jurisdiction is a legal nullity as it is a vio-
27  lation of due process. RCW 7.36.010 allows any person restrained of liberty "under any pretense

28  _____
    [5] https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.010

whatever" to apply for a writ of habeas corpus. RCW 7.36.040 [6] requires that the writ be granted without delay.

This petition raises no constitutional claims and does not seek discretionary relief. The restraint of Petitioner BENSHOOF results from a void judgment issued by a judge who lacked authority to act. Habeas relief is mandatory under Washington law where no lawful cause supports continued detention.

There is no legal cause for the restraint of Petitioner BENSHOOF in the custody of Washington Department of Corrections nor for the continuation thereof, therefore this Honorable Court must issue the writ as per RCW 7.36.120 [7] and discharge the Petitioner BENSHOOF from the custody of Washington Department of Corrections.

Should the Honorable Court or judge thereupon proceed in a summary way to hear and determine the cause, the Petitioner BENSHOOF is entitled to a full plenary hearing.

"In *Townsend v. Sain*, Supra, the Supreme Court held that petitioner was entitled to a plenary hearing to determine whether or not the allegations advanced in his petition were true, and whether he was being illegally confined." *Little v. Rhay*, 8 Wash. App. 725, 730, 509 P.2d 92, 95 (1973). This principle was affirmed in *Scruggs v. Rhay*, where the Washington Supreme Court remanded the case to the trial court for a full factual hearing, allowing the petitioner to call witnesses and produce evidence in support of his claims. (*Scruggs v. Rhay*, 70 Wash.2d 755 (1967)).

The trial court clearly did not have the jurisdiction to proceed and that is a matter of public record. This court must issue the writ to release Petitioner BENSHOOF from the custody of the Washington Department of Corrections.

## II. THE CAUSE OR PRETENSE OF THE RESTRAINT ACCORDING TO THE BEST OF THE KNOWLEDGE AND BELIEF OF THE APPLICANT[8]

---

[6] https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.040
[7] https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.120
[8] RCW 7.36.030 Petition—Contents. https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.030&pdf=true

Petitioner KURT BENSHOOF is currently unlawfully restrained in his liberty since he was sentenced on February 24, 2025, taken into custody, and is currently held in Washington Corrections Center , Shelton, WA 98584, located in Mason County Washington State. Petitioner is currently in the process of serving a 11 year service, see appendix C and D, imposed by Judge Parisien who was disqualified pursuant to RCW 4.12.050 on October 4, 2024. Judge Parisien officially began presiding over Case No. 24-1-02680-7 SEA on September 6, 2024. Between September 6th and October 4th, Parisien made no discretionary rulings outside the definitions of RCW 4.12.050(2). Petitioner has also been relieved of his right to vote, to possess a firearm, and has had his speech limited. See Appendix B, E, and F.

### III. GROUNDS FOR HABEAS CORPUS: JUDICIAL DISQUALIFICATION AS JURISDICTIONAL DEFECT

Petitioner seeks issuance of a writ of habeas corpus pursuant to RCW 7.36.010, on the ground that Petitioner Benshoof is restrained of his liberty under color of a judgment rendered without lawful jurisdiction in violation of Petitioner's right to due process under both the U.S. and Washington State Constitutions. The presiding judge in the criminal trial, the Hon. Suzanne R. Parisien of King County Superior Court, was statutorily disqualified viva voce in open court on September 13, 2024 and again on October 4, 2024, in open court viva voce and in writing under RCW 4.12.050. From that moment forward, she lacked authority to proceed in any manner in the case.

#### A. Statutory Disqualification Is Immediate and Mandatory

Pursuant to RCW 4.12.050(1)[9] , "[a]ny party to or any attorney appearing in any action or proceeding in a superior court may disqualify a judge from hearing the matter, subject to [the limitation that the] Notice of Disqualification must be filed and called to the attention of the judge before the judge has made any discretionary ruling in the case."

RCW 4.12.050 provides that a party may disqualify a superior court judge by timely notice before the judge makes a discretionary ruling. Once that notice is filed and brought to the court's attention, disqualification is automatic and non-discretionary.

---

[9] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.050

6

In compliance of the aforementioned RCW, Petitioner Benshoof promptly filed and disqualified Judge Parisien, depriving her of all authority and jurisdiction to continue with this case. As recognized in *State v. Cockrell*, "[o]nce a party timely complies with the terms of these statutes, '...the judge to whom it is directed is divested of authority to proceed further into the merits of the action.' Under the plain wording of the rule, *the judge loses all jurisdiction over the case*." 102 Wash. 2D 561, 565 689 P.2d 32, 35 (1984) (emphasis added).

RCW 4.12.040(1)[10] makes clear that a disqualified judge is prohibited from further participation: "No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050." (Emphasis added).

Judge Suzanne R. Parisien was disqualified on October 4th, 2024 meaning that Judge Parisien's court had no subject matter jurisdiction to hear any further hearings post October 4th, 2024.

The same statute imposes an affirmative duty on the court to reassign the case, RCW 4.12.040(1) further states that "the presiding judge in judicial districts where there is more than one judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court." (Emphasis added). No transfer occurred, conversely disqualified Judge Parisien violated the mandate of RCW 4.12.040(1) and continued to preside, ultimately conducting the trial, issuing judgment, and imposing sentence—all in violation of the above statutory mandates dictated by the Washington state legislature. these acts are in violation of Petitioner's rights under the federal and state constitutions' due process clauses to be tried in a court of competent Jurisdiction.

"[A] judgment entered without subject matter jurisdiction is void. *In Re Marriage of Ortiz*, 108 Wash.2d 643, 649–50, 740 P.2d 843 (1987). Such a judgment must be vacated even if the party actively participated in the lawsuit, because lack of subject matter jurisdiction is not subject to waiver. *Skagit Surveyors & Engineers, L.L.C. v. Friends of Skagit County*, 135 Wash.2d 542, 556, 958 P.2d 962 (1998). Even a party who stipulates to venue in a 'wrong' county can obtain a dismissal if dissatisfied with the outcome of the trial, because subject matter jurisdiction cannot be stipulated. *Barnett v. Hicks*, 119 Wash.2d 151, 161, 829 P.2d 1087 (1992)." *Shoop v. Kittitas County*, 108 Wash.App. 388, 398 (2001). Because the Court of Judge Parisien lacked jurisdiction

---

[10] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.040

upon her disqualification, all orders issued by Judge Parisien are void ab initio post October 4th 2024 because of their conflict with the due process rights of the petitioner.

### B. Jurisdiction Was Absent; All Post-Disqualification Acts Are Void

The Washington Supreme Court has consistently held that disqualification under RCW 4.12.050 divests the court of jurisdiction to proceed. In *State v. Cockrell*, 102 Wn.2d 561, 565 (1984), the Court explained: "Once a party timely complies with the terms of these statutes... the judge to whom it is directed is divested of authority to proceed further into the merits of the action."

Likewise, in *Shoop v. Kittitas County*, 108 Wn. App. 388, 398 (2001), the Court of Appeals held: "A judgment entered without subject matter jurisdiction is void... Lack of subject matter jurisdiction is not subject to waiver."

Where, as here, the statutory condition of disqualification was satisfied and the required transfer never occurred, any further action by the judge is ultra vires. The trial proceedings and resulting judgment are void ab initio. That defect is jurisdictional—not procedural—and renders the confinement in Washington Department of Corrections unlawful.

### C. Habeas Is the Proper and Exclusive Remedy

The nature of the defect here is not appealable error but structural invalidity. The trial court was divested of all jurisdiction when RCW 4.12.050 was properly invoked. No collateral process can retroactively cure a void judgment.

Where a man is not a free man in the commonly accepted sense, where he is in custody, he falls within the reach of habeas corpus relief. *Jones v. Cunningham,* 371 U.S. 236, 9 L.Ed.2d 285, 83 S.Ct. 373, 92 A.L.R.2d 675 (1963).

As recognized in *In re Marriage of Ortiz*, 108 Wn.2d 643, 649–50 (1987), and *Scruggs v. Rhay*, 70 Wn.2d 755 (1967), habeas corpus remains the proper mechanism for testing whether a person is restrained under legal authority. Where jurisdiction is entirely absent, no other process is adequate or required.

### IV. Statement of Facts

1.  On September 13, 2024, during open court proceedings in King County Superior Court Case No. 24-1-02680-7 SEA, Petitioner Kurt A. Benshoof gave oral notice of disqualification to the presiding judge, Suzanne R. Parisien. [11]

2.  On October 4, 2024, during open court proceedings in King County Superior Court Case No. 24-1-02680-7 SEA, Petitioner Kurt A. Benshoof gave oral notice of disqualification under RCW 4.12.050 to the presiding judge, Suzanne R. Parisien.

3.  That same day, Petitioner Benshoof delivered a handwritten disqualification notice to the courtroom bailiff. Although the bailiff declined to accept the document, Petitioner Benshoof's friend —acting as assistant of counsel—filed the written notice into the official court record as Docket Entry #105.

4.  As of September 13, 2024, and October 4, 2024, Judge Parisien had not issued any discretionary rulings in the case that would bar disqualification under RCW 4.12.050. The notice was therefore timely and effective under the statute.

5.  RCW 4.12.040(1) required that the matter be immediately reassigned to another department or judge. No such transfer or reassignment occurred.

6.  Judge Parisien continued to preside over the proceedings in violation of the disqualification statutes, ultimately conducting the trial, entering a judgment of conviction, and imposing sentence on April 11, 2025.

7.  On that date, Petitioner Benshoof was taken into state custody and eventually transferred to the Washington Corrections Center, Shelton, WA 98584, located in Mason County, where he remains confined as of the date of this petition.

8.  The conviction and commitment order under which Petitioner Benshoof is restrained were entered by a judge who, by statute, lacked authority to act after September 13, 2024, and October 4, 2024. No lawful judgment was rendered by a court of competent jurisdiction.

### V. THE RESTRAINT IS ALLEGED TO BE ILLEGAL, LEGAL ARGUMENT IN WHAT THE ILLEGALITY CONSISTS. [12]

---

[11] See Appendix J

[12] RCW 7.36.030 Petition—Contents. https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.030&pdf=true

9

## A. RCW 4.12.050 Creates a Mandatory Jurisdictional Bar

RCW 4.12.050 allows a party to disqualify a superior court judge by timely notice prior to the issuance of any discretionary ruling. When such notice is filed and brought to the attention of the court, the judge is immediately disqualified by operation of law.

In this case, notice was properly and timely noted viva voce in open court on September 13, 2024, and filed on October 4, 2024. No discretionary ruling had been made. The disqualification was therefore complete and automatic under RCW 4.12.050(1).

RCW 4.12.040(1) imposes a corresponding duty: "No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050."

Judge Parisien was required to step down and the case was required to be reassigned due to the divestiture of the courts Jurisdiction. That did not occur. The court proceeded in violation of the requirements of due process, and all further action taken in the case was outside of lawful judicial authority in excess of the Courts Jurisdiction.

## B. Washington Courts Treat Such Proceedings as Void

The Washington Supreme Court has been unequivocal: disqualification under RCW 4.12.050 removes the court's power to act. In *State v. Cockrell*, 102 Wn.2d 561, 565 (1984), the Court held: "Once a party timely complies with the terms of these statutes… the judge to whom it is directed is divested of authority to proceed further into the merits of the action."

In *Shoop v. Kittitas County*, 108 Wn. App. 388, 398 (2001), the Court reiterated: "A judgment entered without subject matter jurisdiction is void… Lack of subject matter jurisdiction is not subject to waiver."

"Those coming before the court have a fundamental right to an impartial decision-maker. Marshall v. Jerrico, Inc., 446 U.S. 238, 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980) (citing *Carey v. Piphus*, 435 U.S. 247, 259-62, 266-67, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978); *Mathews v. Eldridge*, 424 U.S. 319, 348-49, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), and quoting *Joint Anti-Fascist Comm. v. McGrath,* 341 U.S. 123, 172, 71 S. Ct. 624, 95 L. Ed. 817 (1951) (Frankfurter, J., concurring)). To protect this fundamental right, Washington statutes liberally allow litigants to disqualify

10

a judge assigned to their case without establishing actual prejudice" <u>Godfrey v. Ste. Michelle Wine</u> <u>Ests. Ltd.</u> 194 Wash. 2d 957, 959, 453 P.3d 992, 993 (2019)

"When a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning. *Meese y. Keene*, 481 U.S. 465, 484- 485 (1987) ("It is axiomatic that the statutory definition of the term excludes unstated meanings of that term"); *Colautti v. Franklin*, 439 U.S., at 392-393, n. 10 ("As a rule, 'a definition which declares what a term "means" ... excludes any meaning that is not stated'"); *Western Union Telegraph Co. v. Lenroot* , 323 U.S, 490, 502 (1945); *Fox v. Standard Oil Co. of N J.*, 294 U.S. 87, 95-96 (1935) (Cardozo, J.); see also 2AN. Singer, Sutherland on Statutes and Statutory Construction§ 47.07, p. 152, and n. 10 (5th ed. 1992) (collecting cases). That is to say, the statute, read "as a whole," post, at 998 ( Thomas, J., dissenting), leads the reader to a definition." *Stenberg v. Carhart* , 530 U.S. 914, 942-43 (2000).

"In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988).

"These Words cannot be meaningless, else they would not have been used," in other words, *Verba cum effectu sunt accipienda. United States v. Butler*, 297 U.S. 1, 65 (1936); Ulpian, Digest 2.7.5.2 ("words are to be taken as having an effect."); *See also Sturges v. Crowninshield*, 17 U.S. 122, 202 4 L. Ed. 529 (1819) ("It would be dangerous in the extreme, to infer from extrinsic cir-cumstances, that a case for which the words of an instrument expressly provide, shall be exempted from its operation.").

As stated by the court of *Flora v. United States*, grammar is an indicator of meaning: "[t]his court does not review congressional enactments as a panel of grammarians; but neither do we re-gard ordinary principles of English prose as irrelevant to a construction of those enactments." 362 U.S. 145, 150 (1960).

Accordingly, the conviction and sentence imposed by Judge Parisien were rendered with-out jurisdiction in violation of Petitioner's Fourteenth amendment and Article I section 3 rights guranteed by the U.S and Washington State Constitutions. The judgment is a legal nullity in ex-cess of jurisdiction and cannot serve as a lawful basis for confinement.

11

**C. The Acts in Excess of Jurisdiction by Judge Parisien have Violated Petitioners Consttutional Right to a Court of Competent Jurisdiction.**

The actions undertaken by Judge Parisien in excess of Jurisdiction violated both the Substantive and procedural due process of the Petitioner. By acting outside of her jurisdiction after her disqualification, Petitioner was deprived of the procedural right to be before a court of competent Jurisdiction and by said court enforcing a Judgement in excess of Jurisdiction, Petitioner's substantive due process rights were violated through the restraint presented to this Court. Additionally, the acts in excess of Jurisdiction have violated Petitioner's rights under the Sixth amendment and Article I section 22.

"In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attendance of witnesses in his own behalf, *to have a speedy public trial by an impartial jury of the county in which the offense is charged to have been committed and the right to appeal in all cases:* Provided, The route traversed by any railway coach, train or public conveyance, and the water traversed by any boat shall be criminal districts; and the jurisdiction of all public offenses committed on any such railway car, coach, train, boat or other public conveyance, or at any station or depot upon such route, shall be in any county through which the said car, coach, train, boat or other public conveyance may pass during the trip or voyage, or in which the trip or voyage may begin or terminate. In no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed." Wash Const. Art I § 22 (Emphasis added)

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, *by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law,* and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense." U.S. Const. Amend. VI (Emphasis added)

Both respective rights also determine that the accused defendant has the right to be tried in a court of competent jurisdiction in criminal proceedings as they both make it clear that specific courts have Jurisdiction for such criminal proceedings depending on the origin of the crime.

12

As found by the court of *State v. Martin*, Article I section 22 of the Washington State constitution grants more expansive rights than that of the Sixth amendment. 171 Wash. 2d 521, 533, 252 P.3d 872 (2011)

**D. Habeas Relief Must Issue When No Legal Cause Exists**

RCW 7.36.010 authorizes the issuance of a writ of habeas corpus where any person is restrained "under any pretense whatever." RCW 7.36.040 requires that the writ "shall be granted without delay" when application is made to the superior court of the county where the person is detained.

Petitioner Benshoof is confined in Washington Department of Corrections under the authority of a judgment rendered by a judge who, by law, was divested of all jurisdiction to hear the matter. Contrary to the due process rights of the petitioner, no case reassignment occurred. No lawful judgment issued. There is no legal cause for his restraint within the meaning of RCW 7.36.120.

In *In re Marriage of Ortiz*, 108 Wn.2d 643, 649–50 (1987), and *Scruggs v. Rhay*, 70 Wn.2d 755 (1967), the courts made clear that where jurisdiction is lacking, habeas relief is both proper and required. There is no statutory basis for continued detention in Washington Department of Corrections once jurisdiction is absent.

The habeas corpus jurisprudence reinforces that where a person's confinement is premised on a void judgment, habeas is not only proper but mandatory. In a recent per curiam opinion, the U.S. Supreme Court reaffirmed that:

"statute which largely "'preclude[s] judicial review,'" *Ludecke v. Watkins*, 335 U. S. 160, 163–164, (1948), must be brought in habeas. *Cf. Heikkila v. Barber*, 345 U. S. 229, 234–235 (1953) (holding that habeas was the only cause of action available to challenge deportation under immigration statutes that "preclud[ed] judicial intervention" beyond what was necessary to vindicate due process rights). Regardless of whether the detainees formally request release from confinement, because their claims for relief "'necessarily imply the invalidity' " of their confinement and removal under the AEA, their claims fall within the "core" of the writ of habeas corpus and thus must be brought in habeas. *Cf. Nance v. Ward*, 597 U. S. 159, 167 (2022) (quoting H*eck v. Humphrey,* 512 U. S. 477, 487 (1994)). And "immediate physical release [is not] the only remedy under the federal writ of habeas corpus." *Peyton v. Rowe*, 391 U. S. 54, 67 (1968); see, e.g.,

13

Nance, 597 U. S., at 167 (explaining that a capital prisoner may seek "to overturn his death sentence" in habeas by "analog[y]" to seeking release); *In re Bonner*, 151 U. S. 242, 254, 259 (1894). For "core habeas petitions," "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U. S. 426, 443 (2004)."

This exact passage was quoted by the U.S. Supreme Court in Donald J. Trump, President of the United States, et al. v. J.G.G., et al., No. 24A931, decided April 7, 2025. See Cite as: 604 U. S. ____ (2025) (Per Curiam).[13]

In the present case, Petitioner Benshoof's confinement arises from proceedings conducted by a judge who had no lawful authority to act following her statutory disqualification. Regardless of whether Benshoof formally pleads for release or requests alternative relief, the challenge necessarily implies the invalidity of the underlying judgment and restraint. Such claims strike at the "core" of habeas corpus protection under both state and federal principles.

Where jurisdiction is absent and the judgment is void, habeas corpus is the only remedy sufficient to test the legality of confinement.

This petition does not challenge the merits of the conviction, does not raise evidentiary issues, nor seek a retrial. It challenges the absence of lawful authority to enter a judgment in the first place.

## VI. Judicial Notice

Petitioners respectfully respectfully moves this Honorable Court for Judicial Notice under RCW 5.24.010[14] and Washing-ton State Court Rules: Rules of Evidence ER 201.[15]

**RCW 5.24.010**
**Judicial notice of Constitution and laws.**
Every court of this state shall take judicial notice of the Constitution, common law, civil law, and statutes of every state, territory and other jurisdiction of the United States.

**Washington State Court Rules: Rules of Evidence ER 201**:
**(a) Kinds of Facts.**
Under the rule, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either[:]

---

[13] https://www.supremecourt.gov/opinions/24pdf/24a931_2c83.pdf
[14] https://app.leg.wa.gov/rcw/default.aspx?cite=5.24.010
[15] https://www.courts.wa.gov/court_rules/pdf/ER/GA_ER_02_01_00.pdf

(1) generally known within the territorial jurisdiction of the trial court or
(2) capable of accurate and ready determination by resort to sources whose accuracy can not reasonably be questioned.

**(b) When Discretionary.**
The "court MAY take judicial notice, whether requested or not."

**(c) When Mandatory.**
However, a court MUST "take judicial notice if requested by a party and supplied with the necessary information."

**(d) Opportunity To Be Heard.**
In any event: "A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken."

**(e) Timing of Taking Notice**.
"Judicial notice may be taken at any stage of the proceeding."

This court pursuant to RCW 5.24.010 shall Judicially notice:

- 24-1-02680-7 42 09/09/2024 Order of Preassignment [Certified Copy], Appendix K-1.

- 24-1-02680-7 45 09/13/2024 Minutes. [Certified Copy], Appendix K-2.

- 24-1-02680-7 50 09/13/2024 Order for Continuance of Omnibus Hearing and Trial Date. [Certified Copy], Appendix K-3.

- RCW 4.12.050,[16] Appendix K-5.

- That the language of RCW 4.12.050(1) [17], "[a]ny party to or any attorney appearing in any action or proceeding in a superior court may disqualify a judge from hearing the matter, subject to [the limitation that the] Notice of Disqualification must be filed and called to the attention of the judge before the judge has made any discretionary ruling in the case."

- RCW 4.12.040,[18] Appendix K-6.

- That the language of RCW 4.12.040[19] : " RCW 4.12.040(1) imposes a corresponding duty: "No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050." Appendix 6: RCW 4.12.040

---

[16] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.050
[17] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.050
[18] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.040
[19] https://app.leg.wa.gov/rcw/default.aspx?cite=4.12.040

1

2          This court pursuant to ER 201 shall Judicially notice: Court Docket 24-1-02680-7, Ap-

3     pendix K-4. For it is "capable of accurate and ready determination by resort to sources whose

4     accuracy cannot reasonably be questioned" WA ER 201.

5

6          "In ascertaining the plain meaning of the statute, the court must look to the particular

7     statu-tory language at issue, as well as the language and design of the statute as a whole." K Mart

8     Corp. v. Cartier, inc., 486 U.S. 281, 291 (1988).

9

                        **VII.  EVIDENCE UPON WHICH MOVANT RELIES**
10

12                                **APPENDIX LIST**

              Petitioners rely upon the following:
13

14     1. Appendix A: Notice of Disqualification, Docket No. 105

15     2. Appendix B: Notice of Ineligibility to Possess a Firearm, Docket No. 183

16     3. Appendix C: Felony Judgment and Sentence, Docket No. 184

17     4. Appendix D: Judgment and Sentence, Docket No. 185

18     5. Appendix E: Notice of Ineligibility to Possess a Firearm and Loss of right to vote,

              Docket No. 186
19
       6. Appendix F: No Contact Order, Docket No. 189
20
       7. Appendix G: Order to surrender and Prohibit Weapons
21
       8. Appendix H: Incarcerated Search for Plaintiff Kurt Benshoof via Washington Depart -
22
              ment of Corrections. Accessible via https://doc.wa.gov/information/inmate-search/d
23
              fault.aspx
24
       9. Prison contact page hosted by Washington Department of Corrections. Accessible via
25
              https://doc.wa.gov/corrections/incarceration/prisons/contact.htm#wcc
26
       10. Appendix I: Affidavit {Kurt Assistant of Counsel}
27
       11. Appendix J: Verified Affidavit by Urve Maggitti
28
       12. Appendix K-1 thru K-6: Judicial Notice exhibits

       13. Appendix K-1:  24-1-02680-7 42 09/09/2024 Order of Preassignment  [Certified Copy]

       14. Appendix K-2:  24-1-02680-7 45 09/13/2024 Minutes. [Certified Copy]

                                        16

15. Appendix K-3: 24-1-02680-7 50 09/13/2024 Order for Continuance of Omnibus Hearing and Trial Date. [Certified Copy]

16. Appendix K-4: Court Docket 24-1-02680-7

17. Appendix K-5: RCW 4.12.050

18. Appendix K-6: RCW 4.12.040

19. Appendix L: Transcript of Hearing on September 13, 2024.

20. Appendix M: Judiciary Act of 1789, First Congress, Session 1, Chapter 20, 1789

## VI. Prayer for Relief

WHEREFORE, Petitioners respectfully request that this Court:

1. Issue a writ of habeas corpus pursuant to RCW 7.36.010 and RCW 7.36.040, commanding Respondent to produce the body of Petitioner Kurt A. Benshoof and to show legal cause for his continued detention;

2. Order the immediate release of Petitioner Benshoof from the custody in Washington Department of Corrections on the grounds that no lawful commitment has been made under the laws of the State of Washington;

3. Alternatively, if the Court determines that factual disputed issue exists regarding the actions in excess of juridicion in violation of the Petitioners due Process rights under the fourteenth amendment and Article I section 3, in reference to the divesture of jurisdiction by disqualification, that the court then set the matter for a full plenary hearing pursuant to *Scruggs v. Rhay*, 70 Wn.2d 755 (1967).

4. Petitioner also moves the court to allow for amendment for any potential defect therein as per RCW 7.36.240[20] which states: "And no writ or other process shall be disregarded for any defect therein, if enough is shown to notify the officer or person of the purport of the process. Amendments may be allowed and temporary commitments when necessary."

## **VERIFICATION**

---

[20] https://app.leg.wa.gov/RCW/default.aspx?cite=7.36.240&pdf=true

1    I, KURT BENSHOOF and URVE MAGGITTI, do hereby declare that the foregoing facts

2    are true and correct to the best of my knowledge, under penalty of perjury of the laws of the

3    United States. Signed this 5th day of June, 2025, in the City of Shelton in the County of Mason in

4    the State of Washington.

5

6

7

8    Kurt Alden Benshoof, *Pro Se*

9    Washington Corrections Center
     D.O.C# 448305, R Units

10   P.O. Box 900
     Shelton, WA98584

12

13

14

15   Urve Maggitti, *Assistant of Counsel,*
     *Pro Se*

16   urve.maggitti@gmail.com

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3

4

MASON COUNTY CLERK
419 N. 4th Street
Shelton WA 98584
(360) 427-9670 ext. 346

5

6

7

Dean Mason, Superintendent/Warden
Washington Department of Corrections
2321 West Dayton Airport Road
Shelton, WA 98584

8

9

10

7345 Linderson Way SW
Tumwater, WA 98501
(360) 725-8213
docwccllo@doc.wa.gov

12

13

<u>Alternative Address</u>:
Washington Corrections Center
PO Box 900, Shelton, WA 98584

14

15

16

17

ATTORNEY GENERAL, Washington State
serviceATG@atg.wa.gov.[21]
1125 Washington St SE
PO Box 40100
Olympia, WA 98504
360-753-6200

18

19

20

21

22

23

24

25

26

27

28

---

[21] https://www.atg.wa.gov/electronic-service-original-summons-complaint

# APPENDIX A

Case Number: 24-1-02680-7
Date: May 22, 2025
Serial ID: 25-098949-8990648W0E
Certified By: Catherine Cornwall
King County Clerk, Washington

**FILED**
2024 OCT 04
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 24-1-02680-7 SEA

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

Kurt A. Benshoof,
Defendant **Petitioner,**

**vs.**

State of Washington,
Plaintiff **Respondent.**

NO. 24-1-026807-SEA

_____ Photos

_____ Report _____

_____ Social Media Messages (SOM)/ Text Messages

_____ Statement/Declaration of _____

_____ Correspondence (CRRSP)

_____ Emails (EMAIL)
_____ Letter (LTR)

✓ Other _Two Notices of Disqualification_
_submitted to, but not accepted by, Judge_
_Parisien, 10/4/24, AM Calendar_

Submitted by: _Jason T. Colberg_    ☐ Petitioner ☐ Respondent ☒ Other
_Jason Colberg_    _Court Observer_

Rev 6.24

IN THE SUPERIOR COURT OF
KING COUNTY,
IN THE STATE OF WASHINGTON

STATE OF WASHINGTON,
Plaintiff,

v.

Kurt A. Benshoof,
Defendant.

No. 24-1-02680-7 SEA

NOTICE OF DISQUALIFICATION

TO: THE CLERK OF COURT

Kurt A. Benshoof gives notice to the Court and all named parties that, pursuant to RCW 4.12.050, Judge Suzanne Parisien is disqualified from Case No. 24-1-02680-7 SEA.

Benshoof has not previously disqualified any judge in this matter. Benshoof avers the foregoing this third day of October, 2024, in Seattle, Washington.

Kurt Benshoof
Kurt Benshoof, Pro se

PAGE 1 OF 1

IN THE SUPERIOR COURT OF
KING COUNTY
IN THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, Plaintiff, v. Kurt A. Benshoof, Defendant. | No. 24-1-02680-7 SEA NOTICE OF DISQUALIFICATION |

TO: THE CLERK OF COURT AND ALL NAMED PARTIES

Defendant Kurt A. Benshoof ("Benshoof") gives notice that, pursuant to RCW 4.12.050, Judge Suzanne Parisien is disqualified from this case.

Benshoof has not previously disqualified any judge or commissioner in this case.

Dated this third day of October, 2024.

_Kurt A. Benshoof_
Kurt A. Benshoof, pro se

PAGE 1 OF 1

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 22, 2025 |
| Serial ID: | 25-098949-8990648W0E |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **25-098949-8990648W0E**

This document contains 3 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX B

Case Number: 24-1-02680-7
Date: May 30, 2025
Serial ID: 25-103884-9056335A5Y
Certified By: Catherine Cornwall
King County Clerk, Washington

**FILED**
KING COUNTY, WASHINGTON

APR 1 1 2025

SUPERIOR COURT CLERK
BY Rebecca Gardner
DEPUTY

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| STATE OF WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | No. 24-1-02680-7 SEA |
| ) | |
| vs. ) | NOTICE OF INELIGIBILITY TO |
| ) | POSSESS FIREARM |
| ) | |
| KURT ALDEN BENSHOOF, ) | |
| ) | |
| Defendant. ) | |

Pursuant to RCW 9.41.047, **you are not permitted to possess a firearm** until your right to do so is restored by a court of record. You are further notified that you must immediately surrender any concealed pistol license.

Date: _____4.11.25_____

_____
Judge, King County Superior Court

_____
DEFENDANT

FIREARM AND VOTING RIGHTS NOTICE
Revised 2/9/21

Case Number: 24-1-02680-7
Date: May 30, 2025
Serial ID: 25-103884-9056335A5Y
Certified By: Catherine Cornwall
King County Clerk, Washington

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.





Catherine Cornwall, King County Clerk

**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID: **25-103884-9056335A5Y**

This document contains 1 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX C

Case Number: 24-1-02680-7
Date: May 30, 2025
Serial ID: 25-103884-9056336E4F
Certified By: Catherine Cornwall
King County Clerk, Washington



**FILED**
KING COUNTY, WASHINGTON

APR 1 1 2025

SUPERIOR COURT CLERK
BY Rebecca Gardner
DEPUTY

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,       )
                                            )
             Plaintiff,       )       No. 24-1-02680-7 SEA
                                            )
      vs.                )       **JUDGMENT AND SENTENCE**
                                            )       **FELONY (FJS)**
KURT ALDEN BENSHOOF,       )
                                            )
             Defendant.       )
                                            )

### I. HEARING

I.1  The defendant, the defendant's lawyer, Jack Edward Ambrose, and the deputy prosecuting attorney were present at the sentencing hearing conducted today. Others present were: _____ _____ _____

### II. FINDINGS

There being no reason why judgment should not be pronounced, the court **finds**:
2.1  **CURRENT OFFENSE(S)**: The defendant was found guilty on 03/11/2025 by Jury Verdict of:

Count No.: 1   Crime: Felony Stalking
RCW: 9A.46.110(1), (5)(b)                    Crime Code: 02230
Date of Crime: 11/03/2021 through 07/08/2024

☐ Additional current offenses are attached in **Appendix A**

Rev. 6/20/23                                                  1

**SPECIAL VERDICT or FINDING(S):**

(a) ☐ While armed with a **firearm** in count(s) _____ RCW 9.94A.533(3).

(b) ☐ While armed with a **deadly weapon** other than a firearm in count(s) _____ RCW 9.94A.533(4).

(c) ☐ With a **sexual motivation** in count(s) _____ RCW 9.94A.835.

(d) ☐ A V.U.C.S.A offense committed in a **protected zone** in count(s) _____ RCW 69.50.435.

(e) ☐ **Vehicular homicide** ☐ Violent traffic offense ☐ DUI ☐ Reckless ☐ Disregard.

(f) ☐ **Vehicular homicide** by DUI with _____ prior conviction(s) for offense(s) defined in RCW 46.61.5055, RCW 9.94A.533(7).

(g) ☐ **Non-parental kidnapping** or unlawful imprisonment with a minor victim. RCW 9A.44.128, .130.

(h) ☑ **Domestic violence – intimate partner** as defined in RCW 10.99.020, RCW 7.105.010, and RCW 9A.36.041(3) was pled and proved for count(s) **1** _____.

(i) ☐ Crime before 7/28/19: **Domestic violence (other)** as defined in former RCW 10.99.020 was pled and proved for count(s)_____.

(j) ☐ Crime on or after 7/28/19: **Domestic violence – family or household member** as defined in RCW 10.99.020 and RCW 7.105.010 was pled and proved for count(s)_____.

(k) ☐ Current offenses **encompassing the same criminal conduct** in this cause are count(s)_____ RCW 9.94A.589(1)(a).

(l) ☑ **Aggravating circumstances** as to count(s) **1** _____ : *ongoing pattern of abuse*

**2.2 OTHER CURRENT CONVICTION(S):** Other current convictions listed under different cause numbers used in calculating the offender score are (list offense and cause number): _____

**2.3 CRIMINAL HISTORY:** Prior convictions constituting criminal history for purposes of calculating the offender score are (RCW 9.94A.525):

☒ Criminal history is attached in **Appendix B**.

☐ One point added for offense(s) committed while under community placement for count(s) _____

**2.4 SENTENCING DATA:**

| Sentencing Data | Offender Score | Seriousness Level | Standard Range | Enhancement | Total Standard Range | Maximum Term |
|---|---|---|---|---|---|---|
| 1 | 82 | 5 | 72-96 months | | 72-96 months | 10 YRS and/or $20,000 |

☐ Additional current offense sentencing data is attached in **Appendix C**.

**2.5 EXCEPTIONAL SENTENCE**

☑ Findings of Fact and Conclusions of Law as to sentence above the standard range:

Finding of Fact: The jury found or the defendant stipulated to aggravating circumstances as to Count(s) **1** _____.

Conclusion of Law: These aggravating circumstances constitute substantial and compelling reasons that justify a sentence above the standard range for Count(s) _____. ☐ The court would impose the same sentence on the basis of any one of the aggravating circumstances.

☐ An exceptional sentence above the standard range is imposed pursuant to RCW 9.94A.535(2) (including free crimes or the stipulation of the defendant). Findings of Fact and Conclusions of Law are attached in Appendix D.

☐ An exceptional sentence below the standard range is imposed. Findings of Fact and Conclusions of Law are attached in Appendix D.

## III. JUDGMENT

IT IS ADJUDGED that defendant is guilty of the current offenses set forth in Section 2.1 above and **Appendix A**.

☐ The Court DISMISSES Count(s) _____.

Rev. 6/20/23                                2

## IV. ORDER

IT IS ORDERED that the defendant serve the determinate sentence and abide by the other terms set forth below.

[ ] This offense is a **felony firearm offense** (defined in RCW 9.41.010; includes any felony committed while armed with a firearm, unlawful possession of a firearm, theft of a firearm, and possession of a stolen firearm). **Registration is required** because this offense or an offense committed in conjunction with this offense: involved sexual motivation; was committed against a child under 18; or was a serious violent offense. As mandated by RCW 9.41.330(3), the Court requires that the defendant register as a firearm offender, in compliance with RCW 9.41.333. The registration requirements are explained in the attached **Appendix L**.

[ ] This offense is a **felony firearm offense** (defined in RCW 9.41.010; includes any felony committed while armed with a firearm, unlawful possession of a firearm, theft of a firearm, and possession of a stolen firearm) but does not fall within a category mandating registration. Having considered relevant factors, including criminal history, propensity for violence endangering persons, and any prior NGRI findings, the **Court orders that the defendant register** as a firearm offender, in compliance with RCW 9.41.333. The registration requirements are explained in the attached **Appendix L**.

4.1 **RESTITUTION**:
☐ Defendant shall pay restitution to the Clerk of this Court as set forth in attached **Appendix E**.
☐ Defendant shall not pay restitution because the Court finds that extraordinary circumstances exist, and the court, pursuant to RCW 9.94A.753(5), sets forth those circumstances in attached Appendix E.
☐ Restitution (or interest on restitution) owing to insurers or State agencies is reduced or waived, pursuant to RCW 9.94A.753(3), as set out in attached Appendix E.
☑ Restitution to be determined at future restitution hearing on (Date) _____ at _____ _____ m.
 ☐ Date to be set.
 ☐ Defendant waives right to be present at future restitution hearing(s).
☐ Restitution is not ordered.

4.2 **OTHER FINANCIAL OBLIGATIONS**: Having considered the defendant's present and likely future financial resources, the Court concludes that the defendant has the present or likely future ability to pay the financial obligations imposed. Defendant shall pay the following to the Clerk of this Court:
(a) ☑ $_____, Court costs (RCW 10.01.160), defendant is not indigent; ☐ Court costs are waived;

(b) ☐ $_____, Recoupment for attorney's fees to King County Public Defense Programs (RCW 9.94A.030); ☐ Recoupment is waived;

(c) ☐ $_____, Fine ; ☐ $_____, assessment for:_____.
(d) ☑ $500 Victim Penalty Assessment (RCW 7.68.035), mandatory if defendant is not indigent.

☐ Defendant has stipulated to his or her ability to pay legal financial obligations ordered.

4.3 **PAYMENT SCHEDULE**: The **TOTAL FINANCIAL OBLIGATION** set in this order is $ _500____
Restitution may be added in the future. As to these obligations, including restitution later set, the payments shall be made to the King County Superior Court Clerk according to the rules of the Clerk and the following terms: on a schedule established by the defendant's Community Corrections Officer or Department of Judicial Administration (DJA) Collections Officer; or ☐ Not less than $_____ per month. Restitution shall bear interest pursuant to RCW 10.82.090, unless waived by the Court in Appendix E or a later order of the Court. Defendant shall remain under the Court's jurisdiction to assure payment of restitution: for crimes committed before 7/1/2000, for up to ten years from the date of sentence or release from total confinement, whichever is later; for crimes committed on or after 7/1/2000, until the obligation is completely satisfied. Pursuant to RCW 9.94A.7602, if the defendant is more than 30 days past due in payments, a notice of payroll deduction may be issued without further notice to the offender. Pursuant to RCW 9.94A.760(7)(b), the defendant shall report as directed by DJA and provide financial information as requested.

4.4 **CONFINEMENT OVER ONE YEAR:** Defendant is sentenced to a term of total confinement in the custody of the **Department of Corrections** as follows, commencing immediately:

_120_ months/days on count _1_; _____ months/days on count _____; _____ months/days on count _____;

_____ months/days on count _____; _____ months/days on count _____; _____ months/days on count _____;

The above terms for counts _1 and 2_ are ☑ consecutive ☐ concurrent.

The above terms shall run ☐ consecutive ☑ concurrent to cause No.(s) _Seattle Municipal Cases_ _676492, 676463, 676216, 676207 676175, 671384_

The above terms shall run ☐ consecutive ☐ concurrent to any previously imposed sentence not referred to in this order.

☐ The defendant was under the age of 18 when these crimes were committed and is now under the age of 25, and shall be initially transferred to and placed in a facility operated by the **Department of Children, Youth, and Families** pursuant to RCW 72.01.410.

☐ In addition to the above term(s) the court imposes the following mandatory terms of confinement for any special **WEAPON** finding(s) in section 2.1:_____

which term(s) shall run <u>consecutive</u> with each other and with all base term(s) above and terms in any other cause. (Use this section only for crimes committed after 6-10-98.)

☐ The enhancement term(s) for any special **WEAPON** findings in section 2.1 is/are <u>included</u> within the term(s) imposed above. (Use this section when appropriate, but for <u>crimes before 6-11-98</u> only, per In Re Charles.)

[  ] On the conviction for <u>aggravated murder in the first degree</u>, the defendant was under 18 at the time of that offense. Having considered the factors listed in RCW 10.95.030, a minimum term of _____ years of total confinement and a maximum term of life imprisonment is imposed.

☐ underline{Motor vehicle felonies sentence alternative}. As to Count(s) _____, which are Theft (or Attempted Theft) of a Motor Vehicle (RCW 9A.56.065), Possession (or Attempted Possession) of a Stolen Vehicle (RCW 9A.56.068), or Taking a Motor Vehicle Without Permission in the First or Second Degree, occurring on or after 7-28-2019, the midpoint of the the standard sentence range is greater than one year, and the court imposes sentence on this/ these count(s) pursuant to RCW 9.94A.711. (Confinement may not exceed the midpoint of the standard range reduced by one-third of the ordered term of community custody.) As to these counts, the defendant is not eligible for earned release time under RCW 9.94A.729 in excess of one-third of the total sentence on that count.

The **TOTAL** of all terms imposed in this cause is _____ months.

**Credit** is given for time served in King County Jail, ☑ and EHD if eligible, solely for confinement under this cause number pursuant to RCW 9.94A.505: ☐ _____ day(s)  or ☑ days determined by the King County Jail.

4.5 ☒ **NO CONTACT**: For the maximum term of _____ years, defendant shall have no contact with_____
  Jessica Owen and Magalie Lerman

4.6 **DNA TESTING.** The defendant shall have a biological sample collected for purposes of DNA identification analysis and the defendant shall fully cooperate in the testing, as ordered in **APPENDIX G.**

4.7 (a) ☐ **COMMUNITY CUSTODY** for **qualifying crimes committed before 7-1-2000**, is ordered for ☐ one year (drug offense, assault 2, assault of a child 2, crime against a person with a finding that defendant or accomplice was armed with deadly weapon); ☐ 18 months (any vehicular homicide; vehicular assault by being under the influence or by operation in a reckless manner); ☐ two years (serious violent offense).

(b) ☐ **COMMUNITY CUSTODY** for any **SEX OFFENSE committed after 6-5-96 but before 7-1-2000,** is ordered for a period of 36 months.

(c) ☐ **COMMUNITY CUSTODY - for qualifying crimes committed after 6-30-2000** is ordered for the following established range or term:

Count(s) _____ , 36 months each (Serious Violent Offense, RCW 9.94A.030, committed on or after 8-1-09; or Sex Offense, RCW 9.94A.030, when not sentenced under RCW 9.94A.507)

Count(s) _____ , 18 months each (Violent Offense, RCW 9.94A.030)

Count(s) _____ , 12 months each (Crime Against Person, RCW 9.94A.411, or Felony Violation of RCW 69.50/52, committed on or after 8-1-09).

Crimes prior to 8-01-09:  Count(s) _____ , 24-36 months each (serious violent offense); Count(s) _____ , 9-12 months each (crime against person, RCW 9.94A.411, or felony violation of RCW 69.50/52).

Count(s) _____ , a term of _____ months on each count pursuant to RCW 9.94A.711 (Motor-vehicle Related Felonies alternative).   (The term imposed must be between 6 and 12 months.)

On Count(s) _____ , _____ months each (applicable mandatory term reduced so that the total amount of incarceration and community custody does not exceed the maximum term of sentence).

☐ The community custody terms on Counts _____ shall be served consecutively (serious violent or exceptional sentence). ☐ The community custody terms in this sentence shall run consecutively with the community custody term(s) in cause number(s): _____ .

Sanctions and punishments for non-compliance will be imposed by the Department of Corrections or the court.

☐ **APPENDIX H** for Community Custody conditions is attached and incorporated herein.
☐ **APPENDIX J** for sex offender registration is attached and incorporated herein.

**The defendant shall report to an assigned Community Corrections Officer upon release from confinement for monitoring of the remaining terms of this sentence.**

Date: _____4·11·25_____

_____
JUDGE
Print Name:_____ Suzanne Parisien

Presented by:

_____ 57503
Deputy Prosecuting Attorney, WSBA#
Print Name: Kelton Jenkins

Approved as to form:

_____
Attorney for Defendant, WSBA #
Print Name: Robert Barnes

Rev. 7/31/2023                    5

FINGER PRINTS



RIGHT HAND
FINGERPRINTS OF:
KURT ALDEN BENSHOOF

DEFENDANT'S SIGNATURE:
DEFENDANT'S ADDRESS: King County Jail

Dated: 4/12/2025

ATTESTED BY: CATHERINE CORNWALL,
SUPERIOR COURT CLERK

By: _____
JUDGE

By: _____
DEPUTY CLERK

CERTIFICATE

I, _____
CLERK OF THIS COURT, CERTIFY THAT THE
ABOVE IS A TRUE COPY OF THE JUDGMENT AND
SENTENCE IN THIS ACTION ON RECORD IN MY
OFFICE.
DATED: _____

_____
CLERK
By: _____
DEPUTY CLERK

OFFENDER IDENTIFICATION

S.I.D. NO.  WA24032615

DOB: 07/18/1969

SEX:  Male

RACE:  White/Caucasian

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 24-1-02680-7 SEA |
| | ) | |
| vs. | ) | JUDGMENT AND SENTENCE, |
| | ) | (FELONY) - APPENDIX B, |
| KURT ALDEN BENSHOOF, | ) | CRIMINAL HISTORY |
| | ) | |
| Defendant. | ) | |
| | ) | |

**2.2 The defendant has the following criminal history used in calculating the offender score (RCW 9.94A.525):**

| Crime | Sentencing Date | Adult or Juv. Crime | Cause Number | Location |
|---|---|---|---|---|
| violation of a vulnerable adult protection order (14 counts) | 02-24-2025 | AM | 676492 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order (15 counts) | 02-24-2025 | AM | 676463 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order (15 counts) | 02-24-2025 | AM | 676216 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order (15 counts) | 02-24-2025 | AM | 676207 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order (15 counts) | 02-24-2025 | AM | 676175 | Seattle Municipal Court WA |
| custodial interference | 02-24-2025 | AM | 671384 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order-invalid | 02-24-2025 | AM | 671384 | Seattle Municipal Court WA |
| violation of a vulnerable adult protection order (5 counts) | 02-24-2025 | AM | 671384 | Seattle Municipal Court WA |

[  ] **The following prior convictions were counted as one offense in determining the offender score (RCW 9.94A.525(5)):**

Date: _4•11•25_ _____

_____
JUDGE, KING COUNTY SUPERIOR COURT

Suzanne Parisien

Appendix B—Rev. 09/02

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,       )
       )
       Plaintiff,   )   No. 24-1-02680-7 SEA
       )
      vs.       )   APPENDIX G
       )   ORDER FOR DNA TESTING
KURT ALDEN BENSHOOF,       )
       )
       Defendant.   )
       )
       )

## DNA IDENTIFICATION (RCW 43.43.754)

The Court orders the defendant to cooperate with the King County Department of Adult Detention, King County Sheriff's Office, local police, and/or the State Department of Corrections in providing a biological sample for DNA identification analysis. The defendant, if out of custody, shall promptly contact the King County Sheriff's Office to make arrangements for the test to be conducted within 15 days. Refusal to provide a biological sample as required is a gross misdemeanor under RCW 43.43.754.

Date: _4.1.25_

_____
JUDGE, King County Superior Court

**Suzanne Parisien**

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON, )
)
Plaintiff, ) No. 24-1-02680-7 SEA
)
vs. ) JUDGMENT AND SENTENCE (FELONY)
) APPENDIX H
KURT ALDEN BENSHOOF, ) COMMUNITY CUSTODY
)
Defendant. )
)

The Defendant shall comply with the following conditions of community custody, effective as of the date of sentencing unless otherwise ordered by the court.

1) Report to and be available for contact with the assigned community corrections officer as directed;
2) Work at Department of Corrections-approved education, employment, and/or community restitution;
3) Not possess or consume controlled substances except pursuant to lawfully issued prescriptions;
4) Receive prior approval for living arrangements and residence location; and
5) Not own, use, or possess a firearm or ammunition. (RCW 9.94A.706)
6) Notify community corrections officer of any change in address or employment;
7) Upon request of the Department of Corrections, notify the Department of court-ordered treatment;
8) Remain within geographic boundaries, as set forth in writing by the Department of Corrections Officer or as set forth with SODA order.

[  ] The defendant shall not consume any alcohol.
[✓] Defendant shall have no contact with:     Jessica Owen
[  ] Defendant shall remain [  ] within   [  ] outside of a specified geographical boundary, to wit:
_____

[  ] The court finds that the defendant has a chemical dependency ([  ] alcohol  [  ] other substance) that has contributed to his or her offense.  Treatment is reasonably related to the circumstances of this crime and reasonably necessary or beneficial to the defendant and the community.  (RCW 9.94A.607)  Therefore, the defendant shall participate in the following treatment:
_____
_____

[✓] The defendant shall comply with the following crime-related prohibitions:
The defendant shall enter into, make reasonable progress in, and successfully complete Domestic Violence Batterer's Treatment per WAC 388-60, a cognitive behavioral therapy alternative such as Domestic Violence Moral Reconation Therapy (DV-MRT), Strength at Home, or Thinking for a Change.  The defendant shall begin that treatment within 30 days of sentencing or release from custody, whichever is later.
Other conditions may be imposed by the court or Department during community custody.

Community Custody shall begin upon completion of the term(s) of confinement imposed herein, or at the time of sentencing if no term of confinement is ordered. The defendant shall remain under the supervision of the Department of Corrections and follow explicitly the instructions and conditions established by that agency. The Department may require the defendant to perform affirmative acts deemed appropriate to monitor compliance with the conditions and may issue warrants and/or detain defendants who violate a condition.

Date:_____4/11/25_____          _____
                                                                    JUDGE

                                                                    Suzanne Parisien

APPENDIX H – 9/15/2021                          7

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056336E4F |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.





Catherine Cornwall, King County Clerk

**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID: **25-103884-9056336E4F**

This document contains 9 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX D

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056337C1I |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

FILED
KING COUNTY, WASHINGTON

APR 1 1 2025

SUPERIOR COURT CLERK
BY Rebecca Gardner
DEPUTY

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,
                  Plaintiff,

v.

KURT ALDEN BENSHOOF,

                  Defendant.

No. 24-1-02680-7 SEA

**JUDGMENT AND SENTENCE,
NON-FELONY -- Count(s) 1**
☐ DEFERRING Imposition of
Sentence/Probation
☐ SUSPENDING Sentence
☑ 364 days Imposed
☐ Clerk's Action Required: DOL Notice

The Prosecuting Attorney, the above-named defendant and counsel Jack Edward Ambrose being present in Court, the defendant having been found guilty of the crime(s) charged in the Amended information on 03/11/2025 by Jury Verdict and there being no reason why judgment should not be pronounced;

IT IS ADJUDGED that the defendant is guilty of the crime(s) of:

Count No.: 4   Crime: Harassment
RCW: 9A.46.020(1)                Crime Code: 00496
Date of Crime: 03/23/2024

☐ For the crimes charged in Counts _____, **domestic violence – intimate partner** (RCW 9A.36.041(3), RCW 10.99.020, RCW 7.105.010, and RCW 9.94A.030) was pled and proved.
☐ For the crimes charged in Counts _____, (committed before 7/28/19) **domestic violence (other)** (as defined in former RCW 10.99.020 and RCW 9.94A.030) was pled and proved.
☐ For the crimes charged in Counts _____, (committed on or after 7/28/19) **domestic violence -family or household member (**as defined in RCW 10.99.020, RCW 7.105.010, and RCW 9.94A.030) was pled and proved.

IT IS ORDERED pursuant to RCW 9.95.200 and 9.95.210 that:
☐ the imposition of sentence against the defendant is hereby **DEFERRED** for a period of _____ months from this date upon the following terms and conditions:
  **OR**
☑ the defendant is sentenced to imprisonment in the King County Jail, Department of Adult Detention, for 364 days days on each count (maximum 364 days for gross misdemeanor), said term(s) to run ☐ concurrently ☐ consecutively with each other, and to run ☐ concurrently ☑ consecutively with ☑ count(s) 1 ☐ Cause No(s). _____ and the sentence (less any days of confinement imposed below) ~~would be suspended upon the following terms and conditions:~~

(1) The defendant shall serve a term of confinement of 364 days ☑ in the King County Jail, Department of Adult Detention, ☐ in King County Work/Education Release subject to conditions of conduct ordered

JUDGMENT AND SENTENCE, NON-FELONY - Rev. 6/5/24 - 1

this date, ☑ in King County Electronic Home Detention subject to conditions of conduct ordered this date, with credit for time served in King County Jail, ☐ and EHD if eligible, of ☐ _____ days ☑ days as determined by the King County Jail, solely on this cause, to commence no later than _____. This term shall run ☑ concurrently ☐ consecutively with *SMC 676492, 676463, 676216, 676207, 676175* This term shall run consecutive to any other term not specifically referenced in this order. *676138Y*

☐ Jail term is satisfied; defendant shall be released under this cause.

(2)    ☐ The defendant shall serve _____ months of probation, the first 12 months of which will be supervised by the Washington State Department of Corrections (DOC), and comply with the standard rules and regulations of supervision. Probation shall commence immediately but is tolled during any period of confinement. The defendant shall report for supervision within 72 hours of this date or release date if in custody. If DOC declines to supervise, defendant shall be on unsupervised probation.

☐ The defendant shall be on unsupervised probation for _____ months, subject to the conditions of this sentence. ☐ A review hearing is set for _____ at _____ a.m./p.m. in this courtroom.

For the following crimes, if probation is ordered, DOC supervision is mandatory: (a) sexual misconduct with a minor in the second degree, custodial sexual misconduct in the second degree, communication with a minor for immoral purposes, or failure to register pursuant to RCW 9A.44.132(2); (b) a repetitive domestic violence offense after 8/1/2011, if the defendant has a prior conviction for either a felony domestic violence offense or a repetitive domestic violence offense after 8/1/2011. RCW 9.94A.501.

DOC will not supervise any other nonfelony probation. RCW 9.94A.501(6).

(3)    Defendant shall pay to the clerk of this Court:
(a)    ☐ Order of Restitution is attached;    ☐ Restitution is not ordered;
☐ Restitution (or interest on restitution) owing to insurers or State agencies is reduced or waived, pursuant to RCW 9.94A.753(3), as set out in attached Appendix E.
☑ Restitution to be determined at a restitution hearing on (Date) _____ at _____ __.m.;
☑ Date to be set;
☐ The defendant waives presence at future restitution hearing(s);
(b)    ✓ _____, Court costs, defendant is not indigent;
(c)    $ *500*, Victim penalty assessment, $500 for gross misdemeanors and $250 for misdemeanors (mandatory if defendant is not indigent);
(d)    $ _____, Fine; $ _____ of this fine is suspended upon the terms and conditions herein;
(e)    $ _____, Other: _____ ;
(f)    **TOTAL financial obligation set in this order is $** *500* _____; restitution may be added in the future.
As to these obligations, including restitution later set, the payments shall be made to the King County Superior Court Clerk according to the rules of the Clerk and the following terms: on a schedule established by DOC if it has active supervision of the defendant, or by the county clerk; or ☐ not less than $ _____ per month. Pursuant to RCW 9.94A.7602, if the defendant is more than 30 days past due in payments, a notice of payroll deduction may be issued without further notice to the offender. The defendant shall report as directed by the Department of Judicial Administration and provide financial information as requested.

(4)    ☐ Defendant shall complete _____ community service hours ☐ at a rate of not less than _____ hours per month ☐ to be completed by (Date) _____. If DOC supervision is not ordered, this will be monitored by this court. ☐ A review hearing is set on _____, 20_____, at _____ a.m./ p.m. in this courtroom.

(5)    ☐ The defendant shall complete _____ days of Community Work Program (CWP) subject to conditions of conduct ordered this date. (Communication with a minor for immoral purposes is not eligible.)

(6)    ☐ The defendant shall attend the King County Supervised Community Option (**Enhanced CCAP**) subject to conditions of conduct ordered this date for a period of _____ days.

(7)    ☐ The defendant shall not purchase, possess, or use any ☐ alcohol ☐ controlled substance (without lawful prescription). The defendant shall submit to urinalysis and breath testing as required by DOC and submit to search of person, vehicle or home by a Community Corrections Officer upon reasonable suspicion of violation;

(8) ☐ The defendant shall obtain a substance abuse evaluation and follow all treatment recommendations; _____

(9) ☑ The defendant shall enter into, make reasonable progress in, and successfully complete Domestic Violence Batterer's Treatment per WAC 388-60, a cognitive behavioral therapy alternative such as Domestic Violence Moral Reconation Therapy (DV-MRT), Strength at Home, or Thinking for a Change. The defendant shall begin that treatment within 30 days of sentencing or release from custody, whichever is later.

(10) ☒ The defendant shall have **no contact** with_____
        Magalie Lerman_____

(11) ☐ The defendant shall have no unsupervised contact with minors.

(12) ☐ The defendant shall have a biological sample collected for DNA identification analysis and shall fully cooperate in the testing (for assault in the fourth degree with domestic violence pled and proved or with sexual motivation, harassment, stalking, communicating with a minor for immoral purposes, failure to register, custodial sexual misconduct in the second degree, patronizing a prostitute, sexual misconduct with a minor in the second degree, violation of a sexual assault protection order, or any other offense requiring registration under RCW 9A.44.130). The defendant, if out of custody, shall promptly contact the King County Sheriff's Office to make arrangements for the test to be conducted within 15 days. Refusal to provide a biological sample as required is a gross misdemeanor under RCW 43.43.754.

(13) ☐ The defendant shall register as a sex offender.

(14) The defendant shall commit no criminal offenses.

(15) ☐ Additional conditions of probation are: _____
_____

(16) ☐ Additional conditions are attached to and incorporated as Appendix _____.

(17) ☐ The court dismisses Count(s) _____.

(18) ☐ **Department of Licensing Notice – Violation of RCW 9.41.270**. Count _____ is a violation of RCW 9.41.270 (unlawful display of weapons), a gross misdemeanor for which the penalty includes loss of the defendant's concealed pistol license, if any. **Clerk's action: The clerk shall notify DOL.**

Date: _____ 4·11·25 _____          _____ [signature] _____
                                                        Judge, King County Superior Court
                                                        Print Name:_____

Presented by:
____[signature]_____
Deputy Prosecuting Attorney, WSBA # 57503
Print Name: Kelton Jenkins

Form Approved for Entry:
____[signature]_____            Defendant's current address:
                                               King County Jail _____
Attorney for Defendant, WSBA # PHV            _____
Print Name: Robert Barnes

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056337C1I |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **25-103884-9056337C1I**

This document contains 3 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX E

Case Number: 24-1-02680-7
Date: May 30, 2025
Serial ID: 25-103884-9056344O2D
Certified By: Catherine Cornwall
King County Clerk, Washington

FILED

KING ... WASHINGTON

APR 11 2025

SUPERIOR COURT CLERK
BY Rebecca Gardner
DEPUTY

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON, )
)
Plaintiff, ) No. 24-1-02680-7 SEA
)
vs. ) NOTICE OF INELIGIBILITY TO
) POSSESS FIREARM AND
) LOSS OF RIGHT TO VOTE
KURT ALDEN BENSHOOF, )
)
Defendant. )

Pursuant to RCW 9.41.047, **you are not permitted to possess a firearm** until your right to do so is restored by a court of record. You are further notified that you must immediately surrender any concealed pistol license.

If you have been convicted of a felony and sentenced to a term of total confinement under the jurisdiction of the Department of Corrections (DOC), the following **VOTING RIGHTS NOTICE** (RCW 10.64.140) applies:

I acknowledge that my right to vote has been lost due to my felony conviction and sentence to a term of total confinement under the jurisdiction of DOC. If I am registered to vote, my voter registration will be cancelled. My right to vote will be automatically restored as long as I am not serving a sentence of total confinement (as defined by RCW 10.64.140) under the jurisdiction of DOC. I must reregister before voting. Voting before the right is restored is a class C felony under RCW 29A.84.660.

Date: 4|4|25

_____
Judge, King County Superior Court

_____
DEFENDANT

Suzanne Parisien

FIREARM AND VOTING RIGHTS NOTICE
Revised 12/7/21

Case Number: 24-1-02680-7
Date:        May 30, 2025
Serial ID:     25-103884-9056344O2D
Certified By:   Catherine Cornwall
              King County Clerk, Washington

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.





Catherine Cornwall, King County Clerk

**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **25-103884-9056344O2D**

This document contains 1 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX F

Case Number: 24-1-02680-7
Date: May 30, 2025
Serial ID: 25-103884-9056840T4O
Certified By: Catherine Cornwall
King County Clerk, Washington

ISSUED
APR 14 2025

**FILED**
KING COUNTY, WASHINGTON

APR 1 1 2025

SUPERIOR COURT CLERK
BY Rebecca Gardner
DEPUTY

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

State of Washington,
Plaintiff
vs.

Kurt Alden Benshoof
Defendant (First, Middle, Last Name)
SID: WA24032615

**No.** 24-1-02680-7
☐ Pre-Trial  ☑ Post-Conviction
☐ Emergency DV

**Domestic Violence No-Contact Order**

(clj=NOCON, Superior cts =ORNC, ORWPNP)

**Clerk's action required: Sec. 10, 11**

1.　　**Protected Person's Identifiers:**

Jessica Rae Owen
Name (First,　Middle,　Last)

| 11/23/1975 | Female | White/Caucasian |
|---|---|---|
| DOB | Gender | Race |

**Defendant's Identifiers:**

| Date of Birth | |
|---|---|
| 7/18/1969 | |
| Gender | Race |
| Male | White/Caucasian |

☐ This order protects the following victim's family and household members: *(Names):*

_____

_____

*If a minor, use initials instead of name, provide other info, and complete a Law Enforcement and Confidential Information* (Form PO 003).

2.　　**Defendant:**

☒ do not cause, attempt, or threaten to cause bodily injury to, assault, sexually assault, harass, stalk, or keep under surveillance the protected person.

☒ do not contact the protected person or the above listed family and household members directly, indirectly, in person, or through others, by phone, mail, or electronic means, except for mailing or service of process of court documents through a third party, or contact by the defendant's lawyers.

    ☒ do not knowingly enter, remain, or come within _____ (1,000 feet if no distance entered) of the protected person's residence, school, workplace, other:

       **The protected party's person.**_____

    ☒ immediately vacate the residence shared with the protected person.

    ☐ other:_____

3.   **Firearms, Weapons, and Concealed Pistol License; Defendant**:

    ☒ do not, own, possess, or control a firearm. (RCW 9.41.040).

    ☒ do not access, have in your custody or control, obtain, purchase, receive, attempt to purchase or receive, or possess a firearm, other dangerous weapon, or concealed pistol license. (RCW 9.41.800).

    ☒ **immediately surrender** all firearms and other dangerous weapons within the defendant's possession or control and any concealed pistol license to *(local law enforcement agency)*  SEATTLE POLICE DEPARTMENT

    ☒ comply with the ***Order to Surrender and Prohibit Weapons*** filed separately. (RCW 9.41.800).

    ☐ comply with the ***Extreme Risk Protection Order*** filed separately. (chapter 7.105 RCW).

    ☐ The court declines to impose restrictions because: _____

_____

_____

4.   **This No-Contact Order Expires on:**

    ☐ *(Date and time)*_____

    ☐ 1 ☐ 2 ☒ 10  years from today's date.

    The court may extend a no-contact order even if the defendant does not appear at arraignment.

    This order replaces all prior no-contact orders protecting the same person issued under this cause number.

    **Warning**: Violation of this order with actual notice of its terms is a criminal offense under chapter 7.105 RCW and will subject a violator to arrest; any assault, drive-by shooting, or reckless endangerment that is a violation of this order is a felony. **You can be arrested even if the person protected by this order invites or allows you to violate the order's prohibitions**. You have the sole responsibility to avoid or refrain from violating the order's provisions. Only the court can change the order upon written request.

5.   **Weapons Surrender Compliance:**

    The requirements of RCW 10.99.030 ☐ have ☒ have not been met including submission of the officer's sworn statement that documents the officer separated the parties at the scene and asked the victim about firearms, other dangerous weapons, ammunition the defendant has access to; and whether the defendant has a concealed pistol license.

The officer's sworn statement indicates that they ☐ have ☒ have not temporarily removed and secured all firearms, dangerous weapons, and any concealed pistol license.

6. The court finds that the defendant's relationship to the person protected by this order is as a/an:

☒ intimate partner because they are:
    ☐ current or former spouses or domestic partners
    ☒ parents of a child-in-common,
    ☒ age 13 or older and are/were in a dating relationship, and
        ☒ live or have lived together
        ☐ not lived together
☐ family or household member pursuant to RCW 7.105.010(13).

7. For crimes not defined as a serious offense, the court makes the following mandatory findings pursuant to RCW 9.41.800(1) and (2).

☐ The defendant used, displayed, or threatened to use a firearm or other dangerous weapon in a felony;
☐ The defendant is ineligible to possess a firearm pursuant to RCW 9.41.040;
☒ Possession of a firearm or other dangerous weapon by the defendant presents a serious and imminent threat to public health or safety, or to the health or safety of any individual;
☒ The defendant represents a credible threat to the physical safety of the protected person or this order explicitly prohibits the use, attempted use, or threatened use of physical force against the protected person, and the court issues this *No-Contact Order* to prevent possible recurrence of violence.

8. **Emergency Order Only:**
☐ The Court finds probable cause to believe that the victim is in imminent danger of domestic violence based on the alleged recent act involving domestic violence. An emergency no-contact order may be extended pursuant to RCW 10.99.040(3)

*If an Emergency Domestic Violence No-Contact Order, complete a Law Enforcement and Confidential Information* (Form PO 003).

9. **Civil Standby**

☒ Not needed.

☐ The appropriate law enforcement agency shall, at a reasonable time and for a reasonable duration, assist the defendant in obtaining personal belongings located at

_____

_____

---

**Additional Warnings to Defendant:** This order does not modify or terminate any order entered in any other case. You are still required to comply with other orders.

Pursuant to 18 U.S.C. § 2265, a court in any of the 50 states, the District of Columbia, Puerto Rico, any United States territory, and any tribal land within the United States, shall accord full faith and credit to the order.

---

10. **Further Service:**

☒ **Not needed.** Defendant was given a copy of this *Order* at the hearing.

☐ **Required**. Defendant must be served with a copy of this *Order*.

☐ **Clerk's Action.** The court clerk shall forward the *No Contact Order* on or before the next judicial day to the following law enforcement agency where the restrained person lives or can be served (*check only one*):

☒ Sheriff's Office (*county or city*) <u>SEATTLE POLICE DEPARTMENT</u>
☐ Police Department

This agency shall serve the No-Contact Order and shall promptly complete and return proof of service to this court. *(Law enforcement must personally serve if firearms and concealed pistol license have not yet been surrendered. Electronic service is available if the court has verified firearms have been surrendered).*

11. **Washington Crime Information Center (WACIC) and Other Data Entry**

**Clerk's Action.** The court clerk shall forward a copy of this order immediately to the following law enforcement agency (*county or city*) <u>SEATTLE POLICE DEPARTMENT</u> <u>2024-163058</u>

*(check only one)*: ☒ Sheriff's Office or ☐ Police Department

This agency shall enter this order into WACIC and National Crime Info. Center (NCIC).

12. **Firearm Restoration Notification from Prosecutor:**

Notification order here does not impact law enforcement's obligation to notify under RCW 9.41.340.

Notice to Protected Person is:

☒ **Required.** The protected person has requested notification from the prosecutor if a petition for the restoration of firearms is filed and of the court's decision.

☐ **Not required.** The protected person has opted out of notification from the prosecutor if a petition for the restoration of firearms is filed and of the court's decision.

13. ☐ **After Hours:**

**I am submitting this order to the court on (*date*)** _____ and the judge signed this order on (*date*) _____. The clerk's office filing date may be different.

Dated: ___4·11·25_____ Time ___4·30___. a.m./p.m.

_____
**Judge/ Pro Tem/ Court Commissioner**

I acknowledge receipt of a copy of this order:

_____
Defendant

Suzanne Parisien

The protected person shall be provided with a certified copy of this order.

**Protected Person**. If you have requested notice about firearms, tell the prosecutor and law enforcement if your contact information changes.

I am a certified or registered interpreter or found by the court to be qualified to interpret in the
_____ language, which the defendant understands. I
translated this order for the defendant from English into that language.

Signed on *(date)* _____ at *(city)* _____, *(state)*_____

Interpreter:_____       Print name:_____

| Case Number: | 24-1-02680-7 |
| --- | --- |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056340T4O |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:    **25-103884-9056340T4O**

This document contains 5 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX G

Case Number: 24-1-02680-7
Date: May 30, 2025
Serial ID: 25-103884-1036341O1N
Certified By: Catherine Cornwall
King County Clerk, Washington

**FILED**
KING COUNTY, WASHINGTON

APR 1 1 2025

SUPERIOR COURT CLERK
BY Rebecca Gardner
DEPUTY

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| STATE OF WASHINGTON<br>Petitioner,<br><br>vs.<br><br>KURT ALDEN BENSHOOF,<br>Defendant/Respondent | **No**. 24-1-02680-7 SEA<br>**Order to Surrender**<br>**and Prohibit Weapons**<br>☐ Issued Without Notice (ORWPN)<br>☐ Temporary/Pre-Trial (ORWPNP)<br>☒ Final/Post Conviction (ORWPNP)<br>☐ Compliance Review Hearing (ORCRH)<br>**Next Hearing Date/Time:** _____<br>**At**: _____<br>_____<br>(Clerk's Action Required) |

## Order to Surrender and Prohibit Weapons

**1.  Restrained Person**

This order restrains the defendant/restrained person (*name*) **Kurt Alden Benshoof**
(Restrained Person), based on the findings in the order issued on *(date)*_____

This order replaces all prior *Orders to Surrender and Prohibit Weapons* issued under this
case number.

**2.  Surrender of Weapons**

Restrained Person: You must **immediately surrender** all firearms and other dangerous
weapons in your possession, custody, or control, to this local law enforcement agency:
SEATTLE POLICE DEPARTMENT_____

**You must immediately surrender all firearms and other dangerous weapons**
**subject to this order, including but not limited to the following:**

_____     _____

_____     _____

_____     _____

See the attach sheet if there are more to list.

Other: _____

_____

_____

_____

_____

_____

**3.** **Surrender of Concealed Pistol License**

Restrained Person: You must **immediately surrender** any concealed pistol licenses issued under RCW 9.41.070 to this local law enforcement agency:
SEATTLE POLICE DEPARTMENT_____

**4.** **Weapons Prohibition**

Restrained Person: You are prohibited from accessing, having in your custody or control, obtaining, possessing, purchasing, receiving or attempting to purchase or receive any firearms or other dangerous weapons, or obtaining or possessing a concealed pistol license.

**5.** **This Order expires:**

☑ at the same time as the protection order entered under this case number.

☐ on (*date*) _____ or until further order of the court.

**6.** **Instructions to Restrained Person**

**If you have firearms, other dangerous weapons, or concealed pistol licenses:**

Step 1: **Immediately** surrender all firearms, other dangerous weapons, and concealed pistol licenses.

> *Important!* If you have notice of this order, **immediately** surrender all firearms, other dangerous weapons, and concealed pistol licenses to the local law enforcement agency listed in section **2** on the same day as the hearing. Contact the local law enforcement agency for directions on how to immediately surrender the firearms, dangerous weapons, and concealed pistol licenses.
>
> If a law enforcement officer serves you, surrender firearms and other dangerous weapons, and your concealed pistol license to the law enforcement officer.

Step 2: **Get a receipt** for the surrender of firearms, other dangerous weapons, and concealed pistol licenses from law enforcement.

Step 3: **Complete** the *Proof of Surrender* form and file it with the receipt, or file other evidence to prove full and timely compliance.

Step 4: **File** your documentation from Step **3** with the court clerk by the deadline for this type of case:

- ▪ Civil: within 24 hours.
- ▪ Criminal (defendant in custody): before you are released from custody.
- ▪ Criminal (defendant not in custody): by the end of your sentencing hearing.

**If you do NOT have firearms, other dangerous weapons, or concealed pistol licenses:**

Step 1: **Immediately** complete and sign the *Declaration: No Weapons to Surrender* form or gather other evidence that proves full and timely compliance.

Step 2: **File** your documentation from Step **1** with the court clerk by the deadline for this type of case:

- ▪ Civil: within 24 hours.
- ▪ Criminal (defendant in custody): before you are released from custody.
- ▪ Criminal (defendant not in custody): by the end of your sentencing hearing.

If you already surrendered all firearms, other dangerous weapons, and concealed pistol licenses under another order, they must remain in the possession of the law enforcement agency that received them until further order of the court. You must provide proof of previous surrender to the court in this case.

The Law Enforcement Officer serving this order shall inform you that the order is in effect upon service and that you must immediately surrender all firearms, other dangerous weapons, and any concealed pistol licenses issued under RCW 9.41.070. The serving officer shall conduct a search for firearms, other dangerous weapons, and concealed pistol licenses as permitted by law. The serving officer shall take possession of:

- ▪ **All firearms,**
- ▪ **Other dangerous weapons,**
- ▪ **Concealed pistol licenses belonging to Restrained Person,**

that are surrendered, in plain sight, or discovered during a lawful search. RCW 9.41.801.

**7.** ☐ **Criminal Case: Law Enforcement to Accompany Defendant for Surrender**.

The court finds that surrender of all firearms, dangerous weapons, and any concealed pistol license was not possible before release from custody or conclusion of the sentencing hearing.

The court orders (*law enforcement agency*) _____ to accompany defendant to (*location*) _____ _____. Law enforcement must file the Receipt within 24 hours.

**8.** **Washington Crime Information Center (WACIC) and Other Data Entry**

**Clerk's Action.** The court clerk shall forward a copy of this order immediately to the following law enforcement agency (*county or city*) <u>SEATTLE POLICE DEPARTMENT</u> (**check only one**): ☐ Sheriff's Office or ☑ Police Department (*List the same agency that entered the temporary order, if any*)

This agency shall enter this order into WACIC, NCIC, and NICS.

**9.** **Service**

☐ **Required.** The **law enforcement agency** where the defendant/restrained person lives or can be served shall serve the defendant/restrained person with a copy of this order and shall promptly complete and return proof of service to this court.

Law enforcement agency: (*county or city*) _____
(*check only one*): ☐ Sheriff's Office or ☐ Police Department

**Clerk's Action**. The court clerk shall forward a copy of this order on or before the next judicial day to the agency and/or party checked above.

☑ **Not Required.** The restrained person appeared at the hearing, in person or remotely, and received notice of the order. No further service is required. (*May apply even if the restrained person left before a final ruling is issued or signed*).

**10.     Compliance Hearing**

To decide if a compliance hearing is needed, the court considered:
- ☐ restrained person's attestation
- ☐ law enforcement verification
- ☐ police report and documentation of firearms or their recovery
- ☐ Department of Licensing firearm records
- ☐ Washington State Patrol firearm records
- ☐ protection order narrative, sections about firearms and dangerous weapons, and attachments
- ☐ affidavits by law enforcement, protected person, or petitioner in response to restrained person's declaration about firearms surrender

☐ other: _____

**11.     The court orders** (*check one*):

☐ **Respondent: You must attend the hearing listed on page 1 of this order** and show the court that you surrendered your firearm/s and concealed pistol license/s.

☑ **Respondent's compliance found: No hearing required.** The court finds a sufficient showing that respondent has timely and completely surrendered all firearms and dangerous weapons in the respondent's custody, control, or possession and any concealed pistol license to a law enforcement agency and is in compliance with this order. The compliance hearing is waived per RCW 9.41.801(6).

**12.     Warnings!**

- If you fail to comply with this order, you may be found in contempt of court and/or be charged with a misdemeanor and punished accordingly.

- You may also be charged with a crime up to and including a **felony** if you are found to own, possess, or control a firearm or other dangerous weapon.

- You have the right to remain silent and not make statements that may incriminate you. Anything you say can be used against you in a court of law. You have the right to consult with a lawyer before responding to this Order.

- This order may be extended pursuant to RCW 10.99.040(3).

**13.     Protection against self-incrimination**

**Voluntarily surrendering weapons may not be used against a Restrained Person** in any criminal prosecution under chapter 7.105, 9.41, or 9A.56.310 RCW, or in any criminal prosecution pursuant to which this *Order to Surrender and Prohibit Weapons*

was issued, except a prosecution for perjury, giving false statement, or otherwise failing to comply with the order.

**Ordered.**

Dated _____ 4·11.25 _____ at (*time*) _____ 4:30 _____ a.m./p.m _____

Judge/Commissioner

I received a copy of this order.

_____
Signature of Restrained Person/Defendant

_____ Kurt Banshdoi _____
Print Name

_____
Signature of Restrained Person/Defendant's Attorney WSBA No.

_____ Robert Barnes _____
Print Name

_____
Signature of Protected Person or Attorney WSBA No.

_____
Print Name

You may download the forms listed in this order from the Washington Courts' forms website: http://www.courts.wa.gov/forms/.

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | May 30, 2025 |
| Serial ID: | 25-103884-9056341O1N |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.





Catherine Cornwall, King County Clerk

**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **25-103884-9056341O1N**

This document contains 5 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX H



# Incarcerated Search

To improve public safety the Department of Corrections publishes information about **currently incarcerated individuals**. All information provided through the application is subject to the agency's Disclaimer and Terms of Use. You may contact us to obtain more information about current and former inmates and supervisees.

Enter a DOC Number or name to browse for a specific incarcerated individual. Special characters, other than hyphens and apostrophes, cannot be used. (What is a DOC Number?)

Kurt | Benshoof

DOC Number | Search

Inmate Search Results

| DOC Number ↑ | Name | Age | Location | WA VINE Notification |
|---|---|---|---|---|
| 448305 | BENSHOOF, KURT | 55 | Washington Corrections Center - RC | Register to be notified |

Page 1 of 1

# APPENDIX I

## AFFIDAVIT

1. I, KURT ALDEN BENSHOOF, need for the judges of Washington to respect my inherent and constitutionally-protected rights, so for this purpose I declare my intent that URVE MAGGITTI shall have the general authority to file Petitions for Writs of Habeas Corpus, Amicus Briefs, and Next Friend Petitions on my behalf into all of my legal actions[1]; therefore, I hereby designate URVE MAGGITTI as a "next friend" of mine, and as one of my "assistance of counsel".

2. The United States Supreme Court has acknowledged an established historical fact:

> "Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment *813 was proposed, provided that 'in all the courts of the United States, the parties may plead and manage their own **causes personally or by the assistance of such counsel** . . . .' The right is currently codified in 28 U.S.C. s 1654."[2]

3. That Court quoted from Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92:**

> "SEC. 35. And be it further enacted, **That in all courts** of the United States, **the parties may plead and manage their own causes personally or by assistance of such counsel or attorneys at law"** [3]

4. **Judiciary Act of 1789** was passed before 1791 ratification of the Sixth Amendment in the Bill of Rights. The drafters of the Sixth Amendment deliberately removed the words **attorneys at law**, and substantially amended its language to read:" **right to have the Assistance of Counsel."**

5. Federal and State Constitutions require that criminal prosecutions conform to prevailing notions of fundamental fairness and that defendants be given a meaningful opportunity to present a complete defense. _State v. Wittenbarger_, 124 Wn.2d 467, 474–75, 880 P.2d 517 (1994)

---

[1] Next friend standing allows a third party to petition for habeas corpus on behalf of the real party in interest: the detainee. _Whitmore v. Arkansas, 495 U.S. 149, 162 (1990)_ ("Most frequently, next friends appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."). Scott Harman-Heath, Unnamed & Uncharged: Next Friend Standing and the Anonymous Detainee, 11 Harv. Nat'l Sec. J. 420, 454 (2020)

[2] Faretta v. California, 422 U.S. 806, 812–13, 95 S. Ct. 2525, 2530, 45 L. Ed. 2d 562 (1975)

[3] "The Judiciary Act; September 24, 1789, 1 Stat. 73. An Act to Establish the Judicial Courts of the United States." "APPROVED , September 24, 1789." https://avalon.law.yale.edu/18th_century/judiciary_act.asp

6. I have been denied not only *meaningful opportunity* to present a *complete defense* in this instant matter, if any, which I maintain is frivolous and malicious criminal prosecution and persecution without cause, depriving me of my inherent and constitutionally-protected rights to due process. I have been denied the most essential, elemental and basic resources to even attempt to formulate a defense: access to pen, paper, law/legal resources, computer, internet, email, and discovery.[4]

Signature: _/Kurt Alden Benshoof /_     Date: 9/5/2024
       /KURT ALDEN BENSHOOF /

## AFFIDAVIT

The foregoing statements of fact were typed up by the undersigned, upon Mr. Benshoof's request and to the best of the undersigned's understanding, to be signed by Mr. Benshoof himself.[5]

Signature: _/Urve Maggitti/_     Date: August 19, 2024
       /URVE MAGGITTI/
       urve.maggitti@gmail.com

---

[4] Benshoof was provided a few photocopies of incident reports, from the Seattle Police Dept. which responded to Owen's and Lerman's calls, and police reports of three visits to Benshoof's home.
[5] See *Faretta v. California* and Section 35 of the **Judiciary Act of 1789, 1 Stat. 73, 92**

Page **2** of **3**

# ACKNOWLEDGMENT
## AFFIDAVIT
### (Verification)

STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

I, Urve Maggitti, the undersigned Affiant hereto, do hereby declare under penalties of perjury under the laws of the Commonwealth of Pennsylvania and the United States of America, that the foregoing accounting of facts are true and correct to the best of my current knowledge and belief.

I am over the age of 18 years of age, am a resident of the Commonwealth of Pennsylvania, have personal knowledge of the matters of this affidavit, and am capable of making such affidavit.

Pursuant to 28 U.S. Code § 1746 (1) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _August 1 19_ /2024.

Signed: _____
             Urve Maggitti

Notary as JURAT CERTIFICATE
State of Pennsylvania _____
BEFORE ME personally appeared Urve Maggitti who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.


_____
Notary Public,
My commission expires: _10 - 12 - 2026,_

> Commonwealth of Pennsylvania - Notary Seal
> Kerrick Sullivan, Notary Public
> Delaware County
> My commission expires October 12, 2026
> Commission number 1283631
> Member, Pennsylvania Association of Notaries

Page 3 of 3

# APPENDIX J

## **AFFIDAVIT**

Undersigned, Urve Maggitti, hereby attest to the following facts:

    1. On June 3, 2025, I ordered and received  from King County Superior Court Clerk's Office an official recording from  September 13, 2024 Omnibus hearing, in electronic format:

        PPR25-106887
        Case number: 24-1-02680-7 SEA
        Date: 09/13/2024
        Format: MP3

        Deputy Clerk
        King County Superior Court Clerk's Office
        Records Access
        516 3rd Ave #E-609
        Seattle, WA 98104
        206-477-0832

    2. The recording is associated with docket entries in King County Superior Court docket Nos. 42, 45, 50:

        24-1-02680-7 42 09/09/2024 Order of Preassignment  [Certified Copy]
        24-1-02680-7 45 09/13/2024 Minutes. [Certified Copy]
        24-1-02680-7 50 09/13/2024 Order for Continuance of Omnibus Hearing and Trial Date.
        [Certified Copy]

    3. Undersigned, Urve Maggitti, ordered a professional transcription to be made by Vanan Online Services, Inc. of the recording, attached  as Appendix L to the habeas petition.

    4. The hearing was mislabeled as OMNIBUS Hearing,  record proves it was strictly a hearing arranging the calendar, setting a date for trial, due to inherent conflicts of all parties: the court, the prosecution and the defendant.

    5. The Court record, Case No.  24-1-02680-7, Documents filed into official docket under Nos. 42, 45, 50 - do not represent the facts as transpired in the court room, and recorded by the court.

5. Record proves that Judge Suzanne Parisien, despite having the trial date set for September 24, 2024, on her calendar, proceeded to sign up for another trial. See Transcript page 8 line 3:

"JUDGE: Okay and I'm unavailable too I'm in trial right ..".

See Transcript page 8 line 5:

"JUDGE: On a another criminal matter. [00:06:33]"

6. Record proves that Prosecution, Ms. Brennan , despite having the trial date set for September 24, 2024, on her calendar, proceeded to sign up for another trial. See Transcript page 8, line 1 - 2.

"MS. BRENNAN: I don't know, Your Honor, [00:06:27] but the state is does have a motion to continue based on unavailability. [00:06:30]"

See Transcript page 9, line 22-23:

"And then also [00:07:45] I have just been assigned out to trial."

7. Prosecution states that Mr. Benshoof was unavailable for trial scheduled for September 24, 2024. See Transcript page 9, line 10- 12:

"MS. BRENNAN: I also will make the record that I do believe [00:07:27] the defendant will be in a trial of Seattle Municipal Court [00:07:30] during that interim period, which would make him unavailable."

See Transcript page 9, line 20 - 23:

"MS. BRENNAN: In this, in this interim period, [00:07:39] he does have the pending case of Seattle and Municipal Court which I believe may be [00:07:42] confirmed today to start next week. And then also [00:07:45] I have just been assigned out to trial."

See Transcript page 9, line 25-26:

"MS. BRENNAN: So there are [00:07:48] competing interests in this interim period anyway. [00:07:51] Thank you."

9.   The record proves that Mr. Benshoof  viva voce in the open court proceeded to recuse Judge Suzanne Parisien from presiding over his case, and judge  immediately denied the recusal. Mr.  Benshoof then moved to disqualify Judge Suzanne Parisien. Judge denied that as well. Here is the verbatim exchange, Transcript,  Page 193, line  4 - 12

"MR. BENSHOOF: I'm in the process of recusing [00:14:00] you, Your Honor.

JUDGE: Yeah, well you can't recuse me ...

MR. BENSHOOF: Because you're bias incorrect.

JUDGE: So would you [00:14:03] do you want to sign this order or you or refuse?

MR. BENSHOOF: Okay, I'll disqualify you. [00:14:06]

JUDGE: Okay, well, you can't do that either.  Sir, would ...

MR. BENSHOOF: Okay.

JUDGE  : You like to sign this order or or [00:14:09] I'm just going to write down that you refuse [00:14:12] to.  I'm happy ..."

10.   The reason stated on Documents filed into official docket under Nos. 42, 45, 50, that the continuance of trial was caused by victim/witness unavailability was not true reason for the re-scheduling of the trial date.

The Court despite knowing the trial date was set for September 24, 2024, scheduled another trial causing inherent conflict with existing trial date at that time, now requiring arranging the calendar, setting a new date for trial.

The Prosecution despite knowing the trial date was set for September 24, 2024, scheduled another trial causing inherent conflict with existing trial date at that time, now requiring arranging the calendar, setting a new date for trial.

The Court, Prosecution and Defendant knew that defendant had another trial in Seattle Municipal Court scheduled to start on or about September 16, 2024, and causing inherent conflict with existing trial date at that time, now requiring arranging the calendar, setting a new date for trial.

11. Petitioner Benshoof never refused to sign the order of continuance because a) he had disqualified the judge viva voce, before any order was signed; and b) there was inherent conflict with existing trial date, c) and the Court and Prosecution had made prior trial dates for themselves, making the hearing on September 13, 2024, a non-discretionary re-scheduling meeting.

## **VERIFICATION**

I, URVE MAGGITTI, do hereby declare that the foregoing facts are true and correct to the best of my knowledge, under penalty of perjury of the laws of the United States. Signed this, in the City of Shelton in the County of Milton in the State of Washington.

_____

Urve Maggitti,

244 Blackburn Drive, Berwyn, PA 19312

APPENDIX K -1

Case Number: 24-1-02680-7
Date:          June 01, 2025
Serial ID:     25-105172-9074672E5D
Certified By:  Catherine Cornwall
               King County Clerk, Washington

FILED
2024 SEP 09 09:41 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-1-02680-7 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

STATE OF WASHINGTON,

                Plaintiff,

   v.

KURT BENSHOOF

          Defendant.

No. 24-1-02680-7 SEA

**ORDER OF PREASSIGNMENT**

**(ORP)**

Clerk's Action Required

     The above-referenced case is preassigned to Judge Parisien. All future pretrial hearings and the trial shall occur before the preassigned judge and must be scheduled with that court's bailiff.

     IT IS SO ORDERED.

     DATED: 9/9/2024

                          Electronic signature attached
                          Judge Melinda J. Young

ORDER OF PREASSIGNMENT - 1

**JUDGE MELINDA J. YOUNG**
Chief Criminal Judge
King County Superior Court

# King County Superior Court
## Judicial Electronic Signature Page

Case Number: 24-1-02680-7

Case Title: STATE OF WASHINGTON VS BENSHOOF, KURT ALDEN

Document Title: ORDER

Signed By: Melinda Young

Date: September 09, 2024

_____

Judge: Melinda Young

This document is signed in accordance with the provisions in GR 30.

Certificate Hash: 6C0B66DBEC566ACB64A206CC9151D3C3410089E6

Certificate effective date: 1/3/2024 4:10:02 PM

Certificate expiry date: 1/3/2029 4:10:02 PM

Certificate Issued by: C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA, O=KCDJA, CN="Melinda Young: MsqN44Jv7hGffV2BcjRXTQ=="

Page 2 of 2

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | June 01, 2025 |
| Serial ID: | 25-105172-9074672E5D |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **25-105172-9074672E5D**

This document contains 2 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX K -2

Case Number: 24-1-02680-7
Date: June 01, 2025
Serial ID: 25-105172-9074674K2H
Certified By: Catherine Cornwall
King County Clerk, Washington

# CLERK'S MINUTES

| | | | | |
|---|---|---|---|---|
| Judicial Officer: | Suzanne Parisien | | Dept. | 42 |
| Bailiff: | Julie Salle | | Date: | September 13, 2024 |
| Court Clerk: | Sumaya Dirie | | | |
| Digital Recorder / Reporter: | KCCH W355 | | | |

## KING COUNTY CAUSE NO.: 24-1-02680-7  SEA

## STATE OF WASHINGTON VS BENSHOOF, KURT ALDEN

**Appearances:**

Plaintiff STATE OF WASHINGTON represented by DPA Stephanie Brenner is present.

Defendant KURT ALDEN BENSHOOF is present in custody.

Judge, Bailiff, and Clerk are present in open court.

### MINUTE ENTRY

Commit as: Omnibus Hearing

Start: 10:07:07

Stop: 10:24:37

Discussion between the Defendant and the Court. The Court orders the Defendant correct his conduct or he will be removed from the hearing.

State's motion to continue trial date is granted.
Omnibus: 10/04/2024 Trial date: 10/16/2024 Expiration date: 11/15/2024

The Defendant refuses to sign the order continuing Omnibus hearing and the trial date.

Order(s) signed.

| | |
|---|---|
| Case Number: | 24-1-02680-7 |
| Date: | June 01, 2025 |
| Serial ID: | 25-105172-9074674K2H |
| Certified By: | Catherine Cornwall |
| | King County Clerk, Washington |

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.




Catherine Cornwall, King County Clerk

**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **25-105172-9074674K2H**

This document contains 1 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX K -3

Case Number: 24-1-02680-7
Date: June 01, 2025
Serial ID: 25-105172-9074673U2A
Certified By: Catherine Cornwall
King County Clerk, Washington



**FILED**
KING COUNTY, WASHINGTON

SEP 1 3 2024

SUPERIOR COURT CLERK
BY Sumaya Dirie
DEPUTY

## SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,

                       Plaintiff,

vs.

**Kurt Benshoof**   Defendant,

[X] In custody   [ ] Out of custody

No. **24-1-02680-7** SEA

**MOTION AND ORDER TO CONTINUE NEXT HEARING(S)**
[ ] **WAIVER**

E-1201
[ ] (ORCTD) – Order for Continuance of Trial Date
[ ] (ORCOMH) Order to Continue Omnibus Hearing
[ ] (ORCOTD) Order for Continuance of Omnibus Hearing and Trial Date

*Clerk's Action Required*

Date of arraignment: _____

---

The following court dates are set based on a **commencement date** of: _____

Defense counsel [ ] affirms that the Defendant prefers to appear through counsel for this hearing [ ] has previously affirmed on the record or through signed pleading that the Defendant prefers to appear through counsel at all hearings where that is allowed.

The Defendant appeared [X] *Pro se* [X] In person; [ ] Through counsel; [ ] Remotely (use only if an in-court hearing took place)

The [ ] Defense Counsel [ ] State made a motion to reset hearing dates and extend time-for-trial expiration by [ ] resetting the commencement date with a waiver (CrR 3.3(c)(2)(i)) [ ] continuing the trial date (CrR 3.3(f)(1) and/or CrR 3.3(f)(2)) for the following reason(s): _Victim unavailable_ _____

---

[ ] The Defendant [ ] The State objects to this continuance. [ ] The Defendant and the State agree to this continuance. _defendant objects_

It is ordered that the **NEXT HEARING(S)** in this matter will be:        _J. Parisien_

| | | |
|---|---|---|
| [X] | **Omnibus Hearing** has been continued to _10/4/24_ at _8:30_ a.m. ~~p.m.~~ in Courtroom ~~E-1201~~ [ ] The Court [ ] Defense Counsel requests that DAJD transport defendant to the next hearing. | |
| [X] | **Trial date** has been continued to _10/16/24_ at 9:00 a.m. The parties will be notified of assignment and standby status by e-mail or telephone by 3:00 p.m. the court day prior to the trial date. | |
| [ ] | *Other:* | |

*The **expiration date** is* _11/15/24_

MOTION AND ORDER CONTINUING NEXT HEARING(S)

                                     Revised 7/2022

**ORDER:**

☒ The Court grants the motion for the reasons stated above under CrR 3.3(f)(1) and CrR 3.3(f)(2).

☐ The Court grants the motion as required in the interest of justice under CrR 3.3(f)(2) for the reasons stated above and the following additional grounds:

_____

_____

☐ The Court grants the motion based on the defendant's execution of a valid waiver pursuant to CrR 3.3(c)(2)(i).

☐ The Court finds good cause to require the Defendant to appear in-person for the following hearings:

_____

**THE DEFENDANT MUST BE PRESENT IN PERSON FOR ARRAIGNMENT, EVERY STAGE OF TRIAL, IMPOSITION OF SENTENCE, AND FOR ANY OTHER HEARING FOR WHICH THE COURT HAS FOUND GOOD CAUSE FOR THE DEFENDANT TO BE PHYSICALLY PRESENT.  FOR ALL OTHER HEARINGS, A DEFENDANT MUST EITHER APPEAR IN-PERSON, REMOTELY, OR THROUGH COUNSEL.  To appear through counsel, counsel must provide a waiver signed by the Defendant OR counsel must affirm that the Defendant prefers to appear through counsel. Additionally, the Defendant must maintain contact with counsel. If the Defendant does not appear in any way prescribed by CrR 3.4, the court may order the clerk to issue a bench warrant for the Defendant's arrest.  If a Defendant appears through counsel, notices provided to counsel are presumed to be provided to the Defendant**

    ☐ **Defendant confirmed agreement to the below waiver and Defense Counsel explained the waiver to the defendant. WAIVER**: I understand that I have a right to a trial within 60 days of my arraignment if I remain in custody on this case, or within 90 days of my arraignment if I am released on this case before the expiration of 60 days, except for any excluded periods under CrR 3.3, or unless the commencement date is reset. I voluntarily and knowingly agree to reset the commencement date to the next court hearing (scheduled above). I agree that my new time for trial expiration date is 60 days from that date if I remain in custody on this case, or 90 days from that date if I am released on this case before the expiration of 60 days.

_____*Defendant would not sign*_____
Defendant
(Signature required for waiver pursuant to CrR 3.3(c)(2)(i) or continuance pursuant to CrR 3.3(f)(1))

_____*SRB  48979*_____          _____
Deputy Prosecutor      WSBA No. _____          Attorney for Defendant      WSBA No. _____

DATED this *13th* day of *September*, 20 *24*.          _____*Sn*_____
                                                                                            Judge

I am fluent in the _____ language, and I have translated this entire document for the Defendant from English into that language. I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Interpreter: _____          Date: _____

**MOTION AND ORDER CONTINUING NEXT HEARING(S)**

Revised 7/2022

Case Number: 24-1-02680-7
Date:          June 01, 2025
Serial ID:     25-105172-9074673U2A
Certified By:  Catherine Cornwall
               King County Clerk, Washington

I, CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle.



Catherine Cornwall, King County Clerk



**Instructions to recipient:** If you wish to verify the authenticity of the certified document that was transmitted by the Clerk, you must create and/or sign-in to your KC Script Portal account. Only e-certified documents that were directly ordered through the KC Script Portal can be verified through this tool.

Sign in to KC Script Portal:

**https://dja-prd-ecexap1.kingcounty.gov/**

After you login to your account, click Certified Copy Verification from the black ribbon menu at the top of the screen. There you will enter the following Serial ID.

Serial ID:     **25-105172-9074673U2A**

This document contains 2 page plus this sheet, and is a true and correct copy of the original that is of record in the King County Clerk's Office. The copy associated with Serial ID will be displayed by the Clerk.

# APPENDIX K -4

# King County Superior Court Cl

### Welcome to the Records Access Portal

**24-1-02680-7 SEA**

STATE OF WASHINGTON VS BENSHOOF, KURT ALDEN

Criminal - Appeal

Request Access to Sealed

| Summary | Charges | Participants | Document List | Events | Judgments |

## Documents

### ⌄ Documents List

| Sub Number | Date Filed | Document Name | Additional Information |
|---|---|---|---|
| 1 | 07/08/2024 | INFO - Information | |
| 2 | 07/08/2024 | ORW - Order for Warrant | |
| 3 | 07/09/2024 | NTARD - Notice of Appearance and Request for Discovery | |
| 4 | 07/09/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 5 | 07/09/2024 | NTA - Notice of Arraignment | |
| 6 | 07/11/2024 | REC - Recusal of Judge | KEENAN |
| 7 | 07/16/2024 | ORJCE - Order for In-Jail Competency Evaluation | |
| 9 | 07/16/2024 | MINS - Minutes Motion hearing | |
| 8 | 07/17/2024 | AT - Attachment | EMAIL AND COPY OF PETITION FOR WRIT |
| 10 | 07/18/2024 | SHRTWA - SHERIFF'S RETURN ON WARRANT OF ARREST | |
| 11 | 07/31/2024 | ORCNT - Order of Continuance | |
| 12 | 07/31/2024 | MINS - Minutes Hearing continued | |
| 13 | 08/05/2024 | ORTRP - Order to Transport | |
| 14 | 08/05/2024 | AT - Attachment | |
| 15 | 08/05/2024 | ORCNT - Order of Continuance | |
| 16 | 08/05/2024 | MDR - Medical Report | WSH/DSHS 8/1/2024 |

| 25 | 08/05/2024 | MINS – Minutes Hearing continued | |
| 17 | 08/06/2024 | ORECRP – Order Establishing Conditions of Release | EHM / BAIL $250,000 |
| 18 | 08/06/2024 | ORDCT – Order Determining Competency to Stand Trial | |
| 19 | 08/06/2024 | ORSOTD – Order Setting Omnibus and Trial Date | |
| 20 | 08/06/2024 | WVC – Waiver of Counsel | |
| 21 | 08/06/2024 | OMAPA – Omnibus Application of Prosecuting Attorney | |
| 22 | 08/06/2024 | APX – Appendix | B |
| 23 | 08/06/2024 | MDR – Medical Report | WSH/DSHS 8/1/2024 |
| 24 | 08/06/2024 | ORNC – No Contact Order | |
| 26 | 08/06/2024 | MINS – Minutes Motion hearing | |
| 27 | 08/08/2024 | NTWDA – Notice of Withdrawal of Attorney | |
| 28 | 08/08/2024 | AFSRES – Affidavit / Declaration / Certificate of eService | |
| 29 | 08/08/2024 | AT – Attachment | JUDICIAL NOTICE WITH EXHIBITS |
| 30 | 08/13/2024 | RTS – Return of Service | |
| 31 | 08/13/2024 | RTS – Return of Service | |
| 32 | 08/15/2024 | ORAU – Order Authorizing | THAT DEFT BE ALLOWED TO VIEW DISCOVERY VIA MRJC |
| 33 | 08/15/2024 | MINS – Minutes Motion hearing | |
| 34 | 08/15/2024 | ORPFAI – Order Permitting Filing of Amended Information | |
| 35 | 08/15/2024 | AMINF – Amended Information | |
| 36 | 08/20/2024 | MINS – Minutes Hearing continued | |
| 37 | 08/20/2024 | ORCOMH – Order to Continue Omnibus Hearing | |
| 38 | 08/23/2024 | AT – Attachment | |
| 39 | 09/06/2024 | ORCOMH – Order to Continue Omnibus Hearing | |
| 40 | 09/06/2024 | NT – Notice | CONSTRUCTIVE |
| 41 | 09/06/2024 | CRRSP – Correspondence | FROM COURT AND DEFENDANT |
| 44 | 09/06/2024 | MINS – Minutes Motion hearing | |
| 42 | 09/09/2024 | ORP – Order of Preassignment | JUDGE PARISIEN |
| 43 | 09/09/2024 | CRRSP – Correspondence | FROM COURT AND DEFENDANT |
| 45 | 09/13/2024 | MINS – Minutes Omnibus Hearing | |
| 46 | 09/13/2024 | AT – Attachment | SUBPOENAS FOR PRETRIAL DEPOSITIONS |

| 47 | 09/13/2024 | RQD - Request for Discovery | |
| 48 | 09/13/2024 | RQD - Request for Discovery | |
| 49 | 09/13/2024 | NT - Notice | OF MOTION FOR FRANKS HEARING |
| 50 | 09/13/2024 | ORCOTD - Order for Continuance of Omnibus Hearing and Trial Date | |
| 51 | 09/18/2024 | LTR - Letter | FROM THE COURT |
| 52 | 09/23/2024 | MT - Motion | FOR REASONABLE ACCOMODATION |
| 53 | 09/24/2024 | MAIL - Mail Return - Unclaimed | |
| 60 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 61 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 62 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 63 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 64 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 65 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 66 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 67 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 68 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 69 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 70 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 71 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 72 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 73 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 74 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 75 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |

| 76 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 77 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 78 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 79 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 80 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 81 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 82 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 83 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 84 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 85 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 86 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 87 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 88 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 89 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 90 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 91 | 10/03/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 92 | 10/04/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 93 | 10/04/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 94 | 10/04/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 95 | 10/04/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 97 | 10/04/2024 | AFSRES - Affidavit / Declaration / Certificate of eService |
| 98 | 10/04/2024 | MINS - Minutes Omnibus Hearing |
| 105 | 10/04/2024 | NTDQ - Notice of Disqualification |

| 106 | 10/04/2024 | ORCTD - Order for Continuance of Trial Date | |
| 107 | 10/04/2024 | OOR - Omnibus Order | |
| 99 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 100 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 101 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 102 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 103 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 104 | 10/07/2024 | FAULTY - Faulty Document Notice | |
| 108 | 10/08/2024 | NTAPR - Notice of Appearance | |
| 109 | 10/09/2024 | FAULTY - Faulty Document Notice | |
| 112 | 10/18/2024 | FAULTY - Faulty Document Notice | |
| 113 | 10/18/2024 | ORAPHV - Order Appointing Pro Hac Vice | ROBERT E BARNES BAR NO 235919 |
| 115 | 10/22/2024 | ORSKTD - Order Striking Trial Date | |
| 114 | 10/23/2024 | MINS - Minutes Status hearing | |
| 116 | 10/23/2024 | ORCOTD - Order for Continuance of Omnibus Hearing and Trial Date | |
| 117 | 10/23/2024 | OAPAT - Order Appointing Attorney | |
| 118 | 10/24/2024 | FAULTY - Faulty Document Notice | |
| 119 | 11/15/2024 | CP - Copy | BOND |
| 120 | 11/18/2024 | BN - Bond | $250,000 |
| 121 | 11/26/2024 | MINS - Minutes Motion hearing | |
| 122 | 11/26/2024 | ORDTLRA - Order of Detention / Less Restrictive Alternative | EHD |
| 123 | 11/26/2024 | ORCMC - Order Accepting Into Community Court | |
| 124 | 11/26/2024 | ORCTD - Order for Continuance of Trial Date | |
| 125 | 11/26/2024 | ORNC - No Contact Order | |
| 126 | 11/26/2024 | ORNC - No Contact Order | |
| 128 | 12/23/2024 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 127 | 12/24/2024 | NT - Notice | JUDICIAL NOTICE / URVE MAGGITTI |
| 129 | 02/18/2025 | MINS - Minutes - VOID | |

| 130 | 02/18/2025 | MTCTD - Motion to Change Trial Date | UNOPPOSED |
| 131 | 02/18/2025 | ORDYMT - Order Denying Motion / Petition | TO CONTINUE TRIAL DATE |
| 140 | 02/18/2025 | MINS - Minutes Motion hearing | AMENDED |
| 132 | 02/24/2025 | AMINF - Amended Information | |
| 133 | 02/26/2025 | MTCTD - Motion to Change Trial Date | UNOPPOSED |
| 134 | 02/26/2025 | MINS - Minutes Motion hearing | |
| 135 | 02/27/2025 | NTWSUB - Notice of Withdrawal and Substitution Of Counsel | |
| 136 | 02/27/2025 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 137 | 02/27/2025 | MT - Motion | TO CONFIRM ATTORNEY OF RECORD |
| 138 | 02/27/2025 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 139 | 02/28/2025 | MINS - Minutes Status hearing | |
| 156 | 03/03/2025 | MINS - Minutes Jury trial | |
| 141 | 03/04/2025 | TRMM - Trial Memorandum | |
| 142 | 03/04/2025 | PLPIN - Plaintiff 's Proposed Instructions | |
| 143 | 03/04/2025 | AMINF - Amended Information | SECOND |
| 144 | 03/04/2025 | PLPIN - Plaintiff 's Proposed Instructions | |
| 145 | 03/04/2025 | PLPIN - Plaintiff 's Proposed Instructions | |
| 146 | 03/04/2025 | TRMM - Trial Memorandum | |
| 147 | 03/04/2025 | ORPFAI - Order Permitting Filing of Amended Information | |
| 149 | 03/05/2025 | EMAIL - Email/s | |
| 148 | 03/06/2025 | RSP - Response | RESPONSE TO DEFENSE MOTION FOR FRANKS HE |
| 152 | 03/07/2025 | ORMTL - Order on Motion in Limine | |
| 150 | 03/10/2025 | DFPIN - Defendant 's Proposed Instructions | |
| 151 | 03/10/2025 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 157 | 03/10/2025 | CTINJY - Court's Instructions To Jury | |

| 153 | 03/11/2025 | EXLST – Exhibit List – VOID | TRIAL |
| 154 | 03/11/2025 | EXLST – Exhibit List | PRETRIAL |
| 155 | 03/11/2025 | EXLST – Exhibit List | AMENDED TRIAL |
| 158 | 03/11/2025 | STPORE – Stipulation and Order for Return of Exhibits and / or Unopened Depositions | |
| 159 | 03/11/2025 | CTINJY – Court's Instructions To Jury | AMENDED |
| 160 | 03/11/2025 | ORPWE – Order for Payment Of Witness Expenses | $30.00 |
| 161 | 03/11/2025 | VRD – Verdict | FORM A / GUILTY / COUNT 1 |
| 162 | 03/11/2025 | VRD – Verdict | FORM C / GUILTY / COUNT 2 |
| 163 | 03/11/2025 | SPV – Special Verdict | FORM A / COUNT 1/ INTIMATE PARTNERS PRIOR TO COMMITTED? / YES |
| 164 | 03/11/2025 | SPV – Special Verdict | FORM B / AGGRAVATING CIRCUMSTANCES AS TO C THAT THE CRIME WAS AN AGGREVATED DOMESTIC |
| 165 | 03/12/2025 | NTHG – Notice of Hearing | SENTENCING |
| 166 | 03/14/2025 | FNFCL – Findings of Fact and Conclusions of Law | ON CrR 3.6 MOTION TO SUPPRESS |
| 167 | 03/14/2025 | FNFCL – Findings of Fact and Conclusions of Law | ON CrR 3.5 MOTION |
| 168 | 03/21/2025 | MT – Motion | FOR JUDGMENT OF AQUITTAL OR NEW TRIAL |
| 169 | 03/21/2025 | AFSRES – Affidavit / Declaration / Certificate of eService | |
| 170 | 04/03/2025 | NT – Notice | NOTE FOR CRIMINAL MOTION |
| 171 | 04/03/2025 | AFSRES – Affidavit / Declaration / Certificate of eService | |
| 172 | 04/07/2025 | RSP – Response | TO JUDGMENT OF ACQUITTAL |
| 173 | 04/07/2025 | AFSRES – Affidavit / Declaration / Certificate of eService | |
| 174 | 04/07/2025 | STP – Stipulation | |
| 175 | 04/07/2025 | AFSRES – Affidavit / Declaration / Certificate of eService | |
| 176 | 04/08/2025 | SNTRC – Sentence Recommendation | STATE'S SENTENCING MEMORANDUM |
| 177 | 04/09/2025 | STPATTY – Statement of Prosecuting Attorney | |
| 178 | 04/09/2025 | RPY – Reply | TO OPPOSITION FOR JUDGMENT OF ACQUITTAL |
| 179 | 04/09/2025 | AFSRES – Affidavit / Declaration / Certificate of eService | |

| 181 | 04/10/2025 | AFSRES - Affidavit / Declaration / Certificate of eService | |
| 180 | 04/11/2025 | MM - Memorandum | SENTANCING |
| 182 | 04/11/2025 | RSP - Response | RESPONSE TO SIMILAR CONDUCT MOTION |
| 183 | 04/11/2025 | NTIPF - Notice of Ineligibility to Possess a Firearm | |
| 184 | 04/11/2025 | FJS - Felony Judgment and Sentence | |
| 185 | 04/11/2025 | JS - Judgment and Sentence | |
| 187 | 04/11/2025 | NTRA - Court's Notice of Right of Appeal | |
| 188 | 04/11/2025 | NTRA - Court's Notice of Right of Appeal | |
| 189 | 04/11/2025 | ORNC - No Contact Order | |
| 190 | 04/11/2025 | ORWPNP - Order to Surrender Weapon-CPL Restriction | |
| 191 | 04/11/2025 | MINS - Minutes Sentencing hearing | |
| 192 | 04/11/2025 | FNOR5 - Findings and Order of Relief Re 5th Amendment | |
| 186 | 04/14/2025 | NTIPF - Notice of Ineligibility to Possess a Firearm | AND LOSS OF RIGHT TO VOTE |
| 193 | 04/24/2025 | NACA - Notice of Appeal to Court Of Appeals | |
| 194 | 04/29/2025 | MT - Motion | MOTION FOR ORDER OF INDIGENCY |
| 195 | 05/02/2025 | CR - Certificate | CERTIFICATE OF FINALITY |
| 196 | 05/02/2025 | NTHG - Notice of Hearing | INDIGENCY |
| 197 | 05/02/2025 | MT - Motion | MOTION FOR ORDER OF INDIGENCY |
| 198 | 05/12/2025 | DSGCKP - Designation of Clerk's Papers | 88078-1 |
| 199 | 05/12/2025 | AFSRES - Affidavit / Declaration / Certificate of eService | |

Copyright © Journal Technologies, USA. All rights reserved.

# APPENDIX K -5

# RCW 4.12.050

## Notice of disqualification.

(1) Any party to or any attorney appearing in any action or proceeding in a superior court may disqualify a judge from hearing the matter, subject to these limitations:

(a) Notice of disqualification must be filed and called to the attention of the judge before the judge has made any discretionary ruling in the case.

(b) In counties with only one resident judge, the notice of disqualification must be filed not later than the day on which the case is called to be set for trial.

(c) A judge who has been disqualified under this section may decide such issues as the parties agree in writing or on the record in open court.

(d) No party or attorney is permitted to disqualify more than one judge in any matter under this section and RCW 4.12.040.

(2) Even though they may involve discretion, the following actions by a judge do not cause the loss of the right to file a notice of disqualification against that judge: Arranging the calendar, setting a date for a hearing or trial, ruling on an agreed continuance, issuing an arrest warrant, presiding over criminal preliminary proceedings under CrR 3.2.1, arraigning the accused, fixing bail, and presiding over juvenile detention and release hearings under JuCR 7.3 and 7.4.

(3) This section does not apply to water right adjudications filed under chapter 90.03 or 90.44 RCW. Disqualification of judges in water right adjudications is governed by RCW 90.03.620.

[ 2017 c 42 s 2; 2009 c 332 s 20; 1941 c 148 s 1; 1927 c 145 s 2; 1911 c 121 s 2; Rem. Supp. 1941 s 209-2.]

## NOTES:

**Rules of court:** *Demurrers abolished—CR 7(c).*

**Application—2009 c 332:** See note following RCW 90.03.110.



# APPENDIX K -6

(219 of 260), Page 219 of 260 Case: 25-552, 06/13/2025, DktEntry: 12.2, Page 219 of 260

RCW 4.12.040: Disqualification of judge, transfer to another department, visiting judge—Change of venue generally, criminal cases. 6/2/25, 8:20 AM

# RCW 4.12.040

## Disqualification of judge, transfer to another department, visiting judge—Change of venue generally, criminal cases.

(1) No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding if that judge has been disqualified pursuant to RCW 4.12.050. In such case the presiding judge in judicial districts where there is more than one judge shall forthwith transfer the action to another department of the same court, or call in a judge from some other court. In all judicial districts where there is only one judge, a certified copy of the notice of disqualification filed in the cause shall be transmitted by the clerk of the superior court to the clerk of the superior court designated by the chief justice of the supreme court. Upon receipt the clerk of said superior court shall transmit the forwarded notice to the presiding judge who shall direct a visiting judge to hear and try such action as soon as convenient and practical.

(2) The presiding judge in judicial districts where there is more than one judge, or the presiding judge of judicial districts where there is only one judge, may send a case for trial to another court if the convenience of witnesses or the ends of justice will not be interfered with by such a course and the action is of such a character that a change of venue may be ordered: PROVIDED, That in criminal prosecutions the case shall not be sent for trial to any court outside the county unless the accused shall waive his or her right to a trial by a jury of the county in which the offense is alleged to have been committed.

(3) This section does not apply to water right adjudications filed under chapter 90.03 or 90.44 RCW. Disqualification of judges in water right adjudications is governed by RCW 90.03.620.

[ 2017 c 42 s 1; 2009 c 332 s 19; 1989 c 15 s 1; 1961 c 303 s 1; 1927 c 145 s 1; 1911 c 121 s 1; RRS s 209-1.]

## NOTES:

Application—2009 c 332: See note following RCW 90.03.110.

*Criminal proceedings, venue and jurisdiction: Chapter 10.25 RCW.*



# APPENDIX L

Case No.  24-1-102680-7 SEA

| | |
|---|---|
| 1 | SUPERIOR COURT OF THE STATE OF WASHINTON KING COURT |
| 2 | STATE OF WASHINGTON          )   Courtroom:  W-355 |
| 3 |             Plaintiff        )   Superior Court of King County<br>                             )   516 Third Avenue, |
| 4 |       vs.                    )   Seattle, WA 98104 |
| 5 | BENHOOF, KURT A.             ) |
| 6 |             Defendant        ) |

7        BEFORE:  THE NONORABLE SUZANNE PARISIEN, JUDGE

8   APPEARANCES:            STEPHANIE BRENNAN, Attorney(s)

9                           On behalf of the Plaintiff

10                          State of Washington

11

12                          KURT A.  BENSHOOF, pro se

13

14        COURT CLERK: King County Superior Court, the Honorable Suzanne Parisien

15   presiding. [00:00:03]

16        JUDGE: All right.  Good morning, everyone.

17        MS. BRENNAN: Thank you, [00:00:06] Your Honor.  This is the state of Washington

18   versus Kurt Benshoof, [00:00:09] it's Case number [00:00:12] 24-1-02680-7 [00:00:15]

19   Seattle designation Stephanie Brennan on behalf the state. [00:00:18] The defendant is

20   present in custody, representing himself. [00:00:21] We are on today for Omnibus.

21        JUDGE:  All right.  Good morning, Mr. Benshoof ... [00:00:24]

22        MR. BENSHOOF:  Are we on the record, Your Honor?

23        JUDGE:  I'm sorry I didn't hear what you said.

24        MR. BENSHOOF:  Are we on the record? [00:00:27]

25        JUDGE: Absolutely.

26        MR. BENSHOOF: Okay.  And ...

27        JUDGE: So why don't you state your name [00:00:30] for the record, Mr. Benshoof,

28   just so that we can have a record [00:00:33] that you're here?

Page **1** of **17**

Case No.   24-1-102680-7 SEA

1      MR. BENSHOOF:  My name for the record, Your Honor, [00:00:36] happy Friday, is

2    Kirk Benshoof. [00:00:39]

3      JUDGE:  Okay.

4      MR. BENSHOOF:  I'm the alleged defendant in this case, and there's [00:00:42] a

5    more pressing matter before the matter that Ms. Brennan [00:00:45] wishes to bring,

6    which is [00:00:48] a petition for writ of habeas corpus, [00:00:51] which was

7    previously mentioned last time [00:00:54] I was in here, which I believe was August

8    20th. [00:00:57] And [00:01:00] as hopefully the Court is aware, [00:01:03] habeas

9    corpus has [00:01:06] a higher priority than anything else. [00:01:09] It's, for

10   example, they can be heard and issued [00:01:12] on Sundays, unlike the [00:01:15]

11   prosecution that Ms. Brennan is trying [00:01:18] to bring forth.  And did [00:01:21]

12   you have something to say,  Your Honor?

13     JUDGE: No, just we're, we're, we're, we're going to proceed [00:01:24] with an

14   omnibus hearing today, which is really just to ...

15     MR. BENSHOOF:  No, [00:01:27] but the issue is that the court does not have

16   jurisdiction. [00:01:30]

17     JUDGE: Sure.

18     MR. BENSHOOF:Unless the court is claiming that [00:01:33] the court has the

19   authority to aid and abet [00:01:36] Ms. Brennan in the malicious prosecution in

20   violation [00:01:39] of RCW9.62.010 which I don't [00:01:42] think it does.  And

21   there's been an issue [00:01:45] that's recurring and my ... [00:01:48] what I've seen

22   first-hand [00:01:51] is that multiple judges and the court clerk [00:01:54] have

23   refused to docket a habeas petition. [00:01:57] And yesterday [00:02:00] day before

24   yesterday I received what [00:02:03] I would say constitutes a threatening letter from

25   [00:02:06] we'll say is somebody whose [00:02:09] name rhymes with Belinda Chung.

26   [00:02:12] And once again, [00:02:15] the falsehood was repeated that someone

27   [00:02:18] cannot file a habeas petition on my behalf. [00:02:21] As I have informed

28   Ms. Brennan [00:02:24] and the city prosecutor and several judges, [00:02:27] I'm

Case No.  24-1-102680-7 SEA

1   being denied my due process rights.  I can't even get basic [00:02:30] access to

2   materials such as envelopes [00:02:33] to mail things.  So ...

3        JUDGE: Okay, I'm gonna stop you, [00:02:36] Mr. Benshoof.

4        MR. BENSHOOF: No.

5        JUDGE: Because ...

6        MR. BENSHOOF: Don't interrupt me.

7        JUDGE: No.

8        MR. BENSHOOF: This is a habeas [00:02:39] proceeding right now ...

9        JUDGE: You know what ... it's not, we, we are having ...

10       MR. BENSHOOF: I just, I just started it, [00:02:42] Your Honor.

11       JUDGE: Hey, Mr. Benshoof.

12       MR. BENSHOOF: And I'm gonna continue.  I'm being unlawfully imprisoned ...

13   [00:02:45]

14       JUDGE: We are ...  Sir ...

15       MR. BENSHOOF: Please don't interrupt me, Your Honor.

16       JUDGE: You know what?

17       MR. BENSHOOF: No.

18       JUDGE: This is my courtroom. [00:02:48]

19       MR. BENSHOOF: No, I'm in ...

20       JUDGE: We are here ...

21       MR. BENSHOOF: No, it's the public's courtroom, Your Honor. [00:02:51]

22       JUDGE: No.

23       MR. BENSHOOF: Apparently you've forgotten that you're a public servant.

24   [00:02:54]

25       JUDGE: You know what?

26       MR. BENSHOOF: I'm being unlawfully prisoned ...

27       JUDGE: Mr. Benshoof ...

28

Page **3** of **17**

Case No.   24-1-102680-7 SEA

1    MR. BENSHOOF: Your Honor.  Excuse me, I'm talking. [00:02:57] Don't speak over

2  me.

3    JUDGE: You know what don't ...

4    MR. BENSHOOF: The issue ... [00:03:00]

5    JUDGE: I'm gonna tell you right now ...

6    MR. BENSHOOF: Is that I'm being ...

7    JUDGE: Not to tell me what to do. [00:03:03]

8    MR. BENSHOOF: You have ...

9    JUDGE: Don't do it now.

10    MR. BENSHOOF: Are you angry?

11    JUDGE: You know what?  Don't worry if I'm angry [00:03:06] or not I am telling

12  ...

13    MR. BENSHOOF: But you lied in here last time ...

14    JUDGE: Sir. [00:03:09]

15    MR. BENSHOOF: Do you want to know what the lie that you stated on the record was

16  ...

17    JUDGE: You know what?  I ...

18    MR. BENSHOOF: It's the same lie that [00:03:12] Melinda Young stated.

19    JUDGE: Okay.

20    MR. BENSHOOF: And that's this. [00:03:15] Article 4, Section 6 of the Washington

21  [00:03:18] State Constitution states unequivocally [00:03:21] that a person, an ex-

22  friend, [00:03:24] can file a petition for habeas on my behalf. [00:03:27]

23    JUDGE: Okay.

24    MR. BENSHOOF: You lied on the record on August 20th [00:03:30] and stated that

25  that wasn't true.

26    JUDGE: So I'm gonna ... [00:03:33]

27    MR. BENSHOOF: And then Melinda Young repeatedly that lie and the clerk

28  [00:03:36] Catherine Cornwall ...

Page **4** of **17**

Case No.   24-1-102680-7 SEA

1      JUDGE: I am going to ...

2      45:   Has refused to docket it. [00:03:39] That's a problem ...

3      JUDGE: I'm going to ...

4      MR. BENSHOOF: That's official misconduct ...

5      JUDGE: To tell you ...

6      MR. BENSHOOF: It's a gross misdemeanor. [00:03:42]

7      JUDGE: I am going to tell ...

8      MR. BENSHOOF: I am going to ask you to put her in handcuffs, [00:03:45] RCW 98.8

9  ...

10     JUDGE: Mr. Benshoof, [00:03:48] if you want to spend your time in [00:03:51]

11 this way, you can do so, [00:03:54] but I can tell you it's not really going to be

12 helpful to you. [00:03:57] You've got a trial coming up and that trial is going to

13 happen. [00:04:00] And prior to trials, there was an omnibus [00:04:03] hearing and we

14 discussed things that are really important [00:04:06] and so that's ...

15     MR. BENSHOOF: Are you saying that my unlawful incarceration [00:04:09] isn't

16 important to you?

17     JUDGE: No, I'm telling you that that [00:04:12] we are here today to discuss

18 your [00:04:15] upcoming trial.  And so you should get your head wrapped around that

19 [00:04:18] because it's an important hearing and that's why we're here today.

20 [00:04:21] I understand ...

21     MR. BENSHOOF: It's that legal advice ...

22     JUDGE: You have an ...

23     MR. BENSHOOF: You just told me ...

24     JUDGE: You have an 1145 ... [00:04:24]

25     MR. BENSHOOF: You just told me I should do something ...

26     JUDGE: You have another hearing in in Municipal Court. [00:04:27]

27     MR. BENSHOOF: Yeah, that's another malicious prosecution.

28     JUDGE: You can call it [00:04:30] whatever you would like, Sir.

Page **5** of **17**

Case No.  24-1-102680-7 SEA

1        MR. BENSHOOF: Well, that's okay ...

2        JUDGE: But I'm trying to get you ...

3        MR. BENSHOOF: Let's look at [00:04:33] jurisdiction.

4        JUDGE: I am trying to get you to get this hearing [00:04:36] done so that you

5    can be prompt ...

6        MR. BENSHOOF: Right, you're trying to railroad me, Your Honor. [00:04:39]

7        JUDGE: For your next hearing.  Yeah, okay.

8        MR. BENSHOOF: Do you understand jurisdiction.

9        JUDGE: All right, [00:04:42] so here we are ...

10       MR. BENSHOOF: Okay there's territorial jurisdiction ...

11       JUDGE: Mr. Benshoof ... [00:04:45]

12       MR. BENSHOOF: There's personal jurisdiction.

13       JUDGE: Mr. Benshoof ...

14       MR. BENSHOOF: And there's subject matter jurisdiction [00:04:48] how did the

15   Court ...

16       JUDGE: Mr. Benshoof, I'm going to [00:04:51] be speaking, we're going to have a

17   hearing [00:04:54] if you are just going to speak over me [00:04:57] with your own

18   agenda.

19       MR. BENSHOOF: My agenda is that ... [00:05:00]

20       JUDGE: You can do that ...

21       MR. BENSHOOF: You are complicit ...

22       JUDGE: But I am telling you ...

23       MR. BENSHOOF: In a criminal conspiracy ... [00:05:03]

24       JUDGE: That we are going to ...

25       MR. BENSHOOF: I've asked you ...

26       JUDGE: Schedule ...

27       MR. BENSHOOF: To answer why you lied on the record [00:05:06] on August 20th.

28       JUDGE: All right.

Page **6** of **17**

Case No.   24-1-102680-7 SEA

1  MR. BENSHOOF: Why did you lie, Your Honor?

2  JUDGE: So, [00:05:09] Ms. Brennan, tell me the current trial ...

3  MR. BENSHOOF: Are you ignorant?

4  JUDGE: The current trial date ... [00:05:12]

5  MR. BENSHOOF: Or are you correct?

6  JUDGE: So I'm going to give you, I'm sure you want to be [00:05:15] here for

7 your own omnibus hearing.  I can't imagine [00:05:18] that you'd want to miss this.

8  MR. BENSHOOF: I'm here for a habeas corpus...

9  JUDGE: But you know what if you continue [00:05:21] to disrupt this court.

10  MR. BENSHOOF: No.

11  JUDGE: And disrupt [00:05:24] these proceedings ...

12  MR. BENSHOOF: I'm trying to do court matters which is a habeas ...

13  JUDGE: If you [00:05:27] continue to disrupt these proceedings, [00:05:30] I'll

14 just have you removed.  I'm not going to have [00:05:33] some kind of a competing

15 shouting match [00:05:36] with you, Mr. Benshoof, whether it's elevated voice or not.

16 [00:05:39] I'm not going to have you argue at me.  So we're here today [00:05:42] for

17 an omnibus hearing.  I'm sure you know what that is [00:05:45] because you are very

18 well versed in court rules.  This hearing [00:05:48] on the schedule is going to

19 happen.  I'd like it to happen [00:05:51] with you present.  If you cannot stick

20 [00:05:54] to what we're doing here today, [00:05:57] then I'll have to have you

21 removed because you continue to interrupt me and call me [00:06:00] a liar.  So we're

22 not going to do that.  So [00:06:03] the current trial date, Mr. Benshoof, is

23 September [00:06:06] 24th, 2024, that is a a [00:06:09] week from pardon me, [00:06:12]

24 here let me look at the calendar here.  It is two, [00:06:15] a week from this Tuesday

25 the 24th. [00:06:18] And so.

26  MR. BENSHOOF: Objection. [00:06:21]

27  JUDGE: I'm not sure why it was scheduled on Tuesday.  Is that [00:06:24] just

28 curious?

Case No.  24-1-102680-7 SEA

1     MS. BRENNAN: I don't know, Your Honor, [00:06:27] but the state is does have a

2 motion to continue based on unavailability. [00:06:30]

3     JUDGE: Okay and I'm unavailable too I'm in trial right ...

4     MR. BENSHOOF: Objection.

5     JUDGE: On a another criminal matter. [00:06:33]

6     MS. BRENNAN: Yes so just to make my record ...

7     JUDGE: Sure.

8     MS. BRENNAN: Magali Lerman [00:06:36] who is one of the victims, she's a named

9 victim. [00:06:39] She's also a witness.

10     JUDGE: Right.

11     MS. BRENNAN: She is unavailable [00:06:42] until the 6th, October 16th.

12 [00:06:45] The state would request a trial date [00:06:48] of October 16th, as I

13 believe [00:06:51] at that point we should be able to get her to trial [00:06:54] you

14 know ...

15     JUDGE: Sure.

16     MS. BRENNAN: Cause it'll take a few days.

17     MR. BENSHOOF: Objection.

18     MS. BRENNAN: To ...

19     JUDGE: Sure, [00:06:57] you are, you are [overlap] you are, you are you are

20 interrupting [00:07:00] now ...

21     MR. BENSHOOF: Do I have a right to know ...

22     JUDGE: The prosecution ...

23     MR. BENSHOOF: To note an objection for the record, Your Honor? [00:07:03]

24     JUDGE: You cannot cut people off in the middle of a sentence in my courtroom,

25 [00:07:06] so don't do it. The 16th, October 16th, [00:07:09] for that's a Wednesday.

26 She's available on that [00:07:12] day, you are sure about that? [00:07:15]

27     MS. BRENNAN: Well, that is when she becomes available.

28     JUDGE: Right, so we'll ... [00:07:18]

Case No.  24-1-102680-7 SEA

1    MS. BRENNAN: Given that we start with pretrial motions.

2    JUDGE: Right.

3    MS. BRENNAN: In [indistinct 00:07:19]

4    JUDGE: Right.

5    MS. BRENNAN: I'm trying to be cognizant [00:07:21] that we do want this trial

6    to go as soon as possible.

7    JUDGE: Yeah.

8    MS. BRENNAN: And also with the witnesses.

9    MR. BENSHOOF: Oh yeah. [00:07:24]

10   MS. BRENNAN: I also will make the record that I do believe [00:07:27] the

11   defendant will be in a trial of Seattle Municipal Court [00:07:30] during that interim

12   period, which would make him unavailable.

13   JUDGE: Oh, that I'm sorry, [00:07:33] that October 16th period.

14   MS. BRENNAN: No, no ... [00:07:36]

15   JUDGE: No, no.

16   MS. BRENNAN: Between.

17   JUDGE: Before.

18   MS. BRENNAN: Between.

19   JUDGE: Between, I understand ...

20   MS. BRENNAN: In this, in this interim period, [00:07:39] he does have the

21   pending case of Seattle and Municipal Court which I believe may be [00:07:42]

22   confirmed today to start next week.  And then also [00:07:45] I have just been

23   assigned out to trial.

24   JUDGE: Okay.

25   MS. BRENNAN: So there are [00:07:48] competing interests in this interim period

26   anyway. [00:07:51] Thank you.

27   JUDGE: Okay, well the fact that the one of the main witnesses [00:07:54] isn't

28   available till 16th.

Case No.  24-1-102680-7 SEA

1        MS. BRENNAN: Yes.

2        JUDGE: It would. [00:07:57]

3        MS. BRENNAN: Thank you, Your Honor.

4        JUDGE: Sure.

5        MS. BRENNAN: So I do to make sure [00:08:00] that this stays on track, the

6    state would request an [00:08:03] omnibus hearing date of October 4th at 8:30

7    [00:08:06] and then we would have the trial date of October 16th [00:08:09] with an

8    expiration date of November 15th. [00:08:12]

9        MR. BENSHOOF: Objection.

10       JUDGE: Okay ...

11       MR. BENSHOOF: That would violate my rights ...

12       JUDGE: And so I'm sorry ...

13       MR. BENSHOOF: To speedy trial.

14       JUDGE: October 16th [00:08:15] trial date [00:08:18] and the expiration on that

15   is [00:08:21] 1115, okay. [00:08:24] And okay. [00:08:27] And [00:08:30] give me an

16   idea if you can, Ms. Brennan, how long [00:08:33] you think trial will take?

17   [00:08:36] [00:08:39]

18       MS. BRENNAN: 10 to 12 days, probably [00:08:42] 12 days.  It really. [00:08:45]

19       JUDGE: That's a long trial.

20       MS. BRENNAN: I'm giving [00:08:48] some it's that's a 10 to 12 [00:08:51] days.

21       JUDGE: Okay, okay.

22       MS. BRENNAN: Yeah.

23       JUDGE: All right.

24       MS. BRENNAN: Thank you.  [00:08:54]

25       JUDGE: Sure.  So, Mr. Benshoof ... [00:08:57]

26       MR. BENSHOOF: I have several objections to make. [00:09:00]

27

28

Case No.  24-1-102680-7 SEA

1     JUDGE: Okay, well, it's only going to be as to dates, that's that's all

2  [00:09:03] we're discussing now.  So tell me about your [00:09:06] objection with a

3  trial date of October 16th [00:09:09] and an omnibus of October 4th.

4     MR. BENSHOOF: I have a right [00:09:12] to speedy trial.

5     JUDGE: Okay.

6     MR. BENSHOOF: Even if [00:09:15] even if this wasn't a malicious prosecution,

7  [00:09:18] even if the court had subject matter jurisdiction [00:09:21] and personal

8  jurisdiction, there's the issue of [00:09:24] the fact that the 60 days speedy trial

9  pursuant [00:09:27]  to the fact that I'm in custody already ran out. [00:09:30] The,

10  the information was filed on [00:09:33] July 8th and [00:09:36] Melinda Young, among

11  her other [00:09:39] games that she's played, *sua sponte* declared [00:09:42] that she

12  thought I might be paranoid [00:09:45] on a hearing, which I believe was July 15th

13  [00:09:48] or 16th.  Then she attempted [00:09:51] to say that the speedy trial

14  [00:09:54] calendar was told for approximately the next three weeks [00:09:57] and

15  then at [00:10:00] a hearing, which I believe was August 6th, [00:10:03] Melinda Young,

16  you know, announced that she's like, oh, [00:10:06] now the, the, [00:10:09] the end

17  date, whatever you call it, [00:10:12] is October 5th.  Well, that's [00:10:15] not

18  actually how it works.

19     JUDGE: So I'm ...

20     MR. BENSHOOF: Just just ...

21     JUDGE: So I'm going to stop you. [00:10:18] So you're you're you're raising an

22  issue that you want [00:10:21] this trial prior to [00:10:24] prior to the 16th.  Is

23  that what you're saying?

24     MR. BENSHOOF: Oh let [00:10:27] me be more clear, we're already past [00:10:30]

25  the expiration date.

26     JUDGE: Well, I assume good 'cause has already been found [00:10:33] to for the

27  expiration of a speedy trial [00:10:36] and so ...

28     MR. BENSHOOF: No, good cause ...

Case No.   24-1-102680-7 SEA

1    JUDGE: We're not going to reargue that [00:10:39] so the ...

2    MR. BENSHOOF: No, I'm still continuing. [00:10:42]

3    JUDGE: No, you're not continuing.

4    MR. BENSHOOF: Oh you're cutting me off.

5    JUDGE: So tell me about ... [00:10:45]

6    MR. BENSHOOF: So I don't have a right to object and speak?

7    JUDGE: Tell me about you made your point. [00:10:48] Tell me about ...

8    MR. BENSHOOF: That was only one point, Your Honor ...

9    JUDGE: I assume the other [00:10:51] any other that the your objection to the

10   1016 [00:10:54] trial date is based upon speedy trial. [00:10:57] Is there anything

11   else that you want to discuss with regard to the [00:11:00] October 16th trial date?

12   MR. BENSHOOF: There is no [00:11:03] October 16th trial date.

13   JUDGE: I can tell you there's going to be a trial [00:11:06] on October 16th

14   because I'm going [00:11:09] to clear my calendar.  Ms. Brennan.

15   MR. BENSHOOF: Okay.

16   JUDGE: You are going ...

17   MR. BENSHOOF: And I would like to make ... [00:11:12]

18   JUDGE: To clear yours as well.  And if you need anything from me [00:11:15]

19   indicating it's been a hard set to go up to [00:11:18] Judge Young ...

20   MR. BENSHOOF: Okay, I have another objection ...

21   JUDGE: Or whatever, I know I'm speaking now, just let me know [00:11:21] and

22   we'll get that done.  We're going to be in trial on the 16th because you get you do

23   have [00:11:24] a right to have this case heard and I'm going to make sure [00:11:27]

24   that I don't have anything else scheduled.  Ms. Brennan's going to do the same.

25   [00:11:30] It sounds like some of the material witnesses that would not have been

26   available [00:11:33] before will be available and so you're going to have [00:11:36]

27   your trial.

28   MR. BENSHOOF: So.

Case No.  24-1-102680-7 SEA

1      JUDGE: Anything ...

2      MR. BENSHOOF: Am I correct in ... [00:11:39]

3      JUDGE: Else ...

4      MR. BENSHOOF: In interpreting what you're saying is you're the [00:11:42] courts

5   asserting that I have a right to be subject [00:11:45] to a malicious prosecution, but

6   I don't have a right to a habeas hearing? [00:11:48] Is that what the court's saying?

7      JUDGE: I'm telling you when your trial is going to be [00:11:51] so you can, you

8   know, plan accordingly.

9      MR. BENSHOOF: Okay. [00:11:54]

10     JUDGE: I ...

11     MR. BENSHOOF: Then let me ask that question more ...

12     JUDGE: We're not asking anymore.  We're not asking questions [00:11:57] of the

13  court.  You're here to get a schedule order ...

14     MR. BENSHOOF: Okay, I have an objection ...

15     JUDGE: I've given you the opportunity [00:12:00 to to speak to the issues that

16  we are here before today, [00:12:03] which is actually quite narrow and that is when

17  are we going to have [00:12:06] trial.

18     MR. BENSHOOF: Regarding ...

19     JUDGE: And now we know.  Okay.

20     MR. BENSHOOF: Regarding the [00:12:09] the date that you just mentioned.

21     JUDGE: Yeah.

22     MR. BENSHOOF: I have another [00:12:12] objection to that date.

23     JUDGE: Thank you. [00:12:15]

24     MR. BENSHOOF: My understanding is the court is asserting that [00:12:18] Judge

25  Suzanne Parisien is [00:12:21] going to oversee that.  I object because [00:12:24] I

26  have reason to believe and do believe and I'm willing to state [00:12:27] so under

27  oath that Judge Suzanne Parisien [00:12:30] based upon my firsthand witness [00:12:33]

28  knowledge has [00:12:36] violated RCW 98. [00:12:39] 76.175 [00:12:42]by making false

Case No.  24-1-102680-7 SEA

1  or misleading statements in court. [00:12:45]  Specifically including but not limited

2  to on [00:12:48] August 20th you stated.

3      JUDGE: Okay.

4      MR. BENSHOOF: While [00:12:51] we were all present ...

5      JUDGE: So where did this order come from?

6      MR. BENSHOOF: That I [00:12:54] that my friends didn't have a right to file a

7  habeas petition. [00:12:57] You were trying to cover ...

8      JUDGE: Council ...

9      MR. BENSHOOF: For Clerk Catherine Cornwall ...

10      JUDGE: Ms. Brennan, [00:13:00] do you have an order ...

11      MR. BENSHOOF: The fact that ...

12      MS. BRENNAN: I do you have an order ...

13      JUDGE: Okay, thank you, this is not the right one.  Thank you, [00:13:03] okay.

14      MR. BENSHOOF: And then you appeared to get upset [00:13:06] that I pointed out

15  that you had lied on the record previously. [00:13:09] So either I'm lying now

16  [00:13:12] or you're lying.  And I can state ...

17      JUDGE: Okay, here we are ...

18      MR. BENSHOOF: For a fact that [00:13:15] not only did you lie on the 20th

19  [00:13:18] to try to deny my right because Article 1, [00:13:21] Section 13 of the

20  Washington State [00:13:24] Constitution as well as US Constitution [00:13:27] Article

21  1, Section 9, [00:13:30] Clause 2, which I should remind you is [00:13:33]

22  incorporated in the Washington Constitution because I [00:13:36] believe it's Article

23  1, Section 2 or [00:13:39] Article 1, Section 1 states that the Washington

24  Constitution [00:13:42] or the US Constitution is the supreme law [00:13:45] of the

25  land.

26      JUDGE: Mr. Benshoof, do you want ...

27      MR. BENSHOOF: So I have a right to habeas ... [00:13:48]

28

Case No.  24-1-102680-7 SEA

1      JUDGE: Sign this?  Do you want to sign this order continuing the omnibus

2   [00:13:51] hearing for October 4th and [00:13:54] the and setting the trial for the

3   16th?  Would you like to sign it? [00:13:57]

4      MR. BENSHOOF: I'm in the process of recusing [00:14:00] you, Your Honor.

5      JUDGE: Yeah, well you can't recuse me ...

6      MR. BENSHOOF: Because you're bias incorrect.

7      JUDGE: So would you [00:14:03] do you want to sign this order or you or refuse?

8      MR. BENSHOOF: Okay, I'll disqualify you. [00:14:06]

9      JUDGE: Okay, well, you can't do that either.  Sir, would ...

10     MR. BENSHOOF: Okay.

11     JUDGE You like to sign this order or or [00:14:09] I'm just going to write down

12  that you refuse [00:14:12] to.  I'm happy ...

13     MR. BENSHOOF: Well, I'd like to point out.

14     JUDGE: Mr. Benshoof, [00:14:15] it's a quick ...

15     MR. BENSHOOF: Excuse me ...

16     JUDGE: It's a simple question, okay.

17     MR. BENSHOOF: No, this is relevant.  I have an objection [00:14:18] to make

18  which is my [00:14:21] reading glasses were stolen last Friday. [00:14:24] Jail staff

19  refused to obtain them [00:14:27] from the inmates who stole my glasses [00:14:30] and

20  when I kited, you know those kites [00:14:33] that we're supposed to do?  I sent

21  multiple [00:14:36] kites requesting new glasses and [00:14:39] for the record, I

22  received replies [00:14:42] to both of those.  They state you were [00:14:45] given

23  glasses on 7/22/2024 [00:14:48] and the other one says you were given glasses

24  [00:14:51] on 7/22/2024.  So if [00:14:54] we do the math, since I was arrested on

25  July 3rd [00:14:57] out of 73 days of [00:15:00] incarceration, I've been without

26  reading glasses [00:15:03] for approximately 26 days now [00:15:06] and apparently

27  will be without reading glasses in [00:15:09] perpetuity.  Which the [00:15:12]

28  responsibility falls on King County for [00:15:15] denying me the basic ADA

Case No.  24-1-102680-7 SEA

1   accommodation of reading glasses. [00:15:18] So if if the court also [00:15:21]

2   intends to take me to trial in a malicious prosecution [00:15:24] while denying me

3   reading glasses, [00:15:27] there aren't many other farcical [00:15:30] circumstances

4   that I can foresee that haven't happened yet. [00:15:33]

5         JUDGE: Okay.  It sounds like you you [00:15:36] put in a kite.

6         MR. BENSHOOF: Multiple.

7         JUDGE: They know that your glasses [00:15:39] are unavailable to you. [00:15:42]

8         MR. BENSHOOF: They were stolen.

9         JUDGE: Well, [00:15:45] I have no idea what happened to your glasses,, Sir.

10        MR. BENSHOOF: I just told you ...

11        JUDGE: Okay, [00:15:48] well, we don't know.  So ...

12        MR. BENSHOOF: Are you calling me a liar?  [00:15:51]

13        JUDGE: So I signed the order.  I I [00:15:54] I hope that you'll get some

14   replacement [00:15:57] glasses, reading glasses in the ...

15        MR. BENSHOOF: Should I go to Bartells [00:16:00] on my break?

16        JUDGE: And I hope that [00:16:03] your kite will be looked at and ... [00:16:06]

17        MR. BENSHOOF: I honestly don't believe you when you say you hope that ...

18   [00:16:09]

19        JUDGE: All right, well ...

20        MR. BENSHOOF: Because everything I've seen so far is that you don't care about

21   [00:16:12] the due process clause and you don't care about my rights. [00:16:15] You

22   don't care about the facts ...

23        JUDGE: I'm gonna make ...

24        MR. BENSHOOF: And you don't care about the law because you're willing to lie on

25   the record.  [00:16:18]

26        JUDGE: I'm going to make a copy of this order for you. [00:16:21] Thank you, Ms.

27   Ellie.

28

Case No.  24-1-102680-7 SEA

1    MR. BENSHOOF: And I would also like to state [00:16:24] on the record that Greg

2    Curtis lied in court [00:16:27] on, sorry, not Greg Curtis, [00:16:30] Pascal Herzer

3    lied in court about ADA [00:16:33] accommodations and that I will be addressing that.

4    [00:16:36]  So you're not the only liar in here. [00:16:39] Apparently, there's a lot

5    of corrupt people [00:16:42] getting paid as public officials [00:16:45] to violate

6    people's rights.  And it's a sad day [00:16:48] in the city that this continues.

7    JUDGE: Thank you.

8    MS. BRENNAN:  Thanks, Your Honor, I've provided discovery [00:16:51] and an

9    updated information in case, [00:16:54] he has a pending case in case there are

10   [00:16:57] lesser included that I'm debating. [00:17:00] Including ...

11   JUDGE: Right.

12   MS. BRENNAN: I haven't provided that to him now. [00:17:03]

13   JUDGE: Okay.

14   MS. BRENNAN: So that he has noticed that along with discovery that is, we

15   printed out [00:17:06] all of many of the images that were also provided. [00:17:09]

16   JUDGE: I remember we talked about some of this ...

17   MR. BENSHOOF: And I have access to [00:17:12] zero videos still.

18   JUDGE: Okay, [00:17:15] thank you everyone.  We're in recess.  I'll see you

19   we'll we will see you [00:17:18] on October 4th, Mr. Benshoof, [00:17:21] and ...

20   MR. BENSHOOF: Maybe.

21   JUDGE: And good luck with your hearing this after this morning and ...

22   MR. BENSHOOF: Oh, thank you. [00:17:25]

23   JUDGE: [indistinct 00:17:25] Okay.

24   COURT CLERK:    All rise.

25

26

27

28



## Vanan Online Services, Inc.
### Think Service Think Vanan

### Certificate of Transcription

**Transcription of file name:**

1. **PPR25-106887-1-.mp3**

We, Vanan Online Services, Inc. a professional transcription company, hereby certify that the above-mentioned document(s) has/have been transcribed by our qualified and experienced transcriber(s) is/are accurate and true transcription of the original document(s).

This is to certify the correctness of the transcription only. Our transcriber is in no way related, by immediate family ties or marriage, to any parties related to the materials transcript. Transcription was done in the regular course of business.

A copy of the transcription is attached to this certification.

**Saravanan Nagaraj, CEO**
Date: 4th day of June 2025

Vanan Online Services, Inc.
ATA Member #266532
ISO 9001:2015

Certificate of Acknowledgment:

Commonwealth of Virginia County of Spotsylvania

The foregoing instrument was acknowledged before me this

4 day of June , 2025

By Saravanan Nagaraj

Notary Public's signature Kayla Vega

My registration number: 7694825

My commission expires: 12/31/2028



**10711 Spotsylvania Ave., Suite A**
**Fredericksburg VA 22408**
**Office: (888) 535-5668**
**Email: support@vananservices.com**
**Website: www.vananservices.com**

Kayla Ann Vega
NOTARY PUBLIC
REGISTRATION # 7694825
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 12/31/2028

# APPENDIX M

FIRST CONGRESS.  Sess. I. Ch. 20.  1789.                              73

Statute I.
Sept. 24, 1789.

Chap. XX.—*An Act to establish the Judicial Courts of the United States.*(a)

Section 1. *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the supreme court of the United States shall consist of a chief justice and five associate justices,(b) any four of whom shall be a quorum, and shall hold annually at the seat of government two sessions, the one commencing the first Monday of February, and the other the first Monday of August. That the associate justices shall have precedence according to the date of their commissions, or when the commissions of two or more of them bear date on the same day, according to their respective ages.

Supreme court to consist of a chief justice, and five associates.
Two sessions annually.
Precedence.

Sec. 2. *And be it further enacted,* That the United States shall be, and they hereby are divided into thirteen districts, to be limited and called as follows, to wit: one to consist of that part of the State of Massachusetts which lies easterly of the State of New Hampshire, and to be called Maine District; one to consist of the State of New Hampshire, and to be called New Hampshire District;(c) one to consist of the remaining part of the State of Massachusetts, and to be called Massachusetts district; one to consist of the State of Connecticut, and to be called Connecticut District; one to consist of the State of New York, and to be called New York District; one to consist of the State of New Jersey, and to be called New Jersey District; one to consist of the State of Pennsylvania, and to be called Pennsylvania District; one to consist of the State of Delaware, and to be called Delaware District; one to consist of the State of Maryland, and to be called Maryland District; one to consist of the State of Virginia, except that part called the District of Kentucky, and to be called Virginia District; one to consist of the remaining part of the State of Virginia, and to be called Kentucky District; one to consist of the State of South Carolina, and to be called South Carolina District; and one to consist of the State of Georgia, and to be called Georgia District.

Thirteen districts.
Maine.
N. Hampshire.
Massachusetts.
Connecticut.
New York.
New Jersey.
Pennsylvania.
Delaware.
Maryland.
Virginia.
Kentucky.
South Carolina.
Georgia.

Sec. 3. *And be it further enacted,* That there be a court called a District Court, in each of the afore mentioned districts, to consist of one judge, who shall reside in the district for which he is appointed, and shall be called a District Judge, and shall hold annually four

A district court in each district.

---

(a) The 3d article of the Constitution of the United States enables the judicial department to receive jurisdiction to the full extent of the constitution, laws and treaties of the United States, when any question respecting them shall assume such a form that the judicial power is capable of acting on it. That power is capable of acting only where the subject is submitted to it by a party who asserts his right in a form presented by law. It then becomes a case. Osborn et al. *v.* The Bank of the United States, 9 Wheat. 738; 5 Cond. Rep. 741.

(b) By the act of April 29, 1802, chap. 31, the Supreme Court was declared to consist of a Chief Justice and six associate Justices, and by the act of March 3, 1837, chap. 32, it was made to consist of a Chief Justice and eight associate Justices.

By the act of April 29, 1802, chap. 31, the provision of the act of September 24, 1789, requiring two annual sessions of the Supreme Court, was repealed, and the 2d section of that act required that the associate Justice of the fourth circuit should attend at Washington on the first Monday of August annually, to make all necessary rules and orders, touching suits and actions depending in the court. This section was repealed by the 7th section of the act of February 28, 1839, chap. 36.

By an act passed May 4, 1826, chap. 37, the sessions of the Supreme Court were directed to commence on the second Monday in January annually, instead of the first Monday in February; and by an act passed June 17, 1844, the sessions of the Supreme Court were directed to commence on the first Monday in December annually.

(c) The jurisdiction and powers of the District Courts have been declared and established by the following acts of Congress: Act of September 24, 1789; act of June 5, 1794, sec. 6; act of May 10, 1800; act of December 31, 1814; act of April 16, 1816; act of April 20, 1818; act of May 15, 1820; act of March 3, 1793.

The decisions of the Courts of the United States on the jurisdiction of the District Courts have been: The Thomas Jefferson, 10 Wheat. 428; 6 Cond. Rep. 173. M'Donough *v.* Danery, 3 Dall. 188; 1 Cond. Rep. 94. United States *v.* La Vengeance, 3 Dall. 297; 1 Cond. Rep. 132. Glass et al. *v.* The Betsey, 3 Dall. 6; 1 Cond. Rep. 10. The Alerta *v.* Blas Moran, 9 Cranch, 359; 3 Cond. Rep. 425. The Merino et al., 9 Wheat. 391; 5 Cond. Rep. 623. The Josefa Segunda, 10 Wheat. 312; 6 Cond. Rep. 111. The Bolina, 1 Gallis' C. C. R. 75. The Robert Fulton, Paine's C. C. R. 620. Jansen *v.* The Vrow Christiana Magdalena, Bee's D. C. R. 11. Jennings *v.* Carson, 4 Cranch, 2; 2 Cond. Rep. 2. The Sarah, 8 Wheat. 391; 5 Cond. Rep. 472. Penhallow et al. *v.* Doane's Adm'rs, 3 Dall. 54; 1 Cond. Rep. 21. The United States *v.* Richard Peters, 3 Dall. 121; 1 Cond. Rep. 60. M'Lellan *v.* the United States,

AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

74                    FIRST CONGRESS. Sess. I. Ch. 20. 1789.

Four sessions annually in a district; and when held.

sessions, the first of which to commence as follows, to wit: in the districts of New York and of New Jersey on the first, in the district of Pennsylvania on the second, in the district of Connecticut on the third, and in the district of Delaware on the fourth, Tuesdays of November next; in the districts of Massachusetts, of Maine, and of Maryland, on the first, in the district of Georgia on the second, and in the districts of New Hampshire, of Virginia, and of Kentucky, on the third Tuesdays of December next; and the other three sessions progressively in the respective districts on the like Tuesdays of every third calendar month afterwards, and in the district of South Carolina, on the third Monday in March and September, the first Monday in July, and the second Monday in December of each and every year, commencing in December next; and that the District Judge shall have power to hold special courts at his discretion. That the stated District Court shall be held at the places following, to wit: in the district of Maine, at Portland and Pownalsborough alternately, beginning at the first; in the district of New Hampshire, at Exeter and Portsmouth alternately, beginning at the first; in the district of Massachusetts, at Boston and Salem alternately, beginning at the first; in the district of Connecticut, alternately at Hartford and New Haven, beginning at the first; in the district of New York, at New York; in the district of New Jersey, alternately at New Brunswick and Burlington, beginning at the first; in the district of Pennsylvania, at Philadelphia and York Town alternately, beginning at the first; in the district of Delaware, alternately at Newcastle and Dover, beginning at the first; in the district of Maryland, alternately at Baltimore and Easton, beginning at the first; in the district of Virginia, alternately at Richmond and Williamsburgh, beginning at the first; in the district of Kentucky, at Harrodsburgh; in the district of South Carolina, at Charleston; and in the district of Georgia, alternately at Savannah and Augusta, beginning at the first; and that the special courts shall be held at the same place in each district as the stated courts, or in districts that have two, at either of them, in the discretion of the judge, or at such other place in the district, as the nature of the business and his discretion shall direct. And that in the districts that have but one place for holding the District Court, the records thereof shall be kept at that place; and in districts that have two, at that place in each district which the judge shall appoint.

Special district courts.

Stated district courts; when holden.

Special courts, where held.

Where records kept.

Three circuits, and how divided.

[Obsolete.]

SEC. 4. *And be it further enacted,* That the before mentioned districts, except those of Maine and Kentucky, shall be divided into three circuits, and be called the eastern, the middle, and the southern circuit. That the eastern circuit shall consist of the districts of New Hampshire, Massachusetts, Connecticut and New York; that the middle circuit shall consist of the districts of New Jersey, Pennsylvania, Delaware, Maryland and Virginia; and that the southern circuit shall consist of the districts of South Carolina and Georgia, and that there shall be held annually in each district of said circuits, two courts, which shall be called Circuit Courts, and shall consist of any two justices of

1 Gallis' C. C. R. 227. Hudson et al. v. Guestier, 6 Cranch, 281; 2 Cond. Rep. 374. Brown v. The United States, 8 Cranch, 110; 3 Cond. Rep. 56; De Lovio v. Boit et al., 2 Gallis' Rep. 398. Burke v. Trevitt, 1 Mason, 96. The Amiable Nancy, 3 Wheat. 546; 4 Cond. Rep. 322. The Abby, 1 Mason, 360. The Little Ann, Paine's C. C. R. 40. Slocum v. Maybury et al., 2 Wheat. 1; 4 Cond. Rep. 1. Southwick v. The Postmaster General, 2 Peters, 442. Davis v. A New Brig, Gilpin's D. C. R. 473. Smith v. The Pekin, Gilpin's D. C. R. 203. Peters' Digest, "Courts," "District Courts of the United States."

The 3d section of the act of Congress of 1789, to establish the Judicial Courts of the United States, which provides that no summary writ, return of process, judgment, or other proceedings in the courts of the United States shall be abated, arrested or quashed for any defect or want of form, &c., although it does not include verdicts, eo nomine, but judgments are included; and the language of the provision, "writ, declaration, judgment or other proceeding, in court causes," and further "such writ, declaration, pleading, process, judgment or other proceeding whatsoever," is sufficiently comprehensive to embrace every conceivable step to be taken in a court, from the emanation of the writ, down to the judgment. Roach v. Hulings, 16 Peters, 319.

Appendix M: Judiciary act of 1789

FIRST CONGRESS. Sess. I. Ch. 20. 1789.    75

the Supreme Court, and the district judge of such districts, any two of whom shall constitute a quorum: *Provided*, That no district judge shall give a vote in any case of appeal or error from his own decision; but may assign the reasons of such his decision.

Sec. 5. *And be it further enacted*, That the first session of the said circuit court in the several districts shall commence at the times following, to wit: in New Jersey on the second, in New York on the fourth, in Pennsylvania on the eleventh, in Connecticut on the twenty-second, and in Delaware on the twenty-seventh, days of April next; in Massachusetts on the third, in Maryland on the seventh, in South Carolina on the twelfth, in New Hampshire on the twentieth, in Virginia on the twenty-second, and in Georgia on the twenty-eighth, days of May next, and the subsequent sessions in the respective districts on the like days of every sixth calendar month afterwards, except in South Carolina, where the session of the said court shall commence on the first, and in Georgia where it shall commence on the seventeenth day of October, and except when any of those days shall happen on a Sunday, and then the session shall commence on the next day following.    And the sessions of the said circuit court shall be held in the district of New Hampshire, at Portsmouth and Exeter alternately, beginning at the first; in the district of Massachusetts, at Boston; in the district of Connecticut, alternately at Hartford and New Haven, beginning at the last; in the district of New York, alternately at New York and Albany, beginning at the first; in the district of New Jersey, at Trenton; in the district of Pennsylvania, alternately at Philadelphia and Yorktown, beginning at the first; in the district of Delaware, alternately at New Castle and Dover, beginning at the first; in the district of Maryland, alternately at Annapolis and Easton, beginning at the first; in the district of Virginia, alternately at Charlottesville and Williamsburgh, beginning at the first; in the district of South Carolina, alternately at Columbia and Charleston, beginning at the first; and in the district of Georgia, alternately at Savannah and Augusta, beginning at the first.    And the circuit courts shall have power to hold special sessions for the trial of criminal causes at any other time at their discretion, or at the discretion of the Supreme Court.(*a*)

*First session of the circuit courts; when holden.*
*[Obsolete.]*

*Where holden.*

*Circuit courts.*
*Special sessions.*

(*a*) The sessions of the Circuit Courts have been regulated by the following acts: In ALABAMA—act of March 3, 1837. In ARKANSAS—act of March 3, 1837. In CONNECTICUT—act of September 24, 1789; act of April 13, 1792; act of March 2, 1793; act of March 3, 1797; act of April 29, 1802; act of May 13, 1826. In DELAWARE—act of September 24, 1789; act of March 3, 1797; act of April 29, 1802; act of March 24, 1804; act of March 3, 1837. In GEORGIA—act of September 24, 1789; act of August 11, 1790; act of April 13, 1792; act of March 3, 1797; act of April 29, 1802; act of May 13, 1826; act of Jan. 21, 1829. KENTUCKY—act of March 3, 1801; act of March 8, 1802; act of March 2, 1803; act of Feb. 27, 1807; act of March 22, 1808; April 22, 1824. LOUISIANA—act of March 3, 1837. MAINE—act of March 3, 1801; act of March 8, 1802; act of March 30, 1820. MARYLAND—act of Sept. 24, 1789; act of March 3, 1797; act of April 29, 1802; act of Feb. 11, 1830; act of March 3, 1837. MASSACHUSETTS—act of Sept. 24, 1789; act of March 3, 1791; act of June 9, 1794; act of March 2, 1793; act of March 3, 1797; act of March 3, 1801; act of March 8, 1802; act of April 29, 1802; act of March 26, 1812. MISSOURI—act of March 3, 1837. MISSISSIPPI—act of March 3, 1839. NEW HAMPSHIRE—act of Sept. 24, 1789; act of March 3, 1791; act of April 13, 1792; act of March 2, 1793; act of March 3, 1797; act of March 3, 1801; act of April 29, 1802; act of March 6, 1812. NEW JERSEY—act of September 24, 1789; act of March 3, 1797; act of April 2, 1802. NEW YORK—act of September 24, 1789; act of March 3, 1791; act of April 13, 1792; act of March 2, 1793; act of March 3, 1797; act of April 29, 1802; act of March 3, 1825; act of February 10, 1832; act of May 13, 1836; act of March 3, 1837. NORTH CAROLINA—act of September 24, 1789; act of April 13, 1792; act of March 2, 1793; act of March 31, 1796; act of March 3, 1797; act of July 5, 1797; act of April 29, 1802; act of March 8, 1806; act of February 4, 1807. OHIO—act of February 24, 1807; act of March 22, 1808; act of April 22, 1824; act of May 20, 1826. PENNSYLVANIA—act of September 24, 1789; act of May 12, 1796; act of March 3, 1797; act of December 24, 1799; act of April 29, 1802; act of March 3, 1837. RHODE ISLAND—act of June 23, 1790; act of March 3, 1791; act of March 2, 1793; act of May 22, 1796; act of March 3, 1797; act of March 3, 1801; act of March 8, 1802; act of April 29, 1802; act of March 26, 1812. SOUTH CAROLINA—act of September 24, 1789; act of August 11, 1790; act of March 3, 1797; act of April 29, 1802; act of April 14, 1816; act of May 25, 1824; act of March 3, 1825; act of May 4, 1826; act of February 5, 1829. TENNESSEE—act of February 24, 1807; act of March 22, 1808; act of March 10, 1812; act of January 13, 1831. VERMONT—act of March 2, 1791; act of March 2, 1793; act of May 27, 1796; act of March 3, 1797; act of April 29, 1802; act of March 22, 1816. VIRGINIA—act of September 24, 1789; act of March 3, 1791; act of April 13, 1792; act of March 3, 1797; act of April 29, 1802; act of March 2, 1837.

76                          FIRST CONGRESS. Sess. I. Ch. 20. 1789.

<div style="float:left; width:20%;">

Supreme court adjourned by one or more justices; circuit courts adjourned.

District courts adjourned.

The courts have power to appoint clerks.

Their oath or affirmation.

Oath of justices of supreme court and judges of the district court.

District courts exclusive jurisdiction.

</div>

Sec. 6. *And be it further enacted,* That the Supreme Court may, by any one or more of its justices being present, be adjourned from day to day until a quorum be convened; and that a circuit court may also be adjourned from day to day by any one of its judges, or if none are present, by the marshal of the district until a quorum be convened:(*a*) and that a district court, in case of the inability of the judge to attend at the commencement of a session, may by virtue of a written order from the said judge, directed to the marshal of the district, be adjourned by the said marshal to such day, antecedent to the next stated session of the said court, as in the said order shall be appointed; and in case of the death of the said judge, and his vacancy not being supplied, all process, pleadings and proceedings of what nature soever, pending before the said court, shall be continued of course until the next stated session after the appointment and acceptance of the office by his successor.

Sec. 7. *And be it* [ *further* ] *enacted,* That the Supreme Court, and the district courts shall have power to appoint clerks for their respective courts,(*b*) and that the clerk for each district court shall be clerk also of the circuit court in such district, and each of the said clerks shall, before he enters upon the execution of his office, take the following oath or affirmation, to wit: "I, A. B., being appointed clerk of                  , do solemnly swear, or affirm, that I will truly and faithfully enter and record all the orders, decrees, judgments and proceedings of the said court, and that I will faithfully and impartially discharge and perform all the duties of my said office, according to the best of my abilities and understanding. So help me God." Which words, so help me God, shall be omitted in all cases where an affirmation is admitted instead of an oath. And the said clerks shall also severally give bond, with sufficient sureties, (to be approved of by the Supreme and district courts respectively) to the United States, in the sum of two thousand dollars, faithfully to discharge the duties of his office, and seasonably to record the decrees, judgments and determinations of the court of which he is clerk.

Sec. 8. *And be it further enacted,* That the justices of the Supreme Court, and the district judges, before they proceed to execute the duties of their respective offices, shall take the following oath or affirmation, to wit: "I, A. B., do solemnly swear or affirm, that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent on me as                  , according to the best of my abilities and understanding, agreeably to the constitution and laws of the United States. So help me God."

Sec. 9. *And be it further enacted,* That the district courts(*c*) shall have, exclusively of the courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the United States, committed within their respective districts, or upon the

---

By the act of March 10, 1838, the Justice of the Supreme Court is required to attend but one circuit in the districts of Indiana, Illinois, and Michigan.

By an act passed in 1844, the Justices of the Supreme Court are empowered to hold but one session of the Circuit Court in each district in their several circuits. The Judges of the District Courts hold the other sessions of the Circuit Court in their several districts.

(*a*) The provisions of law on the subject of the adjournments of the Supreme Court in addition to the 6th section of this act, are, that in case of epidemical disease, the court may be adjourned to some other place than the seat of government. Act of February 25, 1799.

(*b*) By the 2d section of the act entitled "an act in amendment of the acts respecting the judicial system of the United States," passed February 28, 1839, chap. 36, it is provided "that all the circuit courts of the United States shall have the appointment of their own clerks, and in case of disagreement between the judges, the appointment shall be made by the presiding judge of the court." See ex parte Duncan N. Hennen, 13 Peters, 230.

(*c*) The further legislation on the subject of the jurisdiction and powers of the District Courts are : the act of June 5, 1794, ch. 50, sec. 6; act of May 10, 1800, chap. 51, sec. 5; act of February 24, 1807, chap. 13; act of February 24, 1807, chap. 16; act of March 3, 1815; act of April 16, 1816, chap. 56, sec. 6; act of April 20, 1818, chap. 103; act of May 15, 1820, chap. 106, sec. 4; act of March 3, 1823, chap. 71.

FIRST CONGRESS. Sess. I. Ch. 20. 1789.                              77

high seas; where no other punishment than whipping, not exceeding [Acts of June 5, 1794, sect. 6; act of Feb. 13, 1807; act of March 3, 1815, sect. 4.]
thirty stripes, a fine not exceeding one hundred dollars, or a term of imprisonment not exceeding six months, is to be inflicted; and shall also have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, including all seizures under laws of impost, navigation or trade of the United States, where the seizures are made, on waters which are navigable from the sea by vessels of ten or more tons burthen, within their respective districts as well as upon the high seas;(a) saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and shall also have exclusive original cognizance of all seizures on land, or other waters than as aforesaid, made, and of all suits for penalties and forfeitures incurred, under the laws of the United States.(b)   And shall also have cognizance, concurrent with the courts of the several States, or the circuit courts, as the case may be, of all causes where an alien sues for a tort only in violation of the law of nations or a treaty of the United States.(c)   And shall also have cognizance, concurrent as last mentioned, of all suits at common law where the United States sue, and the matter in dispute amounts, exclusive of costs, to the sum or value of one hundred dollars.   And shall also have jurisdiction exclusively of the courts of the several States, of all suits against consuls or vice-consuls, except for offences above the description aforesaid.(d)   And the trial of issues in fact, in the district courts, in all causes except civil causes of admiralty and maritime jurisdiction, shall be by jury.

*Original cognizance in maritime causes and of seizure under the laws of the United States.*

*Concurrent jurisdiction.*

*Trial of fact by jury.*

Sec. 10. *And be it further enacted,* That the district court in Kentucky district shall, besides the jurisdiction aforesaid, have jurisdiction of all other causes, except of appeals and writs of error, hereinafter made cognizable in a circuit court, and shall proceed therein in the same

*Kentucky district court. [Obsolete.]*

---

(a) Jurisdiction of the District Courts in cases of admiralty seizures, under laws of impost, navigation and trade. M'Donough v. Dancry, 3 Dall. 188; 1 Cond. Rep. 94.   The United States v. La Vengeance, 3 Dall. 297; 1 Cond. Rep. 132.   Glass et al. v. The Betsey, 3 Dall. 6; 1 Cond. Rep. 10.   The Alerta, 3 Cranch, 359; 3 Cond. Rep. 425.   The Merino et al., 9 Wheat. 391; 5 Cond. Rep. 623.   The Josefa Segunda, 10 Wheat. 312; 6 Cond. Rep. 111.   Jennings v. Carson, 4 Cranch, 2; 2 Cond. Rep. 2.   The Sarah, 8 Wheat. 691; 5 Cond. Rep. 472.   Penhallow et al. v. Doane's Adm'rs, 3 Dall. 54; 1 Cond. Rep. 21.   United States v. Richard Peters, 3 Dall. 121; 1 Cond. Rep. 60.   Hudson et al. v. Guestier, 6 Cranch, 281; 2 Cond. Rep. 374.   Brown v. The United States, 8 Cranch, 110; 3 Cond. Rep. 56.   The Sarah, 8 Wheat. 391; 5 Cond. Rep. 472.   The Amiable Nancy, 3 Wheat. 546; 4 Cond. Rep. 322.   Slocum v. Maybury, 2 Wheat. 1; 4 Cond. Rep. 1.   Gelston et al. v. Hoyt, 3 Wheat. 246; 4 Cond. Rep. 244.   The Bolina, 1 Gallis' C. C. R. 75.   The Robert Fulton, 1 Paine's C. C. R. 620; Bee's D. C. R. 11.   De Lovio v. Boit et al., 2 Gallis' C. C. R. 398.   The Abby, 1 Mason's Rep. 360.   The Little Ann, Paine's C. C. R. 40.   Davis v. A New Brig, Gilpin's D. C. R. 473.   The Catharine, 1 Adm. Decis. 104.
(b) An information against a vessel under the act of Congress of May 22, 1794, on account of an alleged exportation of arms, is a case of admiralty and maritime jurisdiction; and an appeal from the District to the Circuit Court, in such a case is sustainable.   It is also a civil cause, and triable without the intervention of a jury, under the 9th section of the judicial act.   The United States v. La Vengeance, 3 Dall. 297; 1 Cond. Rep. 132.   The Sarah, 8 Wheat. 691; 5 Cond. Rep. 472.   The Abby, 1 Mason, 360.   The Little Ann, Paine's C. C. R. 40.
When the District and State courts have concurrent jurisdiction, the right to maintain the jurisdiction attaches to that tribunal which first exercises it, and obtains possession of the thing.   The Robert Fulton, Paine's C. C. R. 620.
(c) Burke v. Trevitt, 1 Mason, 96.   The courts of the United States have exclusive jurisdiction of all seizures made on land or water, for a breach of the laws of the United States, and any intervention of State authority, which by taking the thing seized out of the hands of the officer of the United States, might obstruct the exercise of this jurisdiction, is unlawful.   Slocum v. Mayberry et al., 2 Wheat. 1; 4 Cond. Rep. 1.
(d) Davis v. Packard, 6 Peters, 41.   As an abstract question, it is difficult to understand on what ground a State court can claim jurisdiction of civil suits against foreign consuls.   By the Constitution, the judicial power of the United States extends to all cases affecting ambassadors, other public ministers and consuls; and the judiciary act of 1789 gives to the district courts of the United States, exclusively of the courts of the several States, jurisdiction of all suits against consuls and vice consuls, except for certain offences enumerated in this act.   Davis v. Packard, 7 Peters, 276.
If a consul, being sued in a State court, omits to plead his privilege of exemption from the suit, and afterwards, on removing the judgment of the inferior court to a higher court by writ of error, claims the privilege, such an omission is not a waiver of the privilege.   If this was to be viewed merely as a personal privilege, there might be grounds for such a conclusion.   But it cannot be so considered; it is the privilege of the country or government which the consul represents.   This is the light in which foreign ministers are considered by the law of nations; and our constitution and law seem to put consuls on the same footing in this respect.   *Ibid.*

G 2

78                FIRST CONGRESS. Sess. I. Ch. 20.   1789.

manner as a circuit court, and writs of error and appeals shall lie from decisions therein to the Supreme Court in the same causes, as from a circuit court to the Supreme Court, and under the same regulations.(a)

**Maine district court.**
**[Obsolete.]**

And the district court in Maine district shall, besides the jurisdiction herein before granted, have jurisdiction of all causes, except of appeals and writs of error herein after made cognizable in a circuit court, and shall proceed therein in the same manner as a circuit court: And writs of error shall lie from decisions therein to the circuit court in the district of Massachusetts in the same manner as from other district courts to their respective circuit courts.

**Circuit courts original cognizance where the matter in dispute exceeds five hundred dollars.**

SEC. 11. *And be it further enacted,* That the circuit courts shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs, or petitioners; or an alien is a party, or the suit is between a citizen of the State where the suit is brought, and a citizen of another State.(b)   And shall have

---

(a) By an act passed February 24, 1807, the Circuit Court jurisdiction of the District Court of Kentucky was abolished.

(b) The amount laid in the declaration is the sum in controversy. If the plaintiff receive less than the amount so claimed, the jurisdiction of the court is not affected. Green *v.* Liter, 8 Cranch, 229. Gordon *v.* Longest, 16 Peters, 97. Lessee of Hartshorn *v.* Wright, Peters' C. C. R. 64.

By the 5th section of the act of February 21, 1794, "an act to promote the progress of the useful arts," &c., jurisdiction in actions for violations of patent rights, is given to the Circuit Courts. Also by the act of February 15, 1819, original cognizance, as well in equity as at law, is given to the Circuit Courts of all actions, and for the violation of copy rights. In such cases appeals lie to the Supreme Court of the United States. So also in cases of interest, or disability of a district judge. Act of May 8, 1792, sec. 11; act of March 2, 1809, sec. 1; act of March 3, 1821.

Jurisdiction in cases of injunctions on Treasury warrants of distress. Act of May 15, 1820, sec. 4.

Jurisdiction in cases removed from State courts. Act of February 4, 1815, sec. 8; act of March 3, 1815, sec. 6.

Jurisdiction in cases of assigned debentures. Act of March 2, 1799.

Jurisdiction of crimes committed within the Indian territories. Act of March 30, 1830, sec. 15; act of April 30, 1816, sec. 4; act of March 3, 1817, sec. 2.

Jurisdiction in bankruptcy. Act of August 19, 1841, chap. 9, [repealed.]

Jurisdiction in cases where citizens of the same State claim title to land under a grant from a State other than that in which the suit is pending in a State court. Act of September 24, 1789, sec. 12. See Colson *v.* Lewis, 2 Wheat. 377; 4 Cond. Rep. 168.

Jurisdiction where officers of customs are parties. Act of February 4, 1815, sec. 8; act of March 3, 1815, sec. 6; act of March 3, 1817, sec. 2.

A circuit court though an inferior court in the language of the constitution, is not so in the language of the common law; nor are its proceedings subject to the scrutiny of those narrow rules, which the caution or jealousy of the courts at Westminster long applied to courts of that denomination; but are entitled to as liberal intendments and presumptions in favour of their regularity, as those of any supreme court. Turner *v.* The Bank of North America, 4 Dall. 8; 1 Cond. Rep. 205.

The Circuit Courts of the United States have cognizance of all offences against the United States. What those offences are depends upon the common law applied to the sovereignty and authorities confided to the United States. The United States *v.* Coolidge, 1 Gallis' C. C. R. 488, 495.

Where the jurisdiction of the federal courts has once attached, no subsequent change in the relation or condition of the parties in the progress of the cause, will oust that jurisdiction. The United States *v.* Meyers, 2 Brocken, C. C. R. 516.

All the cases arising under the laws of the United States are not, per se, among the cases comprised within the jurisdiction of the Circuit Court, under the provisions of the 11th section of the judiciary act of 1789. The Postmaster General *v.* Stockton and Stokes, 12 Peters, 524.

Jurisdiction of the Circuit Courts of the United States in suits between aliens and citizens of another State than that in which the suit is brought:

The courts of the United States will entertain jurisdiction of a cause where all the parties are aliens, if none of them object to it. Mason et al. *v.* The Blaireau, 2 Cranch, 240; 1 Cond. Rep. 397.

The Supreme Court understands the expressions in the act of Congress, giving jurisdiction to the courts of the United States "where an alien is a party, or the suit is between a citizen of the State where the suit is brought, and a citizen of another State," to mean that each distinct interest should be represented by persons, all of whom have a right to sue, or may be sued in the federal courts: that is, when the interest is joint, each of the persons concerned in that interest must be competent to sue or be liable to be sued in those courts. Strawbridge *v.* Curtis, 3 Cranch, 267; 1 Cond. Rep. 523.

Neither the Constitution nor the act of Congress regards the subject of the suit, but the parties to it. Mossman's Ex'ors *v.* Higginson, 4 Dall. 12; 1 Cond. Rep. 210.

When the jurisdiction of the Circuit Court depends on the character of the parties, and such party consists of a number of individuals, each one must be competent to sue in the courts of the United States, or jurisdiction cannot be entertained. Ward *v.* Arredendo et al., Paine's C. C. R. 410. Strawbridge *v.* Curtis, 3 Cranch, 267; 1 Cond. Rep. 523.

The courts of the United States have not jurisdiction, unless it appears by the record that it belongs

FIRST CONGRESS. Sess. I. Ch. 20. 1789.          79

exclusive cognizance of all crimes and offences cognizable under the authority of the United States,(a) except where this act otherwise provides, or the laws of the United States shall otherwise direct, and concurrent jurisdiction with the district courts of the crimes and offences cognizable therein. But no person shall be arrested in one district for trial in another, in any civil action before a circuit or district court.(b) And no civil suit shall be brought before either of said courts against an inhabitant of the United States, by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ, nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note or other chose in action in favour of an assignee, unless a suit might have been prosecuted in such court to recover the said contents if no assignment had been made, except in cases of foreign bills of exchange.(c)  And the circuit courts shall also have appellate jurisdiction from the district courts under the regulations and restrictions herein after provided.(d)

Sec. 12. *And be it further enacted,* That if a suit be commenced in any state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state, and the matter in dispute exceeds the aforesaid sum or value of five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court; and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause for trial into the next circuit court, to be held in the district where the suit is pending, or if in the district of Maine to the district court next to be holden therein, or if in Kentucky district to the district court next to be holden therein, and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of said process against him, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the state court to accept the surety, and proceed no further in the cause, and any bail that may have been originally taken shall be discharged, and the said copies being entered as aforesaid, in such court of the United States, the cause shall there proceed in the same manner as if it had been brought there by original process.(e)  And any attach-

*Marginal notes:*
Exclusive cognizance of crimes and offences cognizable under the laws of the United States.
No person to be arrested in one district for trial in another on any civil suit.
Limitation as to civil suits.
Actions on promissory notes.

Circuit courts shall also have appellate jurisdiction.

Matter in dispute above 500 dollars.
Removal of causes from state courts.

Special bail.

to them, as that the parties are citizens of different States. Wood v. Wagnon, 2 Cranch, 9; 1 Cond. Rep. 335.
Where the parties to a suit are such as to give the federal courts jurisdiction, it is immaterial that they are administrators or executors, and that those they represent were citizens of the same State. Chappedelaine et al. v. Decheneaux, 4 Cranch, 306; 2 Cond. Rep. 116. Childress et al. v. Emory et al., 8 Wheat. 642; 5 Cond. Rep. 547. See also Brown v. Strode, 5 Cranch, 303; 2 Cond. Rep. 265. Bingham v. Cabot, 3 Dall. 382; 1 Cond. Rep. 170. Gracie v. Palmer, 8 Wheat. 699; 5 Cond. Rep. 561. Massie v. Watts, 6 Cranch, 148; 2 Cond. Rep. 332. Sere et al. v. Pitot et al., 6 Cranch, 332; 2 Cond. Rep. 389. Shute v. Davis, Peters' C. C. R. 431. Flanders v. The Ætna Ins. Com., 3 Mason. C. C. R. 158, Kitchen v. Sullivan et al., 4 Wash. C. C. R. 84. Briggs v. French, 2 Sumner's C. C. R. 252.
(a) The Circuit Courts of the United States have jurisdiction of a robbery committed on the high seas under the 8th section of the act of April 30, 1790, although such robbery could not, if committed on land, be punished with death. The United States v. Palmer et al., 3 Wheat. 610; 4 Cond. Rep. 352. See The United States v. Coolidge et al., 1 Gallis' C. C. R. 488, 495. The United States v. Coombs, 12 Peters, 72.
The Circuit Courts have no original jurisdiction in suits for penalties and forfeitures arising under the laws of the United States, but the District Courts have exclusive jurisdiction. Ketland v. The Cassius, 2 Dall. 365.
(b) The petitioner was arrested in Pennsylvania, by the marshal of the district of Pennsylvania, under an attachment from the Circuit Court of Rhode Island, for a contempt in not appearing in that court after a monition, served upon him in the State of Pennsylvania, to answer in a prize cause as to a certain bale of goods condemned to the captors, which had come into the possession of Peter Graham, the petitioner. Held, that the circuit and district courts of the United States cannot, either in suits at law or equity, send their process into another district, except where specially authorized so to do by some act of Congress. Ex parte Peter Graham, 3 Wash. C. C. R. 456.
(c) Bean v. Smith, 2 Mason's C. C. R. 252. Young v. Bryan, 6 Wheat. 146; 5 Cond. Rep. 44. Mollan v. Torrance, 9 Wheat. 537; 5 Cond. Rep. 666.
(d) Smith v. Jackson, Paine's C. C. R. 453.
(e) The Judge of a State Court to which an application is made for the removal of a cause into a court of the United States must exercise a legal discretion as to the right claimed to remove the cause;

　　　　　FIRST CONGRESS. Sess. I. Ch. 20.   1789.

Attachment of goods holden to final judgment.

ment of the goods or estate of the defendant by the original process, shall hold the goods or estate so attached, to answer the final judgment in the same manner as by the laws of such state they would have been holden to answer final judgment, had it been rendered by the court in which the suit commenced.   And if in any action commenced in a state court, the title of land be concerned, and the parties are citizens of the same state, and the matter in dispute exceeds the sum or value of five hundred dollars, exclusive of costs, the sum or value being made to appear to the satisfaction of the court, either party, before the trial, shall state to the court and make affidavit if they require it, that he claims and shall rely upon a right or title to the land, under a grant from a state other than that in which the suit is pending, and produce the original grant or an exemplification of it, except where the loss of public records shall put it out of his power, and shall move that the adverse party inform the court, whether he claims a right or title to the land under a grant from the state in which the suit is pending; the said adverse [party] shall give such information, or otherwise not be allowed to plead such grant, or give it in evidence upon the trial, and if he informs that he does claim under such grant, the party claiming under the grant first mentioned may then, on motion, remove the cause for trial to the next circuit court to be holden in such district, or if in the district of Maine, to the court next to be holden therein; or if in Kentucky district, to the district court next to be holden therein; but if he is the defendant, shall do it under the same regulations as in the before-mentioned case of the removal of a cause into such court by an alien; and neither party removing the cause, shall be allowed to plead or give evidence of any other title than that by him stated as aforesaid, as the ground of his claim; and the trial of issues in fact in the circuit courts shall, in all suits, except those of equity, and of admiralty, and maritime jurisdiction, be by jury.(a.)

Title of land where value exceeds 500 dollars.

If in Maine and Kentucky, where causes are removable. [Obsolete.]

Issues in fact by jury.

Supreme court exclusive jurisdiction.

SEC. 13. And be it further enacted, That the Supreme Court shall have exclusive jurisdiction of all controversies of a civil nature, where a state is a party, except between a state and its citizens; and except also between a state and citizens of other states, or aliens, in which latter case it shall have original but not exclusive jurisdiction.(b.)   And shall have exclusively all such jurisdiction of suits or proceedings against ambassadors, or other public ministers, or their domestics, or domestic servants, as a court of law can have or exercise consistently with the law of nations; and original, but not exclusive jurisdiction of all suits brought by ambassadors, or other public ministers, or in which a consul,

Proceedings against public ministers.

the defendant being entitled to the right to remove the cause under the law of the United States, on the facts of the case, (the judge of the State court could not legally prevent the removal;) the application for the removal having been made in proper form, it was the duty of the State court to proceed no further in the cause.   Gordon v. Longest, 16 Peters, 97.

One great object in the establishment of the courts of the United States, and regulating their jurisdiction, was to have a tribunal in each State presumed to be free from local influence, and to which all who were non-residents or aliens, might resort for legal redress; and this object would be defeated if a judge in the exercise of any other than a legal discretion, may deny to the party entitled to it, a removal of his cause.   Ibid.

(a) The provisions of the laws of the United States relating to juries, and trials by jury are:—Trial by jury—act of September 24, 1789, chap. 20, sec. 10, sec. 12, sec. 15.—Exemption from attending on juries—act of May 7, 1800, chap. 46, sec. 4.   Choice of jurors and qualification of jurors—act of September 24, 1789, chap. 20, sec. 29; act of May 13, 1800; act of July 20, 1840; act of March 3, 1841, chap. 19.   Expired as to juries in Pennsylvania.   Special jury act of April 29, 1802, chap. 31, sec. 30. —Jury in criminal cases—act of September 24, 1789, chap. 20, sec. 29; act of April 29, 1802, chap. 9.   Manner of summoning jurors—act of September 24, 1789, sec. 29; act of April 29, 1802, chap. 31.   Jurymen de talibus—act of September 24, 1789, chap. 20.

(b) As to cases in which States, or alleged States, are parties, the following cases are referred to:   The Cherokee Nation v. The State of Georgia, 5 Peters, 1.   New Jersey v. The State of New York, 5 Peters, 284.   Ex parte Juan Madrazzo, 7 Peters, 627.   The State of Rhode Island v. The State of Massachusetts, 12 Peters, 651.   Cohens v. The State of Virginia, 6 Wheat. 264; 5 Cond. Rep. 90.   New York v. Connecticut, 4 Dall. 3.   Fowler v. Lindsay et al., 3 Dall. 411.

or vice consul, shall be a party.(*a*) And the trial of issues in fact in the Supreme Court, in all actions at law against citizens of the United States, shall be by jury. The Supreme Court shall also have appellate jurisdiction from the circuit courts and courts of the several states, in the cases herein after specially provided for;(*b*) and shall have power to issue writs of prohibition(*c*) to the district courts, when proceeding as courts of admiralty and maritime jurisdiction, and writs of *mandamus*,(*d*) in cases warranted by the principles and usages of law, to any courts appointed, or persons holding office, under the authority of the United States.

> Sup. Court appellate jurisdiction.
> Writs of Prohibition.
> Of Mandamus.

Sec. 14. *And be it further enacted,* That all the before-mentioned courts of the United States, shall have power to issue writs of *scire facias, habeas corpus*,(*e*) and all other writs not specially provided for

> Courts may issue writs scire facias, habeas corpus, &c.

---

(*a*) The United States *v.* Ortega, 11 Wheat. 467; 6 Cond. Rep. 394. Davis *v.* Packard, 6 Peters, 41.

(*b*) As to the appellate jurisdiction of the Supreme Court, see the cases collected in Peters's Digest, "Supreme Court," "Appellate Jurisdiction of the Supreme Court," and the following cases: The United States *v.* Goodwin, 7 Cranch, 108; 2 Cond. Rep. 434. Wiscart *v.* Dauchy, 3 Dall. 321; 1 Cond. Rep. 144. United States *v.* Moore, 3 Cranch, 159; 1 Cond. Rep. 480. Owings *v.* Norwood's Lessee, 5 Cranch, 344; 2 Cond. Rep. 275. Martin *v.* Hunter's Lessee, 1 Wheat. 304; 3 Cond. Rep. 575. Gordon *v.* Caldcleugh, 3 Cranch, 268; 1 Cond. Rep. 524. Ex parte Kearney, 7 Wheat. 38; 5 Cond. Rep. 225. Smith *v.* The State of Maryland, 6 Cranch, 286; 2 Cond. Rep. 377. Inglee *v.* Coolidge, 2 Wheat. 363; 4 Cond. Rep. 155. Nicholls et al. *v.* Hodges Ex'ors, 1 Peters, 562. Buel et al. *v.* Van Ness, 8 Wheat. 312; 5 Cond. Rep. 445. Miller *v.* Nicholls, 4 Wheat. 311; 4 Cond. Rep. 465. Matthews *v.* Zane et al., 7 Wheat. 164; 5 Cond. Rep. 265. M'Cluny *v.* Silliman, 6 Wheat. 598; 5 Cond. Rep. 197. Houston *v.* Moore, 3 Wheat. 433; 3 Cond. Rep. 286. Montgomery *v.* Hernandez et al., 12 Wheat. 129; 6 Cond. Rep. 475. Cohens *v.* Virginia, 6 Wheat. 264; 5 Cond. Rep. 90. Gibbons *v.* Ogden, 6 Wheat. 448; 5 Cond. Rep. 134. Weston et al. *v.* The City Council of Charleston, 2 Peters, 449. Hickie *v.* Starke et al., 1 Peters, 94. Satterlee *v.* Matthewson, 2 Peters, 380. M'Bride *v.* Hoey, 11 Peters, 167. Ross *v.* Barland et. al., 1 Peters, 655. The City of New Orleans *v.* De Armas, 9 Peters, 224. Crowell *v.* Randell, 10 Peters, 368. Williams *v.* Norris, 12 Wheat. 117; 6 Cond. Rep. 462. Menard *v.* Aspasia, 5 Peters, 505. Worcester *v.* The State of Georgia, 6 Peters, 515. The United States *v.* Moore, 3 Cranch, 159; 1 Cond. Rep. 480.

(*c*) Prohibition. Where the District Court of the United States has no jurisdiction of a cause brought before it, a prohibition will be issued from the Supreme Court to prevent proceedings. The United States *v.* Judge Peters, 3 Dall. 121; 1 Cond. Rep. 60.

(*d*) Mandamus. The following cases have been decided on the power of the Supreme Court to issue a mandamus. Marbury *v.* Madison, 1 Cranch, 137; 1 Cond. Rep. 267. M'Cluny *v.* Silliman, 2 Wheat. 369; 4 Cond. Rep. 162. United States *v.* Lawrence, 3 Dall. 42; 1 Cond. Rep. 19. United States *v.* Peters, 3 Dall. 121; 1 Cond. Rep. 60. Ex parte Burr, 9 Wheat. 529; 5 Cond. Rep. 660. Parker *v.* The Judges of the Circuit Court of Maryland, 12 Wheat. 561; 6 Cond. Rep. 644. Ex parte Roberts et al., 6 Peters, 216. Ex parte Davenport, 6 Peters, 661. Ex parte Bradstreet, 12 Peters, 174; 7 Peters, 634; 8 Peters, 588. Life and Fire Ins. Comp. of New York *v.* Wilson's heirs, 8 Peters, 291.

On a mandamus a superior court will never direct in what manner the discretion of the inferior tribunal shall be exercised; but they will, in a proper case, require an inferior court to decide. *Ibid.* Life and Fire Ins. Comp. of New York *v.* Adams, 9 Peters, 571. Ex parte Story, 12 Peters, 339. Ex parte Jesse Hoyt, collector, &c., 13 Peters, 279.

A writ of mandamus is not a proper process to correct an erroneous judgment or decree rendered in an inferior court. This is a matter which is properly examinable on a writ of error, or an appeal to a proper appellate tribunal. *Ibid.*

Writs of mandamus from the Circuit Courts of the United States. A Circuit Court of the United States has power to issue a mandamus to a collector, commanding him to grant a clearance. Gilchrist et al. *v.* Collector of Charleston, 1 Hall's Admiralty Law Journal, 429.

The power of the Circuit Court to issue the writ of mandamus is confined exclusively to those cases in which it may be necessary to the exercise of their jurisdiction. M'Intire *v.* Wood, 7 Cranch, 504; 2 Cond. Rep. 588.

The Circuit Courts of the United States have no power to issue writs of mandamus after the practice of the King's Bench; but only where they are necessary for the exercise of their jurisdiction. Smith *v.* Jackson, Paine's C. C. R. 453.

(*e*) Habeas corpus. Ex parte Burford, 3 Cranch, 448; 1 Cond. Rep. 594; Ex parte Bollman, 4 Cranch, 75; 2 Cond. Rep. 33.

The writ of habeas corpus does not lie to bring up a person confined in the prison bounds upon a capias ad satisfaciendum, issued in a civil suit. Ex parte Wilson, 6 Cranch, 52; 2 Cond. Rep. 300. Ex parte Kearney, 7 Wheat. 38; 5 Cond. Rep. 225.

The power of the Supreme Court to award writs of habeas corpus is conferred expressly on the court by the 14th section of the judicial act, and has been repeatedly exercised. No doubt exists respecting the power. No law of the United States prescribes the cases in which this great writ shall be issued, nor the power of the court over the party brought up by it. The term used in the constitution is one which is well understood, and the judicial act authorizes the court, and all other courts of the United States and the judges thereof to issue the writ "for the purpose of inquiring into the cause of commitment." Ex parte Tobias Watkins, 3 Peters, 201.

As the jurisdiction of the Supreme Court is appellate, it must be shown to the court that the court has power to award a habeas corpus, before one will be granted. Ex parte Milburn, 9 Peters, 704.

Vol. I.—11

82                    FIRST CONGRESS.  Sess. I. Ch. 20.  1789.

Act of 1793, ch. 22; act of 1807, ch. 13; act of 1818, ch. 83; act of Feb. 1819; act of May 20, 1826, ch. 124.

Limitation of writs of habeas corpus.

by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law. And that either of the justices of the supreme court, as well as judges of the district courts, shall have power to grant writs of *habeas corpus* for the purpose of an inquiry into the cause of commitment.—*Provided,* That writs of *habeas corpus* shall in no case extend to prisoners in gaol, unless where they are in custody, under or by colour of the authority of the United States, or are committed for trial before some court of the same, or are necessary to be brought into court to testify.

Parties shall produce books and writings.

Sec. 15. *And be it further enacted,* That all the said courts of the United States, shall have power in the trial of actions at law, on motion and due notice thereof being given, to require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery; and if a plaintiff shall fail to comply with such order, to produce books or writings, it shall be lawful for the courts respectively, on motion, to give the like judgment for the defendant as in cases of nonsuit; and if a defendant shall fail to comply with such order, to produce books or writings, it shall be lawful for the courts respectively on motion as aforesaid, to give judgment against him or her by default.(a)

Suits in equity limited.

Sec. 16. *And be it further enacted,* That suits in equity shall not be sustained in either of the courts of the United States, in any case where plain, adequate and complete remedy may be had at law.(b)

---

The act of Congress authorizing the writ of habeas corpus to be issued " for the purpose of inquiring into the cause of commitment," applies as well to cases of commitment under civil as those of criminal process.  See Chief Justice Marshall, 2 Brocken C. C. R. 447.  Ex parte Cabrera, 1 Wash. C. C. R. 232.  United States v. French, 1 Gallis's C. C. R. 2.  Holmes v. Jennison, Governor of the State of Vermont, 14 Peters, 540.

(a) It is sufficient for one party to suggest that the other is in possession of a paper, which he has, under the act of Congress, given him notice to produce at the trial, without offering other proof of the fact ; and the party so called upon must discharge himself of the consequences of not producing it, by affidavit or other proof that he has it not in his power to produce it.  Hylton v. Brown, 1 Wash. C. C. R. 298.

The court will not, upon a notice of the defendant to the plaintiff to produce a title paper to the land in dispute, which is merely to defeat the plaintiff's title, compel him to do so ; unless the defendant first shows title to the land.  Merely showing a right of possession is not sufficient to entitle him to the aid of a court of chancery, or of the Supreme Court, to compel a discovery of papers which are merely to defeat the plaintiff's title without strengthening the defendant's.  It is sufficient, in order to entitle him to call for papers to show the title to the land, although none is shown in the papers.  Ibid.

Where one party in a cause wishes the production of papers supposed to be in the possession of the other, he must give notice to produce them : if not produced, he may give inferior evidence of their contents.  But if it is his intention to nonsuit the plaintiff, or if the plaintiff requiring the papers means to obtain a judgment by default, under the 15th section of the judicial act, he is bound to give the opposite party notice that he means to move the court for an order upon him to produce the papers, or on a failure so to do, to award a nonsuit or judgment, as the case may be.  Bas v. Steele, 3 Wash. C. C. R. 381.

No advantage can be taken of the non-production of papers, unless ground is laid for presuming that the papers were, at the time notice was given, in the possession or power of the party to whom notice was given, and that they were pertinent to the issue.  In either of the cases, the party to whom notice was given may be required to prove, by his own oath, that the papers are not in his possession or power ; which oath may be met by contrary proof according to the rules of equity.  Ibid.

To entitle the defendant to nonsuit the plaintiff for not obtaining papers which he was noticed to produce, the defendant must first obtain an order of the court, under a rule that they should be produced.  But this order need not be absolute when moved for, but may be nisi, unless cause be shown at the trial.  Dunham v. Riley, 4 Wash. C. C. R. 126.

Notice to the opposite party to produce on the trial all letters in his possession, relating to monies received by him under the award of the commissioners under the Florida treaty, is sufficiently specific as they described their subject matter.  If to such notice the party answer on oath that he has not a particular letter in his possession, and after diligent search could find none such, it is sufficient to prevent the offering of secondary proof of its contents.  The party cannot be asked or compelled to answer whether he ever had such a letter in his possession.  Vasse v. Mifflin, 4 Wash. C. C. R. 519.

(b) The equity jurisdiction of the courts of the United States is independent of the local law of any State, and is the same in nature and extent as the equity jurisdiction of England from which it is derived.  Therefore it is no objection to this jurisdiction, that there is a remedy under the local law.  Gordon v. Hobart, 2 Sumner's C. C. R. 401.

If a case is cognizable at common law, the defendant has a right of trial by jury, and a suit upon it cannot be sustained in equity.  Baker v. Biddle, 1 Baldwin's C. C. R. 405.

FIRST CONGRESS.  Sess. I. Ch. 20.  1789.                83

Sec. 17. *And be it further enacted,* That all the said courts of the
United States shall have power to grant new trials, in cases where there
has been a trial by jury for reasons for which new trials have usually
been granted in the courts of law ;(*a*) and shall have power to impose
and administer all necessary oaths or affirmations, and to punish by fine
or imprisonment, at the discretion of said courts, all contempts of
authority in any cause or hearing before the same ;(*b*) and to make and
establish all necessary rules for the orderly conducting business in the
said courts, provided such rules are not repugnant to the laws of the
United States.

*Courts may grant new trials.*

*Act of March 2, 1831, ch. 99.*

Sec. 18. *And be it further enacted,* That when in a circuit court,
judgment upon a verdict in a civil action shall be entered, execution
may on motion of either party, at the discretion of the court, and on
such conditions for the security of the adverse party as they may judge
proper, be stayed forty-two days from the time of entering judgment, to
give time to file in the clerk's office of said court, a petition for a new
trial.  And if such petition be there filed within said term of forty-two
days, with a certificate thereon from either of the judges of such court,
that he allows the same to be filed, which certificate he may make or
refuse at his discretion, execution shall of course be further stayed to
the next session of said court.(*c*)  And if a new trial be granted, the
former judgment shall be thereby rendered void.

*Execution may be stayed on conditions.*

Sec. 19. *And be it further enacted,* That it shall be the duty of circuit
courts, in causes in equity and of admiralty and maritime jurisdiction, to
cause the facts on which they found their sentence or decree, fully to
appear upon the record either from the pleadings and decree itself, or a
state of the case agreed by the parties, or their counsel, or if they disa-
gree by a stating of the case by the court.

*Facts to appear on record.*

*Altered by act of March 3, 1803, chap. 40.*

Sec. 20. *And be it further enacted,* That where in a circuit court, a
plaintiff in an action, originally brought there, or a petitioner in equity,
other than the United States, recovers less than the sum or value of five
hundred dollars, or a libellant, upon his own appeal, less than the sum
or value of three hundred dollars, he shall not be allowed, but at the dis-
cretion of the court, may be adjudged to pay costs.

*Costs not al-
lowed unless
500 dollars re-
covered.*

Sec. 21. *And be it further enacted,* That from final decrees in a dis-
trict court in causes of admiralty and maritime jurisdiction, where the
matter in dispute exceeds the sum or value of three hundred dollars,
exclusive of costs, an appeal shall be allowed to the next circuit court,

*Appeals from
the district to
the circuit court
where matter
in dispute ex-
ceeds 300 dolls.*

There cannot be concurrent jurisdiction at law and equity, where the right and remedy are the same ;
but equity may proceed in aid of the remedy at law, by incidental and auxiliary relief ; if the remedy at
law is complete.  Its jurisdiction is special, limited and defined ; not as in England, where it depends on
usage.  *Ibid.*
    The 16th section of the judiciary law is a declaratory act settling the law as to cases of equity juris-
diction, in the nature of a proviso, limitation or exception to its exercise.  If the plaintiff have a plain,
adequate and complete remedy at law, the case is not a suit in equity, under the constitution, or the
judiciary act.  *Ibid.*
    Though the rules and principles established in English Chancery at the revolution, are adopted in the
federal courts, the changes introduced there since, are not followed here ; especially in matters of juris-
diction, as to which the 16th section of the act of 1789 is imperative.  *Ibid.*
    (*a*) New trials.  Calder *v.* Bull and Wife, 3 Dall. 386 ; 1 Cond. Rep. 172.  Arnold *v.* Jones, Bee's Rep.
104.
    (*b*) Contempt of court.  The courts of the United States have no common law jurisdiction of crimes against
the United States.  But independent of statutes, the courts of the United States have power to fine for
contempts, and imprison for contumacy, and to enforce obedience to their orders, &c.  The United States
*v.* Hudson et al., 7 Cranch, 32 ; 2 Cond. Rep. 405.
    By an act passed March 2, 1831, chap. 99, it is enacted, that the power of the courts of the United
States to punish for contempts shall not extend to any cases, except to misbehaviour in the presence of
the court, or so near to the court as to obstruct the administration of justice, or the misbehaviour of the
officers of the court in their official transactions, and disobedience or resistance by any officer of the
court, party, juror, witness or any person to any writ, process, order or decree of the court.  Indictments
may be presented against persons impeding the proceedings of the court, &c.  See the statute.
    (*c*) Execution.  The 14th section of the Judiciary act of September 24, 1789, chap. 20, authorizes the
courts of the United States to issue writs of execution upon judgments which have been rendered.  This
section provides only for the issuing of the writ, and directs no mode of proceeding by the officer obeying
its command.  Bank of the United States *v.* Halstead, 10 Wheat. 51 ; 6 Cond. Rep. 22.

## 84      FIRST CONGRESS. Sess. I. Ch. 20. 1789.

Altered by the 2d section of the act of March 3, 1803, chap. 40. [Obsolete.]

to be held in such district. *Provided nevertheless,* That all such appeals from final decrees as aforesaid, from the district court of Maine, shall be made to the circuit court, next to be holden after each appeal in the district of Massachusetts.

Final decrees re-examined above 50 dollars.

Altered by the 2d section of the act of March 3, 1803, chap. 40.

Sec. 22. *And be it further enacted,* That final decrees and judgments in civil actions in a district court, where the matter in dispute exceeds the sum or value of fifty dollars, exclusive of costs, may be re-examined, and reversed or affirmed in a circuit court, holden in the same district, upon a writ of error, whereto shall be annexed and returned therewith at the day and place therein mentioned, an authenticated transcript of the record, an assignment of errors, and prayer for reversal, with a citation to the adverse party, signed by the judge of such district court, or a justice of the Supreme Court, the adverse party having at least twenty days' notice.(*a*) And upon a like process, may final judgments and decrees in civil actions, and suits in equity in a circuit court, brought there by original process, or removed there from courts of the several States, or removed there by appeal from a district court where the matter in dispute exceeds the sum or value of two thousand dollars, exclusive of costs, be re-examined and reversed or affirmed in the Supreme Court, the citation being in such case signed by a judge of such circuit court, or justice of the Supreme Court, and the adverse party having at least thirty days' notice.(*b*)   But there shall be no rever-

And suits in equity, exceeding 2000 dollars in value.

(*a*) The rules, regulations and restrictions contained in the 21st and 22d sections of the judiciary act of 1789, respecting the time within which a writ of error shall be brought, and in what instances it shall operate as a supersedeas, the citation to the opposite party, the security to be given by the plaintiff in error, and the restrictions on the appellate court as to reversals in certain enumerated cases, are applicable to the act of 1803, and are to be substantially observed; except that where the appeal is prayed for at the same time when the decree or sentence is pronounced, a citation is not necessary. The San Pedro, 2 Wheat. 132; 4 Cond. Rep. 65.

By the 2d section of the act of March 3, 1803, chap. 40, appeals are allowed from all final judgments or decrees in any of the District courts, where the matter in dispute, exclusive of costs, shall exceed the sum or value of fifty dollars. Appeals from the Circuit Court to the Supreme Court are allowed when the sum or value, exclusive of costs exceeds $2000. This section repeals so much of the 19th and 20th sections of the act of 1789, as comes within the purview of those provisions.

By the provisions of the act of April 2, 1816, chap. 39, appeals from the Circuit Court of the United States for the District of Columbia, are allowed when the matter in dispute in the cause exceeds $1000, exclusive of costs.

(*b*) The following cases have been decided on the questions which have arisen as to the value in controversy, in a case removed by writ of error or appeal.

The verdict and judgment do not ascertain the matter in dispute between the parties. To determine this, recurrence must be had to the original controversy; to the matter in dispute when the action was instituted. Wilson v. Daniel, 3 Dall. 401; 1 Cond. Rep. 185.

Where the value of the matter in dispute did not appear in the record, in a case brought by writ of error, the court allowed affidavits to be taken to prove the same, on notice to the opposite party. The writ of error not to be a supersedeas. Course v. Stead's Ex'ors, 4 Dall. 22; 1 Cond. Rep. 217; 4 Dall. 20; 1 Cond. Rep. 215.

The Supreme Court will permit viva voce testimony to be given of the value of the matter in dispute, in a case brought up by a writ of error or by appeal. The United States v. The Brig Union et al., 4 Cranch, 216; 2 Cond. Rep. 91.

The plaintiff below claimed more than $2000 in his declaration, but obtained a verdict for a less sum. The appellate jurisdiction of the Supreme Court depends on the sum or value in dispute between the parties, as the case stands on the writ of error in the Supreme Court; not on that which was in dispute in the Circuit Court. If the writ of error be brought by the plaintiff below, then the sum the declaration shows to be due may still be recovered, should the judgment for a smaller sum be reversed; and consequently the whole sum claimed is in dispute. Smith v. Honey, 3 Peters, 463; Gordon v. Ogden, 3 Peters, 33.

In cases where the demand is not for money, and the nature of the action does not require the value of the thing to be stated in the declaration, the practice of the courts of the United States has been to allow the value to be given in evidence. Ex parte Bradstreet, 7 Peters, 634.

The onus probandi of the amount in controversy, to establish the jurisdiction of the Supreme Court in a case brought before it by writ of error, is upon the party seeking to obtain the revision of the case. He may prove that the value exceeds $2000, exclusive of costs. Hagan v. Foison, 10 Peters, 160.

The Supreme Court has no jurisdiction in a case in which separate decrees have been entered in the Circuit Court for the wages of seamen, the decree in no one case amounting to $2000, although the amount of the several decrees exceed that sum, and the seamen in each case claimed under the same contract. Oliver v. Alexander, 6 Peters, 143. See Scott v. Lunt's Adm'rs, 6 Peters, 349.

The Supreme Court will not compel the hearing of a cause unless the citation be served thirty days before the first day of the term. Welsh v. Mandeville, 5 Cranch, 321; 2 Cond. Rep. 268.

A citation must accompany the writ of error. Lloyd v. Alexander, 1 Cranch, 365; 1 Cond. Rep. 334.

When an appeal is prayed during the session of the court, a citation to the appellee is not necessary. Riley, appellant, v. Lamar et al., 2 Cranch, 344; 1 Cond. Rep. 419.

Appendix M: Judiciary act of 1789

FIRST CONGRESS.  Sess. I. Ch. 20.  1789.                85

sal in either court on such writ of error for error in ruling any plea in **Writs of error limited.** abatement, other than a plea to the jurisdiction of the court, or such plea to a petition or bill in equity, as is in the nature of a demurrer, or for any error in fact. And writs of error shall not be brought but within five years after rendering or passing the judgment or decree complained of, or in case the person entitled to such writ of error be an infant, *feme covert, non compos mentis,* or imprisoned, then within five years as aforesaid, exclusive of the time of such disability.(*a*)  And every justice or **Plaintiff to give security.** judge signing a citation on any writ of error as aforesaid, shall take **Act of December 12, 1794, chap. 3.** good and sufficient security, that the plaintiff in error shall prosecute his writ to effect, and answer all damages and costs if he fail to make his plea good.(*b*)

SEC. 23. *And be it further enacted,* That a writ of error as aforesaid **Writ of error a supersedeas.** shall be a supersedeas and stay execution in cases only where the writ of error is served, by a copy thereof being lodged for the adverse party in the clerk's office where the record remains, within ten days, Sundays exclusive, after rendering the judgment or passing the decree complained of. Until the expiration of which term of ten days, executions shall not issue in any case where a writ of error may be a supersedeas; and whereupon such writ of error the Supreme or a circuit court shall affirm a judgment or decree, they shall adjudge or decree to the respondent in error just damages for his delay, and single or double costs at their discretion.(*c*)

SEC. 24. *And be it further enacted,* That when a judgment or decree **Judgment or decree reversed.** shall be reversed in a circuit court, such court shall proceed to render such judgment or pass such decree as the district court should have rendered or passed; and the Supreme Court shall do the same on reversals therein, except where the reversal is in favour of the plaintiff, or petitioner in the original suit, and the damages to be assessed, or matter to be decreed, are uncertain, in which case they shall remand the cause for a final decision. And the Supreme Court shall not issue execution in **Supreme court not to issue execution but mandate.** causes that are removed before them by writs of error, but shall send a special mandate to the circuit court to award execution thereupon.

SEC. 25. *And be it further enacted,* That a final judgment or decree **Cases in which judgment and decrees of the highest court of a state may be examined by the supreme court, on writ of error.** in any suit, in the highest court of law or equity of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the constitution, treaties or laws of the United States, and the decision is in favour of such their validity,(*d*) or where is drawn in question the construction of any

(*a*) An appeal under the judiciary acts of 1789 and 1803, was prayed for and allowed within five years; held to be valid, although the security was not given within five years. The mode of taking the security and the time of perfecting it, are exclusively within the control of the court below. The Dos Hermanos, 10 Wheat. 306; 6 Cond. Rep. 109.

(*b*) By the act of December 12, 1794, chap. 3, the security required to be taken on signing a citation on any writ of error which shall not be a supersedeas, and stay execution, shall only be for an amount which will be sufficient to answer for costs.

(*c*) Supersedeas.  The Supreme Court will not quash an execution issued by the court below to enforce its decree, pending a writ of error, if the writ be not a supersedeas to the decree. Wallen *v.* Williams, 7 Cranch, 278; 2 Cond. Rep. 491.

(*d*) In delivering the opinion of the Supreme Court in the case of Fisher *v.* Cockrell, 5 Peters, 248, Mr. Chief Justice Marshall said : " In the argument the court has been admonished of the jealousy with which the States of the Union view the revising power entrusted by the constitution and laws to this tribunal. To observations of this character the answer uniformly has been that the course of the judicial department is marked out by law. We must tread the direct and narrow path prescribed for us. As this court has never grasped at ungranted jurisdiction, so it never will, we trust, shrink from that which is conferred upon it."

The appellate power of the Supreme Court of the United States extends to cases pending in the State courts; and the 25th section of the judiciary act, which authorizes the exercise of this jurisdiction in the specified cases by writ of error, is supported by the letter and spirit of the constitution. Martin *v.* Hunter's Lessee, 1 Wheat. 304; 3 Cond. Rep. 575.

Under the 25th section of the judiciary act of 1789, where the construction of any clause in the con-

H

Appendix M: Judiciary act of 1789

86                    FIRST CONGRESS. Sess. I. Ch. 20. 1789.

clause of the constitution, or of a treaty, or statute of, or commission held under the United States, and the decision is against the title, right, privilege or exemption specially set up or claimed by either party, under such clause of the said Constitution, treaty, statute or commission, may be re-examined and reversed or affirmed in the Supreme Court of the United States upon a writ of error, the citation being signed by the chief justice, or judge or chancellor of the court rendering or passing the judgment or decree complained of, or by a justice of the Supreme Court of the United States, in the same manner and under the same regulations, and the writ shall have the same effect, as if the judgment or decree complained of had been rendered or passed in a circuit court,

**Proceedings on reversal.** and the proceeding upon the reversal shall also be the same, except that the Supreme Court, instead of remanding the cause for a final decision as before provided, may at their discretion, if the cause shall have been once remanded before, proceed to a final decision of the same, and

**No writs of error but as above mentioned.** award execution. But no other error shall be assigned or regarded as a ground of reversal in any such case as aforesaid, than such as appears on the face of the record, and immediately respects the before men-

---

stitution or any statute of the United States is drawn in question, in any suit in a State court, the decision must be against the title or right set up by the party under such clause in the constitution or statute; otherwise the Supreme Court has no appellate jurisdiction in the case. It is not sufficient that the construction of the statute was drawn in question, and that the decision was against the title. It must appear that the title set up depended on the statute. Williams v. Norris, 12 Wheat. 117; 6 Cond. Rep. 462.

If the construction or validity of a treaty of the United States is drawn in question in the State courts, and the decision is against its validity, or against the title set up by either party under the treaty, the Supreme Court has jurisdiction to ascertain that title, and to determine its legal meaning; and is not confined to the abstract construction of the treaty itself. *Ibid.*

The 2d article of the constitution of the United States enables the Supreme Court to receive jurisdiction to the full extent of the constitution, laws and treaties of the United States, when any question respecting them shall assume such form that the judicial power is capable of acting upon it. That power is capable of acting only when the subject is submitted to it by a party who asserts his right in the form prescribed by law. It then becomes a case. Osborn v. The Bank of the United States, 9 Wheat. 738; 5 Cond. Rep. 741.

The Supreme Court has no jurisdiction under the 25th section of the act of 1789, unless the judgment or decree of the State court be a final judgment or decree. A judgment reversing that of an inferior court, and awarding a scire facias de novo, is not a final judgment. Houston v. Moore, 3 Wheat. 433; 4 Cond. Rep. 286.

The Supreme Court has no appellate jurisdiction under the 25th section of the judiciary act, unless the right, title, privilege, or exemption under a statute or commission of the United States be specially set up by the party claiming it in the State court, and the decision be against the same. Montgomery v. Hernandez, 12 Wheat. 129; 6 Cond. Rep. 475.

It is no objection to the exercise of the appellate jurisdiction under this section, that one party is a State, and the other a citizen of that State. Cohens v. The State of Virginia, 6 Wheat. 264; 5 Cond. Rep. 90.

In order to bring a case for a writ of error or an appeal to the Supreme Court from the highest court of a State within the 25th section of the judiciary act, it must appear on the face of the record: 1. That some of the questions stated in that section did arise in the State court. 2. That the question was decided in the State court as required in the section.

It is not necessary that the question shall appear in the record to have been raised, and the decision made in direct and positive terms, ipsissimis verbis; but it is sufficient if it appears by clear and necessary intendment that the question must have been raised, and must have been decided, in order to induce the judgment. It is not sufficient to show that a question might have arisen and been applicable to the case, unless it is further shown, on the record, that it did arise and was applied by the State Court to the case. Crowell v. Randall, 10 Peters, 368. See also Williams v. Norris, 12 Wheat. 117; 6 Cond. Rep. 462. Jackson v. Lamphire, 3 Peters, 280. Menard v. Aspasia, 5 Peters, 505. Fisher v. Cockrell, 5 Peters, 248. Gelston v. Hoyt, 3 Wheat. 246; 4 Cond. Rep. 244. Gordon v. Caldcleugh et al., 3 Cranch, 268; 1 Cond. Rep. 524. Owings v. Norwood's Lessee, 5 Cranch, 344; 2 Cond. Rep. 275. Buel et al. v. Van Ness, 8 Wheat. 312; 5 Cond. Rep. 445. Miller v. Nicholls, 4 Wheat. 311; 4 Cond. Rep. 465. Matthews v. Zane et al., 7 Wheat. 164; 5 Cond. Rep. 265. Gibbons v. Ogden, 6 Wheat. 448; 5 Cond. Rep. 134.

Under the 25th section of the judiciary act of 1789, three things are necessary to give the Supreme Court jurisdiction of a case brought up by writ of error or appeal: 1. The validity of a statute of the United States, or of authority exercised under a State, must be drawn in question. 2. It must be drawn in question on the ground that it is repugnant to the constitution, treaties and laws of the United States. 3. The decision of the State court must be in favour of its validity. The Commonwealth Bank of Kentucky v. Griffith et al., 14 Peters, 46. See also Pollard's heirs v. Kibbe, 14 Peters, 353. M'Cluny v. Silliman, 6 Wheat. 598; 5 Cond. Rep. 197. Weston et al. v. The City Council of Charleston, 2 Peters, 449. Hickie v. Starke et al., 1 Peters, 94. Satterlee v. Matthewson, 2 Peters, 380. Wilson et al. v. The Blackbird Creek Marsh Association, 2 Peters, 245. Harris v. Dennie, 3 Peters, 292. M'Bride v. Hoey, 11 Peters, 167. Winn's heirs v. Jackson et al., 12 Wheat. 135; 6 Cond. Rep. 479. City of New Orleans v. De Armas, 9 Peters, 224. Davis v. Packard, 6 Peters, 41.

Appendix M: Judiciary act of 1789

tioned questions of validity or construction of the said constitution, treaties, statutes, commissions, or authorities in dispute.(*a*)

Sec. 26. *And be it further enacted,* That in all causes brought before either of the courts of the United States to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other speciality, where the forfeiture, breach or non-performance shall appear, by the default or confession of the defendant, or upon demurrer, the court before whom the action is, shall render judgment therein for the plaintiff to recover so much as is due according to equity. And when the sum for which judgment should be rendered is uncertain, the same shall, if either of the parties request it, be assessed by a jury.

*In cases of forfeiture the courts may give judgment according to equity.*

*Jury to assess damages when the sum is uncertain.*

Sec. 27. *And be it further enacted,* That a marshal shall be appointed in and for each district for the term of four years, but shall be removable from office at pleasure, whose duty it shall be to attend the district and circuit courts when sitting therein, and also the Supreme Court in the district in which that court shall sit.(*b*) And to execute throughout the district, all lawful precepts directed to him, and issued under the authority of the United States, and he shall have power to command all necessary assistance in the execution of his duty, and to appoint as there shall be occasion, one or more deputies,(*c*) who shall be removable from office by the judge of the district court, or the circuit court sitting within the district, at the pleasure of either; and before he enters on the duties of his office, he shall become bound for the faithful performance of the same, by himself and by his deputies before the judge of the district court to the United States, jointly and severally, with two good and sufficient sureties, inhabitants and freeholders of such district, to be approved by the district judge, in the sum of twenty thousand dollars, and shall take before said judge, as shall also his deputies, before they enter on the duties of their appointment, the following oath of office: " I, A. B., do solemnly swear or affirm, that I will faithfully execute all lawful precepts directed to the marshal of the district of          under the authority of the United States, and true returns make, and in all things well and truly, and without malice or partiality, perform the duties of the office of marshal (or marshal's deputy, as the case may be) of the district of          , during my continuance in said office, and take only my lawful fees. So help me God."

*Marshal to be appointed.*

*Duration of office.*

*Act of May 15, 1820, ch. 101, 106, sec. 8.*

*Deputies removable by the district and circuit courts.*

*Sureties.*

*Oath of marshal, and of his deputies.*

Sec. 28. *And be it further enacted,* That in all causes wherein the marshal or his deputy shall be a party, the writs and precepts therein shall be directed to such disinterested person as the court, or any justice or judge thereof may appoint, and the person so appointed, is hereby authorized to execute and return the same. And in case of the death of any marshal, his deputy or deputies shall continue in office, unless otherwise specially removed; and shall execute the same in the name of the deceased, until another marshal shall be appointed and sworn : And the defaults or misfeasances in office of such deputy or deputies in the mean time, as well as before, shall be adjudged a breach of the condition of the bond given, as before directed, by the marshal who appointed

*If marshal, or his deputy, a party to a suit, process to be directed to a person selected by the court.*

*Deputies to continue in office on the death of the marshal.*

*Defaults of deputies.*

(*a*) Williams *v.* Norris, 6 Wheat. 117 ; 6 Cond. Rep. 462.

(*b*) A marshal is not removed by the appointment of a new one, until he receives notice of such appointment. All acts done by the marshal after the appointment of a new one, before notice, are good ; but his acts subsequent to notice are void. Wallace's C. C. R. 119.

It is the duty of a marshal of a court of the United States to execute all process which may be placed in his hand, but he performs this duty at his peril, and under the guidance of law. He must, of course, exercise some judgment in the performance. Should he fail to obey the exegit of the writ without a legal excuse, or should he in its letter violate the rights of others, he is liable to the action of the injured party. Life and Fire Ins. Comp. of New York *v.* Adams, 9 Peters, 573.

(*c*) A marshal is liable on his official bond for the failure of his deputies to serve original process, but the measure of his liability is the extent of the injury received by the plaintiff, produced by his negligence. If the loss of the debt be the direct legal consequence of a failure to serve the process, the amount of the debt is the measure of the damages ; but not so if otherwise. The United States *v.* Moore's Adm'rs, 2 Brocken's C. C. R. 317. See San Jose Indiano, 2 Gallis. C. C. R. 311. Ex parte Jesse Hoyt, collector, &c., 13 Peters, 279.

88      FIRST CONGRESS. Sess. I. Ch. 20. 1789.

**Powers of the executor or administrator of deceased marshals.**

them; and the executor or administrator of the deceased marshal shall have like remedy for the defaults and misfeasances in office of such deputy or deputies during such interval, as they would be entitled to if the marshal had continued in life and in the exercise of his said office, until his successor was appointed, and sworn or affirmed: And every marshal or his deputy when removed from office, or when the term for which the marshal is appointed shall expire, shall have power notwithstanding to execute all such precepts as may be in their hands respectively at the time of such removal or expiration of office; and the marshal shall be held answerable for the delivery to his successor of all prisoners which may be in his custody at the time of his removal, or when the term for which he is appointed shall expire, and for that purpose may retain such prisoners in his custody until his successor shall be appointed and qualified as the law directs.(*a*)

**Marshal's power after removal.**

**Trial of cases punishable with death to be had in county.**

Sec. 29. *And be it further enacted,* That in cases punishable with death, the trial shall be had in the county where the offence was committed, or where that cannot be done without great inconvenience, twelve petit jurors at least shall be summoned from thence.(*b*) And jurors in all cases to serve in the courts of the United States shall be designated by lot or otherwise in each State respectively according to the mode of forming juries therein now practised, so far as the laws of the same shall render such designation practicable by the courts or marshals of the United States; and the jurors shall have the same qualifications as are requisite for jurors by the laws of the State of which they are citizens, to serve in the highest courts of law of such State, and shall be returned as there shall be occasion for them, from such parts of the district from time to time as the court shall direct, so as shall be most favourable to an impartial trial, and so as not to incur an unnecessary expense, or unduly to burthen the citizens of any part of the district with such services. And writs of *venire facias* when directed by the court shall issue from the clerk's office, and shall be served and returned by the marshal in his proper person, or by his deputy, or in case the marshal or his deputy is not an indifferent person, or is interested in the event of the cause, by such fit person as the court shall specially appoint for that purpose, to whom they shall administer an oath or affirmation that he will truly and impartially serve and return such writ. And when from challenges or otherwise there shall not be a jury to determine any civil or criminal cause, the marshal or his deputy shall, by order of the court where such defect of jurors shall happen, return jurymen *de talibus circumstantibus* sufficient to complete the pannel; and when the marshal or his deputy are disqualified as aforesaid, jurors may be returned by such disinterested person as the court shall appoint.

**Jurors by lot. Act of May 13, 1800, ch. 61.**

**Writs of venire facias from clerk's office.**

**Juries de talibus, &c.**

**Mode of proof.**

Sec. 30. *And be it further enacted,* That the mode of proof by oral testimony and examination of witnesses in open court shall be the same in all the courts of the United States, as well in the trial of causes in equity and of admiralty and maritime jurisdiction, as of actions at common law. And when the testimony of any person shall be necessary in any civil cause depending in any district in any court of the United States, who shall live at a greater distance from the place of trial than one hundred miles, or is bound on a voyage to sea, or is about to go out of the United States, or out of such district, and to a greater distance from the place of trial than as aforesaid, before the time of trial, or is ancient or very infirm, the deposition of such person may be taken *de bene esse* before any justice or judge of any of the courts of the United States,

**Act of April 29, 1802, ch. 31, § 25.**

**Depositions de bene esse.**

---

(*a*) If a debtor committed to the State jail under process of the courts of the United States escapes, the marshal is not liable. Randolph *v.* Donnaldson, 9 Cranch, 76; 3 Cond. Rep. 280.

(*b*) The Circuit Courts of the United States are bound to try all crimes committed within the district, which are duly presented before it; but not to try them in the county where they have been committed. The United States *v.*Wilson and Porter, Baldwin's C. C. R. 78.

or before any chancellor, justice or judge of a supreme or superior court, mayor or chief magistrate of a city, or judge of a county court or court of common pleas of any of the United States, not being of counsel or attorney to either of the parties, or interested in the event of the cause, provided that a notification from the magistrate before whom the deposition is to be taken to the adverse party, to be present at the taking of the same, and to put interrogatories, if he think fit, be first made out and served on the adverse party or his attorney as either may be nearest, if either is within one hundred miles of the place of such caption, allowing time for their attendance after notified, not less than at the rate of one day, Sundays exclusive, for every twenty miles travel.(*a*)　And in causes of admiralty and maritime jurisdiction, or other cases of seizure when a libel shall be filed, in which an adverse party is not named, and depositions of persons circumstanced as aforesaid shall be taken before a claim be put in, the like notification as aforesaid shall be given to the person having the agency or possession of the property libelled at the time of the capture or seizure of the same, if known to the libellant. And every person deposing as aforesaid shall be carefully examined and cautioned, and sworn or affirmed to testify the whole truth, and shall subscribe the testimony by him or her given after the same shall be reduced to writing, which shall be done only by the magistrate taking the deposition, or by the deponent in his presence.　And the depositions so taken shall be retained by such magistrate until he deliver the same with his own hand into the court for which they are taken, or shall, together with a certificate of the reasons as aforesaid of their being taken, and of the notice if any given to the adverse party, be by him the said magistrate sealed up and directed to such court, and remain under his seal until opened in court.(*b*)　And any person may be compelled to appear and depose as aforesaid in the same manner as to appear and testify in court. And in the trial of any cause of admiralty or maritime jurisdiction in a district court, the decree in which may be appealed from, if either party shall suggest to and satisfy the court that probably it will not be in his power to produce the witnesses there testifying before the circuit court should an appeal be had, and shall move that their testimony be taken down in writing, it shall be so done by the clerk of the court.(*c*)　And

*Marginal notes:* Adverse party to be notified. Notice in admiralty and maritime causes. Agent notified. Depositions retained. Persons may be compelled to appear and testify. Appeal allowed.

(*a*) The following cases have been decided relating to depositions taken under the provisions of this act :
That the deponent is a seaman on board a gun-boat in the harbour, and liable to be ordered to some other place, and not to be able to attend the court at the time of sitting, is not a sufficient reason for taking his deposition under the act of September 24, 1789, chap. 20.
If it appear on the face of the deposition taken under the act of Congress, that the officer taking the same, was authorized by the act, it is sufficient in the first instance, without any proof that he was such officer.　Ruggles *v.* Bucknor, 1 Paine's C. C. R. 358.
Objections to the competency of the witness whose deposition is taken under the act of 1789, should be made at the time of taking the deposition, if the party attend, and the objections are known to him, in order that they may be removed : otherwise he will be presumed to waive them.　United States *v.* Hairpencils, 1 Paine's C. C. R. 400.
A deposition taken under the 30th section of the act of 1789 cannot be made on evidence, unless the judge before whom it was taken, certify that it was reduced to writing by himself, or by the witness in his presence.　Pettibone *v.* Derringer, 4 Wash. C. C. R. 215.　See United States *v.* Smith, 4 Day, 121. North Carolina Cases, 81.
The authority given by the act of 1789, to take depositions of witnesses in the absence of the opposite party, is in derogation of the rules of common law, and has always been construed strictly ; and therefore it is necessary to establish that all the requisites have been complied with, before such testimony can be admitted.　Bell *v.* Morrison et al., 1 Peters, 351.　The Patapsco Ins. Comp. *v.* Southgate, 5 Peters, 604. The United States *v.* Coolidge, 1 Gallis. C. C. R. 488.　Evans *v.* Hettick, 3 Wash. C. C. R. 408.　Thomas and Henry *v.* The United States, 1 Brockeb's C. C. R. 367.
The provisions of the 30th section of the act of 1789, as to taking depositions, de bene esse, does not apply to cases pending in the Supreme Court, but only to cases in the Circuit and District Courts.　The Argo, 2 Wheat. 287 ; 4 Cond. Rep. 119.
Where there is an attorney on record, notice must in all cases be given to him.　*Ibid.*
The deposition of a person residing out of the State, and more than one hundred miles from the place of trial, cannot be read in evidence.　Bleeker *v.* Bond, 3 Wash. C. C. R. 529.　See Buddicum *v.* Kirke, 3 Cranch, 293 ; 1 Cond. Rep. 535.
(*b*) It is a fatal objection to a deposition taken under the 30th section of the act of 1789, that it was opened out of court.　Beale *v.* Thompson, 8 Cranch, 70 ; 3 Cond. Rep. 35.
(*c*) Since the act of March 3, 1803, chap. 40, in admiralty as well as in equity cases carried up to the

90      FIRST CONGRESS. Sess. I. Ch. 20. 1789.

*Act of March 3, 1803, ch. 40.*

if an appeal be had, such testimony may be used on the trial of the same, if it shall appear to the satisfaction of the court which shall try the appeal, that the witnesses are then dead or gone out of the United States, or to a greater distance than as aforesaid from the place where the court is sitting, or that by reason of age, sickness, bodily infirmity or imprisonment, they are unable to travel and appear at court, but not otherwise. And unless the same shall be made to appear on the trial of any cause, with respect to witnesses whose depositions may have been taken therein, such depositions shall not be admitted or used in the cause. *Provided,* That nothing herein shall be construed to prevent any court of the United States from granting a *dedimus potestatem* to take depositions according to common usage, when it may be necessary to prevent a failure or delay of justice,(a) which power they shall severally possess, nor to extend to depositions taken in *perpetuam rei memoriam,* which if they relate to matters that may be cognizable in any court of the United States, a circuit court on application thereto made as a court of equity, may, according to the usages in chancery direct to be taken.

*Depositions used in case of sickness, death, &c.*

*Dedimus potestatem as usual.*

Sec. 31. *And be it [further] enacted,* That where any suit shall be depending in any court of the United States, and either of the parties shall die before final judgment, the executor or administrator of such deceased party who was plaintiff, petitioner, or defendant, in case the cause of action doth by law survive, shall have full power to prosecute or defend any such suit or action until final judgment; and the defendant or defendants are hereby obliged to answer thereto accordingly; and the court before whom such cause may be depending, is hereby empowered and directed to hear and determine the same, and to render judgment for or against the executor or administrator, as the case may require. And if such executor or administrator having been duly served with a *scire facias* from the office of the clerk of the court where such suit is depending, twenty days beforehand, shall neglect or refuse to become a party to the suit, the court may render judgment against the estate of the deceased party, in the same manner as if the executor or administrator had voluntarily made himself a party to the suit.(b) And the executor or administrator who shall become a party as aforesaid, shall, upon motion to the court where the suit is depending, be entitled to a continuance of the same until the next term of the said court. And if there be two or more plaintiffs or defendants, and one or more of them shall die, if the cause of action shall survive to the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants, the writ or action shall not be thereby abated; but such death being suggested upon the record, the action shall proceed at the suit of the surviving plaintiff or plaintiffs against the surviving defendant or defendants.(c)

*Executor or administrator may prosecute and defend.*

*Neglect of executor or administrator to become a party to the suit, judgment to be rendered.*

*Executor and administrator may have continuance.*

*Two plaintiffs. Surviving plaintiff may continue suit.*

Supreme Court by appeal, the evidence goes with the cause, and it must consequently be in writing. 1 Gallis. C. C. R. 25; 1 Sumner's C. C. R. 328.

(a) When a foreign government refuses to suffer the commission to be executed within its jurisdiction, the Circuit Court may issue letters rogatory for the purpose of obtaining testimony according to the forms and practice of the civil law. Nelson et al. *v.* The United States, Peters' C. C. R. 255. See Buddicum *v.* Kirke, 3 Cranch, 293; 1 Cond. Rep. 535.

Depositions taken according to the proviso in the 30th section of the judiciary act of 1789, under a dedimus potestatem, according to common usage, when it may be necessary to prevent a failure or delay of justice, are, under no circumstances, to be considered as taken de bene esse. Sergeant's Lessee *v.* Biddle, 4 Wheat. 508; 4 Cond. Rep. 522.

(b) This statute embraces all cases of death before final judgment, and of course is more extensive than the 17 Car. 2, and 8 and 9 W. 3. The death may happen before or after plea pleaded, before or after issue joined, before or after verdict, or before or after interlocutory judgment; and in all these cases the proceedings are to be exactly as if the executor or administrator were a voluntary party to the suit. Hatch *v.* Eustis, 1 Gallis. C. C. R. 160.

(c) In real and personal actions at common law, the death of the parties before judgment abates the suit, and it requires the aid of some statutory provision to enable the suit to be prosecuted by or against the personal representatives of the deceased, where the cause of action survives. This is effected by the 31st section of the judiciary act of 1789, chap. 20. Green *v.* Watkins, 6 Wheat. 260; 5 Cond. Rep. 87.

In real actions the death of either party before judgment, abates the suit. The 31st section of the judiciary act of 1789, which enables the action to be prosecuted by or against the representatives of the

FIRST CONGRESS. Sess. I. Ch. 20. 1789. 91

Sec. 32. *And be it further enacted*, That no summons, writ, declaration, return, process, judgment, or other proceedings in civil causes in any of the courts of the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects, or want of form in such writ, declaration, or other pleading, return, process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof. And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe.(a)

*Writs shall not abate for defect of form.*

*Exceptions.*

*Courts may amend imperfections.*

Sec. 33. *And be it further enacted*, That for any crime or offence against the United States, the offender may, by any justice or judge of the United States, or by any justice of the peace, or other magistrate of any of the United States where he may be found agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested, and imprisoned or bailed, as the case may be, for trial before such court of the United States as by this act has cognizance of the offence.(b) And copies of the process shall be returned as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case; which recognizances the magistrate before whom the examination shall be, may require on pain of imprisonment. And if such commitment of the offender, or the witnesses shall be in a district other than that in which the offence is to be tried, it shall be the duty of the judge of that district where the delinquent is imprisoned, seasonably to issue, and of the marshal of the same district to execute, a warrant for the removal of the offender, and the witnesses, or either of them, as the case may be, to the district in which the trial is to be had. And upon all arrests in criminal cases, bail shall be admitted, except where the punishment may be death, in which cases it shall not be admitted but by the supreme or a circuit court, or by a justice of the supreme court, or a judge of a district court, who shall exercise their discretion therein, regarding the nature and circumstances of the offence, and of the evidence, and the usages of law. And if a person committed by a justice of the supreme or a judge of a district court for an offence not punishable with death, shall afterwards procure bail, and there be no judge

*Criminals against U. S. arrested by any justice of the peace.*
*Act of March 2, 1793, ch. 22.*
*Act of July 16, 1798, ch. 83.*
*Recognizance to be returned to the clerk's office.*

*Offender may be removed by warrant.*

*Bail admitted.*

*Bail, how taken.*

deceased, when the cause of action survives, is clearly confined to personal actions. Macker's heirs *v.* Thomas, 7 Wheat. 530; 5 Cond. Rep. 334.

(a) The 32d section of the act of 1789, allowing amendments, is sufficiently comprehensive to embrace causes of appellate as well as original jurisdiction; and there is nothing in the nature of an appellate jurisdiction, proceeding according to the common law, which forbids the granting of amendments. 1 Gallis. C. C. R. 22.

If the amendment is made in the Circuit Court, the cause is heard and adjudicated in that court, and upon appeal by the Supreme Court on the new allegation. But if the amendment is allowed by the Supreme Court, the cause is remanded to the Circuit Court, with directions to allow the amendment to be made. The Mariana Flora, 11 Wheat. 1; 6 Cond. Rep. 201.

By the provisions of the act of Congress a variance which is merely matter of form may be amended at any time. Scull *v.* Biddle, 2 Wash. C. C. R. 200. See Smith *v.* Jackson, 1 Paine's C. C. R. 486. Ex parte Bradstreet, 7 Peters, 634. Randolph *v.* Barrett, 16 Peters, 136. Hozey *v.* Buchanan, 18 Peters, 215. Woodward *v.* Brown, 13 Peters, 1.

(b) The Supreme Court of the United States has jurisdiction, under the constitution and laws of the United States, to bail a person committed for trial on a criminal charge by a district judge of the United States. The United States *v.* Hamilton, 3 Dall. 13.

The circumstances of the case must be very strong, which will, at any time, induce a court to admit a person to bail, who stands charged with high treason. The United States *v.* Stewart, 2 Dall. 345.

92        FIRST CONGRESS. Sess. I. Ch. 20. 1789.

of the United States in the district to take the same, it may be taken by any judge of the supreme or superior court of law of such state.

*Laws of States rules of decision.*

SEC. 34. *And be it further enacted,* That the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply.(a)

*Parties may manage their own cause.*

SEC. 35. *And be it further enacted,* That in all the courts of the United States, the parties may plead and manage their own causes personally or by the assistance of such counsel or attorneys at law as by the rules of the said courts respectively shall be permitted to manage and conduct causes therein. And there shall be appointed in each district a meet

*Attorney of the U. S. for each district.*

person learned in the law to act as attorney for the United States in such district, who shall be sworn or affirmed to the faithful execution of his

*His duties.*

office, whose duty it shall be to prosecute in such district all delinquents for crimes and offences, cognizable under the authority of the United States, and all civil actions in which the United States shall be concerned, except before the supreme court in the district in which that

*Compensation.*

court shall be holden. And he shall receive as a compensation for his

---

(a) The 34th section of the judiciary act of 1799, does not apply to the process and practice of the courts. It merely furnishes a decision, and is not intended to regulate the remedy. Wyman *v.* Southard, 10 Wheat. 1 ; 6 Cond. Rep. 1.

In construing the statutes of a State, infinite mischief would ensue, should the federal courts observe a different rule from that which has long been established in the State. M'Keen *v.* Delancy's lessee, 5 Cranch, 22 ; 2 Cond. Rep. 179.

In cases depending on the statutes of a State, and more especially in those respecting the titles to land, the federal courts adopt the construction of the State, where that construction is settled or can be ascertained. Polk's Lessee *v.* Wendall, 9 Cranch, 87 ; 3 Cond. Rep. 286.

The Supreme Court uniformly acts under a desire to conform its decisions to the State courts on their local law. Mutual Assurance Society *v.* Watts, 1 Wheat. 279 ; 3 Cond. Rep. 570.

The Supreme Court holds in the highest respect, decisions of State Courts upon local laws, forming rules of property. Shipp et al. *v.* Miller's heirs, 2 Wheat. 316 ; 4 Cond. Rep. 132.

When the construction of the statute of the State relates to real property, and has been settled by any judicial decision of the State where the land lies, the Supreme Court, upon the principles uniformly adopted by it, would recognize the decision as part of the local law. Gardner *v.* Collins, 2 Peters, 58.

In construing local statutes respecting real property, the courts of the Union are governed by the decisions of State tribunals. Thatcher et al. *v.* Powell, 6 Wheat. 119 ; 5 Cond. Rep. 28.

The courts of the United States, in cases depending on the laws of a particular State, will in general adopt the construction given by the courts of the State, to those laws. Elmendorf *v.* Taylor, 10 Wheat. 152 ; 6 Cond. Rep. 47.

Under the 34th section of the judiciary act of 1789, the acts of limitation of the several States where no special provision has been made by Congress, form rules of the decision in the courts of the United States ; and the same effect is given to them as is given in the State courts. M'Cluny *v.* Silliman, 3 Peters, 277.

The statute laws of the States must furnish the rules of decision to the federal courts, as far as they comport with the laws of the United States, in all cases arising within the respective States ; and a fixed and received construction of these respective statute laws in their own courts, makes a part of such statute law. Shelby et al. *v.* Guy, 11 Wheat. 361 ; 6 Cond. Rep. 345.

The Supreme Court adopts the local law of real property as ascertained by the decisions of State courts ; whether those decisions are grounded on the construction of the statutes of the State, or from a part of the unwritten law of the State, which has become a fixed rule of property. Jackson *v.* Chew, 12 Wheat. 153 ; 6 Cond. Rep. 489.

Soon after the decision of a case in the Circuit Court for the district of Virginia, a case was decided in the court of appeals of the State, on which the question on the execution laws of Virginia was elaborately argued, and deliberately decided. The Supreme Court, according to its uniform course, adopts the construction of the act, which is made by the highest court of the State. The United States *v.* Morrison, 4 Peters, 124.

The Supreme Court has uniformly adopted the decisions of the State tribunals, respectively, in all cases where the decision of a State court has become a rule of property. Green *v.* Neal, 6 Peters, 291.

In all cases arising under the constitution and laws of the United States, the Supreme Court may exercise a revising power, and its decisions are final and obligatory on all other tribunals, State as well as federal. A State tribunal has a right to examine any such questions, and to determine thereon, but its decisions must conform to those of the Supreme Court, or the corrective power of that court may be exercised. But the case is very different when the question arises under a local law. The decision of this question by the highest tribunal of a State, should be considered as final by the Supreme Court; not because the State tribunal has power, in such a case, to bind the Supreme Court, but because, in the language of the court in Shelby *v.* Guy, 11 Wheat. 361, a fixed and received construction by a State, in its own courts, makes a part of the statute law. *Ibid.* See also Smith *v.* Clapp, 15 Peters, 125. Watkins *v.* Holman et al., 16 Peters, 25. Long *v.* Palmer, 16 Peters, 65. Golden *v.* Price, 3 Wash. C. C. R. 313. Campbell *v.* Claudius, Peters' C. C. R. 484. Henderson and Wife *v.* Griffin, 5 Peters, 151. Coates' executrix *v.* Muse's adm'or., 1 Brocken's C. C. R. 539. Parsons *v.* Bedford et al., 3 Peters, 433.

FIRST CONGRESS. Sess. I. Ch. 21. 1789.                    93

services such fees as shall be taxed therefor in the respective courts before which the suits or prosecutions shall be. And there shall also be appointed a meet person, learned in the law, to act as attorney-general for the United States, who shall be sworn or affirmed to a faithful execution of his office; whose duty it shall be to prosecute and conduct all suits in the Supreme Court in which the United States shall be concerned, and to give his advice and opinion upon questions of law when required by the President of the United States, or when requested by the heads of any of the departments, touching any matters that may concern their departments, and shall receive such compensation for his services as shall by law be provided.(a)

> Attorney General of the U. S.
>
> Duties.
>
> Act of May 29, 1830, ch. 153.
>
> Compensation.

Approved, September 24, 1789.

_____

> Statute I.
>
> Sept. 29, 1789.

Chap. XXI.—*An Act to regulate Processes in the Courts of the United States.*

Section 1. *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That all writs and processes issuing from a supreme or a circuit court shall bear test of the chief justice of the supreme court, and if from a district court, shall bear test of the judge of such court, and shall be under the seal of the court from whence they issue; and signed by the clerk thereof. The seals of the supreme and circuit courts to be provided by the supreme court, and of the district courts, by the respective judges of the same.

> Act of May 26, 1790. Obsolete.
>
> Act of February 18, 1791. Repealed.
>
> Writs to bear test of the Chief Justice.
>
> To be under the seal of the Court from which they issue.

Sec. 2. *And be it further enacted,* That until further provision shall be made, and except where by this act or other statutes of the United States is otherwise provided, the forms of writs and executions, except their style, and modes of process and rates of fees, except fees to judges, in the circuit and district courts, in suits at common law, shall be the same in each state respectively as are now used or allowed in the supreme courts of the same.(b) And the forms and modes of proceedings in

> Act of May 8, 1792.
>
> Act of May 19, 1828.
>
> Forms of writs and executions

_____

(a) The acts relating to the compensation of the Attorney General of the United States are: Act of March 2, 1797; act of March 2, 1799, chap. 38; act of February 20, 1804, chap. 12; act of February 20, 1819, chap. 27; act of May 29, 1830, chap. 153, sec. 10.

(b) The 34th section of the judiciary act of 1789, authorizes the courts of the United States to issue writs of execution as well as other writs. Wayman v. Southard, 10 Wheat. 1; 6 Cond. Rep. 1.

Whenever, by the state laws in force in 1789, a capias might issue from a state court, the acts of 1789 and 1792, extending in terms to that species of writ, must be understood to have adopted its use permanently in the federal courts. Bank of the United States v. January, 10 Wheat. 66—in note.

The process act of 1792, chap. 36, is the law which regulates executions issuing from the courts of the United States, and it adopts the practice of the supreme courts of the States existing in 1789, as the rule for governing proceedings on such executions, subject to such alterations as the Supreme Court of the United States may make; but not subject to the alterations which have since taken place in the State laws and practice. Wayman v. Southard, 10 Wheat. 1; 6 Cond. Rep. 1.

At an early period after the organization of the federal courts, the rules of practice in the State courts, which were similar to the English practice, were adopted by the judges of the Circuit Court. A subsequent change in the practice of the State courts will not authorize a departure from the rules first adopted in the Circuit Court. 1 Peters' C. C. R. 1.

Whenever by the laws of the United States a defendant may be arrested, the process of arrest employed in the State may be adopted. Burr's trial, 431.

The process act of 1828 was passed shortly after the decision of the Supreme Court of the United States, in the case of Wayman v. Southard, and the Bank of the United States v. Halstead, and was intended as a legislative sanction of the opinions of the court in those cases. The power given to the courts of the United States to make rules and regulations on final process, so as to conform the same to the laws of the States on the same subject, extends to future legislation; and as well to the modes of proceeding on executions as to the forms of writs. Ross and King v. Duval et al., 13 Peters, 45.

The first judiciary act of 1789, chap. 20, does not contemplate compulsive process against any person, in any district, unless he be an inhabitant of, or found within the same district at the time of serving the writ. Picquet v. Swann, 5 Mason's C. C. R. 35.

Congress have by the constitution, exclusive authority to regulate proceedings in the courts of the United States, and the States have no authority to control those proceedings, except so far as the State process acts are adopted by Congress, or by the courts of the United States under the authority of Congress. Wayman v. Southard, 10 Wheat. 1; 6 Cond. Rep. 1.

The laws of the United States authorize the courts of the United States so to alter the form of process of execution used in the Supreme Court of the United States in 1789, as to subject to executions